## 21023 /2002

Plaintiff : **COMMUNITY PRESERVATION CORPORATION**

Plaintiff Attorney : **CERTILMAN**

Defendant : **1974 REALTY ASSOCIATES ET AL**

Defendant Attorney :

Remarks : **TP #76247/03**

Opened : **05/28/2002**

Type : **Foreclosure**

| Filed | Actions | Rec. Room |
|-------|---------|-----------|
| 05/28/2002 | Notice of pendency | 07/02/2002 |
| 05/28/2002 | Summ. & compl. | 05/29/2002 |
| 07/29/2002 | Affidavit of serv. | 08/02/2002 |
| 08/06/2002 | Notice of pendency | 08/22/2002 |
| 08/27/2002 | Req. judical interven. fee paid | 08/28/2002 |
| 09/16/2002 | Order appointing referee & amendment etc.,affrm. | 09/23/2002 |
| 10/01/2002 | Copy ord. notice entry, afft.svc. | 10/07/2002 |
| 10/16/2002 | Order appointing temporary receiver etc affms | 10/23/2002 |
| 12/04/2002 | Order deleting Barbara Odwak Esq as Temporary Receiver of rents etc | 12/11/2002 |
| 12/16/2002 | Notice of appearance and stipulation adding party defendant | 01/07/2003 |
| 05/19/2003 | Order to show cause , (marked off) | 06/11/2003 |
| 11/18/2003 | Motion Support FEE PD. PLNTF. | 11/18/2003 |
| 11/26/2003 | Third party summ. & compl. #76247/03 | 11/28/2003 |
| 12/10/2003 | Notice of return | 12/18/2003 |
| 12/11/2003 | Motion Support FEE PAID - PLNTF | 12/18/2003 |
| 12/24/2003 | Affidavit of serv. 2 | 12/31/2003 |
| 12/24/2003 | Answer to third party complaint | 12/31/2003 |
| 01/14/2004 | Cross Motions Coverpage fee pd FEE PD. PLNTF. | 01/15/2004 |
| 02/13/2004 | Motion papers withdrawn , oath, copy papers | 02/17/2004 |
| 04/15/2004 | Order movant's motion to intervene is denied etc motps,affms,affts,memo of law | 04/29/2004 |
| 10/28/2004 | Affidavit of serv. | 11/03/2004 |
| 02/14/2005 | MOTION COVERPAGE FEE PAID | 02/15/2005 |
| 04/25/2005 | Order to Show Cause Coverpage FEE PAID-DEFT | 04/26/2005 |
| 05/03/2005 | Order plfs motion for a judgment of foreclosure and sale is hereby adjouned to 7/3/05 final against the deft, deft is to serve counsel for plf with opposition to the motion no later than 5/13/05, etc. | 05/10/2005 |
| 05/20/2005 | Cross Motions Coverpage fee pd fee pd. deft. | 05/23/2005 |

KCCO Name/Index Details

| | | |
|---|---|---|
| 05/20/2005 | Cross Motions Coverpage fee pd fee pd. deft. | 05/23/2005 |
| 05/24/2005 | Affidavit of serv. | 05/26/2005 |
| 06/07/2005 | Order motion by pltf. for a judgment of foreclosure & sale & deft. x-motion to rismiss the compl. are adjourned to 6/17/05 for oral argument etc.,ord.to show cause,affrm.affit. | 06/13/2005 |
| 06/09/2005 | Notice appeal/radi, copy ord, afft svc, fee paid | 06/16/2005 |
| 07/11/2005 | Motion papers withdrawn (crossmotion) | 07/12/2005 |
| 07/11/2005 | Motion papers withdrawn (cross motion) | 07/12/2005 |
| 07/11/2005 | Affirmation in opposition | 07/12/2005 |
| 07/11/2005 | Reply | 07/13/2005 |
| 07/11/2005 | Motion papers | 07/12/2005 |
| 11/07/2007 | Notice of pendency | 11/14/2007 |
| 04/25/2008 | consent to change attorney. | 04/29/2008 |
| 05/07/2009 | MOTION COVERPAGE FEE PD. PLNTF. | 06/26/2009 |
| 07/31/2009 | Bond | 10/08/2009 |
| 07/31/2009 | MOTION COVERPAGE FEE PD .DEFT. | 08/26/2009 |
| 09/18/2009 | MOTION COVERPAGE FEE PD AMEND. PLNTF. | 10/07/2009 |
| 10/14/2009 | MOTION COVERPAGE FEE PAID | 10/20/2009 |
| 10/28/2009 | Motion papers withdrawn | 11/30/2009 |
| 12/11/2009 | Motion papers withdrawn , Affirm in Opp. | 12/14/2009 |
| 12/23/2009 | Decision and order dated 12/16/09 | 01/06/2010 |
| 01/08/2010 | Copy ord. notice entry,affm. svc. | 02/01/2010 |
| 02/08/2010 | MOTION COVERPAGE FEE PD. PLNTF. | 02/08/2010 |
| 03/29/2010 | Order Dated 03/19/2010, BY JUDGE. FRANCOIS A. RIVERA. (NSP). | 04/02/2010 |
| 05/06/2010 | Notice of Removal | 05/07/2010 |

Total Row Count in Report- 48

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
————————————————————————X

THE COMMUNITY PRESERVATION CORPORATION,

                                Plaintiff              Index No. 21023/02

          against                                      NOTICE OF ENTRY

1974 REALTY ASSOCIATES

                                Defendants
————————————————————————X

SIRS:

PLEASE TAKE NOTICE, that the within is a true copy of a decision and order duly entered in the office of
the within named court on September 16, 2002.


Dated: East Meadow, New York
        28th day of September 2002

                                        YOURS, etc.

                                        CERTILMAN BALIN ADLER & HYMAN, LLP

                                        By: _____
                                            BRUCE J. BERGMAN
                                        Attorney for Plaintiff
                                        90 Merrick Avenue
                                        East Meadow, New York 11554
                                        (516) 296-7100

                                        File Number: 30460.0071


TO:

1974 REALTY ASSOCIATES
1775 BROADWAY, SUITE 426
NEW YORK, NEW YORK

ALL DEFENDANTS WERE SERVED WITH NOTICE OF
ENTRY

F/L

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------x
THE COMMUNITY PRESERVATION CORPORATION,

                          Plaintiff,

           -against-

1974 REALTY ASSOCIATES

INDEX NO. 21023/05
Date of
Filing:

**SUMMONS**
Plaintiff
designates
KINGS
County as the
place of trial

Premises:
1974 51ST
STREET,
BROOKLYN,
New York

"JOHN DOE #1" through "JOHN DOE #12,"
the last twelve names being fictitious
and unknown to plaintiff, the persons
or parties intended being the tenants,
occupants, persons or corporations, if
any, having or claiming an interest in
or lien upon the premises, described
in the complaint,

Venue is
based upon
County in
which premises
are situated

                        Defendant(s).
----------------------------------------x

To the above named Defendants

       YOU ARE HEREBY SUMMONED to answer the complaint in
this action and to serve a copy of your answer, or, if the
complaint is not served with this summons, to serve a notice of
appearance on the Plaintiff's Attorney within 20 days after the
service of this summons, exclusive of the day of service (or
within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York);
and in case of your failure to appear or answer, judgment will

be taken against you by default for the relief demanded in the complaint.

Dated:    East Meadow, New York
         May 17, 2002

> CERTILMAN BALIN ADLER & HYMAN, LLP
> Attorneys for Plaintiff
> 90 Merrick Avenue
> East Meadow, New York 11554
> (516) 296-7100
>
> By: _Susan L. McWalters_
>     SUSAN L. MCWALTERS
>
> Our File No.: 30460.0071

We may be considered to be acting as a "debt collector" to collect amounts owing to the creditor. Any information obtained by us from you or about you will be used for that purpose.

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------x    INDEX NO.
THE COMMUNITY PRESERVATION CORPORATION,

                            Plaintiff,

                  -against-

1974 REALTY ASSOCIATES

"JOHN DOE #1" through "JOHN DOE #12,"
the last twelve names being fictitious
and unknown to plaintiff, the persons
or parties intended being the tenants,
occupants, persons or corporations, if
any, having or claiming an interest in
or lien upon the premises, described
in the complaint,

                           Defendant(s).
----------------------------------------x

Date of
Filing:

**COMPLAINT FOR
FORECLOSURE OF
A MORTGAGE**

Plaintiff, by its attorneys, CERTILMAN BALIN ADLER &
HYMAN, LLP, complaining of defendant(s), respectfully alleges
upon information and belief as follows:

       <u>FIRST</u>:    Plaintiff is a corporation organized and
existing under and by virtue of the laws of the STATE OF NEW
YORK.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>

       <u>SECOND</u>: On or about the following date, the following
named obligor(s), for the purpose of evidencing an indebtedness
in the following amount and interest, duly executed,

acknowledged and delivered to the following named obligee the following instrument:

INSTRUMENT: NOTE

DATE: November 24, 1987

OBLIGOR: 1974 REALTY ASSOCIATES

OBLIGEE: THE COMMUNITY PRESERVATION CORPORATION

AMOUNT: ONE HUNDRED SIXTY FIVE THOUSAND DOLLARS AND ZERO CENTS ($165,000.00)

THIRD: For the purpose of securing payment for the said indebtedness, as more fully set forth in said instrument, the said obligor(s), as mortgagor(s), on or about said date executed, acknowledged and delivered to said obligee, as mortgagee, a certain mortgage, wherein and whereby said obligor(s), as mortgagor(s), mortgaged to said obligee, as mortgagee, certain real property, which mortgaged premises are more particularly described in said mortgage.

FOURTH: Said mortgage contains express covenants in substance as follows:

(a) The mortgagor(s) shall pay principal and interest on time to the mortgagee together with any prepayment and late charges due pursuant to the note.

(b) The mortgagor(s) shall obtain and maintain hazard insurance to cover all buildings and other improvements upon the mortgaged premises.

2

iManage:1235579.1

(c)   In the event of default by the mortgagor(s) in the payment of any amount owed to the mortgagee for principal and interest when due, the entire unpaid balance shall become due at the option of the mortgagee without further notice or demand for payment.

(d)   In the event of a foreclosure, the mortgagee shall be entitled to the appointment of a receiver.

(e)   That the mortgagor(s) will pay all taxes, assessments, sewer rates or water rates and in default thereof, the mortgagee may pay the same.

FIFTH:   Said mortgage was duly recorded as follows in the office for the recording of mortgages in the county in which said mortgaged premises were then and are now situated, and the recording data (and section, block and lot indexing where applicable) is as follows:

RECORDED IN OFFICE OF:   CITY REGISTER of the County of KINGS

DATE OF RECORDING:   January 04, 1988

BOOK, LIBER, REEL OR VOLUME & PAGE:   Reel 2149, Page 2048

SECTION, BLOCK & LOT IN WHICH INDEXED:   SECTION 17 BLOCK 5469 LOT 35

SIXTH:   Any applicable recording tax was duly paid at the time of recording said last mentioned mortgage.

SEVENTH:   On or about February 3, 1999 a letter agreement was entered into by and between THE COMMUNITY

3

iManage:1235579.1

PRESERVATION CORPORATION and 1974 REALTY ASSOCIATES, which agreement extended the time for defendant, 1974 REALTY ASSOCIATES to convert the aforementioned mortgage to permanent financing to April 1, 1999.

EIGHTH: Plaintiff is the owner and holder of said note and mortgage.

NINTH: The defendant has failed to comply with the terms and provisions of the said mortgage, said instrument(s) secured by said mortgage and said letter agreement, by failing to satisfy all of the terms requirements and conditions necessary for conversion to permanent financing by April 1, 1999.

TENTH: The default has continued beyond any applicable grace period set forth in the mortgage, and by reason thereof, plaintiff has elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal, which balance has in any event matured by its own terms.

ELEVENTH: The following amounts are now due and owing on said mortgage and the said instrument secured by said mortgage, no part of any of which has been paid although duly demanded:

ENTIRE PRINCIPAL BALANCE: $160,420.03

INTEREST THEREON FROM: April 1, 2002

4

iManage:1235579.1

AT THE VARIABLE RATE OF:  6.75%

DEFAULT INTEREST THEREON FROM March 1, 2001

## AS AND FOR A SECOND CAUSE OF ACTION

TWELFTH:  On or about the following date, the following named obligor(s), for the purpose of evidencing an indebtedness in the following amount and interest, duly executed, acknowledged and delivered to the following named obligee the following instrument:

INSTRUMENT:  NOTE

DATE:  November 24, 1987

OBLIGOR: 1974 REALTY ASSOCIATES

OBLIGEE:  THE COMMUNITY PRESERVATION CORPORATION

AMOUNT:  ONE MILLION FOUR HUNDRED SEVENTY FIVE THOUSAND DOLLARS AND ZERO CENTS ($1,475,000.00)

THIRTEENTH:  For the purpose of securing payment for the said indebtedness, as more fully set forth in said instrument, the said obligor(s), as mortgagor(s), on or about said date executed, acknowledged and delivered to said obligee, as mortgagee, a certain mortgage, wherein and whereby said obligor(s), as mortgagor(s), mortgaged to said obligee, as mortgagee, certain real property, which mortgaged premises are more particularly described in said mortgage.

iManage:1235579.1

DATE OF RECORDING:  January 04, 1988

BOOK, LIBER, REEL OR VOLUME & PAGE:  Reel 2149, Page 2002

SECTION, BLOCK & LOT IN WHICH INDEXED:  SECTION 17 BLOCK 5469 LOT 35

SIXTEENTH:  Any applicable recording tax was duly paid at the time of recording said last mentioned mortgage.

SEVENTEENTH:  On or about February 3, 1999 a letter agreement was entered into by and between THE COMMUNITY PRESERVATION CORPORATION and 1974 REALTY ASSOCIATES, which agreement extended the time for defendant, 1974 REALTY ASSOCIATES to convert the aforementioned mortgage to permanent financing to April 1, 1999.

EIGHTEENTH:  Plaintiff is the owner and holder of said note and mortgage.

NINETEENTH:  The defendant has failed to comply with the terms and provisions of the said mortgage, said instrument(s) secured by said mortgage and said letter agreement, by failing to satisfy all of the terms requirements and conditions necessary for conversion to permanent financing by April 1, 1999.

TWENTIETH:  The default has continued beyond any applicable grace period set forth in the mortgage, and by reason thereof, plaintiff has elected and hereby elects to declare immediately due and payable the entire unpaid balance of

7

iManage:1235579.1

principal, which balance has in any event matured by its own terms.

TWENTY-FIRST:  The following amounts are now due and owing on said mortgage and the said instrument secured by said mortgage, no part of any of which has been paid although duly demanded:

ENTIRE PRINCIPAL BALANCE:  $1,434,291,97

INTEREST THEREON FROM: April 01, 2002

AT THE VARIABLE RATE OF: 6.75%

DEFAULT INTEREST THEREON FROM MARCH 1, 2001

TWENTY-SECOND:  Each of the above-named defendant(s) has or claims to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to and is subject and subordinate to the lien of said mortgage.

