# ORDER

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

THE COMMUNITY PRESERVATION
CORPORATION,

<table>
<tr><td>Plaintiff,</td><td>INDEX NO.: 21023/02</td></tr>
<tr><td>- against -</td><td>BY: HON. JULES L. SPODEK</td></tr>
<tr><td>1974 REALTY ASSOCIATES,</td><td>DATE: MARCH 31, 2004</td></tr>
<tr><td>Defendant.</td><td></td></tr>
</table>

-------------------------------------------------------------------X

Upon the Notice of Motion, dated October 28, 2003, the affidavit of Jerome Reznick, undated, the affidavit of Jonathan Poole, undated, defendant's memorandum of law, dated November 26, 2003, the affirmation of Edwin Levy, Esq., dated December 3, 2003, and upon all exhibits annexed thereto and upon oral argument:

There are multiple business entities and individuals involved in the instant action and the motion to intervene now to be decided by this Court. In order to facilitate a discussion of the issues which relate to this real estate matter, the Court will briefly identify all relevant participants:

- Defendant 1974 Realty Associates (ASSOCIATES) - A New York limited partnership and owner of 1974 51st Street, Brooklyn, New York, the subject premises.

- PR&PR Realty Corp. (PR) - A general partner of ASSOCIATES.

- Jonathan Poole (POOLE) - President of PR and limited partner of ASSOCIATES.

- Jerome Resnick - Limited partner of ASSOCIATES and an officer, director and minority shareholder of PR.

- Andrea Rochelle, Esq. - Counsel for POOLE.

- The Community Preservation Corporation (CPC) - The plaintiff in this action and a lender of a portion of the monies of the construction loan part of the financing obtained by ASSOCIATES in conjunction with the acquisition of the subject premises.

- Rosedale Management Company (ROSEDALE) - Managing agent of the subject premises; its President is POOLE.

In 1987, ASSOCIATES became owner of the subject premises. The property was in a state of extreme decrepitude and was situated in an area of urban blight. Various government programs were employed to alleviate these conditions with the goal of satisfying the objective of urban renewal. CPC, ASSOCIATES and the City of New York, through HPD, entered into agreements to effect the rehabilitation of the subject premises. By 1989, the property was repaired and leases were issued.

In order to rehabilitate the subject property, ASSOCIATES had entered into various financing arrangements by notes and mortgages, evidencing the construction and loan financing advanced to it by the plaintiff and HPD. The plaintiff, CPC, acted as the servicer for all the mortgage agreements. Pursuant to such agreements, ASSOCIATES was required to convert the construction loan into permanent financing by a certain date. According to POOLE, ASSOCIATES was unable to comply with this requirement and so the plaintiff, in consequence, demanded the immediate payment of approximately three

2

million dollars in principal and other charges. Such demand led to the instant foreclosure action.

In a limited partnership agreement for ASSOCIATES, the two general partners (PR and Midwood Friends Development Corp.) and the limited partners agreed that, among other things, ASSOCIATES would be managed by ROSEDALE and all internal disputes stemming from the partnership agreement must be resolved in arbitration. In fact, an arbitrator's decision would be a condition precedent to any legal action.

Currently before this Court, is a motion by PR seeking to intervene in this foreclosure action for the following reasons: (1) the interests of PR are not being properly represented and PR will be bound and adversely affected by any judgment; (2) POOLE has not cooperated with attempts to arbitrate internecine partnership strife; (3) POOLE has failed to disclose important matters relating to the foreclosure to the Court; and (4) POOLE and ROSEDALE failed to comply with the conditions and demands of the limited partnership agreement or to account for missing funds.

POOLE opposes PR's motion on the following grounds: (1) ASSOCIATES is the sole signatory on the mortgage documents and therefore is the proper party to the foreclosure action; (2) PR has the obligation under the partnership agreement to arbitrate prior to engaging in a legal action; (3) PR has no ownership interest in the premises; (4) PR has not demonstrated that its interests are not being represented by ASSOCIATES; and (5) Justice R. Richter of New York County Supreme Court held in a Decision dated November 18, 2003, that an action with the caption of 1974 Realty Assoc. LLC v. Jonathan Poole and Rosedale Management Corp. had to be dismissed because of the failure of ASSOCIATES to procure an arbitrator's decision with respect to internal partnership disputes prior to filing suit.

3

This Court must deny PR's requested relief. Movant has not proceeded to arbitration with what appears to be almost exclusively internal partnership disputes. In fact, PR has not demonstrated to this Court that its reasons for requesting the right to intervene have anything to do, directly, with the instant foreclosure action. As such, PR has not met the requirements for the right to intervene as required by CPLR §1012. PR has not shown that its interests are not represented or protected in this action, the subject of which is the default of ASSOCIATES in its obligations to its lenders. Furthermore, although this Court need not decide whether Justice Richter's decision in the New York county litigation is collateral estoppel, it appears that the issues of proper procedure are for all practical purposes identical. Interestingly, Justice Richter also found that arbitration must precede legal action. Here, PR must arbitrate its complaints before invoking its right to come to court. Also, this Court notes that a pending action by PR continues to exist against ROSEDALE. Justice Richter did not dismiss PR's action against this party and consequently, PR has several legal alternatives available to it.

Although movant requested that this Court order a recalcitrant POOLE to partake in the arbitration process, such request in the proper form of a motion to compel arbitration is not before this Court and PR has not shown that it is faultless in this difficulty.

Accordingly, movant's motion to intervene is denied.

ENTER,

_____

J. S. C.

4

2002/21023 Order movant's motion to intervene denied. (54199.1-frm Patt, Jane (Page 1 of 1)

Case 1:10-cv-04381-PAC   Document 6-2   Filed 05/14/2010   Page 5 of 84

FILED
KINGS COUNTY CLERK
2004 APR 15  PM 2:39

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

*3/18/05*  *FAR-52*

------------------------------------------------------------x

**Index No. 21023/02**

THE COMMUNITY PRESERVATION CORPORATION,

*ADJ 6-17*

Plaintiff(s),

**NOTICE OF MOTION**

-against-

JUSTICE ASSIGNED:
HON. JOSEPH J.
DOWD

1974 REALTY ASSOCIATES,

~~Proposed Order attached.~~

Defendant(s).

------------------------------------------------------------x

S I R S :

*JFS/P*

PLEASE TAKE NOTICE, that upon the annexed affirmation of SUSAN L.

MCWALTERS dated the 10th day of February, 2005 and upon all of the papers and proceedings

heretofore had and heretofore filed herein, the undersigned will move this Court at The

Foreclosure Motion Part, Room 274 thereof before the justice assigned, at the Supreme Court

of the State of New York, to be held in and for the County of Kings at the Courthouse thereof,

located at 360 Adams Street, Brooklyn, New York on the 2nd day of March, 2005 at 2:00

o'clock in the afternoon of that day or as soon thereafter as counsel can be heard for a Judgment

of Foreclosure and Sale, in the form annexed hereto and to validate service upon 1974 Realty

Associates *nunc pro tunc*, and for such other and further relief as to the Court may seem just and

proper.

Dated:  East Meadow, New York
February 10, 2005

KINGS COUNTY
SUPREME COURT
MOTION SUPPORT
APPROVED
DATE _____

KINGS COUNTY CLERKS
OFFICE
$ 45.00 FEE PAID

2005 FEB 14 PH 1:05
MOTION SUPPORT OFFICE
TRIAL TERM
SUPREME COURT KINGS

Yours, etc.,

CERTILMAN BALIN ADLER & HYMAN, LLP

By: SUSAN L. MCWALTERS
Attorneys for Plaintiff
90 Merrick Avenue
East Meadow, New York 11554
(516) 296-7000
MATTER NO. 30460.0071

TO:

ANDREA R. ROSCHELLE, ESQ.,
STARR ASSOCIATES LLP
Attorney for Defendant
1974 REALTY ASSOCIATES
245 FIFTH AVENUE
NEW YORK, NY 10016

THE CITY OF NEW YORK DEPARTMENT OF
HOUSING PRESERVATION AND DEVELOPMENT
100 CHURCH STREET
NEW YORK, NY
ATTN: KAREN ROSS

We may be considered to be acting as a "debt collector" to collect amounts owing to the creditor. Any information obtained by us from you or about you will be used for that purpose.

#PFDesktop\::ODMA/MHODMA/CBAHIMS01;iManage;1657180;1

THE COMMUNITY PRESERVATION CORPORATION

*Plaintiff(s)*

*against*

1974 REALTY ASSOCIATES, ET AL

*Defendant(s)*

**Index No.** 02-21023

**File No.**

***AFFIDAVIT OF SERVICE***

State of New York, County of        Nassau                    ss:

ROBERT WINCKELMANN being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides at        QUEENS

That on    10/27/2004    10:10 AM    at 245 EAST 19th ST NEW YORK, NY 10019

deponent served the within    SUMMONS & COMPLAINT FOR FORECLOSURE OF        A MORTGAGE

on    "JONATHAN POOLE, AS PRESIDENT OF PR&PR REALTY CORP., a general partner of 1974 Realty Associates and Managing partner of 1974 REALTY ASSOCIATES"

defendant(s) therein named.

**INDIVIDUAL**
**1.** ☐    by delivering a true copy of each to said defendant(s) personally: deponent knew the person(s) so served to be the person(s) as said defendant(s) therein.

**CORPORATION**
**2.** ☐    a                    corporation(s), defendant(s), therein named, by delivering and leaving with                    of said corporation(s) a true copy thereof deponent further knew the said individual(s) to be the managing agent.

**SUITABLE AGE PERSON**
**3.** ☒    by delivering thereat a true copy(ies) of each to    JOSE MOLINA/CONCIERGE/Auth. To Accept a person of suitable age and discretion. Said premises is defendant's – actual place of business – dwelling house – usual place of abode – within the state.

**AFFIXING TO DOOR, ETC.**
**4.** ☐    by affixing a true copy of each to the door of said premises which is defendant's – actual place of business – dwelling house – usual place of abode – within the state. Deponent was unable, with due diligence to find defendant(s) or person(s) of suitable age and discretion, thereat, having called there:

**MAILING USE WITH 3 or 4**    Deponent also mailed a copy of same Post Paid by first class mail properly addressed to defendant(s) at the aforementioned address in an envelope marked "Personal and Confidential" and not indicating thereon that the communication was from an attorney or concerned an action against the defendant(s) and deposited said envelope in a post office official depository under exclusive care and custody of the United States Postal Service within New York State, on

10/27/2004

**APPROXIMATE DESCRIPTION** ☒    Sex male    Color brown    Hair black    Approx. Ht. 5'9"    Aprox. Wt. 170    Aprox. Age 42

**MILITARY SERVICE** ☒    I asked the person spoken to whether defendant(s) was/were in active military service of the United States in any capacity whatever. Person answered in the negative. The source of my informationm and the grounds of my belief are the conversations narrated.

Upon information and belief I aver that the defendant is not in the military service of the United States as that term is defined in the Federal statutes.

The above action had endorsed thereon the index number and the date of filing

Sworn to before me on    10/28/2004

SAMUEL Z. BERG
Notary Public, State of New York
No. 6054268
Qualified in Nassau County
Commission Expires January 29, 20

DAVID S. BERG
Notary Public, State of New York
No. 5009508
Qualified in Nassau County
Commission Expires March 15, 20

ROBERT WINCKELMANN

License No.        971194

2004 OCT 28    PM 2:40    RECEIVED NASSAU COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------x
THE COMMUNITY PRESERVATION CORPORATION,
                                Plaintiff(s),

    -against-

1974 REALTY ASSOCIATES,
                                Defendant(s).
--------------------------------------------------------------------x

INDEX NO. 21023/02

AFFIRMATION IN SUPPORT OF
JUDGMENT OF FORECLOSURE
AND SALE

        SUSAN L. MC WALTERS, pursuant to CPLR Section 2106 and under the penalties of perjury affirms as follows:

        1. I am an attorney at law and am a partner in the firm of CERTILMAN BALIN ADLER & HYMAN, LLP, the attorneys for the plaintiff and am fully familiar with all of the pleadings and proceedings heretofore had herein.

        2. Deponent repeats each and every statement contained in the affirmation of regularity of JOSEF ABT dated August 27, 2002 submitted with plaintiff's application for the appointment of a referee heretofore filed herein with the same full force and effect as if fully repeated herein at length.

        3. As appears by the affidavits of service heretofore filed, all of the defendants were served with copies of the summons and complaint and none of the defendants answered, appeared or moved with respect thereto except an Order to Show Cause filed by the defendant to stay the enforcement of the Order Appointing A Temporary Receiver although said defendant did not answer timely and the time for them to do so has expired and has not been extended by Court order or otherwise; defendant was served with a copy of this application.

1

4. By virtue of significant defaults upon the mortgage obligation as more fully set forth in the complaint, plaintiff was caused to commence this foreclosure action.

5. Service of process upon defendants 1974 REALTY ASSOCIATES was completed on July 25, 2002. Plaintiff thereafter moved for judgment, at which time defendant claimed it was not properly served. Accordingly, plaintiff withdrew its application for a judgment and sent the summons and complaint to be reserved upon defendant. On October 27, 2004 defendant 1974 REALTY ASSOCIATES was reserved. A copy of the affidavit of service is annexed hereto as Exhibit "B". This date is more than 120 days after filing the summons, complaint and notice of pendency. Therefore, request is made pursuant to CPLR §306-b, upon both good cause and the interest of justice, although either ground is a basis to extend the time, that the time to complete service in this case be extended *nunc pro tunc* to October 27, 2004. No party will be prejudiced by this request.