TWENTY-THIRD:  No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said mortgage or for recovery of the said sum secured by said instrument and mortgage or any part thereof.

TWENTY-FOURTH:  The plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

8

iManage:1235579.1

(a)  Any state of facts that an inspection of the premises would disclose.

(b)  Any state of facts that an accurate survey of the premises would show.

(c)  Covenants, restrictions, easements and public utility agreements of record, if any.

(d)  Building and zoning ordinances of the municipality in which the mortgaged premises are located and possible violations of same.

(e)  Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

(f)  Prior mortgage lien(s) of record, if any, and any advances and arrears thereunder.

(g)  Prior lien(s) of record, if any.

(h)  Real estate transfer taxes which shall be paid by any third party purchaser at the foreclosure sale.

TWENTY-FIFTH:    Any defendant captioned as a corporation is a New York corporation.

TWENTY-SIXTH:  In the event that plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, plaintiff requests that such other lien(s) shall not be merged in plaintiff's cause(s) of action set forth in this complaint but that

9

iManage:1235579.1

plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

TWENTY-SEVENTH: The plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

WHEREFORE, the plaintiff demands judgment on its First and Second Causes of Action that the defendant(s) and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the said premises may be decreed to be sold, according to law, in "as is" physical order and condition, subject to the items set forth in Paragraph TWENTY-FOURTH of this complaint; that the monies arising from the sale thereof may be brought into Court; that the plaintiff may be paid the amount due on the note and mortgage as hereinbefore set forth, with interest and late charges to the

iManage:1235579.1

time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums incurred by plaintiff pursuant to any term or provision of the note and mortgage set forth in this complaint, or to protect the lien of plaintiff's mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises, during the pendency of this action with the usual powers and duties; and that the defendant(s) 1974 REALTY ASSOCIATES may be adjudged to pay the whole residue, or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event that plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, plaintiff requests that such other lien(s) shall not be merged in plaintiff's cause(s) of action set forth in this complaint but that plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any

iManage:1235579.1

surplus money proceedings, and that the plaintiff may have such

other and further relief, or both in the premises, as may be

just and equitable.

Dated:    East Meadow, New York
          May 17, 2002

                                    CERTILMAN BALIN ADLER & HYMAN, LLP
                                    Attorneys for Plaintiff
                                    90 Merrick Avenue
                                    East Meadow, New York  11554
                                    (516) 296-7100

                                    By: _Susan L. McWalters_
                                        SUSAN L. MCWALTERS

                                    Our File No.: 30460.0071

iManage:1235579.1

SUPREME COURT OF THE STATE OF NEW YORK          Index No.          Year
COUNTY OF KINGS

---

THE COMMUNITY PRESERVATION CORPORATION,

                              Plaintiff(s),

    - against -

1974 REALTY ASSOCIATES, ET AL.

                              Defendant(s).

---

SUMMONS AND COMPLAINT

---

CERTILMAN BALIN ADLER & HYMAN, LLP
Attorney(s) for
Plaintiff
Office and Post Office Address, Telephone

90 MERRICK AVENUE
EAST MEADOW, NEW YORK 11553
(516) 296-7000

---

To                                          Service of a copy of the within
                                            is hereby admitted.

                                            Dated: ........................................    ........

Attorney(s) for

---

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY

that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order                                    of which the within is a true copy
will be presented for settlement to the HON.    one of the judges of the
within named Court, at
on                          at              M.

Dated.

                                            Yours, etc.

                                            CERTILMAN BALIN ADLER & HYMAN, LLP

2002/21023 Affidavit of serv. (Page 1 of 2)

295145

Continue Balin Adler & Hyman

SUPREME **COURT, COUNTY OF** KINGS

THE COMMUNITY PRESERVATION CORPORATION Plaintiff(s)

against

1974 REALTY ASSOCIATES, ET AL

Defendant(s)

Index No. 02-21023

File No.

*AFFIDAVIT OF SERVICE*

State of New York, County of **Nassau** ss:
ROBERT WINCKELMANN being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides at **QUEENS**

That on **07/25/2002** **11:38 AM** at 1775 BROADWAY NEW YORK, NY STE 426
deponent served the within SUMMONS & COMPLAINT FOR FORECLOSURE OF A MORTGAGE .

on 1974 REALTY ASSOCIATES

defendant(s) therein named.

**INDIVIDUAL**
1. ☐ by delivering a true copy of each to said defendant(s) personally: deponent knew the person(s) so served to be the person(s) as said defendant(s) therein.

**CORPORATION**
2. ☒ a ~~DOMESTIC~~ . ~~corporation(s)~~ defendant(s), therein named, by delivering and leaving with **MARY PENA/OFFICE MGR/AUTH TO ACCEPT** of said corporation(s) a true copy thereof deponent further knew the said individual(s) to be the managing agent.

**SUITABLE AGE PERSON**
3. ☐ by delivering thereat a true copy(ies) of each to a person of suitable age and discretion. Said premises is defendant's – actual place of business – dwelling house – usual place of abode – within the state.

**AFFIXING TO DOOR, ETC.**
4. ☐ by affixing a true copy of each to the door of said premises which is defendant's – actual place of business – dwelling house – usual place of abode – within the state. Deponent was unable, with due diligence to find defendant(s) or person(s) of suitable age and discretion, thereat, having called there:

**MAILING USE WITH 3 or 4**
☐ Deponent also mailed a copy of same Post Paid by first class mail properly addressed to defendant(s) at the aforementioned address in an envelope marked "Personal and Confidential" and not indicating thereon that the communication was from an attorney or concerned an action against the defendant(s) and deposited said envelope in a post office official depository under exclusive care and custody of the United States Postal Service within New York State, on

**APPROXIMATE DESCRIPTION**
☒ Sex _female_ Color _brown_ Hair _brown_ Approx. Ht _5' 4"_ Aprox. Wt. _115_ Aprox. Age _28_
GLASSES

**MILITARY SERVICE**
☐ I asked the person spoken to whether defendant(s) was/were in active military service of the United States in any capacity whatever. Person answered in the negative. The source of my informationm and the grounds of my belief are the conversations narrated.

☒ Upon information and belief I aver that the defendant is not in the military service of the United States as that term is defined in the Federal statutes.

The above action had endorsed thereon the index number and the date of filing

Sworn to before me on    07/25/2002

SAMUEL Z. BERG
Notary Public, State of New York
No. 6054268
Qualified in Nassau County
Commission Expires January 29, 20

DAVID S. BERG
Notary Public, State of New York
No. 5009508
Qualified in Nassau County
Commission Expires March 15, 2003

License No. ........................................

ROBERT WINCKELMANN
971194.

SUPREME COURT, COUNTY OF   KINGS

| | |
|---|---|
| | Index No.   02-21023 |
| THE COMMUNITY PRESERVATION CORPORATION Plaintiff(s) | File No. |
| against | |
| | AFFIDAVIT OF SERVICE |
| 1974 REALTY ASSOCIATES, ET AL   Defendant(s) | |

State of New York, County of   Nassau          ss:
ROBERT WINCKELMANN   being duly sworn, deposes and says: that deponent is not a party

to this action, is over 18 years of age and resides at   QUEENS

That on   07/25/2002   11:38 AM   at 1775 BROADWAY NEW YORK, NY
STE 426
deponent served the within   SUMMONS & COMPLAINT FOR FORECLOSURE OF                A MORTGAGE

on   1974 REALTY ASSOCIATES

defendant(s) therein named.

**INDIVIDUAL**
**1. ☐**
by delivering a true copy of each to said defendant(s)
personally; deponent knew the person(s) so served to be the person(s) as said defendant(s) therein.

**CORPORATION**
**2. ☒**
a   ~~DOMESTIC~~                    ~~corporation(s)~~ defendant(s), therein named, by delivering and leaving
with   MARY PENA/OFFICE MGR/AUTH TO ACCEPT                   of said corporation(s) a true copy thereof
deponent further knew the said individual(s) to be the managing agent.

**SUITABLE**
**AGE PERSON**
**3. ☐**
by delivering thereat a true copy(ies) of each to
a person of suitable age and discretion. Said premises is defendant's – actual place of business – dwelling house –
usual place of abode – within the state.

**AFFIXING TO**
**DOOR, ETC.**
**4. ☐**
by affixing a true copy of each to the door of said premises which is defendant's – actual place of business –
dwelling house – usual place of abode – within the state. Deponent was unable, with due diligence to find
defendant(s) or person(s) of suitable age and discretion, thereat, having called there:

**MAILING**
**USE WITH**
**3 or 4**
Deponent also mailed a copy of same Post Paid by first class mail properly addressed to defendant(s) at the aforementioned
address in an envelope marked "Personal and Confidential" and not indicating thereon that the communication was from
an attorney or concerned an action against the defendant(s) and deposited said envelope in a post office official depository
under exclusive care and custody of the United States Postal Service within New York State, on

**APPROXIMATE**
**DESCRIPTION**
**☒**
Sex female Color brown Hair brown Approx. Ht 5'4" Aprox. Wt. 115 Aprox. Age 28

GLASSES

**MILITARY**
**SERVICE**
**☐**
I asked the person spoken to
whether defendant(s) was/were in active military service of the United States in any capacity whatever. Person answered in the
negative. The source of my information and the grounds of my belief are the conversations narrated.

Upon information and belief I aver that the defendant is not in the military service of the United States as
that term is defined in the Federal statutes.

**☒**   The above action had endorsed thereon the index number and the date of filing

Sworn to before me on   07/26/2002

License No. _____

ROBERT WINCKELMANN
971194

SAMUEL Z. BERG
Notary Public, State of New York
No. 6054258
Qualified in Nassau County
Commission Expires January 29, 20

DAVID S. BERG
Notary Public, State of New York
No. 5009508
Qualified in Nassau County
Commission Expires March 15, 2003

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

LIBER 1620 PAGE 374

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THE COMMUNITY PRESERVATION CORPORATION,

INDEX NO.
21023/02

                          Plaintiff,

                  -against-

1974 REALTY ASSOCIATES

**NOTICE OF
PENDENCY
OF ACTION**

"JOHN DOE #1" through "JOHN DOE #12,"
the last twelve names being fictitious
and unknown to plaintiff, the persons
or parties intended being the tenants,
occupants, persons or corporations, if
any, having or claiming an interest in
or lien upon the premises, described
in the complaint,

                         Defendant(s).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

      NOTICE IS HEREBY GIVEN, that an action has been
commenced and is pending in this Court upon a complaint of the
above named plaintiff against the above named defendant(s) for
the foreclosure of a mortgage bearing date the 24th day of
November, 1987 executed by 1974 REALTY ASSOCIATES to THE
COMMUNITY PRESERVATION CORPORATION to secure the sum of ONE
HUNDRED SIXTY FIVE THOUSAND DOLLARS AND ZERO CENTS ($165,000.00)
and recorded in Reel 2149 of Mortgages at Page 2048 in the
Office of the CITY REGISTER of the County of KINGS on the 4th
day of January, 1988, and a mortgage bearing date the 24th day
of November, 1987 executed by 1974 REALTY ASSOCIATES to THE
COMMUNITY PRESERVATION CORPORATION to secure the sum of ONE
MILLION FOUR HUNDRED SEVENTY FIVE THOUSAND DOLLARS AND ZERO
CENTS ($1,475,000.00) and recorded in Reel 2149 of Mortgages at
Page 2002 in the Office of the CITY REGISTER of the County of
KINGS on the 4th day of January, 1988.

      AND NOTICE IS FURTHER GIVEN, that the mortgaged
premises affected by the said foreclosure action, were, at the
time of the commencement of said action, and at the time of the
filing of this notice situate in SECTION 17 BLOCK 5469 LOT 35 on
the land and tax map of the County of KINGS in the State of New
York, and is described in the said mortgage as follows, to wit:

iManage:1235579.1

# STEWART TITLE

## Insurance Company

Foreclosure No.:      F21461

### SCHEDULE A

### DESCRIPTION

LIBER *1620* PAGE *375*

Volume:
District:
Section:
Block:        **5469**
Lot(s):       **35**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the Westerly side of 20th Avenue with the Southerly side of 51st Street;

RUNNING THENCE Southerly along the Westerly side of 20th Avenue, 100 feet 2 inches to the center line of the block;

THENCE Westerly and parallel with 51st Street, 118 feet 8 inches;

THENCE Northerly and parallel with 20th Avenue and part of the distance through a party wall, 100 feet 2 inches to the Southerly side of 51st Street;

THENCE Easterly along the Southerly side of 51st Street, 118 feet 8 inches to the corner, the point or place of BEGINNING.

See Schedule A - "Legal Description" annexed hereto and made a part hereof.

Said premises being known as and by street number 1974 51ST STREET, BROOKLYN, New York.

TOGETHER with all right, title and interest of the defendant(s) in and to the land lying in the streets and roads in front of and adjoining said premises.

The Clerk of the County of KINGS is directed to index this notice to the name(s) of the following defendant(s): 1974 REALTY ASSOCIATES, and as against premises situate in SECTION 17 BLOCK 5469 LOT 35 on the land and tax map of the County of KINGS in the State of New York.

Dated:    East Meadow, New York
           August 2, 2002

LIBER _1620_ PAGE _376_

CERTILMAN BALIN ADLER & HYMAN, LLP
Attorneys for Plaintiff
90 Merrick Avenue
East Meadow, New York 11554
(516) 296-7100

By: _____
      JOHN TANGEL

Our File No.: 30460.0071

FILED
2002 AUG -6 PM 2: 13
KINGS COUNTY CLERK

2

iManage:1235579.1

SUPREME COURT OF THE
STATE OF NEW YORK
COUNTY OF KINGS

THE COMMUNITY PRESERVATION CORPORATION,

                                    Plaintiffs,

          -against-

1974 REALTY ASSOCIATES, ET AL.,

                                    Defendants.

NOTICE OF PENDENCY
OF ACTION

The Property affected by the
within instrument lies in
Section 17, Block 5469, Lot 35
on the land and tax map
of the County of KINGS
in the State of New York.