6. As reported by the Referee duly appointed herein in said Referee's report dated October 15, 2002, there remains a balance due and owing to plaintiff in the sum of $1,871,317.86, together with interest from September 30, 2002, exclusive of counsel fees.

7. Since the filing of the notice of pendency of this action, the complaint herein has not been amended so as to make new parties to the action or so as to embrace real property other than that described in the original complaint or so as to extend the plaintiff's claim against the mortgaged premises.

8. None of the defendants are infants, incompetents or absentees and all proceedings heretofore had herein have been wholly regular.

2

9. At the inception of this action, plaintiff inadvertently did not name NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT as a necessary party defendant. Said defendant has signed a stipulation agreeing to be added to the action as this time, a copy of which the original was filed on December 16, 2002, is annexed hereto as Exhibit "C". Request is made that the caption of this within action be amended to add this necessary party defendant. This shall not prejudice any party in any way.

10. Prior application was made but withdrawn by plaintiff due to the filing of an order to show cause by defendant. The Order to Show Cause was marked off the court calendar for failure for the defendants attorney to appear and has not been restored to date. A copy of the order of reference and order appointing temporary receiver, is annexed hereto as Exhibit "D".

11. This affirmation is made and submitted for the purpose of establishing the regularity of this and all prior proceedings and for the purpose of obtaining final judgment in this foreclosure action.

12. Attorneys' fees of $45,000.00 are requested in this foreclosure action, that being a reasonable fee based on quantum meruit and actual time expended. Deponent respectfully states that such fees are reasonable in amount and that plaintiff is justly and equitably entitled to an award thereof pursuant to the note and mortgage which are the subject of this action. A copy of all time expended in this matter is annexed hereto as Exhibit "A".

13. Deponent is not a salaried employee of plaintiff.

14. By virtue of the defaults by defendant(s) the mortgagors under the mortgage, deponent was retained by plaintiff to institute foreclosure proceedings.

3

15. Subsequent to due acceleration of the balance due on the mortgage, and when it appeared that no payments were forthcoming, deponent's firm had the County Clerk's records searched in preparation for the foreclosure proceeding. Thereafter, and upon review of the foreclosure search, deponent's firm prepared the summons, complaint and lis pendens and filed same with the Clerk of this County as aforesaid. The summons and complaint were subsequently served upon all of the parties defendant in this case.

16. Thereafter deponent prepared plaintiff's application to this court for the appointment of a referee to ascertain and compute the amount due to the plaintiff and to determine whether the mortgaged premises can be sold in one parcel. The order of reference was subsequently granted by this court as more fully appears in the Court's file.

17. Thereupon, and after preparation and submission of the aforesaid order of reference, and after plaintiff's testimony was prepared and transmitted to the plaintiff for verification, the referee's oath and report was prepared, reviewed and submitted to the said Referee appointed herein to ascertain and compute the amount due and owing to plaintiff, exclusive of counsel fees, and to determine that the premises should be sold in one parcel. A prerequisite to the preparation thereof was a consultation with plaintiff to prepare the testimony forming a part of the referee's report.

18. It is respectfully submitted that counsel to plaintiff is entitled to such award of legal fees as this Court shall deem reasonable, based upon this affirmation. The foregoing recitation of the events in the case is an abbreviated delineation. Each stage typically elicits a number of calls with and correspondence between counsel and the mortgage holder. Requests for payoff and/or reinstatement figures from mortgagors and junior encumbrances are common,

4

sometimes repeatedly, which engenders correspondence and staff time. The various plateaus in the foreclosure may require court appearances. And when decisions issue, those may mandate submission or settlement of the order, or judgment, as the case may be.

It was both necessary and appropriate to pursue the appointment of a receiver of the rents and profits for the mortgaged premises, both for the purpose of preserving the property and to collect the rents. To accomplish that, and in addition to file review for that purpose, information as to the rents and profits of the property had to be obtained from the plaintiff and then reviewed. We then prepared an extensive order of appointment, an attorney's affirmation in support of the order appointing the receiver as well as the necessary exhibits. All this was submitted to the court and then followed up to obtain a copy of the order and forward it to the receiver. We then prepared the receiver's oath (to save time) and prepared and sent to the receiver an explanatory letter and suggested forms to make the tasks easier. (Contact and correspondence with the receiver, the receivers counsel and managing agent and the plaintiff as to issues which arouse then resulted.

At the conclusion of the case, a motion to discharge the receiver will be required. This necessitates review of the receiver's final accounting and all the negotiations and correspondence in that regard, followed by preparation of the necessary order. Although subject to variation, the typical reasonable fees applicable to the discharge phase aggregates $1,250.00.

19. It is respectfully submitted that counsel to plaintiff is entitled to such award of legal fees as this Court shall deem reasonable, based upon this affirmation. The foregoing recitation of the events in the case is an abbreviated delineation. Each stage typically elicits a number of calls with and correspondence between counsel and the mortgage holder. Requests

for payoff and/or reinstatement figures from mortgagors and junior encumbrances are common, sometimes repeatedly, which engenders correspondence and staff time. The various plateaus in the foreclosure may require court appearances. And when decisions issue, those may mandate submission or settlement of the order, or judgment, as the case may be.

20. In this regard, we respectfully invite the Court's attention to the proposition that clauses in a mortgage making provision for legal fees in foreclosure are valid and have been repeatedly upheld. {See: Security Mortg. Co. v. Powers, 278 U.S. 149, 73 L.Ed. 236. In Matter of American Motors Products Corp., 98 F.2d 774 (CA2, 1938). Scheible v. Leinen, 67 Misc.2d 457, 324 N.Y.S.2d 197 (1971). Bowery Bank v. Hart, 37 Misc. 412, revd. on other grounds 77 App. Div. 121 (1902); 13 N.Y. Jur., Damages, (Sec.) 144, 146, 15 Carmody-Wait, New York Practice 2d, (Sec.) 92:506. 59 CJS Mortgages, (Sec.) 178, subd. d; (Sec.) 598, subd. b.}

The test to be imposed is reasonableness, Avco Financial Services Trust v. Bentley, 116 Misc.2d 34, 455 N.Y.S.2d 62 (1982); Fairfield Lease Corp. v. Marsi Dress Corp., 60 Misc.2d 363, 303 N.Y.S.2d 179 (1969).

We respectfully note that legal fees in this County are customarily and properly awarded in foreclosure actions based upon the affirmation or affidavit of counsel - as we urge should be the case here.

In any event, mindful that the fixing of attorneys' fees is a function of a number of factors, your affiant notes for the court that he is not an employee of plaintiff and was admitted to practice law in New York.

21. Finally, deponent's firm prepared the within final judgment of foreclosure and sale and affirmation in support thereof.

22.   Additional services which will be required by plaintiff's counsel include, among other items, preparation of the notice of sale, and service thereof, with a specific date certain for which publication and posting must be had in accordance with RPAPL Section 231, requiring publication to be made in a newspaper designated by the court for four consecutive weeks and posting of the notice of sale in three public places in the place which is the situs of the real property herein foreclosed as well as the applicable municipal entity in which the sale will be held.

23.   Thereafter, plaintiff's counsel must prepare the terms of sale, compute the upset price and communicate with plaintiff thereon; attend the foreclosure sale and submit the necessary terms of sale to the referee; arrange for the closing of title at the referee's office; review any possible title objections; submit the referee's deed and referee's report of sale, all of which plaintiff's counsel must prepare.  In the event there are insufficient monies realized from the sale, plaintiff's counsel must obtain the necessary certificates of appearance and of no exceptions to the referee's report of sale for a deficiency judgment application, all of which plaintiff's counsel must prepare.

24. Set forth in paragraph "20" of the mortgage herein foreclosed is the following which supports plaintiff's entitlement to recompense for reasonable legal fees incurred:

> "That if an action or proceeding be commenced by the mortgagee to foreclose this mortgage or to collect the indebtedness, the mortgagor agrees to pay the mortgagee as it's <u>reasonable</u> attorneys fees in connection with such action or proceeding, 15% of the unpaid balance of the indebtedness (less the statutory costs and allowances, if any), which fees shall be deemed to be secured by this mortgage and may be collected in such foreclosure."

25. Fifteen percent of the balance due as reported by the referee is $280,697.00. However, plaintiff seeks $45,000.00, that being the sum incurred in the instant action plus reasonable legal fee to complete this action.

26. Annexed hereto as Exhibit "A" is a specific delineation of the time expended by plaintiff's counsel which shows that deponent's office has expended 5.6 hours of Partners time at $265.00 per hour, and 26.4 hours of Senior Associates time at $250.00 per hour, and 5.9 hours of Associates time at $195.00 per hour and 5.2 hours of Paralegal time at $95.00 per hour to date, all of which are the customary fees.

27. Additional services, including preparation of this judgment and all tasks associated with preparing for and conducting the foreclosure sale will consume an additional 8.0 hours, so that the entire foreclosure action upon its consummation.

28. Accordingly, a legal fee of $45,000.00 is requested herein, that being a reasonable fee based on quantum meruit and actual time expended. Deponent, therefore, respectfully requests that same be granted by this Court both as a matter of the statue and as reasonable under the circumstances.

WHEREFORE, it is respectfully prayed that judgment issue in the form herewith submitted.

Dated: East Meadow, New York
      February 10, 2005

SUSAN L. MC WALTERS

8

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
                                    ) ss.:
COUNTY OF NASSAU )

       I, Francesca DiIorio, being sworn, say: I am not a party to the action, am over 18 years of age and reside at Massapequa Park, New York.

       On February 10, 2005 I served the within **NOTICE OF MOTION OF JUDGMENT OF FORECLOSURE AND SALE** by depositing a true copy thereof in a post-paid wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

ANDREA R. ROSCHELLE, ESQ.,
STARR ASSOCIATES LLP
Attorney for Defendant
1974 REALTY ASSOCIATES
245 FIFTH AVENUE
NEW YORK, NY 10016

THE CITY OF NEW YORK DEPARTMENT OF
HOUSING PRESERVATION AND DEVELOPMENT
100 CHURCH STREET
NEW YORK, NY
ATTN: KAREN ROSS

                     FRANCESCA DIIORIO

Sworn to before me this
10th day of February, 2005

Notary Public

CELESTINA JAMES
Notary Public, State of New York
No. 01JA4604931
Qualified in Nassau County
Commission Expires July 31, 20 06

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.          Year

21023/02

THE COMMUNITY PRESERVATION CORPORATION,

                    Plaintiff(s),

        - against -

1974 REALTY ASSOCIATES, ET AL.

                    Defendant(s).

**D & V**

---

### NOTICE OF MOTION FOR JUDGEMENT OF FORECLOSURE AND SALE

---

**CERTILMAN BALIN ADLER & HYMAN, LLP**
*Attorney(s) for*
Plaintiff

*Office and Post Office Address, Telephone*

90 MERRICK AVENUE
EAST MEADOW, NEW YORK 11554
(516) 296-7000
FAX (516) 296-7111

---

To

**D & V**

Attorney(s) for

To the best of the undersigned's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the within documents and contentions contained herein are not frivolous as defined in 22 NYCRR 130-1.1-a.

Dated: . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

**PLEASE TAKE NOTICE:**

☐ NOTICE OF ENTRY

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order
will be presented for settlement to the HON.
within named Court, at
on                              at          M.

Dated,

of which the within is a true copy
one of the judges of the

                    Yours, etc.