CERTILMAN BALIN ADLER & HYMAN, LLP

90 MERRICK AVENUE

EAST MEADOW, NY 11554

516.296.7000



KINGS COUNTY CLERK'S OFFICE

AUG 6 2002

FILED



FILED
2002 AUG -6 PM 2: 13
KINGS COUNTY CLERK
& REC.
FEE: $35.00

UCS-840(REV 1/96)
For Clerk Only

REQUEST FOR JUDICIAL INTERVENTION

INDEX NO: 21023/02
DATE PURCHASED: 05/28/02

SUPREME (COUNTY) COURT, KINGS COUNTY

IAS Entry Date

PLAINTIFF(S)
THE COMMUNITY PRESERVATION CORPORATION

Judge Assigned

- against -

DEFENDANT(S):
1974 REALTY ASSOCIATES

RJI DATE

"JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to plaintiff the persons or parties intended being the tenants, occupants, persons or corporation, if any, having or claiming an interest in or lien upon the premises, described in the complaint,

WILBUR A. LEVIN
Kings County Clerk

___ Date Issue joined:_____ Bill of particulars [ ] Yes  [ ] No

NATURE OF JUDICIAL INTERVENTION (Check ONE box only)

INDEX # VERIFIED
DATE:
BY:

[ ] Request for preliminary conference
[ ] Note of issue and/or certificate of readiness
    readiness
[ ] Notice of motion (return date _____)
    Relief sought _____
[ ] Order to show cause
    (clerk enter return date:
    _____)  [ ] Other (specify _____
    Relief sought _____
[ ] Other ex parte application (specify
    _____)

[ ] Notice of petition (return date _____)
    Relief sought
[ ] Notice of medical or dental malpractice
    action (specify)
[ ] Statement of net worth
[ ] Writ of habeas corpus

NATURE OF ACTION OR PROCEEDING (check One box only)

MATRIMONIAL
[ ] Contested          -CM
[ ] Uncontested        -UM
COMMERCIAL
[ ] Contract           -CONT
[ ] Corporate          -CORP
[ ] Insurance (where insurer is a
    is a party, except arbitration)  -INS
[ ] UCC (including sales, negotiable
    instruments)       -UCC
[ ] * Other Commercial _____  -OC
REAL PROPERTY
[ ] Tax Certiorari     -TAX
[X] Foreclosure        -FOR
[ ] Condemnation       -COND
[ ] Landlord/Tenant    -LT
[ ] * Other Real Property _____  -ORP
OTHER MATTERS
[ ]* _____

TORTS
Malpractice
[ ] Medical/Podiatric   -MM
[ ] Dental              -DM
[ ] *Other Professional _____  -OPM
[ ] Motor Vehicle       -MV
[ ]  *Products Liability  -PL
[ ] Environmental       -EN
[ ] Asbestos            -ABS
[ ] Breast Implant      -BI
[ ] * Other Negligence _____  -OTN
[ ] * Other Tort (including
    intentional) _____  -OT
SPECIAL PROCEEDINGS
[ ] Art. 75 (Arbitration)  -ART75
[ ] Art. 77 (Trusts)       -ART77
[ ] Art. 78                -ART78
[ ] Election Law           -ELEC
[ ] Guardianship (MHL Art. 81)  -GUARD81  -OTH
[ ] * Other Mental Hygiene _____  -MHYG
[ ] * Other Special Proceeding _____  -OSP

*If asterisk used, please specify further



At an IAS Part of the Supreme Court of
the State of New York held in and for
the County of KINGS at the Courthouse
thereof, 360 Adams Street, Brooklyn,
New York 11201 on **September 13**,
_____, 2002

**P R E S E N T :**

HONORABLE ___Joseph J. Dowd___
                                                    **JUSTICE**

_____x

THE COMMUNITY PRESERVATION
CORPORATION,

                     Plaintiff(s),

-against-

1974 REALTY ASSOCIATES,

"JOHN DOE #1" through "JOHN DOE #12," the last
twelve names being fictitious and unknown to Plaintiff,
the persons or parties intended being the tenants,
occupants, persons or corporations, if any, having or
claiming an interest in or lien upon the premises,
described in the complaint,

                    Defendant(s).

_____x

**ORDER APPOINTING
REFEREE TO COMPUTE**

Index No. 21023/02

       UPON the summons and complaint herein, and proof that all the defendants

have been duly served with said summons, or have voluntarily appeared in this action; and

upon the affidavits of service heretofore filed, and upon the notice(s) of appearance, if any,

hereto annexed and heretofore filed herein, from all of which it appears that none of the

defendants answered, moved or appeared with respect to the complaint, although the time for

them to do so has expired and has not been extended by court order or otherwise; and it further appearing that defendants captioned as "JOHN DOE #1" through "JOHN DOE #12" were not served with copies of the summons and complaint and are not necessary parties defendant, so that none of the defendants are entitled to notice hereof; and that none of the defendants are infants, incompetents or absentees; and that since the filing of the lis pendens, the complaint herein has not been amended so as to make new parties to the action or so as to embrace real property other than that described in the original complaint or so as to extend plaintiff's claim against the mortgaged premises;

AND upon the affirmation of JOSEF ABT, an associate of the firm of CERTILMAN BALIN ADLER & HYMAN, attorneys for the plaintiff, dated August 27, 2002 showing what proceedings have heretofore been had herein, and setting forth the requisite facts entitling plaintiff to the within relief, and upon all proceedings heretofore had herein, and all the papers filed herein;

NOW, upon motion of CERTILMAN BALIN ADLER & HYMAN, attorneys for plaintiff, it is

ORDERED, that the motion is granted; and it is further

ORDERED, this action be, and the same is hereby referred to _Barbara Odusak, Esq._

of _32 Court St. Brooklyn, NY (718) 875-1611_

as Referee to ascertain and compute the amount due to plaintiff herein for principal, interest, and other disbursements advanced as provided for in the note and mortgage upon which this action was brought, to examine and report whether or not the mortgaged premises can be sold in parcels, and that the Referee make his/her report no later than sixty (60) days of the date of

this Order and that, except for good cause shown, the plaintiff shall move for judgment no later than thirty (30) days of the date of the Referee's report and it is further,

ORDERED,   the names of defendant(s) "JOHN DOE #1" through "JOHN DOE #12" be severed and stricken from the caption herein and that the action be discontinued as to them, all without prejudice to the proceedings heretofore had herein; and it is further

ORDERED, that the caption shall read as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------x

THE COMMUNITY PRESERVATION                    Index No. 21023/02
CORPORATION,

                              Plaintiff(s),

-against-

1974 REALTY ASSOCIATES,

                              Defendant(s).
----------------------------------------------------x

and it is further

ORDERED, that a copy of this Order with Notice of Entry shall be served upon the owner of the equity of redemption, any tenants named in this action and any other party entitled to notice.

ENTER

_____
                    J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK          Index No.          Year
COUNTY OF KINGS

THE COMMUNITY PRESERVATION CORPORATION,

                                    Plaintiff(s),

     - against -

1974 REALTY ASSOCIATES, ET AL.

                                    Defendant(s),

---

ORDER OF REFERENCE

---

CERTILMAN BALIN ADLER & HYMAN, LLP

*Attorney(s) for*

**Plaintiff**

*Office and Post Office Address, Telephone*

90 MERRICK AVENUE
EAST MEADOW, NEW YORK 11554
(516) 296-7000

---

To                                  Service of a copy of the within
                                    is hereby admitted.

                                    Dated : ..............................

Attorney(s) for

---

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on

SEP 16 2002

KINGS COUNTY CLERK'S OFFICE

AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                      )    ss.:
COUNTY OF NASSAU )

      I, Helen Borges, being sworn, say: I am not a party to the action, am over 18 years of age and reside in Huntington, New York.

      On 30th day of September 2002, I served the within NOTICE OF ENTRY and ORDER APPOINTING REFEREE TO COMPUTE by depositing a true copy thereof in a post-paid wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

1974 REALTY ASSOCIATES
1775 BROADWAY, SUITE 426
NEW YORK, NEW YORK

ALL DEFENDANTS WERE SERVED WITH NOTICE OF ENTRY

                                           Helen Borges

Sworn to before me this
30 day of September 2002

Notary Public

FRANCESCA DIIORIO
NOTARY PUBLIC, STATE OF NEW YORK
NO.01DI5012132
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES JUNE 15, 20 03

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No. _____ Year _____

THE COMMUNITY PRESERVATION CORPORATION,

Plaintiff(s)

against

1974 REALTY ASSOCIATES, ET AL,

Defendant(s)

ORDER WITH NOTICE OF ENTRY

CERTILMAN BALIN ADLER & HYMAN, LLP
Attorney(s) for
Plaintiff

Office and Post Office Address, Telephone

90 MERRICK AVENUE
EAST MEADOW, NEW YORK 11554
(516) 296-7000

To

Service of a copy of the within
is hereby admitted.

Dated:

Attorney(s) for

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order
will be presented for settlement to the HON.
within named Court at
on                          at                M.
Dated,

of which the within is a true copy
one of the judges of the

Yours, etc.

CERTILMAN BALIN ADLER & HYMAN, LLP

**Exhibit C**



At an IAS Part 18 of the Supreme
Court of the State of New
York, held in and for the
County of Kings, at the
Supreme Court Building, 360
Adams Street, Brooklyn,
New York on the **7th** day of
**October**, 2002.

P R E S E N T:

            HON. JOSEPH J. DOWD

HONORABLE _____ Justice

---------------------------------------x
                                          Index No.: 21023/02
COMMUNITY PRESERVATION CORPORATION,

                        Plaintiff,        **ORDER APPOINTING**
                                          **TEMPORARY RECEIVER IN**
        -against-                         **MORTGAGE FORECLOSURE**
                                          **ACTION**

1974 REALTY ASSOCIATES,

"JOHN DOE #1" through "JOHN DOE #12,"
the last twelve names being
fictitious and unknown to Plaintiff,
the persons or parties intended being
the tenants, occupants, persons or
corporations, if any, having or
claiming an interest in or lien upon
the premises, described in the complaint,

                        Defendants.
---------------------------------------x

        Upon the summons and duly verified complaint

herein, filed in the Office of the Clerk of the County of

Kings on the 28th day of May, 2002, upon reading and filing

the annexed affirmation of JOSEF F. ABT dated the 3rd day of

October, 2002 and it appearing to the satisfaction of the

Court that this action is brought to foreclose a first and

second mortgage lien upon certain premises situate in Kings

County; that in and by said mortgage liens it was covenanted that the time for defendant to convert the aforementioned mortgage liens to permanent financing was extended to April 1, 1999 and that upon default there to the rents and profits of the said mortgaged premises were thereby assigned to the mortgagee; and it was further covenanted that the mortgagee should be at liberty immediately after any such default, upon commencement of proceedings for the foreclosure of said mortgage to apply for the appointment of a Receiver of the rents and profits of said mortgaged premises without notice, and that the mortgagee should be entitled to the appointment of such Receiver as a matter of right, without consideration of the value of the mortgaged premises or the solvency of any person or persons liable for the payment of such amounts; that said mortgage liens are as follows: a first mortgage in default for the non-payment of the principal sum of $160,420.03 plus interest thereon and other charges; and a second mortgage in default for the non-payment of the principal sum of $1,434,291.97 plus interest thereon and other charges and that the mortgaged premises do not appear to be adequate security for plaintiff's mortgage indebtedness; that said mortgaged premises are occupied by tenants and has a substantial rental value, and that the appointment of a Receiver of the rents and profits of said premises is necessary for the protection of the plaintiff;

Now, on motion of CERTILMAN, BALIN, ADLER & HYMAN, attorneys for the plaintiff, it is

ORDERED, that Barbara Odunk, Esq. of 32 Court St. Brooklyn NY (718) 875-1611 O be and he hereby is appointed, with the usual powers and directions Temporary Receiver for the benefit of the plaintiff of all the rents and profits now due and unpaid or to become due during the pendency of this action and issuing out of the mortgaged premises mentioned in the complaint, more particularly described in "Schedule A" hereto annexed; and it is further

ORDERED, that before entering upon his duties said Temporary Receiver shall be sworn to fairly and faithfully discharge the trust committed to him and shall execute to the People of the State of New York and file with the Clerk of this Court an undertaking in the penal sum of $ 152,836.00/100 conditioned for the faithful discharge of her duties as such Temporary Receiver; and it is further

ORDERED, that said Temporary Receiver be and hereby is directed to demand, collect and receive from the occupants, tenants, and licensees in possession of said premises, or other persons liable therefor, inclusive of the mortgagor, all the rents and license fees thereof now due and unpaid or hereafter to become fixed or due; and that said Temporary Receiver be and hereby is authorized to institute and carry on all legal proceedings necessary for the protection of said premises or to recover possession of the

whole, or any part thereof, and/or apply to the Court to fix reasonable rental value and license fee value and to compel the tenants and occupant(s) to attorn to the Receiver; and it is further directed that the Receiver may institute and prosecute suits for the collection of rents, license fees and other charges now due or hereafter to become due or fixed, and summary proceedings for the removal of any tenant or tenants or licensees or other persons therefrom, ~~and to employ counsel,~~ and it is further

ORDERED, that said Temporary Receiver be and hereby is authorized to employ an agent to rent and manage said premises and to pay the reasonable value of such agent's services out of the rents received; and it is further

ORDERED, that pursuant to the provisions of the General Obligations Law Section 7-105, anybody holding any deposits or advances of rental as security under any lease or license agreement affecting space in the premises affected by this action shall turn same over to said Temporary Receiver within five (5) days after said Temporary Receiver shall have qualified; and thereupon the said Temporary Receiver shall hold such security subject to such disposition thereof as shall be provided in an order of this Court to be made and entered in this action; and it is further

ORDERED, that anybody in possession of same shall turn over to said Temporary Receiver all rent lists, orders,

unexpired and expired leases, agreements, correspondence, notices and registration statements, relating to rental space or facilities in the premises; and it is further

ORDERED, that said Temporary Receiver be and hereby is authorized to make any reasonable and necessary ordinary repairs to the premises not to exceed for each repair the sum of $1,000.00; and it is further

ORDERED, that said Temporary Receiver shall not incur any obligations nor expend any sums in excess of the rents and profits derived from the premises without further order of this Court or written consent of counsel to the party which obtained this order; and it is further

ORDERED, that said Temporary Receiver forthwith deposit all monies received by him at the time he receives the same in his own name as Temporary Receiver in *the Signature Bank 26 Court St. Brooklyn, NY* and no withdrawals shall be made therefrom except as directed by the Court or on a draft or check signed by the Temporary Receiver and countersigned by the surety on his undertaking; and it is further

ORDERED, that the said Temporary Receiver be and he hereby is authorized from time to time to rent or lease space and facilities for terms not exceeding one (1) year or such longer terms as may be required by the laws of the Municipality in which the premises are situate and of the State of New York; to keep said premises insured against loss

by damage or fire; to pay the taxes, assessments, water rates, sewer rents, vault rents, salaries of employees, supplies and other charges; to comply with all lawful requirements of any municipal department or other authority of the municipality in which the mortgaged premises are situated; and to procure such fire, plate glass, liability and other insurance as may be reasonably necessary; and it is further

ORDERED, that if it is necessary in the fulfillment of the Receiver's duties, plaintiff may, but shall not be required to, advance funds to the Receiver for the payment of repairs, maintenance, insurance, taxes, the curing of violations or any other expenses which may be necessary for the preservation and protection of the mortgaged premises by the Receiver ~~and to the extent that the rents, issues and profits collected by the Receiver and remaining in the Receiver's account are insufficient to reimburse plaintiff for such advances, all such advances made by plaintiff shall be secured by its mortgage and shall be added to and included to the debt thereupon due and in the judgment of foreclosure and sale,~~ and it is further

ORDERED, that the tenants, licensees or other persons in possession of said premises, inclusive of the mortgagor[s], attorn to said Temporary Receiver and pay over to said Temporary Receiver all rents and license fees and

other charges of such premises now due and unpaid, or that may hereafter become due; and that the defendant[s] be enjoined and restrained from collecting the rents and license fees and other charges of said premises and from interfering in any manner with the property or its possession; and from transferring, removing or in any way disturbing any of the occupants or employees; and that all tenants, occupants, employees and licensees of the premises and other persons liable for the rents be and hereby are enjoined and restrained from paying any rent or license fees or other charges for such premises to the defendants, their agents, servants or attorneys; and it is further

ORDERED, that all persons now or hereafter in possession of said premises, or any part thereof, and not holding such possession under valid and existing leases or tenancies do forthwith surrender such possession to said Temporary Receiver, subject to emergency laws, if any; and it is further

ORDERED, that said Temporary Receiver after paying the expenses of the management and care of the said premises as above provided retain the balance of the monies which may come into his hands until the sale of the said premises under the judgment to be entered in this action and/or until the further order of the Court; and it is further

ORDERED, that the said Temporary Receiver, or any

party hereto, may at any time, on proper notice to all parties who may have appeared in this action, apply to this Court for further or other instructions or powers necessary to enable said Receiver properly to fulfill his duties; and it is further

ORDERED, that the appointee named herein shall comply with Section 35a of the Judiciary Law ~~and~~ Sections 6401-6404 CPLR, *Section 1325 of the RPAPL and Rule 36 of the Chief Judge.*

E N T E R :

_____
J.S.C.

NOTWITHSTANDING ANY OTHER PROVISION OF THIS ORDER TO THE CONTRARY, THE RECEIVER SHALL NOT APPOINT AN ATTORNEY, AGENT, APPRAISER, AUCTIONEER OR ACCOUNTANT WITHOUT THE PRIOR AUTHORIZATION OF THE COURT.