        CERTILMAN BALIN ADLER & HYMAN, LLP

At an IAS Part of the Supreme Court of the State of New York held in and for the County of KINGS at the Court house thereof, 360 Adams Street, Brooklyn, New York 11201 on

_____, 2005

PRESENT:

HONORABLE JOSEPH J. DOWD
    Justice

---------------------------------------------------------------------x   INDEX NO. 21023/02

THE COMMUNITY PRESERVATION CORPORATION,    JUDGMENT OF FORECLOSURE
       Plaintiff(s),           AND SALE

      -against-

1974 REALTY ASSOCIATES,
       Defendant(s).

---------------------------------------------------------------------x

    On the Summons and Complaint and Notice of Pendency of Action duly filed in this action on May 28, 2002, and all proceedings thereon, and on reading and filing the affirmation in support of Judgment of Foreclosure and Sale of SUSAN L. MCWALTERS affirmed  February 10, 2005 and on reading the affirmation of regularity of JOSEF ABT  dated August 27, 2002, and showing that each and all of the defendant(s) herein have been duly served within this State with the summons in this action, and on the affidavits of service heretofore filed in the Office of the Clerk of the County of KINGS from all of which it appears that more than twenty days have elapsed since each defendant was served; that none of the defendants answered, moved or appeared with respect thereto, except the Order to Show Cause filed by defendant to stay the enforcement of the Order Appointing A Temporary Receiver and which Order to show has no effect on the instant application, although their time to do so has expired

1

and has not been extended by court order or otherwise;   and that defendant have been served with a copy fo this application; none of the defendants are infants, incompetents or absentees and, since the filing of the notice of pendency of this action, the complaint herein has not been amended so as to make new parties defendant to this action or so as to embrace real property other than that described in the original complaint or so as to extend the plaintiff's claim against the mortgaged premises; and that the complaint herein and due notice of the pendency of this action containing all the particulars required to be stated therein were duly filed in the Office of the Clerk of the County of KINGS on May 28, 2002, and an Order of Reference having been duly made to compute the amount due to the plaintiff upon the note and mortgage set forth in the complaint and to examine and report whether the mortgaged premises can be sold in parcels, from all of which it appears that this is an action brought to foreclose a mortgage on real property situate in the County of KINGS together with interest thereon and the expenditures made by plaintiff, which are now due and payable, as more fully reported by the Referee heretofore appointed herein, and on reading and filing the report of said Referee, by which report, bearing date October 15, 2002, it appears that the sum of $1,871,317.86 was due on September 30, 2002, exclusive of counsel fees; and that the mortgaged premises should be sold in one parcel;

On motion of CERTILMAN BALIN ADLER & HYMAN, LLP, attorneys for the plaintiff it is

**ORDERED**, that the motion is granted; and it is further

ORDERED, that service of a copy of the summons and complaint upon defendant 1974 REALTY ASSOCIATES be and the same is hereby deemed timely *nunc pro tunc*; and it is further

**ORDERED, ADJUDGED AND DECREED** that the report of Barbara S. Odwak dated October 15, 2002, be and same hereby is in all respects ratified and confirmed; and it is further;

**ORDERED, ADJUDGED AND DECREED** that the mortgaged premises described in the complaint in this action and as hereinafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale and the costs of this action as provided by the Real Property Actions and Proceedings Law be sold, in one parcel, at public auction in Room 261 on a Thursday afternoon at 3:00 p.m. at 360 Adams Street, Brooklyn, New York 11201 by and under the direction of Barbara S. Odwak, ESQ., who is hereby appointed Referee for that purpose; that the said Referee give public notice of the time and place of such sale in accordance with RPAPL Subsection 231 in _____ and that the plaintiff or any other parties to this action may become the purchaser or purchasers at such sale; that in case the plaintiff shall become the purchaser at the said sale they shall not be required to make any deposit thereon; that said Referee execute to the purchaser or purchasers on such sale a deed of the premises sold; that in the event a party other than the plaintiff becomes the purchaser or purchasers at such sale, the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

3

**ORDERED, ADJUDGED AND DECREED** that such referee on receiving the proceeds of such sale forthwith pay therefrom, in accordance with their priority according to law, the taxes, assessments, sewer rents or water rates which are or may become liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in

_____

_____

and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by the said depositary.

FIRST. The statutory fees of said Referee, in the sum of $500.00.

SECOND. The expenses of the sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct. Duplicate copies of which shall be annexed to the report of sale.

THIRD. Said Referee shall also pay to the plaintiff or plaintiff's attorney the sum of _____ adjudged to the plaintiff for costs and disbursements in this action to be taxed by the clerk and inserted herein, with interest thereon from the date hereof; together with an additional allowance of $300.00 hereby awarded to the plaintiff in addition to costs, with interest thereon from the date hereof; and also the sum of $1,871,317.86 the said amount so reported due as aforesaid, together with the interest thereon from September 30, 2002 the date interest was calculated to in said report or so much thereof as the purchase money of the

4

mortgaged premises will pay of the same, together with $_____ hereby awarded to the

plaintiff as reasonable legal fees herein, together with any advances as provided for in the note

and mortgage which plaintiff has made for taxes, insurance, principal and interest and any other

charges due to prior mortgagees, or to maintain the premises pending the consummation of this

foreclosure sale not previously included in the computation and upon presentation of receipts

for said expenditures to the Referee, all together with interest thereon pursuant to the note and

mortgage.

FOURTH. If such Referee intends to apply for a further allowance for his/her

fees, an application shall be made to the Court therefor upon due notice to those parties entitled

thereto.

That in case the plaintiff be the purchaser of said mortgaged premises at said

sale, or in the event that the rights of the purchasers at said sale and the terms of sale under this

judgment shall be assigned to and be acquired by the plaintiff, and a valid assignment thereof

filed with said referee, said referee shall not require the plaintiff to pay in cash the entire amount

bid at said sale, but shall execute and deliver to the plaintiff or its assignee a deed or deeds of

the premises sold upon the payment to said referee of the amounts specified above in items

marked "FIRST" and "SECOND" and the amounts of the aforesaid taxes, assessments, sewer

rents and water rates, with interest and penalties thereon, or in lieu of the payment of said last

mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities

showing the payment thereof; that the balance of the amount bid, after deducting therefrom the

aforesaid amounts paid by the plaintiff for Referee's fees, advertising expenses, taxes,

assessments sewer rents and water rates shall be allowed to the plaintiff and applied by said

Referee upon the amounts due to the plaintiff as specified above in item marked "THIRD"; that if after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to said Referee, upon delivery to plaintiff of said Referee's deed, the amount of such surplus; that said Referee on receiving said several amounts from plaintiff shall forthwith pay therefrom said taxes, assessments, sewer rents and water rates, with interest and penalties thereon, unless the same have already been paid, and shall then deposit the balance.

That said referee take the receipt of the plaintiff or plaintiff's attorney for the amounts paid as hereinbefore directed in item marked "THIRD," and file it with his/her report of sale; that he/she deposit the surplus monies, if any, with the Kings County Clerk within five days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on the order of the Court, signed by a Justice of the Court; that the said Referee make his/her report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the person to whom payments were made and file it with the Kings County Clerk within thirty days after completing the sale and executing the proper conveyance to the purchaser and that if the proceeds of such sale be insufficient to pay the amount reported due to the plaintiff with interest and costs as aforesaid, the plaintiff shall recover from the defendant(s) 1974 REALTY ASSOCIATES, the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceedings Law within the time limited therein, and the

amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

      **ORDERED, ADJUDGED AND DECREED** that the purchaser or purchasers at said sale be let into possession on production or delivery of Referee's deed or deeds; and it is further

      **ORDERED, ADJUDGED AND DECREED,** that each and all of the defendants in this action and all persons claiming under them, or any or either of them, after the filing of such notice of pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises and each and every part thereof; and it is further

      **ORDERED, ADJUDGED AND DECREED,** that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose; any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises are located and possible violations of same; any rights of tenants or persons in possession of the subject premises; prior mortgage lien(s) of record; prior lien(s) of record, if any, except those liens addressed in Section 1354 of the RPAPL; any equity of redemption of the UNITED STATES OF AMERICA to redeem the premises within 120 days from date of sale; and it is further

      **ORDERED,** that in the absence of the referee, the Court may designate a Substitute Referee forthwith; and it is further

**ORDERED,** that the referee appointed herein is subject to the requirements of Rule 36.2 ©) of the Chief Judge, and if the referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the referee shall notify the Appointing Judge forthwith; and it is further

**ORDERED,** that a copy of this Judgment with Notice of Entry shall be served upon the owner of the equity of redemption, any tenants named in this action and any other party entitled to notice; and it is further

**ORDERED,** that the Plaintiff shall serve a copy of the Notice of Sale upon the Exparte Office at least ten (10) days prior to the scheduled sale.

Said premises commonly known as 1974 51st Street, Brooklyn, New York.

A description of the said mortgaged premises hereinbefore mentioned is annexed hereto and made a part hereof.

(See SCHEDULE A).

AND IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT be added to the caption of this action as a necessary party defendant and that the caption of this action should read as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x
THE COMMUNITY PRESERVATION CORPORATION,

8

Plaintiff(s),

-against-


1974 REALTY ASSOCIATES,
THE CITY OF NEW YORK DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT,

Defendant(s).

--------------------------------------------------------------------x



E N T E R :


_____
J.S.C.

9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.21023/02



THE COMMUNITY PRESERVATION CORPORATION
**Plaintiff(s)**

against

1974 REALTY ASSOCIATES ,et. al.,
**Defendant(s)**

COSTS OF PLAINTIFF

| C O S T S | | |
|---|---|---|
| **Cost before note of issue...** | | 200.00 |
| Cost after note of issue... | | |
| Trial of issue......... | | |
| Allowance by statue....... | | |
| Additional allowances...... | | 50.00 |
| Motion costs............ | | |
| Percentage on | | |
| $.....................at 10% | | 20.00 |
| additional $..........at 5% | | 40.00 |
| additional $..........at 2% | | 40.00 |
| additional $..........at 1% | | 50.00 |

| D I S B U R S E M E N T S | | |
|---|---|---|
| Fee for index number CPLR §8018(a)............ | | 170.00 |
| Referee's fees   CPLR §8301(a)1............... | | 50.00 |
| Commissioner's compensation  CPLR .............. | | |
| Clerk's fee, filing notice of pend. or.......... | | 35.00 |
| Clerk's fee cancel, notice of pend............. | | |
| Entering and docketing judgment  CPLR §8301(a)7. | | |
| Paid for searches   CPLR §8301(a)10............ | | 375.00 |
| Affidavits & acknowledgments   CPLR §8009....... | | 2.00 |
| Serving copy summons & complaint CPLR §8011(c)1. | | 75.00 |
| Note of issue   CPLR §8020(a).................... | | |
| Paid referee's report   CPLR §8301(a)12........ | | |
| Certified copies of papers   CPLR §8301(a)4..... | | |
| Satisfaction piece   CPLR §5020(a) §8021........ | | |
| Transcripts and filing CPLR §8021.............. | | |
| Certified copy of judgment  CPLR §8021.......... | | |
| Postage     CPLR §8301(a)12..................... | | 50.00 |
| Jury fee    CPLR §8020(c)1...................... | | |
| Stenographers' fees   CPLR §8002 §8301 ........ | | |
| Sheriff's fees on execution  CPLR §8011(b) §8012 | | |
| Sheriff's fees, attachment, arrest, etc........ | | |
| Paid printing cases  CPLR §8301(a)6............ | | |
| Paid printing case   CPLR §8301(a)6............ | | |
| Clerk's fee Court of Appeals  CPLR §8301(a)12 | | |
| Paid copies of papers  CPLR §8016(a)4.......... | | |
| Motion expenses  CPLR §8301(b)  .............. | | |
| Fees for publication  CPLR §8301(a)3 ......... | | |
| Serving subpoena  CPLR §8011(c)1 §8301(d)....... | | |
| Paid for Register's Search §8301(a)10.......... | | |
| Paid for County Clerk's Search.................. | | |
| Paid for Loan Commissioner's Search............ | | |
| Paid for U.S. District Court Search............ | | |
| Paid for U.S. Circuit Court Search............. | | |
| Paid for Tax Search............................ | | |
| RJI FEE........................................ | | 75.00 |
| NON-MILITARY................................... | | 90.00 |
| Motion filing Fees | | |

| | |
|---|---|
| COSTS | 400.00 |
| DISBURSEMENTS | 922.00 |
| TOTAL | 1,322.00 |

922.00

```
Bill # B038418   Billing Date 10/29/2004

Certilman Balin Adler & Hyman
90 Merrick Ave
East Meadow, NY 11554



Plaintiff  THE COMMUNITY PRESERVATION CORPORATION
Defendants 1974 REALTY ASSOCIATES, ET AL
Paper type SUMMONS & COMPLAINT FOR FORECLOSURE OF

FILE NO. 30460.0071
038418  12091  JONATHAN POOLE,ETC./ATT/NY/BKLYN(B/A)SEAR/SER  75.00
               **FINAL BILL**


Total Service                                              75.00
```

We appreciate your business!! Let us know how we can further help!

PLEASE REFER TO OUR BILL NUMBER ON YOUR CHECK.   THANK YOU.

**SERVING FOR LAWYERS**
200 Garden City Plaza Ste. 420
Garden City, NY 11530

State of New York, County of                                ss.:

being duly sworn, deposes and says; that deponent is not a party to the action, is over 18 years of age and resides at

That on the                    day of                         , 19
served the within bill of costs and notice of taxation on

herein, at his office at

his absence from said office then and there leaving a true copy of the same with his clerk; partner; person having charge of said office
being closed, by depositing a true copy of same, enclosed in a sealed wrapper directed to said attorney(s), in the office letter drop or box.

                                              Attorney(s) for

Sworn to before me this
                 day of                 , 19

---

State of New York, County of                                ss.:

being duly sworn, deposes and says: that deponent is not a party to the action, is over 18 years of age and resides at                       That
deponent served the within bill of costs and notice of taxation on

                                      attorney(s) for

                                              the
address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in—a post office—official depository under the exclusive care and custody of the United States Postal Service within New York State.

Sworn to before me this
                 day of                 , 19

297

# D & V

---

INDEX NO. 21023/02
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

THE COMMUNITY PRESERVATION CORPORATION

                                              Plaintiff(s)

1974 REALTY ASSOCIATES
  et al.,

                        against

                                              Defendant(s)

## PLAINTIFFS COSTS ON
## FORECLOSURE AND NOTICE OF
## TAXATION

Sir: Please take Notice that the within is a true copy of
the items of costs and disbursements in the above entitled action and that the same will be taxed—by the Clerk
—taxed—* and that the same will be taxed—by the Clerk
of the                  Court, at his office in the courthouse thereof on the          day of            , 19. At    o'clock in the      noon of that day, and the amount inserted in the Judgement.