J.S.C.



**Exhibit D**

At an IAS Part 18 of the Supreme
Court of the State of New York, held in and
for the County of Kings, at the Courthouse,
at Civic Center, Brooklyn, New York, on the
20th day of November, 2002

P R E S E N T :

HON. JOSEPH J. DOWD,
                        Justice.
-----------------------------------------------------X

COMMUNITY PRESERVATION CORPORATION,

                        Plaintiff(s),

              -against-                                    Index No. 21023/02

1974 REALTY ASSOCIATES, "JOHN DOE #1"
through "JOHN DOE #12", the last twelve names being
fictitious and unknown to Plaintiff, the persons or parties
intended being the tenants, occupants, persons or
corporations, if any, having or claiming an interest in or
lien upon the premises, described in the complaint,

                        Defendant(s).
-----------------------------------------------------X

The following papers numbered 1 to  read on this motion:

                                                          Papers Numbered

Notice of Motion/Order to Show Cause/
Petition/Cross Motion and
Affidavits (Affirmations) Annexed _____          _____

Opposing Affidavits (Affirmations)_____          _____

Reply Affidavits (Affirmations)_____             _____

_____Affidavit (Affirmation) _____            _____

Other papers_____                                _____

_____                                            _____

        Upon the court's own motion, its order of October 7, 2002 is hereby amended by

deleting therefrom the appointment of Barbara Odwak, Esq. as Temporary Receiver of rents and

profits and substituting therefor in place and instead of Barbara Odwak, Esq. the appointment of

Michael Freeman, Esq. of 404 Park Avenue South, New York, N.Y. 10016 as Temporary

Receiver of rents and profits.  Except as herein amended, all other provisions of this Court's prior

order dated October 7, 2002, shall remain in full force and effect.

The foregoing shall constitute the decision and order of the court.

ENTER,

_____

J. S. C.

2

SUPREME COURT OF THE STATE OF NEW YORK          Index No.          Year
COUNTY OF KINGS

THE COMMUNITY PRESERVATION CORPORATION,

                              Plaintiff(s),

       - against -

1974 REALTY ASSOCIATES, ET AL.

                              Defendant(s).

---

ORDER OF REFERENCE

---

CERTILMAN BALIN ADLER & HYMAN, LLP

Attorney(s) for

Plaintiff

Office and Post Office Address, Telephone

90 MERRICK AVENUE
EAST MEADOW, NEW YORK 11554
(516) 296-7000

---

To                                    Service of a copy of the within
                                      is hereby admitted.

                                      Dated : ........................................

Attorney(s) for

---

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY

that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on

SEP 16 2002

KINGS COUNTY CLERK'S OFFICE

AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                        )    ss.:
COUNTY OF NASSAU    )

       I, Helen Borges, being sworn, say: I am not a party to the action, am over 18 years of age and reside in Huntington, New York.

       On _30th_ day of September 2002, I served the within NOTICE OF ENTRY and ORDER APPOINTING REFEREE TO COMPUTE by depositing a true copy thereof in a post-paid wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

1974 REALTY ASSOCIATES
1775 BROADWAY, SUITE 426
NEW YORK, NEW YORK

ALL DEFENDANTS WERE SERVED WITH NOTICE OF ENTRY

                                    _Helen Borges_
                                     Helen Borges

Sworn to before me this
_30_ day of September 2002

_Notary Public

FRANCESCA DiIORIO
NOTARY PUBLIC, STATE OF NEW YORK
NO.01DI5012132
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES JUNE 15, 20_03_

**Exhibit C**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------x

THE COMMUNITY PRESERVATION CORPORATION,    Index No. 21023/02

Plaintiff,

-against-

**REPORT OF
AMOUNT DUE**

1974 REALTY ASSOCIATES,

Defendant(s).

------------------------------------------------------------x

TO THE SUPREME COURT OF THE STATE OF NEW YORK:
COUNTY OF KINGS

    In pursuance of an order of this Court, made and entered in the above-entitled action and dated September 13, 2002, whereby it was referred to the undersigned as Referee to ascertain and compute the amount due to the plaintiff for principal and interest and otherwise upon and by virtue of the loan documents upon which this action was brought, and also to examine and report whether in his opinion the mortgaged premises can be sold in parcels.

    I, Barbara S. Odwak, ESQ., the Referee in the said order named,

    DO REPORT that before the proceeding to hear the testimony I was first duly sworn faithfully and fairly to determine the questions referred to me, and to make a just and true report thereon, according to the best of my understanding; that I have computed and ascertained the amount due to the plaintiff upon and by virtue of the said loan documents and that I find, and accordingly report, that there is due to the plaintiff for principal and interest thereon, and other sums secured by the said mortgage, as of September 30, 2002, the sum of ONE MILLION EIGHT HUNDRED SEVENTY ONE THOUSAND THREE HUNDRED SEVENTEEN DOLLARS AND EIGHTY SIX CENTS ($1,871,317.86) exclusive of counsel fees.

Schedule "A", hereunto annexed, contains a schedule of the documentary evidence introduced before me, and the "Statement" shows the amount due for principal and interest respectively, together with the other sums secured by the said mortgage, the period of the computation of the interest and its rate.

I have made inquiry as to the advisability of selling the mortgaged premises in parcels and find accordingly that the mortgaged premises should be sold in one parcel.

Dated: _10/15_, 2002

Barbara S. Odwak
Referee

CONFORM AND RETURN

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------x

THE COMMUNITY PRESERVATION CORPORATION,    Index No. 21023/02

Plaintiff,

**OATH**

-against-

1974 REALTY ASSOCIATES,

Defendant(s).
------------------------------------------------------------------x

STATE OF NEW YORK)
                 ) ss.:
COUNTY OF KINGS   )

    I, Barbara S. Odwak, ESQ., the Referee appointed by an order of this Court, made and

entered in the above-entitled action, and bearing date December 31, 4000, to ascertain and

compute the amount due to the plaintiff for principal and interest and otherwise upon the loan

documents upon which this action was brought, and to examine and report whether the

mortgaged premises can be sold in parcels, do solemnly swear that I will faithfully and fairly

determine the questions so referred to me, and make a just and true report thereon according to

the best of my understanding and as the said order requires.

                                          Barbara S. Odwak
                                          Referee

Sworn to before me this
15 day of October 2002.

Notary Public

IRENE KONSTANTINOU
NOTARY PUBLIC, State of New York
No. 24-488-0680
Qualified in Kings County
Commission Expires Dec. 22, 20 02



At an IAS Part 18 of the Supreme
Court of the State of New
York, held in and for the
County of Kings, at the
Supreme Court Building, 360
Adams Street, Brooklyn,
New York on the 7th day of
October, 2002.

P R E S E N T :

HON. JOSEPH J. DOWD

HONORABLE _____ Justice

-------------------------------------X

COMMUNITY PRESERVATION CORPORATION,

Index No.: 21023/02

                         Plaintiff,

                                          ORDER APPOINTING
        -against-                         TEMPORARY RECEIVER IN
                                          MORTGAGE FORECLOSURE
                                          ACTION

1974 REALTY ASSOCIATES,

"JOHN DOE #1" through "JOHN DOE #12,"
the last twelve names being
fictitious and unknown to Plaintiff,
the persons or parties intended being
the tenants, occupants, persons or
corporations, if any, having or
claiming an interest in or lien upon
the premises, described in the complaint,

                         Defendants.
-------------------------------------X

        Upon the summons and duly verified complaint
herein, filed in the Office of the Clerk of the County of
Kings on the 28th day of May, 2002, upon reading and filing
the annexed affirmation of JOSEF F. ABT dated the 3rd day of
October, 2002 and it appearing to the satisfaction of the
Court that this action is brought to foreclose a first and
second mortgage lien upon certain premises situate in Kings

County; that in and by said mortgage liens it was covenanted that the time for defendant to convert the aforementioned mortgage liens to permanent financing was extended to April 1, 1999 and that upon default there to the rents and profits of the said mortgaged premises were thereby assigned to the mortgagee; and it was further covenanted that the mortgagee should be at liberty immediately after any such default, upon commencement of proceedings for the foreclosure of said mortgage to apply for the appointment of a Receiver of the rents and profits of said mortgaged premises without notice, and that the mortgagee should be entitled to the appointment of such Receiver as a matter of right, without consideration of the value of the mortgaged premises or the solvency of any person or persons liable for the payment of such amounts; that said mortgage liens are as follows: a first mortgage in default for the non-payment of the principal sum of $160,420.03 plus interest thereon and other charges; and a second mortgage in default for the non-payment of the principal sum of $1,434,291.97 plus interest thereon and other charges and that the mortgaged premises do not appear to be adequate security for plaintiff's mortgage indebtedness; that said mortgaged premises are occupied by tenants and has a substantial rental value, and that the appointment of a Receiver of the rents and profits of said premises is necessary for the protection of the plaintiff;

Now, on motion of CERTILMAN, BALIN, ADLER & HYMAN, attorneys for the plaintiff, it is

ORDERED, that _Barbara Odunk, Esq._, of _32 Court St. Brooklyn NY_ (718) 875-1611 be and he hereby is appointed, with the usual powers and directions Temporary Receiver for the benefit of the plaintiff of all the rents and profits now due and unpaid or to become due during the pendency of this action and issuing out of the mortgaged premises mentioned in the complaint, more particularly described in "Schedule A" hereto annexed; and it is further

ORDERED, that before entering upon his duties said Temporary Receiver shall be sworn to fairly and faithfully discharge the trust committed to him and shall execute to the People of the State of New York and file with the Clerk of this Court an undertaking in the penal sum of $ _152,836.00/100_ conditioned for the faithful discharge of her duties as such Temporary Receiver; and it is further

ORDERED, that said Temporary Receiver be and hereby is directed to demand, collect and receive from the occupants, tenants, and licensees in possession of said premises, or other persons liable therefor, inclusive of the mortgagor, all the rents and license fees thereof now due and unpaid or hereafter to become fixed or due; and that said Temporary Receiver be and hereby is authorized to institute and carry on all legal proceedings necessary for the protection of said premises or to recover possession of the

whole, or any part thereof, and/or apply to the Court to fix reasonable rental value and license fee value and to compel the tenants and occupant(s) to attorn to the Receiver; and it is further directed that the Receiver may institute and prosecute suits for the collection of rents, license fees and other charges now due or hereafter to become due or fixed, and summary proceedings for the removal of any tenant or tenants or licensees or other persons therefrom, ~~and to employ counsel,~~ and it is further

ORDERED, that said Temporary Receiver be and hereby is authorized to employ an agent to rent and manage said premises and to pay the reasonable value of such agent's services out of the rents received; and it is further

ORDERED, that pursuant to the provisions of the General Obligations Law Section 7-105, anybody holding any deposits or advances of rental as security under any lease or license agreement affecting space in the premises affected by this action shall turn same over to said Temporary Receiver within five (5) days after said Temporary Receiver shall have qualified; and thereupon the said Temporary Receiver shall hold such security subject to such disposition thereof as shall be provided in an order of this Court to be made and entered in this action; and it is further

ORDERED, that anybody in possession of same shall turn over to said Temporary Receiver all rent lists, orders,

unexpired and expired leases, agreements, correspondence, notices and registration statements, relating to rental space or facilities in the premises; and it is further

ORDERED, that said Temporary Receiver be and hereby is authorized to make any reasonable and necessary ordinary repairs to the premises not to exceed for each repair the sum of $1,000.00; and it is further

ORDERED, that said Temporary Receiver shall not incur any obligations nor expend any sums in excess of the rents and profits derived from the premises without further order of this Court or written consent of counsel to the party which obtained this order; and it is further

ORDERED, that said Temporary Receiver forthwith deposit all monies received by him at the time he receives the same in his own name as Temporary Receiver in the Signature Bank 26 Court St. Brooklyn, NY and no withdrawals shall be made therefrom except as directed by the Court or on a draft or check signed by the Temporary Receiver and countersigned by the surety on his undertaking; and it is further

ORDERED, that the said Temporary Receiver be and he hereby is authorized from time to time to rent or lease space and facilities for terms not exceeding one (1) year or such longer terms as may be required by the laws of the Municipality in which the premises are situate and of the State of New York; to keep said premises insured against loss

by damage or fire; to pay the taxes, assessments, water rates, sewer rents, vault rents, salaries of employees, supplies and other charges; to comply with all lawful requirements of any municipal department or other authority of the municipality in which the mortgaged premises are situated; and to procure such fire, plate glass, liability and other insurance as may be reasonably necessary; and it is further

ORDERED, that if it is necessary in the fulfillment of the Receiver's duties, plaintiff may, but shall not be required to, advance funds to the Receiver for the payment of repairs, maintenance, insurance, taxes, the curing of violations or any other expenses which may be necessary for the preservation and protection of the mortgaged premises by the Receiver ~~and to the extent that the rents, issues and profits collected by the Receiver and remaining in the Receiver's account are insufficient to reimburse plaintiff for such advances, all such advances made by plaintiff shall be secured by its mortgage and shall be added to and included to the debt thereupon due and in the judgment of foreclosure and sale,~~ and it is further

ORDERED, that the tenants, licensees or other persons in possession of said premises, inclusive of the mortgagor[s], attorn to said Temporary Receiver and pay over to said Temporary Receiver all rents and license fees and

other charges of such premises now due and unpaid, or that may hereafter become due; and that the defendant[s] be enjoined and restrained from collecting the rents and license fees and other charges of said premises and from interfering in any manner with the property or its possession; and from transferring, removing or in any way disturbing any of the occupants or employees; and that all tenants, occupants, employees and licensees of the premises and other persons liable for the rents be and hereby are enjoined and restrained from paying any rent or license fees or other charges for such premises to the defendants, their agents, servants or attorneys; and it is further

ORDERED, that all persons now or hereafter in possession of said premises, or any part thereof, and not holding such possession under valid and existing leases or tenancies do forthwith surrender such possession to said Temporary Receiver, subject to emergency laws, if any; and it is further

ORDERED, that said Temporary Receiver after paying the expenses of the management and care of the said premises as above provided retain the balance of the monies which may come into his hands until the sale of the said premises under the judgment to be entered in this action and/or until the further order of the Court; and it is further

ORDERED, that the said Temporary Receiver, or any

party hereto, may at any time, on proper notice to all parties who may have appeared in this action, apply to this Court for further or other instructions or powers necessary to enable said Receiver properly to fulfill his duties; and it is further

ORDERED, that the appointee named herein shall comply with Section 35a of the Judiciary Law and Sections 6401-6404 CPLR, Section 1325 of the RPAPL and Rule 36 of the Chief Judge.