                                   Yours, etc.

                        CERTILMAN BALIN ADLER & HYMAN, LLP
                        Attorney(s) for Plaintiff
                        90 Merrick Avenue
                        East Meadows, New York 11554
                        (516) 296-7000   File NO.:30460.0071
to

                                   Attorney(s) for

Service of the within bill of costs and notice of
taxation is hereby admitted this           day
of

                                   Attorney(s) for

---

The undersigned, an attorney admitted to practice in the courts of this state, affirms that he is a partner of the firm of CERTILMAN BALIN ADLER & HYMAN, LLP THE ATTORNEYS OF RECORD FOR                in the above entitled action that the foregoing disbursements have been or will NECESSARILY BE MADE or incurred in this action and are reasonable in amount and that the person named as witnesses, attended as such, the number of days set opposite their names, that each of said persons resided the number of miles set opposite their names, from the place of trial, that each of said names.

I do further affirm that, of the persons, as witness aforesaid necessarily travelled the number of miles set opposite their names, in traveling to, and the same distance in returning from the place of trial, examination; and that copies of documents or papers as charged herein were actually and necessarily obtained for use.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated:   February 3, 2005
         East Meadow, NY

                                   SUSAN L. McWALTERS

# D & V

## CONFORM AND RETURN

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------x

THE COMMUNITY PRESERVATION CORPORATION,    Index No. 21023/02

                              Plaintiff,

           -against-                              **OATH**

1974 REALTY ASSOCIATES,

                              Defendant(s).
--------------------------------------------------------------------x

STATE OF NEW YORK)
                 ) ss.:
COUNTY OF KINGS  )

    I, Barbara S. Odwak, ESQ., the Referee appointed by an order of this Court, made and entered in the above-entitled action, and bearing date December 31, 4000, to ascertain and compute the amount due to the plaintiff for principal and interest and otherwise upon the loan documents upon which this action was brought, and to examine and report whether the mortgaged premises can be sold in parcels, do solemnly swear that I will faithfully and fairly determine the questions so referred to me, and make a just and true report thereon according to the best of my understanding and as the said order requires.

                                    Barbara S. Odwak
                                      Referee

Sworn to before me this
5 day of October 2002.

Notary Public

IRENE KONSTANTINOU
NOTARY PUBLIC, State of New York
No. 24-488-0680
Qualified in Kings County
Commission Expires Dec. 22, 20 02

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------x

THE COMMUNITY PRESERVATION CORPORATION,    Index No. 21023/02

                                Plaintiff,

        -against-                              **REPORT OF**
                                                                              **AMOUNT DUE**

1974 REALTY ASSOCIATES,

                                Defendant(s).
-----------------------------------------------------------------------x

TO THE SUPREME COURT OF THE STATE OF NEW YORK:
COUNTY OF KINGS

        In pursuance of an order of this Court, made and entered in the above-entitled action and

dated September 13, 2002, whereby it was referred to the undersigned as Referee to ascertain

and compute the amount due to the plaintiff for principal and interest and otherwise upon and

by virtue of the loan documents upon which this action was brought, and also to examine and

report whether in his opinion the mortgaged premises can be sold in parcels.

        I, Barbara S. Odwak, ESQ., the Referee in the said order named,

        DO REPORT that before the proceeding to hear the testimony I was first duly sworn

faithfully and fairly to determine the questions referred to me, and to make a just and true report

thereon, according to the best of my understanding; that I have computed and ascertained the

amount due to the plaintiff upon and by virtue of the said loan documents and that I find, and

accordingly report, that there is due to the plaintiff for principal and interest thereon, and other

sums secured by the said mortgage, as of September 30, 2002, the sum of ONE MILLION

EIGHT HUNDRED SEVENTY ONE THOUSAND THREE HUNDRED SEVENTEEN

DOLLARS AND EIGHTY SIX CENTS ($1,871,317.86) exclusive of counsel fees.

Schedule "A", hereunto annexed, contains a schedule of the documentary evidence introduced before me, and the "Statement" shows the amount due for principal and interest respectively, together with the other sums secured by the said mortgage, the period of the computation of the interest and its rate.

I have made inquiry as to the advisability of selling the mortgaged premises in parcels and find accordingly that the mortgaged premises should be sold in one parcel.

Dated: 10 / 15 , 2002

Barbara S. Odwak
Referee

## STATEMENT

Principal of mortgage note and mortgage unpaid as per
the complaint, exclusive of counsel fees ........................ $160,420.03

Default Interest thereon from 04/01/2001 to 04/18/2001,
18 days at the rate of 14.% per annum .......................... $1,107.54

Default Interest thereon from 04/19/2001 to 05/15/2001,
27 days at the rate of 13.5% per annum ......................... $1,601.91

Default Interest thereon from 05/16/2001 to 06/27/2001,
43 days at the rate of 13.% per annum .......................... $2,457.02

Default Interest thereon from 06/28/2001 to 08/21/2001,
55 days at the rate of 12.75% per annum ........................ $3,081.65

Default Interest thereon from 08/22/2001 to 09/16/2001,
26 days at the rate of 12.5% per annum ......................... $1,428.44

Default Interest thereon from 09/17/2001 to 10/02/2001,
16 days at the rate of 12.% per annum ............................ $843.36

Default Interest thereon from 10/03/2001 to 11/06/2001,
35 days at the rate of 11.5% per annum ......................... $1,768.90

Default Interest thereon from 11/07/2001 to 12/11/2001,
35 days at the rate of 11.% per annum .......................... $1,691.90

Default Interest thereon from 12/12/2001 to 09/30/2002,
293 days at the rate of 10.75% per annum ...................... $13,844.25

Principal of mortgage note and mortgage unpaid as per
the complaint, exclusive of counsel fees ...................... $1,434,291.97

Default Interest thereon from 04/01/2001 to 04/18/2001,
18 days at the rate of 14.% per annum .......................... $9,902.51

Default Interest thereon from 04/19/2001 to 05/15/2001,
27 days at the rate of 13.5% per annum ........................ $14,323.27

Default Interest thereon from 05/16/2001 to 06/27/2001,
43 days at the rate of 13.% per annum ......................... $21,966.28

Default Interest thereon from 06/28/2001 to 08/21/2001,
55 days at the rate of 12.75% per annum  . . . . . . . . . . . . . . . . . . . . . . . $27,556.09

Interest thereon from 08/22/2001 to 09/16/2001,
26 days at the rate of 12.5% per annum  . . . . . . . . . . . . . . . . . . . . . $12,771.09

Default Interest thereon from 09/17/2001 to 10/02/2001,
16 days at the rate of 12.% per annum  . . . . . . . . . . . . . . . . . . . . . . . $7,544.77

Default Interest thereon from 10/03/2001 to 11/06/2001,
35 days at the rate of 11.5% per annum  . . . . . . . . . . . . . . . . . . . . . $15,816.51

Default Interest thereon from 11/07/2001 to 12/11/2001,
35 days at the rate of 11.% per annum  . . . . . . . . . . . . . . . . . . . . . . . $15,128.83

Default Interest thereon from 12/12/2001 to 09/30/2002,
293 days at the rate of 10.75% per annum  . . . . . . . . . . . . . . . . . $123,771.54

**Total** . . . . . . . . . . . . . . . . . . . . **$1,871,317.86**

Dated: *October 15, 2002*

Barbara S. Odwak, ESQ.
REFEREE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.          Year
21023/02

THE COMMUNITY PRESERVATION CORPORATION,

Plaintiff(s),

- against -

1974 REALTY ASSOCIATES, ET AL.

Defendant(s).

D & V

---

NOTICE OF MOTION FOR JUDGMENT OF FORECLOSURE AND SALE

---

CERTILMAN BALIN ADLER & HYMAN, LLP
*Attorney(s) for*
**Plaintiff**
*Office and Post Office Address, Telephone*

90 MERRICK AVENUE
EAST MEADOW, NEW YORK 11554
(516) 296-7000
FAX (516) 296-7111

---

To

To the best of the undersigned's knowledge,
information and belief, formed after an inquiry
reasonable under the circumstances, the within
documents and contentions contained herein are
not frivolous as defined in 22 NYCRR 130-1.1-a.

Dated: . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Attorney(s) for

D & V

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

**PLEASE TAKE NOTICE:**

☐ NOTICE OF ENTRY

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order
will be presented for settlement to the HON.
within named Court, at
on

of which the within is a true copy
one of the judges of the

Dated,

Yours, etc.

CERTILMAN BALIN ADLER & HYMAN, LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------

THE COMMUNITY PRESERVATION
CORPORATION,                                     index no. 21023/2002

                                Plaintiff,

      -against-                                 Affidavit

1974 REALTY ASSOCIATES ,

                             Defendants.

-----------------------------------------------

1974 REALTY ASSOCIATES,

          Third Party Plaintiff,

      -against-

CORNICK GARBLER & SANDLER,

          Third Party Defendants.

-----------------------------------------------

State of New York        )
                            )
County of              )

     James Robinson, being duly sworn, deposes and says:

     1. I am the President of PR & PR Realty Corp., managing general partner of

defendant 1974 Realty Associates, and I submit this affidavit in further support of our

motion pursuant to CPLR 321 to compel substitution of counsel for 1974 Realty

Associates, and in opposition to the cross-motion for a stay.

     2. The Plaintiff will be jeopardized by continuation of the representation of Starr

Associates.

3. Starr Associates, although ostensibly representing the entire partnership, is Poole's Attorney. Starr Associates as attorney for Poole, (shareholder former officer and former director of PR & PR and limited partner of plaintiff partnership), has commenced a special proceeding pursuant to BCL 619 against the Jerome Reznick (shareholder, officer and director of PR & PR and limited partner of plaintiff partnership), Layne Reznick (officer and director of PR & PR), Nancy Robinson (director of PR & PR, and trustee of trust holding stockholder interest in PR & PR and limited partner interest in plaintiff partnership) and Richard Pesce (director of PR & PR)!  A more direct conflict of interest cannot be seen!  In other words, Starr Associates in this action purports to represent the partnership in this action.   Yet Starr Associates on behalf of one limited partner Poole has now sued the partnership's managing general partner and a limited partner, and the successor-in-interest to a limited partner!  On this ground alone Starr Associates should be relieved as counsel for the partnership in this action. Nationwide Associates, Inc., Appellant, v. Targee Street Internal Medicine Group, P.C., 303 A.D.2d 728; 758 N.Y.S.2d 108 (2nd Dept. 2003).

4. Of particular significance here is that it was Reznick and Robinson, not Poole, who invested hundreds of thousands of dollars in the property – Poole invested about a thousand dollars.   Caselaw shows in a case such as this that the attorney representing the corporation should be selected by the party who made the investment in the business, see R.M.I. Refinery, Inc. v Kreindler and Horodniceanu, Inc., 1985 U.S.Dist. LEXIS 20021 (S.D.N.Y. 1985), copy attached.

5. Einig & Bush LLP, the lawfirm we seek to use to represent the partnership, specializes in foreclosure law. Each of its partners have practiced foreclosure law for

2

more than twenty years. I understand that they have many years of respected dealings with CPC's counsel, Certilman Balin.

6. Poole has not been able to settle this case. Through his and Starr Associates' adversarial litigation tactics, they have succeeded only in destroying the cooperative relationship that once existed with the lender. Continued representation by Starr Associates means a continued destructive business strategy which is contrary to the desires of the majority of the shareholders, and is contrary to the desires of the persons who put up the money to make this project possible.

7. The stay pending determination of the BCL 619 petition is unwarranted in that Starr Associates has not shown that the petitioner, Poole, has a substantial likelihood of success, or that the plaintiff will suffer irreparable injury in the absence of a stay. The BCL 619 petition itself is signed and verified by attorneys of Starr Associates, and not by persons with knowledge. Moreover, Poole's Petition wrongfully claims that the notice of the meeting and the timing was incorrect and renders the election void. I understand that the proper statute which governs the election is BCL 603, which applies when an election has not been held for more than 15 months, as is the case here. BCL 603 requires that the notice of the election be sent 60 to 90 days prior to the election, which was done. It specifically provides that the persons at the meeting shall constitute a quorum (BCL 603(b)). I also understand that if there were any minor technical irregularities in the meeting, they will not matter because the irregularities will not have affected the outcome of the election: Poole would be outvoted in any event. In other words, the petition is likely to be denied. Moreover, Starr Associates' conflict of interest compels substitution, regardless of the outcome of the BCL 619 proceeding.

3

8. Continued representation by Starr Associates is a continued imposition by a minority shareholder/limited partner of a strategy opposed by the majority of shareholders/partnership interests and opposed by those who have most to lose in the litigation. This is irreparable and immediate harm.

9. Weighing all these factors, respectfully, leads to the outcome that the cross-motion for a stay should be denied, and further, that Starr Associates should not continue as counsel for the partnership.

WHEREFORE, I respectfully request the motion substituting Einig & Bush LLP in place of Starr Associates as attorneys for 1974 Realty Associates be granted.