ENTER:

_____
J.S.C.

NOTWITHSTANDING ANY OTHER PROVISION OF THIS ORDER TO THE CONTRARY, THE RECEIVER SHALL NOT APPOINT AN ATTORNEY, AGENT, APPRAISER, AUCTIONEER OR ACCOUNTANT WITHOUT THE PRIOR AUTHORIZATION OF THE COURT.

_____
J.S.C.

FILED
KINGS COUNTY CLERK
2002 OCT 16 AM 10: 05

Exhibit D

At an IAS Part 18 of the Supreme
Court of the State of New York, held in and
for the County of Kings, at the Courthouse,
at Civic Center, Brooklyn, New York, on the
20th day of November, 2002

P R E S E N T :

HON. JOSEPH J. DOWD,

                Justice.

-------------------------------------------------------------X

COMMUNITY PRESERVATION CORPORATION,

                         Plaintiff(s),

          -against-                                Index No. 21023/02

1974 REALTY ASSOCIATES, "JOHN DOE #1"
through "JOHN DOE #12", the last twelve names being
fictitious and unknown to Plaintiff, the persons or parties
intended being the tenants, occupants, persons or
corporations, if any, having or claiming an interest in or
lien upon the premises, described in the complaint,

                         Defendant(s).

-------------------------------------------------------------X

The following papers numbered 1 to  read on this motion:

                                        Papers Numbered

Notice of Motion/Order to Show Cause/
Petition/Cross Motion and
Affidavits (Affirmations) Annexed _____

Opposing Affidavits (Affirmations)_____

Reply Affidavits (Affirmations)_____

_____Affidavit (Affirmation) _____

Other papers_____

Upon the court's own motion, its order of October 7, 2002 is hereby amended by

deleting therefrom the appointment of Barbara Odwak, Esq. as Temporary Receiver of rents and

profits and substituting therefor in place and instead of Barbara Odwak, Esq. the appointment of

Michael Freeman, Esq. of 404 Park Avenue South, New York, N.Y. 10016 as Temporary

Receiver of rents and profits. Except as herein amended, all other provisions of this Court's prior

order dated October 7, 2002, shall remain in full force and effect.

    The foregoing shall constitute the decision and order of the court.

                ENTER,

                         J. S. C.

2

**Exhibit E**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.                    Year

THE COMMUNITY PRESERVATION CORPORATION,

Plaintiff(s).

against

1974 REALTY ASSOCIATES, ET AL.

Defendant(s)

ORDER WITH NOTICE OF ENTRY

CERTILMAN BALIN ADLER & HYMAN, LLP
Attorney(s) for
Plaintiff

Office and Post Office Address, Telephone

90 MERRICK AVENUE
EAST MEADOW, NEW YORK 11554
(516) 296-7000

To

Service of a copy of the within
is hereby admitted.

Dated

Attorney(s) for

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY

that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order
will be presented for settlement to the HON                    of which the within is a true copy
within named Court, at                                          one of the judges of the
on                              at              M
Dated.

Yours, etc.

CERTILMAN BALIN ADLER & HYMAN, LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

————————————————————————X

THE COMMUNITY PRESERVATION CORPORATION,

                              Plaintiff              Index No. 21023/02

              against                                NOTICE OF ENTRY

1974 REALTY ASSOCIATES

                        Defendants

————————————————————————X

SIRS:

PLEASE TAKE NOTICE, that the within is a true copy of a decision and order duly entered in the office of the within named court on September 16, 2002.

Dated: East Meadow, New York
       28th day of September 2002

                              YOURS, etc.

                              CERTILMAN BALIN ADLER & HYMAN, LLP

                              By: _____
                                  BRUCE J. BERGMAN
                              Attorney for Plaintiff
                              90 Merrick Avenue
                              East Meadow, New York 11554
                              (516) 296-7100

                              File Number: 30460.0071

TO:

1974 REALTY ASSOCIATES
1775 BROADWAY, SUITE 426
NEW YORK, NEW YORK

ALL DEFENDANTS WERE SERVED WITH NOTICE OF
ENTRY

THE COMMUNITY PRESERVATION CORPORATION,                    INDEX NO.: 19676/02

                                                    Plaintiff,

- against -                                                **NOTICE OF MOTION**

1974 REALTY ASSOCIATES,

                                        Defendants.

------------------------------------------------------------------X

**PLEASE TAKE NOTICE** that upon the Summons and Verified Complaint filed in the

Office of the Clerk of the County of KINGS on May 28, 2002 and upon the Notice of Pendency of

Action filed in the Office of the Clerk of the County of KINGS on May 28, 2002 and re-filed on

November 7, 2007, and upon the annexed Referee's Oath and Computation and Report of Referee

to Compute of BARBARA S. ODWAK, ESQ., dated October 15, 2002, the original of which is filed

with the Court, and upon the annexed affirmation of BRUCE J. BERGMAN, ESQ., dated April 29,

2009 and the exhibits annexed thereto, and upon the Notice of Motion dated April 29, 2009, the

Plaintiff will move this Court at a Foreclosure Motion Part, Room 274, at the Supreme Courthouse,

360 Adams Street, Brooklyn, New York, on the **3rd day of June, 2009** at 2:00 o'clock in the

afternoon of that day or as soon thereafter as counsel can be heard, for an order pursuant to CPLR

§2221 granting Plaintiff its motion for a **JUDGMENT OF FORECLOSURE AND SALE**.

Dated: Garden City, New York
April 29, 2009

Yours, etc.,

BERKMAN, HENOCH, PETERSON & PEDDY, P.C.

By: _____
Bruce J. Bergman
Attorneys for Plaintiff
100 Garden City Plaza
Garden City, New York 11530
(516) 222-6200

TO:

1974 REALTY ASSOCIATES
Defendant
1775 Broadway, Suite 426
New York, New York 10019

THE CITY OF NEW YORK DEPARTMENT OF
HOUSING PRESERVATION AND DEVELOPMENT
Defendant
100 Church Street
New York, New York 10007

2002/21023 Order deleting Barbara Odwak Esq as Temporary Receiver of rents etc (Page 1 of 3)

At an IAS Part 18 of the Supreme
Court of the State of New York, held in and
for the County of Kings, at the Courthouse,
at Civic Center, Brooklyn, New York, on the
20th day of November, 2002

PRESENT:

HON. JOSEPH J. DOWD,
                              Justice.

-------------------------------------------------------------X

COMMUNITY PRESERVATION CORPORATION,

                                    Plaintiff(s),

                    -against-                                          Index No. 21023/02

1974 REALTY ASSOCIATES, "JOHN DOE #1"
through "JOHN DOE #12", the last twelve names being
fictitious and unknown to Plaintiff, the persons or parties
intended being the tenants, occupants, persons or
corporations, if any, having or claiming an interest in or
lien upon the premises, described in the complaint,

                                    Defendant(s).

-------------------------------------------------------------X

The following papers numbered 1 to  read on this motion:

                                                                       Papers Numbered

Notice of Motion/Order to Show Cause/
Petition/Cross Motion and
Affidavits (Affirmations) Annexed _____          _____

Opposing Affidavits (Affirmations)_____          _____

Reply Affidavits (Affirmations)_____          _____

_____Affidavit (Affirmation) _____          _____

Other papers_____          _____

_____          _____

          Upon the court's own motion, its order of October 7, 2002 is hereby amended by

deleting therefrom the appointment of Barbara Odwak, Esq. as Temporary Receiver of rents and

profits and substituting therefor in place and instead of Barbara Odwak, Esq. the appointment of

Michael Freeman, Esq. of 404 Park Avenue South, New York, N.Y. 10016 as Temporary

Receiver of rents and profits.  Except as herein amended, all other provisions of this Court's prior

order dated October 7, 2002, shall remain in full force and effect.

The foregoing shall constitute the decision and order of the court.

ENTER,

J. S. C.

FEB-2-2010  16:01  FROM:.                7182467027            TO:17182282590              P.4/4

2002/21023 Order deleting Barbara Odwak Esq as Temporary Receiver of rents etc (Page 3 of 3)



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------x
THE COMMUNITY PRESERVATION CORPORATION,

Plaintiff(s),

-against-

1974 REALTY ASSOCIATES,

Defendant(s).
-----------------------------------------------------------------------x

Index No. 21023/02

NOTICE OF
APPEARANCE AND
STIPULATION
ADDING PARTY
DEFENDANT

      IT IS HEREBY STIPULATED BY AND BETWEEN THE UNDERSIGNED ATTORNEYS THAT, "THE CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT" by virtue of their subordinate mortgage dated November 24, 1987, recorded with the County Clerk, Kings County in Reel 2149, Page 2087, on the subject premises, be added as a party defendant to the caption of the within foreclosure action without prejudice to the prior proceedings had herein; and

      IT IS HEREBY FURTHER STIPULATED AND AGREED THAT, plaintiff be permitted to make a formal request for the amendment of the within caption pursuant to this stipulation; and

      IT IS HEREBY FURTHER STIPULATED AND AGREED THAT, defendant THE CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT appears in the above entitled action and will

be served with proposed judgment of foreclosure and sale, notice of the foreclosure sale, referee's report of sale, and proceedings for surplus monies, if any, and an application for discontinuance of the action , if any; and it is further

IT IS HEREBY FURTHER STIPULATED AND AGREED THAT, this notice of appearance shall be deemed timely served; and it is further

IT IS HEREBY FURTHER STIPULATED AND AGREED THAT, a facsimile of this stipulation shall have the same force and effect as an original for the purposes herein.

Dated:  East Meadow, New York
        November 6, 2002

Dated:  East Meadow, New York
        November     , 2002

CERTILMAN BALIN ADLER
& HYMAN, LLP

By:_____
    JOHN TANGEL
Attorneys for Plaintiff
THE COMMUNITY PRESERVATION
CORPORATION
90 Merrick Avenue
East Meadow, New York 11554
(516) 296-7000

By:_____

Attorneys for Defendant
THE CITY OF NEW YORK
DEPARTMENT OF HOUSING
PRESERVATION AND
DEVELOPMENT
100 Church Street
New York, New York
(212) 788-1147

**Exhibit H**



At an IAS Part 18 of the Supreme
Court held in and for the County of
Kings at the Courthouse located at
360 Adams Street, on the 9th day of
December 2002.

Present Hon Joseph J. Dowd

~~SUPREME COURT OF THE STATE OF NEW YORK~~
COUNTY OF KINGS
-------------------------------------------------------X
THE COMMUNITY PRESERVATION CORPORATION,

Index No. 21023/02

Plaintiff,

**ORDER TO SHOW CAUSE**

-against-

1974 REALTY ASSOCIATES.

Defendant.
-------------------------------------------------------X

Upon reading and filing the annexed affidavit of Jonathan Poole, sworn to on December 2,

2002, the affidavit of Maria Pena, sworn to on November 26. 2002, the affirmation of Andrea R.

Roschelle, Esq. dated December 6. 2002. and the exhibits annexed thereto, by which it appears that

an Order should be issued vacating the default of defendant in answering the complaint in this

action ("Default") and vacating the order of this Court dated October 7, 2002 ("Receiver Order"), by

which Barbara Odwak, Esq. was appointed temporary receiver in this action,

LET, plaintiff or its attorneys, show cause before the Hon . Joseph J. Dowd, at I.A.S. Part

18 of the Supreme Court of the State of New York, held in and for the County of Kings, at the

Courthouse, located at 360 Adams Street, Room 365 Brooklyn . New York on the 8th day of

January 3 ~~December~~, 2003, at 9:30 a.m.. or as soon thereafter as counsel may be heard, why an Order should

not be entered herein, (i)pursuant to CPLR 317, 5015(a)(1). and 5015(a) (4) relieving defendant

1974 Realty Associates from its alleged Default and vacating the Receiver Order because defendant was never served with process, this Court lacks jurisdiction over it, its alleged Default is excusable because of its lack of notice in this action, and defendant has a meritorious defense to plaintiff's claims; and (ii) for such other and further relief as this Court may deem just and proper; and it is further,

ORDERED, that pending the hearing *and determination of defendant's motion*, all efforts by plaintiff to enforce the Receiver Order shall be stayed.

ORDERED, that sufficient reason appearing therefor, let personal service of a copy of this of a copy of this order and all supporting papers upon plaintiff's counsel on or before December 23, 2002, be deemed good and sufficient service.

ENTER

_____
J.S.C.

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

THE COMMUNITY PRESERVATION CORPORATION,

Plaintiff,

- against -

1974 REALTY ASSOCIATES.

Defendant.

Index No. 21023/02

**THIRD PARTY SUMMONS**

Index No. 76247/03

Date filed 11/26/03

1974 REALTY ASSOCIATES

Third Party Plaintiff,

- against -

CORNICK, GARBLER & SANDLER LLP,

Third Party Defendant.

YOU ARE HEREBY SUMMONED to answer the complaint of the third party plaintiff, and plaintiff, copies of which are annexed hereto and herewith served upon you, and to serve copies of your answer upon the undersigned attorneys for the third party plaintiff and attorneys for plaintiff, Certiman Balin Adler & Hyman, LLP, whose address is 90 Merrick Avenue East Meadow, New York 11554, within 20 days after the service of this third party summons and complaint, exclusive of the day of service (or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York). In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the third party complaint.

Dated:    New York, New York
          November 25, 2003

By: Evan R. Schieber, Esq.
STARR ASSOCIATES LLP
245 Fifth Avenue
New York, New York 10016
(212) 620-2681

TO:

Certilman Balin & Hyman, LLP
Attorneys for plaintiff
90 Merrick Avenue
East Medow, New York 11554

Cornick Garbler & Sandler LLP
630 Third Avenue
New York, New York

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------

THE COMMUNITY PRESERVATION CORPORATION,

Plaintiff,

- against -

1974 REALTY ASSOCIATES

Defendant(s).