James Robinson

Sworn to before me this 1st
day of June 2005

FOO KEUNG KWOK
NOTARY PUBLIC, State of New York
No. 01FO4945999
Qualified in Queens County
Commission Expires January 27, 2007

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------X
THE COMMUNITY PRESERVATION CORPORATION    :Index No. 21023/02
                Plaintiff,    :

      -AGAINST-

                               :AFFIDAVIT OF SERVICE

1974 REALTY ASSOCIATES    :
                Defendants.    :
----------------------------------------X
State of New York
County of New York
        Michael R. Bush being duly sworn deposes and says that
I reside at Scotch Plains, New Jersey, New York and that on June
2, 2005, I served a copy of the enclosed Affidavit in Opposition
to Cross Motion upon

CERTILMAN BALIN ADLER & HYMAN
Attorneys for Plaintiff
90 Merrick Avenue
East Meadow, New York 11554 by telefax which they consented to
receive and by mail as stated below

STARR ASSOCIATES
Attorneys of record for 1974 Associates
245 Fifth Avenue
New York, New York 10016 by personal delivery and by mail as
stated below

VEDDER PRICE KAUFMAN & KRUMHOLZ
Attorneys for Cornick Gaarbler & Sandler
805 Third Avenue
New York, New York 10022 by telefax which they consented to
receive and by mail as stated below


by mail in a U.S. postal depository, postage prepaid, to the
addresses indicated above.

                                Michael R. Bush

Sworn to before me this 2nd day
of June 2005

Notary Public

JENNIFER COOKE
Notary Public-State of NY
No. 0100603800
Qualified in Bronx County
Commission Expires March 6, 2006

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW KINGS
----------------------------------------X
THE COMMUNITY PRESERVATION CORPORATION,
                          Plaintiff,          Index No. 21023/02
          - against -
1974 REALTY ASSOCIATES,

                          Defendants.
----------------------------------------X

## AFFIDAVIT IN OPPOSITION TO CROSS MOTION FOR A STAY

**EINIG & BUSH, LLP**
Attorneys for 1974 Realty Associates
420 Lexington Avenue
Suite 1727
New York, New York  10170
(212) 983-8866
By:_____
Michael R. Bush

Affidavit of Service

The undersigned, an attorney licensed to practice in the Courts of the State of New York affirms that the following is true under penalty of perjury:

That on April 29, 2005, he served the annexed Order to Show Cause and supporting papers upon the attorneys for the different parties in this action at the address below, designated by said attorneys for that purpose, by delivering a true copy of same enclosed in a properly addressed wrapper, into the custody of a Federal Express employee, at a Federal Express office, in New York, New York, for overnight delivery to said attorneys. I delivered same prior to the latest time designated by the overnight delivery service for overnight delivery.

Certilman Balin Adler & Hyman LLP
Attorneys for plaintiff
90 Merrick Avenue
East Meadow, New York 11554

Starr Associates
Attorney of Record for 1974 Realty Associates
245 Fifth Avenue
New York, NY 10016

Vedder Price Kaufman & Krumholz
Attorneys for Cornick Garbler & Sandler
805 Third Avenue
New York, NY 10022

Dated: April 29, 2005

_____
Dan M. Rice



FILED
KINGS COUNTY CLERK
05 JUL 11  AM 9:05

At an IAS Part 18 of the Supreme
Court held in and for the County of
Kings at the Courthouse located at
360 Adams Street, on the 9th day of
December 2002.

~~SUPREME COURT OF THE STATE OF NEW YORK~~
~~COUNTY OF KINGS~~

------------------------------------------------------------X

THE COMMUNITY PRESERVATION CORPORATION,

                Plaintiff,

    -against-

1974 REALTY ASSOCIATES,

                Defendant.

------------------------------------------------------------X

Index No. 21023/02

**ORDER TO SHOW CAUSE**

    Upon reading and filing the annexed affidavit of Jonathan Poole, sworn to on December 2,

2002, the affidavit of Maria Pena, sworn to on November 26, 2002, the affirmation of Andrea R.

Roschelle, Esq. dated December 6, 2002, and the exhibits annexed thereto, by which it appears that

an Order should be issued vacating the default of defendant in answering the complaint in this

action ("Default") and vacating the order of this Court dated October 7, 2002 ("Receiver Order"), by

which Barbara Odwak, Esq. was appointed temporary receiver in this action,

    LET, plaintiff or its attorneys, show cause before the Hon . Joseph J. Dowd, at I.A.S. Part

18 of the Supreme Court of the State of New York, held in and for the County of Kings, at the

Courthouse, located at 360 Adams Street, Room 365 Brooklyn , New York on the 8th day of

January 3 ~~December~~, 2002, at 9:30 a.m., or as soon thereafter as counsel may be heard, why an Order should

not be entered herein, (i)pursuant to CPLR 317, 5015(a)(1). and 5015(a) (4) relieving defendant

1974 Realty Associates from its alleged Default and vacating the Receiver Order because defendant was never served with process, this Court lacks jurisdiction over it, its alleged Default is excusable because of its lack of notice in this action, and defendant has a meritorious defense to plaintiff's claims; and (ii) for such other and further relief as this Court may deem just and proper; and it is further,

ORDERED, that pending the hearing ~~and determination of defendant's motion~~ *this Order to Show Cause* all efforts by plaintiff to enforce the Receiver Order shall be stayed.

ORDERED, that sufficient reason appearing therefor, let personal service of a copy of this of a copy of this order and all supporting papers upon plaintiff's counsel on or before December 23 2002, be deemed good and sufficient service.

ENTER

_____
J.S.C.

2

**Exhibit H**

ORDER

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------X

THE COMMUNITY PRESERVATION
CORPORATION,

                         Plaintiff,                    INDEX NO.: 21023/02

                                                       BY: HON. JULES L. SPODEK

        - against -

                                                       DATE: MARCH 31, 2004
1974 REALTY ASSOCIATES,

                         Defendant.
------------------------------------------------------------X

        Upon the Notice of Motion, dated October 28, 2003, the affidavit of Jerome
Reznick, undated, the affidavit of Jonathan Poole, undated, defendant's memorandum of
law, dated November 26, 2003, the affirmation of Edwin Levy, Esq., dated December 3,
2003, and upon all exhibits annexed thereto and upon oral argument:

        There are multiple business entities and individuals involved in the instant action
and the motion to intervene now to be decided by this Court. In order to facilitate a
discussion of the issues which relate to this real estate matter, the Court will briefly
identify all relevant participants:

    -    Defendant 1974 Realty Associates (ASSOCIATES) - A New York limited
         partnership and owner of 1974 51st Street, Brooklyn, New York, the subject
         premises.

    -    PR&PR Realty Corp. (PR) - A general partner of ASSOCIATES.

    -    Jonathan Poole (POOLE) - President of PR and limited partner of ASSOCIATES.

Jerome Resnick - Limited partner of ASSOCIATES and an officer, director and minority shareholder of PR.

Andrea Rochelle, Esq. - Counsel for POOLE.

The Community Preservation Corporation (CPC) - The plaintiff in this action and a lender of a portion of the monies of the construction loan part of the financing obtained by ASSOCIATES in conjunction with the acquisition of the subject premises.

Rosedale Management Company (ROSEDALE) - Managing agent of the subject premises; its President is POOLE.

In 1987, ASSOCIATES became owner of the subject premises. The property was in a state of extreme decrepitude and was situated in an area of urban blight. Various government programs were employed to alleviate these conditions with the goal of satisfying the objective of urban renewal. CPC, ASSOCIATES and the City of New York, through HPD, entered into agreements to effect the rehabilitation of the subject premises. By 1989, the property was repaired and leases were issued.

In order to rehabilitate the subject property, ASSOCIATES had entered into various financing arrangements by notes and mortgages, evidencing the construction and loan financing advanced to it by the plaintiff and HPD. The plaintiff, CPC, acted as the servicer for all the mortgage agreements. Pursuant to such agreements, ASSOCIATES was required to convert the construction loan into permanent financing by a certain date. According to POOLE, ASSOCIATES was unable to comply with this requirement and so the plaintiff, in consequence, demanded the immediate payment of approximately three

2

million dollars in principal and other charges. Such demand led to the instant foreclosure action.

In a limited partnership agreement for ASSOCIATES, the two general partners (PR and Midwood Friends Development Corp.) and the limited partners agreed that, among other things, ASSOCIATES would be managed by ROSEDALE and all internal disputes stemming from the partnership agreement must be resolved in arbitration. In fact, an arbitrator's decision would be a condition precedent to any legal action.

Currently before this Court, is a motion by PR seeking to intervene in this foreclosure action for the following reasons: (1) the interests of PR are not being properly represented and PR will be bound and adversely affected by any judgment; (2) POOLE has not cooperated with attempts to arbitrate internecine partnership strife; (3) POOLE has failed to disclose important matters relating to the foreclosure to the Court; and (4) POOLE and ROSEDALE failed to comply with the conditions and demands of the limited partnership agreement or to account for missing funds.

POOLE opposes PR's motion on the following grounds: (1) ASSOCIATES is the sole signatory on the mortgage documents and therefore is the proper party to the foreclosure action; (2) PR has the obligation under the partnership agreement to arbitrate prior to engaging in a legal action; (3) PR has no ownership interest in the premises; (4) PR has not demonstrated that its interests are not being represented by ASSOCIATES; and (5) Justice R. Richter of New York County Supreme Court held in a Decision dated November 18, 2003, that an action with the caption of 1974 Realty Assoc. LLC v. Jonathan Poole and Rosedale Management Corp. had to be dismissed because of the failure of ASSOCIATES to procure an arbitrator's decision with respect to internal partnership disputes prior to filing suit.

3

This Court must deny PR's requested relief. Movant has not proceeded to arbitration with what appears to be almost exclusively internal partnership disputes. In fact, PR has not demonstrated to this Court that its reasons for requesting the right to intervene have anything to do, directly, with the instant foreclosure action. As such, PR has not met the requirements for the right to intervene as required by CPLR §1012. PR has not shown that its interests are not represented or protected in this action, the subject of which is the default of ASSOCIATES in its obligations to its lenders. Furthermore, although this Court need not decide whether Justice Richter's decision in the New York county litigation is collateral estoppel, it appears that the issues of proper procedure are for all practical purposes identical. Interestingly, Justice Richter also found that arbitration must precede legal action. Here, PR must arbitrate its complaints before invoking its right to come to court. Also, this Court notes that a pending action by PR continues to exist against ROSEDALE. Justice Richter did not dismiss PR's action against this party and consequently, PR has several legal alternatives available to it.

Although movant requested that this Court order a recalcitrant POOLE to partake in the arbitration process, such request in the proper form of a motion to compel arbitration is not before this Court and PR has not shown that it is faultless in this difficulty.

Accordingly, movant's motion to intervene is denied.

ENTER,

J./S.C

4

**Exhibit J**

STARR ASSOCIATES

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

THE COMMUNITY PRESERVATION
CORPORATION,

Plaintiff(s),

- against -

1974 REALTY ASSOCIATES,

Defendant(s).

Index No.
21023/02
(Spodek, J.)

STIPULATION

IT IS HEREBY STIPULATED, by and between the attorneys for the parties hereto, as follows:

1.    Plaintiff's motion for summary judgment and defendant's cross-motion to dismiss the complaint and for related relief, both of which currently scheduled to be heard on February 11, 2004 are withdrawn without prejudice.

2.    Signatures to this stipulation via facsimile are sufficient to reflect the assent of all parties.

Dated:  New York, New York
February 9, 2004

By: Andrea L. Roschelle, Esq.
Starr Associates LLP
Attorneys for Defendants
245 Fifth Avenue
New York, New York 10016
(212) 620-2681

By: Natalie Rivin, Esq.
Certilman Balin Adler & Hyman, LLP
Attorneys for Plaintiffs
90 Merrick Avenue
East Meadow, New York 11554
(516) 296-7808

C:\Documents and Settings\spark.A\Local Settings\Temporary Internet Files\OLK4\ALR1637.DOC

Exhibit K



**eLAW**  eDocket  eWatch  eCalendar  eServe/eFile  My'el

Cohen Jonathan                                                    Logout

| | | COMMUNITY PRESERVATION CORP | | | SUPREME COURT |
| | | v. | | | KINGS COUNTY |
| | | 1974 REALTY ASSOCIATES | | | Index Number: 21023/2002 |
| | | | | | Case Status: ACTIVE |

Search
Case Details
Filings & Fees
Appearances
Conferences
Motions
Attorneys
Add to E-Watch
eServe/eFile
Vendor Links
Process Service

| Date | Relief Sought (Sequence) | Last Appearance | Judge | Status | Ne Appea |
|------|--------------------------|-----------------|-------|--------|-----------|
| 8/7/2009 | DISMISSAL NON-DISCOVERY (10) | 8/7/2009 | FRANCOIS A. RIVERA | PENDING | 8/21/2 |
| 6/3/2009 | JUDGMENT FORECLOSURE/SALE (9) | 8/7/2009 | FRANCOIS A. RIVERA | PENDING | 8/21/2 |
| 6/3/2005 | DISMISSAL NON-DISCOVERY (8) | 7/8/2005 | FRANCOIS A. RIVERA | DECIDED | |
| 6/3/2005 | STAY PROCEEDINGS (7) | 6/3/2005 | FRANCOIS A. RIVERA | DECIDED | |
| 6/3/2005 | SUBST/RELIEVED AS COUNSEL (6) | 6/3/2005 | FRANCOIS A. RIVERA | DECIDED | |
| 3/2/2005 | JUDGMENT FORECLOSURE/SALE (5) | 7/8/2005 | FRANCOIS A. RIVERA | WITHDRAWN | |
| 1/21/2004 | DISMISSAL NON-DISCOVERY (4) | 2/11/2004 | JULES L. SPODEK | WITHDRAWN | |
| 1/7/2004 | JUDGMENT FORECLOSURE/SALE (3) | 2/11/2004 | JULES L. SPODEK | WITHDRAWN | |
| 12/3/2003 | LEAVE TO INTERVENE (2) | 2/11/2004 | JOSEPH J. DOWD | DECIDED | |
| 1/8/2003 | VACATE ORDER/JUDGMENT (1) | 5/14/2003 | JOSEPH J. DOWD | DECIDED | |

Copyright © 2000-2009 eLaw, LLC. All rights reserved.
All trademarks and registered trademarks are the property of their respective owners
and are used for identification or reference purpose only with no intent to infringe on copyrights.