-------------------------------------

1974 REALTY ASSOCIATES,

Third Party Plaintiffs,

- against -

CORNICK GARBLER & SANDLER LLP,

Third Party Defendant.

-------------------------------------

Index No. 21023/02

**ANSWER AND**
**THIRD PARTY COMPLAINT**

Defendant/third party plaintiff 1974 Realty Associates, by its attorneys, Starr Associates LLP, for its answer and third party complaint against third party defendant Cornick Garbler & Sandler LLP alleges as follows:

1.       Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

2.       Denies the truth of the allegations set forth in paragraph "2" of the Complaint and respectfully refers the Court to the document referred to therein for a true and complete statement of its content and legal import.

3.     Denies the truth of the allegations set forth in paragraph "3" of the Complaint and respectfully refers the Court to the document referred to therein for a true and complete statement of its content and legal import.

4.     Denies the truth of the allegations set forth in paragraph "4" of the Complaint and respectfully refers the Court to the document referred to therein for a true and complete statement of its content and legal import.

5.     Denies the truth of the allegations set forth in paragraph "5" of the Complaint and respectfully refers the Court to the document referred to therein for a true and complete statement of its content and legal import.

6.     Denies the truth of the allegations set forth in paragraph "6" of the Complaint and respectfully refers the Court to the document referred to therein for a true and complete statement of its content and legal import.

7.     Denies the truth of the allegations set forth in paragraph "7" of the Complaint and respectfully refers the Court to the document referred to therein for a true and complete statement of its content and legal import.

8.     Denies the truth of the allegations set forth in paragraph "8" of the Complaint and respectfully refers the Court to the document referred to therein for a true and complete statement of its content and legal import.

9.     Denies the truth of the allegations set forth in paragraph "9" of the Complaint.

10.     Denies the truth of the allegations set forth in paragraph "10" of the Complaint.

11.     Denies the truth of the allegations set forth in paragraph "11" of the Complaint.

12.     Denies the truth of the allegations set forth in paragraph "12" of the Complaint and respectfully refers the Court to the document referred to therein for a true and complete statement of its content and legal import.

13.     Denies the truth of the allegations set forth in paragraph "13" of the Complaint and respectfully refers the Court to the document referred to therein for a true and complete statement of its content and legal import.

14.     Denies the truth of the allegations set forth in paragraph "14" of the Complaint and respectfully refers the Court to the document referred to therein for a true and complete statement of its content and legal import.

15.     Denies the truth of the allegations set forth in paragraph "15" of the Complaint and respectfully refers the Court to the document referred to therein for a true and complete statement of its content and legal import.

16.     Denies the truth of the allegations set forth in paragraph "16" of the Complaint and respectfully refers the Court to the document referred to therein for a true and complete statement of its content and legal import.

17.     Denies the truth of the allegations set forth in paragraph "17" of the Complaint and respectfully refers the Court to the document referred to therein for a true and complete statement of its content and legal import.

18.     Denies the truth of the allegations set forth in paragraph "18" of the Complaint and respectfully refers the Court to the document referred to therein for a true and complete statement of its content and legal import.

19.     Denies the truth of the allegations set forth in paragraph "19" of the Complaint and respectfully refers the Court to the document referred to therein for a true and complete statement of its content and legal import.

20.     Denies the truth of the allegations set forth in paragraph "20" of the Complaint.

21.     Denies the truth of the allegations set forth in paragraph "21" of the Complaint.

22.     Denies the truth of the allegations set forth in paragraph "22" of the Complaint.

23.     Denies the truth of the allegations set forth in paragraph "23" of the Complaint.

24.     Denies the truth of the allegations set forth in paragraph "24" of the Complaint.

25.     Denies the truth of the allegations set forth in paragraph "25" of the Complaint.

26.     Denies the truth of the allegations set forth in paragraph "26" of the Complaint.

27.     Denies the truth of the allegations set forth in paragraph "27" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

28.     The Complaint fails to state any cause of action against the defendant upon which this Court can or should grant relief.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

29.     Plaintiff failed to substantially complete its obligations under its agreement with defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

30.    Plaintiff failed to serve predicate notices required as a condition precedent to commencing this action.  Accordingly, the Complaint must be dismissed.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

31.    This action is barred by the documentary evidence.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

32.    This action is barred by the doctrine of unclean hands

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

33.    This Court lacks personal jurisdiction over defendant inasmuch as the summons and complaint were not served upon it in accordance with the requirements of law.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

34.    Assuming without conceding that a default has occurred, the default was caused, in whole, by the culpable conduct of the plaintiff and others, including plaintiff's wrongful conduct which has delayed, frustrated and hindered defendant's ability to comply with its obligations under the parties' agreement and not by any conduct, act or omission of the defendant.

## AS AND FOR A THIRD PARTY COMPLAINT AGAINST CORNICK GARBLER & SANDLER LLP

### PARTIES

35.    At all times relevant hereto, defendant/third party plaintiff 1974 Realty Associates ("Associates") was the owner of 1974 51st Street, Brooklyn, New York ("Premises"), a rental apartment building located in the County of Brooklyn, that is encumbered by mortgages held by plaintiff.

36.    Upon information and belief, at all times relevant hereto, third party defendant Cornick Garbler & Sandler LLP ("CG&S) was a certified public accounting firm with an address at 630 Third Avenue, New York, New York.

37.    Upon information and belief, at all times relevant hereto, CG&S acted as the accountants for Associates, charged with, among other things, overseeing Associates' financial affairs, and preparing schedules, financial statements and tax returns

### FACTS COMMON TO ALL CAUSES OF ACTION

38.    Associates acquired ownership of the Premises on or about November 24, 1987. The Premises were among several dilapidated and abandoned buildings in a community suffering from the effects of crime and poverty and which contributed to the severe urban blight plaguing its residents.  In accordance with various municipal government programs designed to remedy the blight and pursuant to a building loan agreement and related documents executed by and between Associates, plaintiff and the City of New York, acting through its Department of Housing Preservation and Development ("HPD"), Associates rehabilitated the Premises in 1989

and began to lease the renovated apartments to members of the Borough Park community that had been displaced from their homes.

39.    In conjunction with the acquisition and rehabilitation of the Premises, Associates entered into a series of notes, mortgages and other instruments (collectively, "Mortgage Agreements") evidencing the construction and permanent loan financing advanced to it by plaintiff and HPD.  Upon information and belief, plaintiff is the lender of a fraction of the proceeds of the construction loan ("Construction Loan") portion of the financing obtained by Associates in conjunction with the acquisition of the Premises (in the principal sum of one hundred sixty five thousand dollars ($165,000)), the balance having been lent by HPD, but plaintiff acts as the servicer for all of the Mortgage Agreements.

40.    As is relevant here, the Mortgage Agreements provide that Associates must convert the Construction Loan to permanent financing on or before April 1, 1999 ("Conversion").

41.    Upon information and belief, a necessary component to accomplish the Conversion is a potential new lenders' review of Associates' certified financial statements ("Statements").  Upon further information and belief, HPD has, in concept, agreed to convert the Construction Loan to permanent financing and has requested the Statements from Associates so as to further the Conversion process.

42.    As the independent outside accountants for Associates, CG&S acting ostensibly for Associate's interest only, CG&S were fiduciaries in a relationship founded on trust and confidence, charged with the duty to act with integrity and to maintain their fidelity and undivided loyalty to Associates.  Upon information and belief, since 1989, CG&S (and its

predecessor Frank & Zimmer) has been continuously overseeing the financial affairs of Associates and has prepared and maintained the Statements, which are the property of Associates.

43.     Upon information and belief, acting under the influence and control of certain dissident members of Associates, CG&S has steadfastly refused to turn over pertinent and material information required before the Statements may be drafted, and has otherwise withheld proprietary information of Associates despite numerous demands by Associates.

44.     Upon information and belief, Associates' contractual relationship with the plaintiff has been interfered with and Associates' ability to accomplish a Conversion has been frustrated by, among other things, CG&S's unreasonable refusal to release critical information Associates needs to prepare the Statements.

## AS AND FOR A FIRST CAUSE OF ACTION

45.     Defendant/third party plaintiff repeats and realleges the foregoing paragraphs as though fully set forth at length herein.

46.     On or about May 28, 2002, plaintiff filed a complaint in the Supreme Court of the State of New York, County of Kings claiming a default by Associates under the Mortgage Agreements. The default is ostensibly because of Associates' alleged current inability to convert the Construction Loan to permanent financing, and not due to any failure of payment under the Mortgage Agreements.

47.     Without admitting the truth of the claim that a default currently exists as alleged in the complaint, the inability to accomplish a Conversion is as a result of CS&G's wrongful and intentional conduct, including but not limited to, refusing to release to Associates proprietary information necessary to prepare the Statements.

48.     Associates has no liability with respect to any of the claims at issue herein. Nevertheless, in the event plaintiff recovers judgment against Associatess, such judgment shall have been caused, in whole, by the culpable conduct of CS&G.

49.     Associates is entitled to be indemnified by CS&G at common law for any and all amounts he may be obligated to pay plaintiff.

50.     Accordingly, Associates demands judgment over and against CS&G for contribution and/or indemnification with respect to any amounts found to be due to plaintiff.

## AS AND FOR A SECOND CAUSE OF ACTION

51.     Defendant/third party plaintiff repeats and realleges the foregoing paragraphs as though fully set forth at length herein.

52.     As agents of Associates, CS&G owed a fiduciary duty to Associates of undivided loyalty, good faith and diligence.

53.     CS&G acted to inflict damage on Associates by, among other things, neglecting their duties to Associates and wrongfully withholding proprietary information necessary to prepare the Statements that is property of Associates, despite due demand.

54.     By wrongfully neglecting their duties to plaintiff, CS&G has prevented Associates from complying with its obligations under the Mortgage Agreements to procure permanent financing.  Associates has suffered damages and is currently threatened with the forfeiture of the Premises, all of which could have been obviated, had CS&G fulfilled its obligations.

55.     Associates has suffered and will continue to suffer damages as a result of said breach in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION

56.    Defendant/third party plaintiff repeats and realleges the foregoing paragraphs as though fully set forth at length herein.

57.    CS&G knew of the existence of the Mortgage Agreements between Associates and plaintiff and knew that pursuant to the Mortgage Agreements, in order to complete the Conversion, the proprietary information necessary to prepare the Statements is essential.

58.    CS&G intentionally, maliciously and improperly interfered with Associates' contractual relationship with plaintiff by, among other things, unreasonably refusing to turn over proprietary information necessary to prepare the Statements necessary for the Conversion.

59.    CS&G had no legitimate or economic or business purpose for refusing to turn over proprietary information necessary to prepare the Statements, and upon information and belief, did so at the behest of and in collusion with certain dissident members of Associates, as part of a malicious and improper campaign by those dissidents to take over control of Associates.

60.    CS&G's effort to interfere with Associate's ability to perform its duties under the Mortgage Agreements was successful, in that HPD has since refused to agree to fund the Conversion and plaintiff has since commenced the underlying action.

61.    Upon information and belief, CS&G acted in bad faith in connection with its withholding of proprietary information necessary to prepare the Statements to the detriment of Associates and plaintiff.

62.    Associates has suffered and continues to suffer damages as a result of CS&G's tortious and intentional interference in an amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION

63.    Defendant/third party plaintiff repeats and realleges the foregoing paragraphs as though fully set forth at length herein.

64.    CS&G possess certain records owned by Associates, including the proprietary information necessary to prepare the Statements and other documents pertaining to the Premises.

65.    CS&G is absolutely required to deliver to Associates all such materials in their possession that are the property of Associates.

66.    Despite plaintiff's demand, CS&G has refused to deliver the materials to Associates.

67.    CS&G has no rights or interest in or to the materials.

68.    Associates is entitled to an order directing CS&G to turnover all documents belonging to Associates in its possession, custody or control, including the proprietary information necessary to prepare the Statements, or in the alternative, and order for damages in an amount to be determined at trial.

WHEREFORE, Associates demands judgment as follows:

i.)    dismissing the complaint in its entirety;

ii.)    On its First Cause of Action against third party defendant CS&G, in the event that plaintiff recovers, judgment over and against Associates for indemnification with respect to any amounts found to be due to plaintiff.

iii.)    On its Second Cause of Action against third party defendant CS&G, damages in an amount to be determined at trial.

iv.)    On its Third Cause of Action against third party defendant CS&G, damages in an amount to be determined at trial.

v.)    On its Fourth Cause of Action against third party defendant CS&G, an order directing CS&G to turnover all documents belonging to Associates in its possession, custody or control, including the proprietary information necessary to prepare the Statements, or in the alternative, an order for damages in an amount to be determined at trial

vi.)    The costs and expenses of this action, including, reasonable attorneys fees.

vii.)    For such other relief as to this Court seems just and proper.

Dated: New York, New York
       November 25, 2003

                           By: Evan R. Schieber
                           Starr Associates LLP
                           Attorneys for defendant/third party-plaintiff
                           245 Fifth Avenue New York, New York 10016
                           (212) 620-2681

## ATTORNEY CERTIFICATION

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers herein are not frivolous as defined in subsection (c) of section 130-1.1 of NYCRR.

_____
Evan R. Schieber

Dated: New York, New York
       November 25, 2003

CAB2355

STATE OF NEW YORK, COUNTY OF        KINGS        Index No. 21025        Year 02

THE COMMUNITY PRESERVATION CORPORATION                    Plaintiff,

- against -

1974 REALTY ASSOCIATES

                                                         Defendants.

--------------------------------------------------------------------

1974 REALTY ASSOCIATES,

                                                    Third Party Plaintiff
                    -against-

CORNICK GARBLER & SANDLER

                                                    Third Party Defendants

---

## THIRD PARTY SUMMONS AND COMPLAINT

---

### STARR ASSOCIATES LLP

*Attorney(s) for*  Defendants/Third Party Plaintiff

*Office and Post Office Address, Telephone*

245 FIFTH AVENUE
SUITE 1102
NEW YORK, N.Y. 10016
TELEPHONE (212) 620-2680

---

**To**

Signature (Rule 130-1.1-a)

Print name beneath

Service of a copy of the within is hereby admitted.

**Attorney(s) for**

Dated: _____

---

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                                    of which the within is a true copy
will be presented for settlement to the HON.              one of the judges of the
within named Court, at
on                          at              M.

Dated,

                            Yours, etc.

                            **STARR ASSOCIATES LLP**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------x

THE COMMUNITY PRESERVATION
CORPORATION,

                          Plaintiff,                          Index No. 21023/02

        -against-

1974 REALTY ASSOCIATES,                        Third-Party Index No.
                                                       76247/03

                        Defendant.
------------------------------------------------------------------x

1974 REALTY ASSOCIATES,

                        Third-Party Plaintiff,         **ANSWER TO THIRD-**
                                                   **PARTY COMPLAINT**

        -against-

CORNICK GARBER & SANDLER,

                        Third-Party Defendant.
------------------------------------------------------------------x

       Third-Party Defendants Cornick Garber & Sandler, LLP ("CGS"), by its attorneys,

Vedder, Price, Kaufman & Kammholz, P.C., as and for its answer to the third-party complaint of

Defendant/Third-Party Plaintiff 1974 Realty Associates ("1974"):

       1.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 35 of 1974's Answer and Third-Party Complaint (the "TPC").