Cohen Jonathan

**COMMUNITY PRESERVATION CORP**

v.

**1974 REALTY ASSOCIATES**

SUPREME COURT
KINGS COUNTY
Index Number: 21023/2002
Case Status: ACTIVE

By *MOTION*, originally made returnable on *January 8, 2003*, *A PARTY FOR DEFENDANT MOVED THIS COURT*, in *MOTION TRIAL TERM 18*, seeking the following relief: *VACATE ORDER/JUDGMENT*. This motion was decided on *May 14, 2003* by Judge *JOSEPH J. DOWD*.

The Judge's decision is set forth in *AN ORAL DECISION*. The decision is not yet filed with the County Clerk. Click here to Add to Your E-Watch.

According to court records, the motion was decided as follows:
As to the relief described as: *VACATE ORDER/JUDGMENT*; the motion is *MARKED OFF*.

**Complete Motion Appearance Activity:**
On *May 14, 2003*, an appearance was held on this motion in *MOTION TRIAL TERM 18*. The clerk marked the motion *MARKED OFF*. ; Position: 13.

On *April 16, 2003*, an appearance was held on this motion in *MOTION TRIAL TERM 18*. The clerk marked the motion *ADJOURNED*. ; Position: 13.

On *April 2, 2003*, an appearance was held on this motion in *MOTION TRIAL TERM 18*. The clerk marked the motion *ADJOURNED*. ; Position: 8.

On *February 19, 2003*, an appearance was held on this motion in *MOTION TRIAL TERM 18*. The clerk marked the motion *ADJOURNED* with the following additional comments: *STIP*. ; Position: 11.

On *January 8, 2003*, an appearance was held on this motion in *MOTION TRIAL TERM 18*. The clerk marked the motion *ADJOURNED* with the following additional comments: *STIP*. ; Position: 18. .

Copyright © 2000-2009 eLaw, LLC. All rights reserved.
All trademarks and registered trademarks are the property of their respective owners
and are used for identification or reference purpose only with no intent to infringe on copyrights.

**Exhibit I**

From:212 588 0471                                                        04/26/2005  15:08  #339 P.001/013

At Motion Trial Term 52 of the
Supreme Court held in and for the
County of Kings at 360 Adams
Street, Brooklyn, New York on the
____ day of April 2005

PRESENT:
      HON. FRANCOIS A. RIVERA,

               Justice of the Supreme Court

------------------------------------------------

THE COMMUNITY PRESERVATION
CORPORATION,                                    index no. 21023/2002

                 Plaintiff,

    -against-                                       Order to Show Cause

1974 REALTY ASSOCIATES ,

                 Defendants.

------------------------------------------------

1974 REALTY ASSOCIATES,

         Third Party Plaintiff,

    -against-

CORNICK GARBLER & SANDLER,

        Third Party Defendants.

------------------------------------------------

    Upon the reading and filing of the affirmation of Michael R. Bush dated

April _23_ , affidavit of Jerome S. Reznick sworn to on April _25_, 2005, and

the exhibits annexed thereto, and the affidavit of James Robinson sworn to on  April

23 , 2005 and the exhibits annexed thereto, and upon all papers and proceedings

heretofore had and filed herein, let all parties show cause before this court at the

Courthouse located at 360 Adams Street, Brooklyn, New York, at Motion Trial

> At an I.A.S. Trial Term, Part 58 of the Supreme
> Court of the State of New York, held in and for the
> County of Kings, at the Courthouse, located at
> Civic Center, Borough of Brooklyn, City and State
> of New York, on the 22 day of April 20 10

P R E S E N T :

Hon. _Francois Rivera_

**Justice**

_____

Community Preservation Corporation, **Plaintiff(s)**

- against -

1974 Realty Associates

**Defendant(s)**

Cal. No. 7

Index No. 21023/02

_____

The following papers numbered 1 to    read on this motion            **Papers Numbered**

Notice of Motion - Order to Show Cause
and Affidavits (Affirmations) Annexed_____

Answering Affidavit (Affirmation)_____

Reply Affidavit (Affirmation)_____

_____Affidavit (Affirmation)_____

Pleadings - Exhibits_____

Stipulations - Minutes_____

Filed Papers_____

Plaintiff's motion to discharge the receiver is adjourned until May 7, 2010.
The bankruptcy trustee for the Chapter 11 bankruptcy filing by the defendant
must be served with a copy of the motion to discharge on or before
April 30, 2010. Defendant's counsel, ~~Emmet~~ Bath, LLP
need not ~~~~ appear.

**For Clerks use only**

**MG___**

**MD___**

**Motion Seq. #**

_____

E N T E R

_____

**J.S.C.**

EJV-rev 11-04

2002/21023 Motion papers withdrawn (crossmotion) (Page 1 of 52)

UNITED PAPERS

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

THE COMMUNITY PRESERVATION CORPORATION,

Plaintiff,

- against -

1974 REALTY ASSOCIATES,

Defendant.

1974 REALTY ASSOCIATES,

Third-Party Plaintiff,

- against -

CORNICK GARBER & SANDLER LLP,

Third-Party Defendant.

**ORIGINAL**

Index No. 21023/02

**NOTICE OF CROSS-MOTION**

**PLEASE TAKE NOTICE,** that upon the annexed affidavits of Elizabeth Crane, sworn to May 11, 2005, and Jonathan Poole, sworn to May 13, 2005, and the accompanying documentary supplement, the undersigned will cross-move this Court, in the Part 52 of this Court, Room 357 at the Courthouse located at 360 Adams Street, New York, County of Kings on the 3rd day of June, 2005 at 9:30 o'clock in the forenoon of that day or as soon thereafter as counsel can be heard, for an Order (i) pursuant to CPLR 3211(e), dismissing the complaint on the ground that the Court lacks jurisdiction over defendant, or in the alternative; (ii) pursuant to CPLR 3215 (c), dismissing the complaint as abandoned and (iii) for such other and further relief

KINGS COUNTY
SUPREME COURT
MOTION SUPPORT
APPROVED
DATE 5-19-05

2002/21023 Motion papers withdrawn (crossmotion) (Page 2 of 52)

as to this Court may seem just and proper.

Dated: New York, New York
      May 13, 2005

By: Andrea L. Roschelle, Esq.
**STARR ASSOCIATES LLP**
Attorneys for Defendant and Third Party Plaintiff
245 Fifth Avenue, Suite 1102
New York, New York 10016
(212) 620-2681

TO:    Susan McWalters, Esq.
       CERTILMAN BALIN ADLER & HYMAN, LLP
       Attorneys for Plaintiff
       90 Merrick Avenue
       East Meadow, New York 11554
       (516) 296-7000

       Dan Goldwasser, Esq.
       VEDDER, PRICE, KAUFMAN & KAMMHOLZ
       Attorneys for Third-Party Defendant Cornick Garber & Sandler, LLP
       805 Third Avenue
       New York, New York 10022
       (212) 407-7700

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

THE COMMUNITY PRESERVATION CORPORATION,

Plaintiff,

- against -

1974 REALTY ASSOCIATES,

Defendant.

Index No. 21023/02

**AFFIDAVIT IN SUPPORT OF
CROSS-MOTION TO DISMISS
COMPLAINT AND IN
OPPOSITION TO MOTION FOR
JUDGMENT OF
FORECLOSURE AND SALE**

1974 REALTY ASSOCIATES,

Third Party Plaintiff,

- against -

CORNICK GARBER & SANDLER LLP,

Third Party Defendant.

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK    )

**JONATHAN POOLE,** being duly sworn, deposes and says:

1. I am the president of PR & PR Realty Corp., the managing general partner of defendant and third party plaintiff, 1974 Realty Associates ("Associates"), which is a New York Limited Partnership. Associates is the owner of 1974 51st Street, Brooklyn, New York ("Premises"), a rental apartment building located in the Borough Park section of Brooklyn that is encumbered by various mortgages on which plaintiff

ALR1945

wrongfully seeks to foreclose in this action. I am fully familiar with the facts and circumstances recited below, based on facts known to me to be true, conversations I have had with agents and employees of Associates and my own review of the books and records maintained by Associates.

## PRELIMINARY STATEMENT

2. Together with the accompanying affidavit of Elizabeth Crane, I submit this affidavit in support of the cross-motion by Associates pursuant to (i) CPLR 3211(e) dismissing the complaint on the ground that the Court lacks jurisdiction over Associates because Associates was never properly served with process and (ii) CPLR 3215(c), on the ground that plaintiff abandoned the complaint by failing to take proceedings for the entry of judgment within one year of an alleged default, which is part of a pattern and practice of neglect exhibited by plaintiff in its prosecution of this litigation.

3. This affidavit shall also address the myriad reasons why plaintiff's motion for a judgment of foreclosure and sale is not only legally deficient but factually unsustainable and should therefore be denied. Even if the Court could overlook the fatal defects in process and neglect by plaintiff in the prosecution of this action, plaintiff's latest application for a judgment of foreclosure and sale must fail. It is a near carbon-copy of an earlier motion for the identical relief abandoned by plaintiff more than one year before it made its current application, is supported by boilerplate moving papers of an attorney with no knowledge of the facts, is riddled with material errors and misstatements and fails to establish plaintiff's right to the relief sought. Rarely will this Court see a motion so lacking in merit.

4.  Finally, as will be detailed below, at the very least, material, triable issues of fact abound, none of which have been addressed by plaintiff in its moving papers, that would preclude the granting of a judgment of foreclosure and sale, including whether plaintiff has been culpable in the default alleged. Accordingly, plaintiff's motion must be denied.

Factual Background

5.  Associates acquired ownership of the Premises on or about November 24, 1987. The Premises were among several dilapidated and abandoned buildings in a community suffering from the effects of crime and poverty contributing to the urban blight surrounding its residents.

6.  I was immediately elected president of Associates' managing general partner, PR & PR Realty Corp. ("Corporation"), since I had acquired considerable expertise in urban renewal projects and experience in property management, and thus was chosen by Associates to negotiate for the purchase of the Premises and run the project. I was also charged with the responsibility of securing participation for the Premises in various housing programs, obtaining financing from the City's Department of Housing, Preservation and Development ("HPD") and negotiating the terms of other financing with plaintiff for whom I had been employed as a loan officer.

7.  In accordance with various municipal programs and pursuant to a building loan agreement and related documents executed by and among Associates, plaintiff and HPD, Associates renovated and rehabilitated the Premises in 1989 and began to lease the renovated apartments to members of the Borough Park community. The agreements among Associates, plaintiff and HPD required Associates to reserve in

3

excess of forty percent (40%) of the renovated apartments for low income tenants and to lease a portion of the units to homeless families or individuals referred by HPD.

8. In conjunction with the acquisition and rehabilitation of the Premises, Associates entered into a series of notes, mortgages and other instruments (collectively, "Mortgage Agreements") evidencing the construction and permanent loan financing advanced to it by plaintiff and HPD. Upon information and belief, plaintiff is the lender of only a fraction of the proceeds of the construction loan ("Construction Loan") portion of the financing obtained by Associates in conjunction with the acquisition of the Premises (in the principal sum of one hundred sixty five thousand dollars ($165,000.00)), and an identical sum in permanent financing, the balance having been lent by HPD, but plaintiff acts as the servicing agent for all of the Mortgage Agreements.

9. As is relevant here, the Mortgage Agreements provide that Associates must convert the Construction Loan to permanent financing on or before April 1, 1999. The Court should be advised that it is ostensibly due to Associates' current inability to convert the Construction Loan to permanent financing, and not due to any failure of payment under the Mortgage Agreements, that plaintiff has declared Associates in default and demanded the immediate payment of nearly three million dollars ($3,000,000) in principal, default interest and other charges, which it seeks to recover by the commencement of this action. See complaint, paragraph Ninth.[1]

10. From the time Associates began to lease apartments in the Premises, it struggled to maintain a delicate balance between its obligations to HPD to reserve a

---

[1] The amount sought by plaintiff in the complaint suggests it has erroneously sought monies in connection with a a third mortgage on the Premises, which has never been called into default, was not accelerated and, upon information and belief, plaintiff does not actually seek to foreclose it.

portion of the apartments for low-income tenants, while attracting market rate tenants to generate enough income so that it could meet its expenses.