       2.      Denies the allegations contained in paragraph 36 of the TPC, except admits that

CGS is a limited liability partnership organized under the laws of the State of New York with its

principal place of business at 630 Third Avenue, New York, New York, that is engaged in the

business of, *inter alia*, providing accounting, tax and other services for which it has been

engaged by its clients.

3.    Denies the allegations contained in paragraph 37 of the TPC, except admits that 1974 engaged CGS to perform certain accounting and tax services.

4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the TPC.

5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the TPC.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the TPC.

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the TPC.

8.    Denies the allegations contained in paragraph 42 of the TPC, except admits that CGS was engaged by 1974 to perform certain specific services and that CGS has done so.

9.    Denies the allegations contained in paragraph 43 of the TPC.  CGS further states that, pursuant to request, it has provided copies of tax returns, financial statements, trial balances, adjusting entries and other materials to 1974.

10.    Denies the allegations contained in paragraph 44 of the TPC.

11.    With respect to paragraph 45 of the TPC, reasserts and realleges the foregoing paragraphs as if set forth at length.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the TPC, and respectfully refers the Court to the Complaint in the action referred to for a complete and accurate statement of its contents.

13.    Denies the allegations contained in paragraph 47 of the TPC.

14.    Denies the allegations contained in paragraph 48 of the TPC.

15.    Denies the allegations contained in paragraph 49 of the TPC.

16.    Denies the allegations contained in paragraph 50 of the TPC.

17.    With respect to paragraph 51 of the TPC, reasserts and realleges the foregoing paragraphs as if set forth at length.

18.    Denies the allegations contained in paragraph 52 of the TPC.

19.    Denies the allegations contained in paragraph 53 of the TPC. CGS further states that, pursuant to request, it has provided copies of tax returns, financial statements, trial balances, adjusting entries and other materials to 1974.

20.    Denies the allegations contained in paragraph 54 of the TPC.

21.    Denies the allegations contained in paragraph 55 of the TPC.

22.    With respect to paragraph 56 of the TPC, reasserts and realleges the foregoing paragraphs as if set forth at length.

23.    Denies the allegations contained in paragraph 57 of the TPC.

24.    Denies the allegations contained in paragraph 58 of the TPC. CGS further states that, pursuant to request, it has provided copies of tax returns, financial statements, trial balances, adjusting entries and other materials to 1974.

25.    Denies the allegations contained in paragraph 59 of the TPC.

26.    Denies the allegations contained in paragraph 60 of the TPC.

27.    Denies the allegations contained in paragraph 61 of the TPC.

28.    Denies the allegations contained in paragraph 62 of the TPC.

29.    With respect to paragraph 63 of the TPC, reasserts and realleges the foregoing paragraphs as if set forth at length.

30.    Denies the allegations contained in paragraph 64 of the TPC.

31.    Denies the allegations contained in paragraph 65 of the TPC, except admits that if it had property of 1974 in its possession, it would be required to make such property available to 1974, and further states that, pursuant to request, it has provided copies of tax returns, financial statements, trial balances, adjusting entries and other materials to 1974.

32.    Denies the allegations contained in paragraph 66 of the TPC. CGS further states that it has provided copies of tax returns, financial statements, trial balances, adjusting entries and other materials to 1974.

33.    Denies the allegations contained in paragraph 67 of the TPC.

34.    Denies the allegations contained in paragraph 68 of the TPC.

### FIRST AFFIRMATIVE DEFENSE

35.    The TPC fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

36.    The services performed by CGS for 1974 were performed pursuant to an engagement letter between CGS and 1974, duly subscribed on behalf of both CGS and 1974, which provided as follows:

> "All disputes arising out of our services in connection with this engagement (including those regarding the scope, nature and quality of the services performed by us) shall be submitted to arbitration before and under the commercial rules of the American Arbitration Association and all determinations of the arbitrator shall be final and binding."

37.    Accordingly, the causes of action that 1974 purports to assert herein must, by agreement of the parties, be heard in the arbitration forum provided for in the engagement letter. Accordingly, this action must be dismissed or stayed in favor of such an arbitration, and 1974 IS required to arbitrate the claims it purports to assert in the TPC.

### THIRD AFFIRMATIVE DEFENSE

38.    Any damages suffered by 1974 are solely the result of its own negligent or otherwise culpable conduct.   Accordingly, 1974 may not have any recovery from CGS. Alternatively, any recovery by 1974 from CGS must be reduced in proportion to 1974's own negligent or otherwise culpable conduct.

### FOURTH AFFIRMATIVE DEFENSE

39.    Any damages suffered by 1974 are solely the result of the negligent or otherwise culpable conduct of persons or entities who are not parties to this action. Accordingly, 1974 may

not have any recovery from CGS. Alternatively, any recovery by 1974 from CGS must be reduced in proportion to the negligent or otherwise culpable conduct of the aforementioned persons or entities.

## FIFTH AFFIRMATIVE DEFENSE

40.    1974's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification and/or laches.

## SIXTH AFFIRMATIVE DEFENSE

41.    1974 has failed to take reasonable and feasible steps to mitigate or minimize any damages it may have suffered.

WHEREFORE, Third-Party Defendant Cornick Garber & Sandler, LLP, respectfully requests that this Court enter judgment:

1.    dismissing the Third-Party Complaint with prejudice;

2.    awarding Cornick Garber & Sandler, LLP the costs and disbursements of this action, including reasonable attorneys' fees; and

3.    granting such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        December 23, 2003

<div style="margin-left: 40%;">

VEDDER, PRICE, KAUFMAN &
KAMMHOLZ, P.C.

By _____
         John H. Eickemeyer
805 Third Avenue
New York, New York 10022
(212) 407-7700
Attorneys for Third-Party Defendant
Cornick Garber & Sandler, LLP

</div>

## ATTORNEY CERTIFICATION
## PURSUANT TO
## 22 NYCRR 130-1.1

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief, and after reasonable inquiry, the contentions contained in the annexed document(s) are not frivolous.

Dated: December 23, 2003

Signature:

Print Signer's Name:    John H. Eickemeyer

**Exhibit F**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
THE COMMUNITY PRESERVATION CORPORATION,

                            Plaintiff(s),               **NOTICE OF RETURN**

       -against-                               Index No. 21023/02

1974 REALTY ASSOCIATES,

                            Defendant(s).
-----------------------------------------------------------------X

-----------------------------------------------------------------X
1974 REALTY ASSOCIATES,

                       Third Party Plaintiff,

       -against-                            Index No. 76247/03

CORNICK, GARBLER & SANDLER, LLP

                       Third Party Defendant.
-----------------------------------------------------------------X

     **PLEASE TAKE NOTICE,** that your answer dated November 25, 2003 is returned to

you herewith as a nullity upon the ground that the time within which to serve such pleading as of

right has elapsed and no extension of time for such service has been granted.

     **PLEASE TAKE FURTHER NOTICE,** that your third party summons and complaint

dated November 25, 2003 is returned to you herewith as a nullity upon the ground that this office

is not authorized to accept service of process on behalf of The Community Preservation

Corporation which lack of authorization was specifically advised to your process server.

Dated: East Meadow, New York
       December 4, 2003

                             Yours etc.,
                             CERTILMAN BALIN ADLER & HYMAN LLP

                             By:_*Susan L. McWalters*_
                               SUSAN L. McWALTERS
                             Attorneys for Plaintiff
                             90 Merrick Avenue
                             East Meadow, New York  11554
                             516-296-7100

iManage:1498598.1

TO:   Evan R. Schieber, Esq.
       STARR ASSOCIATES LLP
       245 Fifth Avenue
       New York, NY 10016

Exhibit G

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------x
THE COMMUNITY PRESERVATION
CORPORATION,

                 Plaintiff,                                 Index No. 21023/02

      -against-

1974 REALTY ASSOCIATES,                        Third-Party Index No.
                                               76247/03

                 Defendant.
-------------------------------------------------------------x
1974 REALTY ASSOCIATES,

               Third-Party Plaintiff,           **ANSWER TO THIRD-**
                                               **PARTY COMPLAINT**

      -against-

CORNICK GARBER & SANDLER,

               Third-Party Defendant.
-------------------------------------------------------------x

      Third-Party Defendants Cornick Garber & Sandler, LLP ("CGS"), by its attorneys,

Vedder, Price, Kaufman & Kammholz, P.C., as and for its answer to the third-party complaint of

Defendant/Third-Party Plaintiff 1974 Realty Associates ("1974"):

      1.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 35 of 1974's Answer and Third-Party Complaint (the "TPC").

      2.      Denies the allegations contained in paragraph 36 of the TPC, except admits that

CGS is a limited liability partnership organized under the laws of the State of New York with its

principal place of business at 630 Third Avenue, New York, New York, that is engaged in the

business of, *inter alia*, providing accounting, tax and other services for which it has been

engaged by its clients.

3.      Denies the allegations contained in paragraph 37 of the TPC, except admits that 1974 engaged CGS to perform certain accounting and tax services.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the TPC.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the TPC.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the TPC.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the TPC.

8.      Denies the allegations contained in paragraph 42 of the TPC, except admits that CGS was engaged by 1974 to perform certain specific services and that CGS has done so.

9.      Denies the allegations contained in paragraph 43 of the TPC.  CGS further states that, pursuant to request, it has provided copies of tax returns, financial statements, trial balances, adjusting entries and other materials to 1974.

10.     Denies the allegations contained in paragraph 44 of the TPC.

11.     With respect to paragraph 45 of the TPC, reasserts and realleges the foregoing paragraphs as if set forth at length.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the TPC, and respectfully refers the Court to the Complaint in the action referred to for a complete and accurate statement of its contents.

13.     Denies the allegations contained in paragraph 47 of the TPC.

14.     Denies the allegations contained in paragraph 48 of the TPC.

15.     Denies the allegations contained in paragraph 49 of the TPC.

16.     Denies the allegations contained in paragraph 50 of the TPC.

17.     With respect to paragraph 51 of the TPC, reasserts and realleges the foregoing paragraphs as if set forth at length.

18.     Denies the allegations contained in paragraph 52 of the TPC.

19.     Denies the allegations contained in paragraph 53 of the TPC. CGS further states that, pursuant to request, it has provided copies of tax returns, financial statements, trial balances, adjusting entries and other materials to 1974.

20.     Denies the allegations contained in paragraph 54 of the TPC.

21.     Denies the allegations contained in paragraph 55 of the TPC.

22.     With respect to paragraph 56 of the TPC, reasserts and realleges the foregoing paragraphs as if set forth at length.

23.     Denies the allegations contained in paragraph 57 of the TPC.

24.    Denies the allegations contained in paragraph 58 of the TPC. CGS further states that, pursuant to request, it has provided copies of tax returns, financial statements, trial balances, adjusting entries and other materials to 1974.

25.    Denies the allegations contained in paragraph 59 of the TPC.

26.    Denies the allegations contained in paragraph 60 of the TPC.

27.    Denies the allegations contained in paragraph 61 of the TPC.

28.    Denies the allegations contained in paragraph 62 of the TPC.

29.    With respect to paragraph 63 of the TPC, reasserts and realleges the foregoing paragraphs as if set forth at length.

30.    Denies the allegations contained in paragraph 64 of the TPC.

31.    Denies the allegations contained in paragraph 65 of the TPC, except admits that if it had property of 1974 in its possession, it would be required to make such property available to 1974, and further states that, pursuant to request, it has provided copies of tax returns, financial statements, trial balances, adjusting entries and other materials to 1974.

32.    Denies the allegations contained in paragraph 66 of the TPC. CGS further states that it has provided copies of tax returns, financial statements, trial balances, adjusting entries and other materials to 1974.

33.    Denies the allegations contained in paragraph 67 of the TPC.

34.    Denies the allegations contained in paragraph 68 of the TPC.

## FIRST AFFIRMATIVE DEFENSE

35.    The TPC fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

36.    The services performed by CGS for 1974 were performed pursuant to an engagement letter between CGS and 1974, duly subscribed on behalf of both CGS and 1974, which provided as follows:

> "All disputes arising out of our services in connection with this engagement (including those regarding the scope, nature and quality of the services performed by us) shall be submitted to arbitration before and under the commercial rules of the American Arbitration Association and all determinations of the arbitrator shall be final and binding."

37.    Accordingly, the causes of action that 1974 purports to assert herein must, by agreement of the parties, be heard in the arbitration forum provided for in the engagement letter. Accordingly, this action must be dismissed or stayed in favor of such an arbitration, and 1974 IS required to arbitrate the claims it purports to assert in the TPC.

## THIRD AFFIRMATIVE DEFENSE

38.    Any damages suffered by 1974 are solely the result of its own negligent or otherwise culpable conduct.   Accordingly, 1974 may not have any recovery from CGS. Alternatively, any recovery by 1974 from CGS must be reduced in proportion to 1974's own negligent or otherwise culpable conduct.

## FOURTH AFFIRMATIVE DEFENSE

39.    Any damages suffered by 1974 are solely the result of the negligent or otherwise culpable conduct of persons or entities who are not parties to this action.  Accordingly, 1974 may

not have any recovery from CGS. Alternatively, any recovery by 1974 from CGS must be reduced in proportion to the negligent or otherwise culpable conduct of the aforementioned persons or entities.

## FIFTH AFFIRMATIVE DEFENSE

40.    1974's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification and/or laches.

## SIXTH AFFIRMATIVE DEFENSE

41.    1974 has failed to take reasonable and feasible steps to mitigate or minimize any damages it may have suffered.

WHEREFORE, Third-Party Defendant Cornick Garber & Sandler, LLP, respectfully requests that this Court enter judgment:

1.    dismissing the Third-Party Complaint with prejudice;

2.    awarding Cornick Garber & Sandler, LLP the costs and disbursements of this action, including reasonable attorneys' fees; and

3.    granting such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        December 23, 2003

                                    VEDDER, PRICE, KAUFMAN &
                                    KAMMHOLZ, P.C.

                                    By _____
                                        John H. Eickemeyer
                                    805 Third Avenue
                                    New York, New York 10022
                                    (212) 407-7700
                                    Attorneys for Third-Party Defendant
                                    Cornick Garber & Sandler, LLP

## ATTORNEY CERTIFICATION
## PURSUANT TO
## 22 NYCRR 130-1.1

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief, and after reasonable inquiry, the contentions contained in the annexed document(s) are not frivolous.