11. However, for several years before plaintiff commenced this action, a number of the apartments that had been reserved for low-income tenants were un-tenanted for long periods of time. Moreover, the Premises had lost many market rate and moderate income tenants, which had an obvious deleterious impact on income. The reason for these unfortunate events was the advent of pervasive drug dealing and related criminal activity apparently being conducted by certain of the tenants and their friends and families. These tenants had been using and dealing crack cocaine and other narcotics and had displayed other serious antisocial behavior leading to vandalism of portions of the Premises and causing other tenants to fear for their safety. People engaged in drug activity had also become semi-permanent fixtures in the public halls and in the area in front of the Premises, thereby detracting from the appeal of the Premises.

12. Once this problem emerged, I began working closely with the New York City Police Department in an effort to rid the Premises of drugs and the offending tenants. In fact, several arrests were made inside certain of the tenants' apartments as a direct result of Associates' cooperation with the police. Associates also did its part by evicting some of the tenants, sometimes to find them returning to live with relatives or friends in their apartments. Although HPD has available within the agency staff to work with police to rid buildings under its jurisdiction from drug activity, HPD was largely non-responsive to my entreaties for its help.

13. The Court should be aware that, in an effort to settle and resolve this matter amicably, Associates turned over in August, 2003 all control over management

and leasing of apartments in the Premises to ABC Management Corp. ("ABC"). ABC is a real estate management and brokerage concern that was specifically approved by plaintiff and HPD to address the vacancy issues that had been of concern to HPD. Inexplicably, ABC emerged as the management firm from nowhere, apparently after CPC began dealing with a limited partner of Associates, Jerome Reznick ("Reznick"), and his counsel, who had no authority under Associates' partnership agreement or the Corporation's by-laws to negotiate anything, but who plaintiff insisted must be an "equal" signatory to the management agreement with me.

14. Interestingly, plaintiff recently advised me that ABC too has had difficulty renting apartments in the Premises, despite the fact that ABC was highly touted by Reznick and his then-counsel, Ed Levy, as one of the management companies with the most experience in this area. If anything, this supports the allegations that have always been made by Associates that (i) HPD's stated concerns about vacancy rates notwithstanding, HPD has essentially "abandoned" the building and, for reasons best known to it, has kept it out of the various programs HPD designed to aid drug-infested buildings and that (ii) Associates has not purposefully failed to rent units in the building.

Procedural Posture

15. This action was commenced by the filing of a summons and complaint seeking to foreclose upon the Premises, predicated on the claim that a non-monetary default exists by virtue of Associate's inability to convert the Construction Loan to permanent financing. An order ("Receiver Order") appointing a receiver was obtained by plaintiff ex parte. A copy of the summons and complaint dated May 17, 2002 are annexed collectively to the accompanying Documentary Supplement as Exhibit "A".

6

16. By Order to Show Cause dated December 9, 2002, brought less than one (1) month after I was alerted to the fact that this action had been commenced, Associates moved for relief in the form of an order pursuant to CPLR 5015(a)(1) and (4), relieving it of any purported default in answering and to vacate the Receiver Order. The Order to Show Cause was based on the ground that Associates was never served with process and that the Court therefore lacked jurisdiction over Associates. It alleged all of the facts that demonstrated the merits of Associates' defense to this action. A copy of the Order to Show Cause (without exhibits), which is incorporated by reference, is annexed to the Documentary Supplement as Exhibit "B".

## Settlement Discussions

17. Rather than respond substantively to the Order to Show Cause, in February, 2003, plaintiff invited me along with my counsel to meet with its staff and representatives from HPD in an effort to settle this matter and sort out the problems underlying Associates' inability to convert the construction loan to permanent financing.

18. Meetings were held over the course of the next few months in the offices of HPD and counsel for plaintiff negotiated with my counsel in an effort to resolve disputed issues. During the course of these discussions, Associates agreed by stipulation to extend the time within which plaintiff could respond to the Order to Show Cause and finally agreed to ask the Court to "mark off" the Order to Show Cause from the calendar, so that the parties could work toward a resolution without prejudicing Associates' rights to assert the jurisdictional claims made in the Order to Show Cause.[2]

---

[2] The claim in the McWalters Affirmation, ¶10, that the Order to Show Cause was marked off the calendar for failure of defense counsel to appear is simply erroneous. Moreover, her statement that plaintiff's "prior application" [for the relief plaintiff currently seeks] was made but withdrawn . . . due to the filing of an order to show cause by defendant. . . ", is also wrong. Associates never filed an order to

2002/21023 Motion papers withdrawn (crossmotion) (Page 12 of 52)

(A copy of a Motion Detail Report, showing the history of adjournments and the status of the case as of that time is annexed to the Documentary Supplement as Exhibit "C").

19. In addition to turning over all responsibility for management and leasing of the Premises to ABC, plaintiff and HPD had made Associates' compliance with a number of additional conditions a prerequisite to HPD's agreement to a conversion of the construction loan to permanent financing.  The conditions were:

- HPD must be provided with a current rent roll;
- HPD must be provided with a copy of the current insurance binder;
- HPD must be provided with proof that the apartments in the Premises were registered with DHCR;
- HPD must be provided with an updated title report;
- Associates must turn over management and leasing tasks in connection with the Premises to a managing agent approved by HPD and plaintiff;
- The Premises must be fully tenanted;
- Associates must provide certified copies of income and expense statements for the years 2000 and 2001, and uncertified statements for 2002 (collectively, "Statements").

20. Associates has complied with each and every one of the conditions imposed by HPD, except insofar as the fulfillment of the conditions was frustrated by persons or circumstances beyond Associates' control.  Associates has provided HPD with a rent roll, insurance binder, proof of DHCR registration and a title report.

21. The only condition of settlement not yet fulfilled by Associates is to provide HPD with copies of certified income and expense Statements.  The fulfillment of that condition has been delayed and is being frustrated and hindered, not by any act or omission that can be attributed to Associates, but by the wrongheaded acts of Reznick.

---

show cause in response to that "prior application". Rather, Associates filed a cross-motion, which was voluntarily withdrawn.

Reznick has, without notice to or consultation with me, unilaterally fired Third Party Defendant, Cornick Garber & Sandler LLP ("CG&S"), the former accountants for Associates, who had been charged with the responsibility of overseeing Associates' financial affairs, and preparing schedules, financial statements and tax returns. Apparently at Resnick's direction, CG&S has steadfastly refused to turn over pertinent and material information required to be reviewed before the Statements may be drafted, and has otherwise withheld proprietary information of Associates, despite numerous demands and the service of a Third Party Complaint. If anything, it is Resnick's wrongful discharge of CG&S that has interfered with Associates' ability to fulfill the last condition imposed by HPD, which is the predicate to resolving this matter and the entire dispute with plaintiff and HPD.

22. In October of 2003, Reznick sought, ostensibly on behalf of the Corporation, to intervene in this action ("Intervention Motion"), claiming that my attorneys, Starr Associates LLP, and I did not adequately represent the Corporation's interests in the litigation. On March 31, 2004, the Court (Spodek, J.) denied the Intervention Motion, finding that I adequately represented the interests of Associates and that Reznick's participation was unwarranted. A copy of the decision and order is annexed to the Documentary Supplement as Exhibit "D".

23. Associates filed an answer to the complaint and a Third Party Summons and Complaint (copies of which, together with the Third Party answer, are annexed collectively to the Documentary Supplement as Exhibit "E"), on November 25, 2003. By Notice of Return, dated December 4, 2003, plaintiff purported to return the answer as a nullity on the ostensible ground that the time within which to serve the

9

pleading had expired and that no extension of time for the service had been granted. By the same notice, plaintiff purported to return as a nullity the Third Party Summons and Complaint filed against CG&S, on the ostensible ground that plaintiff's counsel was not authorized to accept service thereof. (A copy of the Notice of Return is annexed hereto as Exhibit "F").

24. On the heels of serving the Notice of Return, and while the Intervention Motion was pending, plaintiff moved by notice of motion dated December 8, 2003 for a judgment of foreclosure and sale, based largely on the claim that Associates was in default.

25. By Notice of Cross-Motion dated January 13, 2004, Associates moved for, among other relief, an order dismissing the complaint on the ground that plaintiff failed to serve Associates with process and that, accordingly, the Court lacked jurisdiction over it and to compel plaintiff to accept the answer served by Associates.

26. In anticipation of a decision in the Intervention Motion and after receipt of Associates' cross-motion, on February 11, 2004, both plaintiff's motion for a judgment of foreclosure and sale and Associates' cross-motion to dismiss the complaint were withdrawn, without prejudice. A copy of the stipulation withdrawing the motions is annexed to the Documentary Supplement as Exhibit "G".

27. One year later, on February 10, 2005, plaintiff served a new motion for a judgment of foreclosure and sale based on the claim that Associates defaulted in answering the complaint. This time, however, the default alleged was based on the ostensible failure of Associates to answer the summons and complaint in this action which is alleged to have been "re-served" on Associates on October 27, 2004. Mc

10

Walters Affidavit, ¶5. Plaintiff contends that the purported "re-service" was accomplished and jurisdiction obtained over Associates by serving the Corporation by delivering a copy of process to a concierge purportedly working in the apartment building in which I reside. The alleged service comes more than three (3) years after the original filing of the summons and complaint. A copy of the affidavit of service is annexed to the Documentary Supplement as Exhibit "H".

28. By order to show cause dated April 27, 2005, Reznick once again sought to intervene in this action by removing Starr Associates LLP as counsel for Associates. That motion is pending before the Court.

## ASSOCIATES' CROSS-MOTION SHOULD BE GRANTED AND PLAINTIFF'S MOTION DENIED

The Court Lacks Jurisdiction Over Associates
Because of Improper Service of Process

29. In the most recent incarnation of plaintiff's motion for a judgment of foreclosure and sale, plaintiff has taken the position that Associates has defaulted in answering the complaint. Conceding that plaintiff's initial service of process on Associates was faulty, plaintiff alleges that the summons and complaint were re-served on October 27, 2004 and that Associates failed thereafter to timely answer, move or otherwise respond to the complaint. McWalters Affirmation, ¶5. Because plaintiff has broken nearly every rule of law and procedure in connection with this "re-service", the complaint must be dismissed.

**Plaintiff's Failure to Seek a Formal Extension**
**of Time to Serve Process is Fatal to the Action**

30. CPLR 306(b) requires that a summons and complaint be served on a defendant within 120 days after the filing of the action. The statute further requires that a formal motion be made for an extension of the 120 day period, but only if good cause is shown and it is demonstrated that it would be in the interests of justice to grant the extension.

31. Here, not only did plaintiff fail to move or cross-move for an extension of time during all of the years that this action has been pending, and in the face of all of the motion practice before the Court, it has failed to seek such relief in its current application, which is limited solely to the application for a judgment of foreclosure and sale. See plaintiff's Notice of Motion dated February 10, 2005. Counsel advises me that on this ground alone, the complaint must be dismissed. McKinney's Practice Commentaries, CPLR 306-b:3, Extension of Time to Serve Process. (plaintiff must either "move for an extension" or . . . cross-move for such relief in opposition to the defendant's motion to dismiss"). Plaintiff has done neither.

32. Instead, plaintiff has seen fit, in a throw-away line buried in its motion papers, to rely on the simple statement that ". . . .request is made pursuant to CPLR §306-b, upon both good cause and the interest of justice, although either ground is a basis to extend the time, that the time to complete service in the case be extended nun pro tunc to October 27, 2004. No party will be prejudiced by this request." McWalters Affirmation, ¶5. Plaintiff has nowhere elaborated on the good cause for the three (3) year delay or shown anywhere why the interests of justice would be served by its request to dispense

2002/21023 Motion papers withdrawn (crossmotion) (Page 17 of 52)

with proper procedure. Clearly, Associates will be prejudiced by plaintiff's belated request.

33. If anything, the failure to properly serve a second time in the course of the three (3) years this litigation has been pending is reflective of plaintiff's lack of diligence and neglect. Even if the original failure of service, which plaintiff now concedes, could be attributed to inadvertence, this failure simply cannot. Slate v. Schiavone, 2005 N.Y. Lexis 500 (2005) (court of appeals reverses as an abuse of discretion the lower court's grant of an extension in the "interests of justice", finding that lack of diligence, neglect and mistake should not qualify as good cause).

Service of Process was Improperly Made

34. I am advised by counsel that this Court has not acquired jurisdiction over Associates inasmuch as it was never properly served with process. See CPLR 5015(a)(4).

The Affidavit of Service

35. The affidavit of service (Exhibit H to the Documentary Supplement) alleges that service was made on Associates by serving me as the president of the Corporation by delivering the complaint to "Jose Molina", who is alleged to be the concierge at 245 East 19th Street, New York, New York ("Building"). As counsel has advised, several critical and fatal flaws exist on the face of the affidavit of service that demonstrate that service of process was not made in conformity with law.

36. Plaintiff has apparently chosen the substituted service (i.e. "deliver and mail") procedure to serve the Corporation. Critically, however, this type of service of process on a corporation is not permitted. Pursuant to CPLR 311(a)(1) the process server

13

must tender process directly to an "authorized" corporate representative.  Delivery to an unauthorized person who later hands the process to an officer, managing agent or some other qualified representative is ineffective.  <u>Lakeside Concrete Corp. v. Pine Hollow Building Corp.</u>, 104 A.D.2d 551, 479 N.Y.S2d 256 (2d Dept. 1984) (jurisdiction over a corporation cannot be acquired via substituted service).  <u>See also</u> <u>Napic v. Fverfa Investments, Inc.</u>, 193 A.D.2d 549, 597 N.Y.S2d 707 (1st Dept. 1993) (service upon concierge with mailing insufficient to confer jurisdiction over corporation).