Dated:  December 23, 2003

Signature: _____

Print Signer's Name: _____ John H. Eickemeyer _____

(23)   N/0

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
THE COMMUNITY PRESERVATION CORPORATION,

                                        Plaintiff,                    Index No. 21023/02

              - against -                                            **NOTICE OF MOTION**

1974 REALTY ASSOCIATES,

                                        Defendant.
------------------------------------------------------------------X

S I R S :

         PLEASE TAKE NOTICE, upon the annexed affidavit of JEROME S. REZNICK, sworn

to the 27th day of October, 2003 , and upon all of the pleadings herein the undersigned

will move this Court at a Mortgage Foreclosure Part, Room 274, of the Supreme Court,

Kings, County, 360 Adams Street, Brooklyn, New York on the 3rd day of December, 2003

at 2:30 P.M. o'clock in the afternoon or as soon thereafter as counsel can be heard for

an Order: (1) pursuant to CPLR 1012 (a) 2, 3 permitting PR and PR Realty Corp.,to

intervene in this action on the grounds that the interests of PR & PR Realty Corp. are not

being properly represented and that it will be bound and adversely affected by the

judgment; (2) amending the summons and complaint herein by adding PR & PR Realty

Corp. as a party defendant and deeming the proposed answer annexed hereto as having

been served and (3) enjoining and restraining Jonathan Poole and his attorney, Andrea

Rochelle from participating in or having any control of the issues involved in this

litigation; and (4) for such other and further relief as to this Court may seem just and

proper.

2002/21023 Order movant's motion to intervene is denied etc motns,affirm,affts,me m,Page 10 of 16)

PLEASE TAKE FURTHER NOTICE, pursuant to CPLR 2214 (b) answering affidavits,

if any, are required to be served upon the undersigned at least seven days prior to the

return date of this motion.

Dated: New York, New York
    October 28, 2003

Yours etc.,

EDWIN M. LEVY & A. JOSEPH TANDET
Attorneys for PR & PR Realty Corp.
Office & P.O. Address
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 486-9494

To:

Certilman Balin Adler & Hyman
Attorneys for CPC
90 Merrick Avenue
East Meadow, New York 11554

Andrea Rochelle, Esq
Starr Associates
Attorneys For 1974 Realty Associates
57 West 37th Street
New York, New York 10018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
THE COMMUNITY PRESERVATION CORPORATION,

                       Plaintiff,

              - against -

1974 REALTY ASSOCIATES,

                      Defendant.
-------------------------------------------------------------------X

Index No. 21023/02

**REPLY AFFIRMATION**

*IS-19*
*1-7-04*

STATE OF NEW YORK     )
                         ) ss:
COUNTY OF NEW YORK  )

      EDWIN M. LEVY, deposes and says::

      1.      That I am one of the attorneys for PR & PR REALTY CORP., (hereinafter referred to as "PR"), a Limited Partnership and I am duly admitted to practice law before the Courts of the State of New York and submit this affirmation under the penalties of perjury.

      2.      I am fully familiar with all of the pleadings and proceedings heretofore had herein and submit this Reply to the affidavit of Jonathan Poole (hereinafter referred to as "Poole") submitted in opposition to PR's motion to intervene in this proceeding.

      3.      Once again Poole seeks refuge behind the "Arbitration Clause" of the Limited Partnership Agreement. PR is not seeking any relief as against Poole or the defendant, 1974 Realty Associates. Poole complains that the "Arbitration" was never conducted. Yet, he fails to inform the Court that he previously moved to stay arbitration and the Court directed him to proceed with the arbitration, which he has resisted.

5.      In the face a foreclosure proceeding which Poole concealed from the other members of the Limited Partnership, without Poole's cooperation, time would not permit the arbitration process to have any affect upon this proceeding.

6.      If this Court should determine that this matter proceed to arbitration it is respectfully requested that in view of Poole's history of avoiding the arbitration process, that an Order be made directing him and the defendant to submit to the arbitration process.  In order that there be no further confusion, the Court should direct the manner in which the "non-binding" arbitration should proceed.

7.      The specific allegations of wrong doing as alleged in paragraph "7" of the moving affidavit of Jerome S. Reznick, <u>none of which have been denied by Poole</u>, were merely intended to demonstrate to this Court that Poole is not competent, nor is he empowered, to direct the affairs of the defendant. Clearly, his usurping of this control has already irreparably damaged the defendant and will continue to do so unless he is restrained and enjoined.

**WHEREFORE**, it is respectfully requested that the within motion be granted.

Dated: New York, New York
        December 3, 2003

Edwin M. Levy

-2-

SUPREME COURT
STATE OF NEW YORK, COUNTY OF   KINGS          Index No.          Year 19

THE COMMUNITY PRESERVATION CORPORATION,

Plaintiff,

- against -

1974 REALTY ASSOCIATES,

Defendant.

REPLY AFFIRMATION

EDWIN M. LEVY  and A. JOSEPH TANDET

Attorney(s) for   PR & PR Realty Corp

Office and Post Office Address, Telephone

488 Madison Ave., 11th Fl
New York, N.Y. 10022    77

To                                              Service of a copy of the within
                                                is hereby admitted.

                                                Dated                    19

Attorney(s) for

**PLEASE TAKE NOTICE:**

☐ NOTICE OF ENTRY

that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on                              19

☐ NOTICE OF SETTLEMENT

that an order
will be presented for settlement to the HON.                    of which the within is a true copy
within named Court, at                                          one of the judges of the
on

Dated,

2004 APR 29

                        19    at          M.

                        Yours, etc.

                        EDWIN M. LEVY

(23)  N/O

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------X
THE COMMUNITY PRESERVATION CORPORATION,

                Plaintiff,

        - against -

1974 REALTY ASSOCIATES,

                Defendant.
----------------------------------------------------------------X

Index No. 21023/02

**NOTICE OF MOTION**

S I R S :

        PLEASE TAKE NOTICE, upon the annexed affidavit of JEROME S. REZNICK, sworn

to the 27th day of October, 2003 , and upon all of the pleadings herein the undersigned

will move this Court at a Mortgage Foreclosure Part, Room 274, of the Supreme Court,

Kings, County, 360 Adams Street, Brooklyn, New York on the 3rd day of December, 2003

at 2:30 P.M. o'clock in the afternoon or as soon thereafter as counsel can be heard for

an Order: (1) pursuant to CPLR 1012 (a) 2, 3 permitting PR and PR Realty Corp.,to

intervene in this action on the grounds that the interests of PR & PR Realty Corp. are not

being properly represented and that it will be bound and adversely affected by the

judgment; (2) amending the summons and complaint herein by adding PR & PR Realty

Corp. as a party defendant and deeming the proposed answer annexed hereto as having

been served and (3) enjoining and restraining Jonathan Poole and his attorney, Andrea

Rochelle from participating in or having any control of the issues involved in this

litigation; and (4) for such other and further relief as to this Court may seem just and

proper.

11/18/03

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

THE COMMUNITY PRESERVATION CORPORATION,

                                    Plaintiff,

                    - against -                                    Index No. 21023/02

1974 REALTY ASSOCIATES                              ┌─────────────────────────┐
                                                    │ **NOTICE OF CROSS MOTION** │
                                    Defendant(s).   └─────────────────────────┘

_____


1974 REALTY ASSOCIATES,

                    Third Party Plaintiff,

                    - against -

CORNICK GARBLER & SANDLER LLP,

                    Third Party Defendant.

KINGS COUNTY
SUPREME COURT
MOTION SUPPORT
APPROVED
DATE 1/14/04

**PLEASE TAKE NOTICE**, that upon the annexed affidavit of Jonathan Poole, sworn to January 13, 2004, the exhibits annexed thereto, the undersigned will cross-move this Court, in the Foreclosure Motion Part of this Court, Room 274 at the Courthouse located at 360 Adams Street, New York, County of Kings on the 21st day of January, 2004 at 9:30 o'clock in the forenoon of that day or as soon thereafter as counsel can be heard, for an Order (i) pursuant to CPLR 3211(e), dismissing the complaint on the ground that the Court lacks jurisdiction over defendant, or in the alternative; (ii) pursuant to CPLR 5015(a)(1) and 5015(a)(4), vacating both (a) defendant's default in answering the complaint and (b) a prior order of this Court dated October 7, 2002, by which Barbara Odwak, Esq. was appointed temporary receiver of the rents and profits issuing out of the Premises and; (iii) pursuant to CPLR 3012(d), compelling plaintiff

DISMND

2004 JAN 14 PM 2: 54

2002/21023 Affidavit of serv... (Page 1 of 4)



# AFFIDAVIT OF SERVICE

### SUPREME COURT OF THE STATE OF NEW YORK / KINGS COUNTY
Index No. 21023/02

**THE COMMUNITY PRESERVATION CORPORATION,**
Plaintiff,

-against-

**1974 REALTY ASSOCIATES,**
Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - Index No. 76247/03

**1974 REALTY ASSOCIATES,**
Third Party Plaintiff,

-against-

**CORNICK, GARBLER & SANDLER, LLP,**
Third Party Defendant.

State Of New York, County of New York SS:
**LLOYD MCDONALD**
Being duly sworn, deposes and says that he is over the age of 18 years, is not a party to this action and resides in New York.

That on the **4**<sup>TH</sup> day of **DECEMBER 2003**, At: **2:10 PM**

At: **90 MERRICK AVENUE, EAST MEADOW, NEW YORK 11554**

Deponent served the Annexed: **THIRD PARTY SUMMONS, THIRD PARTY COMPLAINT, STATEMENT AS TO NEW PARTY COMPLAINT**

Upon: **CERTILMAN BALIN & HYMAN LLP**

## PERSONAL SERVICE ON A LIMITED LIABILITY PARTNERSHIP
A limited liability partnership, by delivering thereat a true copy to **DIANE FRIED ESQ** personally; deponent knew the said individual to be *Authorized To Accept Service* thereof.

## DESCRIPTION - Deponent describes the individual served or spoken to as follows:
Sex: **FEMALE** Color: **WHITE** Hair: **BROWN** App. Age: 40 App. Ht: 5'6" App. Wt. 130
Other identifying features:

Sworn to before me this **5**<sup>TH</sup>
day of **DECEMBER 2003**

WINDSOR FLEURY #114-0505

THOMAS P. MARRIOTT
NOTARY PUBLIC, State of New York
No. 01MA6093090
Qualified in Queens County
Commission Expires May 27, 2007

ORIGINAL

# AFFIDAVIT OF SERVICE

## SUPREME COURT OF THE STATE OF NEW YORK / KINGS COUNTY

Index No. 21023/02

THE COMMUNITY PRESERVATION CORPORATION,
Plaintiff,

-against-

1974 REALTY ASSOCIATES,
Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - Index No. 76247/03

1974 REALTY ASSOCIATES,
Third Party Plaintiff,

-against-

CORNICK, GARBLER & SANDLER, LLP,
Third Party Defendant.

State Of New York, County of New York SS.:

**WINDSOR FLEURY**

Being duly sworn, deposes and says that he is over the age of 18 years, is not a party to this action and resides in New York.

That on the 3ʳᵈ day of **DECEMBER 2003**, At: **4:44 PM**

At: **630 THIRD AVENUE, NEW YORK, NEW YORK 10022**

Deponent served the Annexed: **THIRD PARTY SUMMONS, THIRD PARTY COMPLAINT, STATEMENT AS TO NEW PARTY COMPLAINT**

Upon: **CORNOCK GARBLER & SANDLER LLP**

### PERSONAL SERVICE ON A LIMITED LIABILITY PARTNERSHIP

A limited liability partnership, by delivering thereat a true copy to **JUAN DECONCEPCION** personally; deponent knew the said individual to be *Authorized To Accept Service* thereof.

### DESCRIPTION - Deponent describes the individual served or spoken to as follows:
Sex: **MALE** Color: **BROWN** Hair: **BALD** App. Age: 32 App. Ht: 5'3" App. Wt. 165
Other identifying features:

Sworn to before me this 5ᵀᴴ
day of **DECEMBER 2003**

THOMAS P. MARRIOTT
NOTARY PUBLIC, State of New York
No. 01MA6093090
Qualified in Queens County
Commission Expires May 27, 2007

WINDSOR FLEURY #114-0505

ORIGINAL

SUPREME COURT
STATE OF NEW YORK, COUNTY OF   KINGS

Index No.   21023   Year   02

THE COMMUNITY PRESERVATION CORPORATION

Plaintiff,

- against -

1974 REALTY ASSOCIATES,

Defendants.

## AFFIDAVIT OF SERVICE

### STARR ASSOCIATES LLP

*Attorney(s) for*   Defendants

*Office and Post Office Address, Telephone*

245 FIFTH AVENUE
SUITE 1102
NEW YORK, N.Y. 10016
TELEPHONE (212) 620-2680

To

Signature (Rule 130-1.1-a)

_____
Print name beneath

Service of a copy of the within is hereby admitted.

Attorney(s) for

Dated: _____

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order
will be presented for settlement to the HON.
within named Court, at
on                                    M.

Dated,

of which the within is a true copy
one of the judges of the

FILED
2003 DEC 24 AM 9:08
KINGS COUNTY CLERK

Yours, etc.

STARR ASSOCIATES LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------x

THE COMMUNITY PRESERVATION
CORPORATION,

                      Plaintiff,

       -against-

1974 REALTY ASSOCIATES,

"JOHN DOE #1" through "JOHN DOE #12", the last twelve
names being fictitious or unknown to Plaintiff, the persons or
parties intended being the tenants, occupants, persons or corporations,
if any, having or claiming an interest in or lien upon the premises
described in the complaint,

                    Defendants.

                   : Index No. 21023/02

                   :

                   :

                   :AFFIDAVIT IN SUPPORT OF
MOTION    TO    VACATE
DEFAULT   AND   ORDER
APPOINTING RECEIVER

                   :

-------------------------------------------------------x

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF NEW YORK  )

    **MARIA PENA**, being duly sworn deposes and says:

           1.     I am employed by Rosedale Management Company ("Corporation"),

the managing agent for defendant 1974 Realty Associates ("Associates"). This affidavit is

submitted in support of Associates' motion for an order vacating a default by Associates in

answering the complaint filed in this action, for the sole purpose of advising this Court of

the circumstances surrounding the service of the summons and complaint on the

Corporation's offices. I have personal knowledge of the facts set forth below.

           2.     My duties at the Corporation are limited to answering phones,

directing visitors to appropriate offices within the space occupied by the Corporation and

Exhibit D

mail. I have no independent authority over any files or correspondence received

by Corporation.

3.    In the late morning of July 25, 2002, a man entered the Corporation's

offices and announced that he had "legal papers " to deliver to Associates, to which I

responded simply, "leave them with me", and placed them in a pile with other mail and

correspondence to be forwarded to Associates at its address at 201 Eastern Parkway,

Brooklyn, New York. The man left without further conversation.

4.    I have read the affidavit of service filed in this matter by Robert

Winckelmann, in which he states that I am an office manager and authorized to accept

service on behalf of the Corporation, both of which statements are simply false. I am the

Corporation's receptionist and am not an officer, director, managing agent, nor am I or have

I ever been an agent authorized to accept service on the Corporation's behalf. In fact, in my

years of employment with the Corporation, I have never accept process on its behalf.

Dated: New York, New York
       November 25, 2002

                                                    _____
                                                    MARIA PENA


Sworn to before me this 26 day
of November, 2002

_____
NOTARY PUBLIC
          Joyce K. Brosnan
       Notary Public State of New York
              No. 01BR6062611
          Qualified in New York County
       Commission Expires 8/13/2005

                          Exhibit D