37. CPLR 311, which provides for personal service upon a corporation, authorizes service of process upon any one of a list of several corporate representatives.[3] Plaintiff does not anywhere purport to claim that "Jose Molina" falls within any of the categories of persons authorized to accept service on behalf of the Corporation as the statutes requires.

<u>Service was Otherwise Defective</u>

38. Even if plaintiff attempts to belatedly cure this fatal error and argue that service was properly made on "Jose Molina" as an agent authorized by the Corporation to accept process (although, nowhere can this be discerned from the affidavit of service itself), service could still not be upheld. Not only is "Jose Molina" not an authorized agent of the Corporation, but, as stated unequivocally in the accompanying affidavit of Building managing agent Elizabeth Crane, sworn to May 11, 2005 ("Crane Affidavit"), ¶3, no "Jose Molina" works in the Building as a concierge or in any capacity.

---

[3]    CPLR 311(a)(1) provides that personal service upon a corporation shall be made by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service".  CPLR 311(a)(1).

14

39. Inasmuch as plaintiff cannot dispute that it failed to serve Associates with process as required by law, the Court must grant Associates' cross-motion to dismiss the complaint as against it.

### The Complaint Must be Dismissed as Abandoned Pursuant to CPLR 3015(c)

40. Even if the Court could ignore the myriad of compelling reasons why the complaint must be dismissed for want of personal jurisdiction, the Court would be required to dismiss the complaint in any event because plaintiff failed to "take proceedings" to enter judgment within one year after it alleges Associates originally defaulted in answering. Counsel advises me that, pursuant to CPLR 3015(c) the Court, sua sponte or on motion, "shall" dismiss the complaint as abandoned under these circumstances.

41. The initial motion for a judgment of foreclosure and sale, made by plaintiff on December 8, 2003 ignored the fact that Associates has filed an answer on November 26, 2003 and was based largely on the allegation that Associates was in default in answering. The initial motion made by plaintiff came too late, i.e., more than one (1) year after service was alleged to have been complete (July 25, 2002 per the McWalters Affirmation ¶5) and was thereafter withdrawn. Plaintiff's current motion does not purport to seek a default judgment based on the initial service. Accordingly, the time for plaintiff to have sought a default judgment has long since expired and the action must therefore be deemed abandoned and the complaint dismissed.

### PLAINTIFF'S MOTION FOR A JUDGMENT OF FORECLOSURE AND SALE MUST BE DENIED

**Numerous Issues of Fact Abound as to the True Cause of the Default as Alleged In the Complaint**

42. Associates also has bona fide equitable defenses to the foreclosure of the mortgages encumbering the Premises. Counsel advises that mortgage foreclosure, being equitable in nature, may be denied if it appears that the lender has acted inequitably by contributing to the circumstances that lead up to the default. Indeed, my attorneys have informed me that a party cannot insist upon a condition precedent, when its non-performance has been caused by that party. Bass v. Sevits, 78 A.d2d 926, 433 N.Y.S.2d 245 (3d Dept. 1980) (every contract implies that neither party will do anything to prevent performance by the other party); Smith v. Lamb, 59 Misc. 568, 111 N.Y.S. 455 (Sup. Ct. Suffolk Co. 1908) (court has the power to relieve mortgagor from default where default was in some way procured or brought about by some act of the mortgagee); Pizer v. Herzig, 120 A.D.2d 102, 105 N.Y.S.2d 38 (1st Dept. 1907)(foreclosures may be refused where, by the course of dealings between the parties, the mortgagor has been induced by the mortgagee to suffer the default).

43. As has been explained above, Associates had some difficulty in the past in renting apartments and keeping them occupied due to drug-related activity that HPD chose to ignore. While the loan commitment provides that HPD would convert the Construction Loan to permanent financing, HPD has now apparently taken the position that it will not do so primarily because of the very vacancies caused by the drug-related activities previously described.

16

44. The fact is that plaintiff and HPD have placed Associates in an untenable position. While acknowledging the drug-related problems that had been plaguing the Premises that are attributable to the very population HPD has essentially abandoned, HPD has apparently given plaintiff the green light to foreclose, claiming that vacancies in low income apartments are a violation of Associates' obligations to HPD under the Mortgage Agreements.

45. It would be inequitable in the extreme to permit plaintiff and HPD to benefit from these unfortunate circumstances to the severe detriment of Associates, circumstances which may fairly be attributed to HPD's own failure to provide genuine support to the population HPD has been chartered to serve.[4]

46. Compounding the inequities inherent in the relief sought by plaintiff in this case is the fact that Reznick and others who purport to have an interest in Associates, have worked against me and the interests of Associates with the complicity of plaintiff, which has frustrated my efforts to resolve this action.

47. Over the past several years, Reznick and others have plotted to undermine my authority and deprive me of my rightful participation in the fruits of Associates' success. Although content to sit on the sidelines for nearly twenty (20) years while I ran the Premises and administered the project, Reznick and his cohorts now contend that they have the authority to control the project, negotiate with HPD and CPC and oust me from my position.

48. Despite the court order that decided the Intervention Motion against Reznick's attempt to insinuate himself into these proceedings, CPC and HPD

---

[4] It is astounding that HPD continues to press the point that it will not convert the Construction Loan as a result of vacancies when ABC, the very management company plaintiff and HPD approved, is having its own difficulties renting apartments at the Premises.

representatives have continued to communicate directly with Reznick and his various attorneys. Plaintiff and HPD wrongfully encouraged Reznick and his cohorts and, over my objection, even insisted that Reznick sign the ABC management agreement as an equal with me, the only authorized signatory.

49. Reznick has apparently also been egged-on by statements made by plaintiff's representatives that they would rather "deal" with Reznick than with me, irrespective of the fact the Court has confirmed that Reznick has no legal authority to act for Associates. And now, Resnick has made another motion, by which he hopes to wrest control of the litigation from me.

50. To appreciate, not only Reznick's wrongful interference in this litigation, but also plaintiff's outrageous facilitation of the interference, this Court need only review the billing records, which plaintiff has annexed as Exhibit A to the McWalters Affirmation, nearly seventy (70) separate time entries during which counsel for plaintiff communicated with various attorneys for Reznick.

<u>Plaintiff's Motion is Otherwise Deficient</u>

51. The Court is not likely to see a motion less deserving of consideration than that made by plaintiff for a Judgment of Foreclosure and Sale. It should be denied summarily.

52. First, the motion does not comply with the requirements of CPLR 3212(b), which requires all such applications to be accompanied by (i) an affidavit made by a person with knowledge of the facts (ii) a statement of the material facts and (iii) a copy of the pleadings. The motion is devoid of all of these. Nor has plaintiff annexed copies of the note or mortgage to its moving papers as, I am advised, it is required to do

so that the Court can search the record. <u>Zoref v. Glassman</u>, 2003 N.Y. Slip Op. 50596, 2003 N.Y. Misc. Lexis 135. Sup. Ct. (Nassau Co. 2003) (plaintiff's motion for judgment of foreclosure and sale summarily denied for failure to annex mortgage, note or pleadings).

53. My attorney has advised me that plaintiff's application is wholly deficient in every respect. In apparently pre-generated boilerplate barely worthy of a foreclosure factory, plaintiff has burdened this Court with a motion chock-full of errors and misleading omissions made, not by a representative of plaintiff who would have knowledge of the underlying facts that predicated the commencement of the action, but rather by an attorney who obviously has no knowledge of what transpired before or after this litigation was commenced.

54. In the seven (7) paragraphs that purport to justify the relief sought by plaintiff, nowhere has counsel described any of the notes and mortgages, the terms thereof or provided any evidence to support an alleged default. Further, counsel has failed to attach the pleadings or even to refer to the pleadings in any manner. Instead, counsel simply adopts as her own the allegations made in an affirmation of regularity submitted more than 2 ½ years prior by an associate in her firm, but which counsel also fails to attach as an exhibit to plaintiff's application. Thus, this Court is asked to make a determination as to whether material issues of fact exist that would warrant a trial based solely on a bare-bones affirmation made by an attorney with no knowledge of the underlying facts, who relies on and adopts the allegations of another attorney whose affirmation is similarly deficient and fails to submit that affirmation, depriving the Court of the tools with which to search the record to determine if judgment is appropriate.

55. With regard to the McWalters Affirmation, it is clear that it was simply cobbled together from other standard boilerplate non-payment foreclosure litigation documents used in cases handled by counsel's office, since many of the claims asserted therein simply have nothing to do with this case and given the myriad mistakes and typographical errors it contains, it is hard to believe counsel ever deigned to review it before it was filed. 5 Counsel also makes numerous misstatements of purported fact that can only be intended to mislead the Court.

56. Given the myriad errors committed in the most fundamental aspects of this foreclosure litigation, there is absolutely no justification whatsoever for the award of counsel fees to plaintiff of $45,000.00, McWalters Affirmation, ¶12, or any amount. The motion is replete with inapposite references to customary tasks foreclosure counsel may perform in typical non-payment cases, but which have no real bearing to the facts of this case. Clearly, fees purportedly generated in connection with "payoffs and reinstatement" and "junior encumbrances", McWalters Affirmation, ¶18, are not germane to this matter.[6]

57. The Court should also be advised that when plaintiff first moved for a judgment of foreclosure and sale back on December 8, 2003, it requested the sum of $11,500.00 in legal fees, purportedly expended up to that date. Bergman Affidavit, ¶¶11 and 22. Curiously, the billing records (Exhibit A to McWalters Affirmation) demonstrate that since December 8, 2003, legal fees incurred by plaintiff actually amounted to no

---

[5] Incredibly, counsel has left in the "cut and paste" affirmation submitted to this Court extraneous statements from plaintiff's previous motion, which was supported by the affidavit of Bruce Bergman ("Bergman Affidavit"). For example, Ms. McWalters states that," . . . your affiant notes for the court that he is not an employee of plaintiff" (emphasis supplied). McWalters Affidavit, ¶20, page 6. Like all of the other allegations affirmed by McWalters, nearly all of which were copied from the Bergman Affidavit verbatim, it typifies the lack of care and diligence with which plaintiff has treated this case from the inception.

[6] Further, in addition to the fact that plaintiff failed to serve Associates with process as required by law, it also neglected to name and serve HPD as a party defendant, necessitating the expenditure of unnecessary fees to remedy. See McWalters Affirmation, ¶9.

20

more than $5,000, making the request for $45,000.00 a mystery.   Like everything else plaintiff has done in furtherance of this prosecution, the legal fees application is tainted with error.

## CONCLUSION

58. As this affidavit demonstrates, this case should be dismissed as against Associates.  At a minimum, judgment of foreclosure and sale is wholly inappropriate and plaintiff's motion itself is deficient as a matter of law.


_JONATHAN POOLE_

Sworn to before me this
13th day of May, 2005

Notary Public

ANDREA ROSCHELLE
Notary Public, State of New York
No. 02RO6025801
Qualified in Westchester County
Commission Expires 08/01/200?

2002/21023 Motion papers withdrawn (crossmotion) (Page 3 of 52)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

THE COMMUNITY PRESERVATION CORPORATION,

Plaintiff,

- against -

1974 REALTY ASSOCIATES,

Defendant.

Index No. 21023/02

**AFFIDAVIT**

1974 REALTY ASSOCIATES,

Third-Party Plaintiff,

- against -

CORNICK GARBER & SANDLER LLP,

Third-Party Defendant.

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

**ELIZABETH CRANE,** being duly sworn, deposes and says:

1.     I am the vice president of Rosedale Management ("Rosedale"), the managing agent for a building located at 245 East 19th Street, New York, New York ("Building"). Rosedale has managed the Building since 1963. I make this affidavit based on facts known to me to be true and on the books and records maintained by Rosedale.

2.     I have had the opportunity to review an affidavit of service signed by Robert Winckelmann, sworn to on October 28, 2004, which bears the same caption as this affidavit, in which Mr. Winckelmann states that on October 27, 2004, he served a summons

02/21023 Motion papers withdrawn (crossmotion) (Page 4 of 52)

and complaint for foreclosure of a mortgage on Jonathan Poole, as President of PR & PR Realty, by delivering to the Building a copy thereof to Jose Molina/Concierge.

3.    One of my duties as vice president of Rosedale is to issue and sign payroll checks. Not being familiar with the name Jose Molina as ever having worked for Rosedale or the Building, I reviewed the payroll register for the months of October and November, 2004. Having done so, I was able to confirm that no such person was employed by Rosedale or the Building on October 27, 2004, as is stated erroneously in the affidavit of service.

WHEREFORE, the motion of 1974 Realty Associates to dismiss the complaint should be granted, with costs and disbursements.

*Elizabeth Crane*

ELIZABETH CRANE

Sworn to before me
this //ᵗʰ day of May, 2005

NOTARY PUBLIC

ZORAIDA MARTINEZ
Notary Public, State of New York
No. 01MA6084978
Qualified in New York County
Commission Expires Dec. 16, 2006

2