SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE COMMUNITY PRESERVATION CORPORATION,

                            Plaintiff,

               -against-

1974 REALTY ASSOCIATES

"JOHN DOE #1" through "JOHN DOE #12,"
the last twelve names being fictitious
and unknown to plaintiff, the persons
or parties intended being the tenants,
occupants, persons or corporations, if
any, having or claiming an interest in
or lien upon the premises, described
in the complaint,

                         Defendant(s).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

INDEX NO.
21023/02

**NOTICE OF
PENDENCY
OF ACTION**

      NOTICE IS HEREBY GIVEN, that an action has been commenced and is pending in this Court upon a complaint of the above named plaintiff against the above named defendant(s) for the foreclosure of a mortgage bearing date the 24th day of November, 1987 executed by 1974 REALTY ASSOCIATES to THE COMMUNITY PRESERVATION CORPORATION to secure the sum of ONE HUNDRED SIXTY FIVE THOUSAND DOLLARS AND ZERO CENTS ($165,000.00) and recorded in Reel 2149 of Mortgages at Page 2048 in the Office of the CITY REGISTER of the County of KINGS on the 4th day of January, 1988, and a mortgage bearing date the 24th day of November, 1987 executed by 1974 REALTY ASSOCIATES to THE COMMUNITY PRESERVATION CORPORATION to secure the sum of ONE MILLION FOUR HUNDRED SEVENTY FIVE THOUSAND DOLLARS AND ZERO CENTS ($1,475,000.00) and recorded in Reel 2149 of Mortgages at Page 2002 in the Office of the CITY REGISTER of the County of KINGS on the 4th day of January, 1988.

      AND NOTICE IS FURTHER GIVEN, that the mortgaged premises affected by the said foreclosure action, were, at the time of the commencement of said action, and at the time of the filing of this notice situate in SECTION 17 BLOCK 5469 LOT 35 on the land and tax map of the County of KINGS in the State of New York, and is described in the said mortgage as follows, to wit:

      See Schedule A - "Legal Description" annexed hereto and made a part hereof.

# STEWART TITLE

## Insurance Company

Foreclosure No.:    F21461

### SCHEDULE A

### DESCRIPTION

Volume:
District:
Section:
Block:          5469
Lot(s):         35

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the Westerly side of 20th Avenue with the Southerly side of 51st Street;

RUNNING THENCE Southerly along the Westerly side of 20th Avenue, 100 feet 2 inches to the center line of the block;

THENCE Westerly and parallel with 51st Street, 118 feet 8 inches;

THENCE Northerly and parallel with 20th Avenue and part of the distance through a party wall, 100 feet 2 inches to the Southerly side of 51st Street;

THENCE Easterly along the Southerly side of 51st Street, 118 feet 8 inches to the corner, the point or place of BEGINNING.

Said premises being known as and by street number 1974 51ST STREET, BROOKLYN, New York.

TOGETHER with all right, title and interest of the defendant(s) in and to the land lying in the streets and roads in front of and adjoining said premises.

The Clerk of the County of KINGS is directed to index this notice to the name(s) of the following defendant(s):   1974 REALTY ASSOCIATES, and as against premises situate in SECTION 17 BLOCK 5469 LOT 35 on the land and tax map of the County of KINGS in the State of New York.

Dated:    East Meadow, New York
          November 5, 2007

                    CERTILMAN BALIN ADLER & HYMAN, LLP
                    Attorneys for Plaintiff
                    90 Merrick Avenue
                    East Meadow, New York 11554
                    (516) 296-7100


                    By: _Susan L. McWalters_
                        SUSAN L. MCWALTERS

                    Our File No.: 30460.0071

FILED
KINGS COUNTY CLERK
2007 NOV -7  PM 2: 13

& REC.

FILED
KINGS COUNTY CLERK
2007 NOV -7 PM 2: 13
FEE: $35.00

SUPREME COURT OF THE
STATE OF NEW YORK
COUNTY OF KINGS

Index No. 21023/02

THE COMMUNITY PRESERVATION CORPORATION,

Plaintiffs,

-against-

1974 REALTY ASSOCIATES, ET AL.,

Defendants.

**NOTICE OF PENDENCY
OF ACTION**

The Property affected by the
within instrument lies in
Section 17, Block 5469, Lot 35
on the land and tax map
of the County of KINGS
in the State of New York.

CERTILMAN BALIN ADLER & HYMAN, LLP
THE FINANCIAL CENTER AT MITCHELL FIELD
90 MERRICK AVENUE
EAST MEADOW, NY 11554
(516) 296-7000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------x    Index No.:  21023/02
THE COMMUNITY PRESERVATION CORPORATION
                                        Plaintiff,

               -against-                                      **CONSENT TO CHANGE
                                                              ATTORNEY**

     1974 REALTY ASSOCIATES, et al
                                        Defendants.
------------------------------------------------------------------x

     The undersigned hereby agrees that Berkman, Henoch, Peterson & Peddy, PC, 100 Garden City Plaza, Garden City, NY 11530 be substituted as attorney of record in place of CERTILMAN BALIN ADLER & HYMAN, LLP and that this substitution may be filed by either party with the appropriate County Clerk.

Dated:  East Meadow, New York
     April 11, 2008

                              CERTILMAN BALIN ADLER & HYMAN, LLP

                              By: _____
                                   SUSAN L. McWALTERS
                                   ID:30460.0071


                              THE COMMUNITY PRESERVATION CORPORATION
                              Plaintiff

                              By: _____
                              Name: Helene Rudolph
                              Title: Vice President + Deputy General Counsel

STATE OF NEW YORK      )
                       ) SS.:
COUNTY OF NEW YORK  )


On this 11th day of April, 2008, before me, the undersigned personally appeared Helene S. Rudolph personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed  the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.


_____
Notary Public


ELIZABETH DANIEL
Notary Public, State of New York
No. 01DA6117045
Qualified in New York County
Commission Expires October 12, 2008

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------X
THE COMMUNITY PRESERVATION CORPORATION,        **INDEX NO.: 21023/02**

                         Plaintiff,

         - against -        **NOTICE OF MOTION**

1974 REALTY ASSOCIATES,

            Defendants.
-------------------------------------------------------------------------X

**PLEASE TAKE NOTICE** that upon the Summons and Verified Complaint filed in the

Office of the Clerk of the County of KINGS on May 28, 2002 and upon the Notice of Pendency of

Action filed in the Office of the Clerk of the County of KINGS on May 28, 2002 and re-filed on

November 7, 2007, and upon the annexed Referee's Oath and Computation and Report of Referee

to Compute of BARBARA S. ODWAK, ESQ., dated October 15, 2002, the original of which is filed

with the Court, and upon the annexed affirmation of BRUCE J. BERGMAN, ESQ., dated April 29,

2009 and the exhibits annexed thereto, and upon the Notice of Motion dated April 29, 2009, the

Plaintiff will move this Court at a Foreclosure Motion Part, Room 274, at the Supreme Courthouse,

360 Adams Street, Brooklyn, New York, on the **3rd day of June, 2009** at 2:00 o'clock in the

afternoon of that day or as soon thereafter as counsel can be heard, for an order pursuant to CPLR

§2221 granting Plaintiff its motion for a **JUDGMENT OF FORECLOSURE AND SALE.**









2003 MAY -7 PM 1: 28

KINGS COUNTY CLERK
FILED

BOND NO. <u>115210</u>

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------x

COMMUNITY PRESERVATION CORPORATION

       Plaintiff,

   -against-

1974 REALTY ASSOCIATES

        Defenants.
------------------------------------------------x

          Oath of Receiver
          Index No. 21023/02

STATE OF NEW YORK)
COUNTY OF KINGS  )  ss:

I, Michael Freeman, duly appointed Receiver for the benefit of the Plaintiff, of all rents, issues and profits of mortgage premises described in the Complaint in the above entitled action by the Order of this Court, made and entered into on the 20th day of November, 2002, do swear that I will faithfully honestly and impartially discharge the trust committed to me as such Receiver.

         _____
         Michael Freeman

Sworn to before me this
_29_ of July, 2009

JOSEPHINE VITI
Notary Public, State of New York
No. 24-4666814
Qualified in Kings County
Commission Expires May 31, 2010

BOND OF RECEIVER

BOND NUMBER: ~~115210~~

Community Preservation Corporation,

Plaintiff,

1974 Realty Associates, "John Doe #1"
through "John Doe #12" Etal

KNOW ALL MEN BY THESE PRESENT,  THAT WE Michael Freeman, Esq.  404 Park Avenue South, New York, NY  10016  as Principal, and International Credit of North America Reinsurance, Inc. of Lawrenceville, New Jersey, having an office and usual place of business at 2564 Brunswick Pike, Suite 106, Lawrenceville, New Jersey 08646 as Surety, are held and firmly bound unto the PEOPLE OF THE STATE OF NEW YORK, in the sum of One Hundred Fifty Two Thousand Eight Hundred Thirty Six ($152,836) Dollars, lawful money of the United States of America, to be paid to said people; to which payment well and truly to be made, we bind ourselves, our and each of our heirs, executors and administrators, successors and assigns, jointly and severally, firmly by these presents, Sealed with our seals.

WHEREAS, by an order made on the 20th Day of November, 2002 by Hon. Joseph J. Dowd, Justice of the Supreme Court of the State of New York in and for the County of Kings.

NOW THE CONDITION OF THIS OBLIGATION IS SUCH, that if the said Michael Freeman, Esq. shall faithfully discharge the duties of trust as such Receiver, then this obligation shall be void, otherwise to be in full force and effect.

Signed and Sealed this 20th Day of July 2009

_____
Principal – Michael Freeman, Esq.

INTERNATIONAL CREDIT OF NORTH AMERICA
REINSURANCE, INC.
By_____
Attorney-in-Fact  Michael J. Tully

International Credit of North America Reinsurance, Inc.
2564 Brunswich Pike, Suite 106
Lawrenceville, NJ  08646


## RIDER  A


This Rider A is to be attached to and made a part of International Credit of North America Reinsurance, Inc. Bond No. I15210 on behalf of Michael Freeman, Esq. and in favor of the People of the State of New York.

It is hereby agreed and understood that Bond No. I15210       dated July 20, 2009 is amended as follows:

 International Credit of North America Reinsurance, Inc waives any right to countersign checks, due to the administrative inconvenience and expense involved, as outlines in the underlying Court Order appointing Receiver.

All other terms and conditions remain unchanged.

This Rider A is to become effective July 20, 2009.


Dated: July 20, 2009


Witness MARY JANE FUNICELLI

International Credit of North America Reinsurance, Inc.

Michael J. Tully
Attorney-in-Fact

## SURETY ACKNOWLEDGEMENT

STATE OF ___NEW JERSEY___

COUNTY OF __MOORIS_____

On this __20th_____ day of ____JULY_____, in the year _2009_ before

Personally comes MICHAEL J. TULLY      to me known; who, being sworn, deposes

and says that he/she resides in the town of    NEWTON        that he/she is the Attorney-In-

Fact of the International Credit of North America Reinsurance, Inc., the Corporation

described in and which executed the foregoing instrument; that she knows the seal of the

said Corporation that the seal affixed to the said instrument is such Corporate seal; that it

was so affixed by the order of the Board of Directors of such Corporation, and that she

signed his name thereto by like order.

_Frances A. Frazzano_
(Signature & Title of Official Taking
Acknowledgement)

Frances A. Frazzano
Notary Public - State of New Jersey
My commission expires May 10, 2012

Agency Code: WAL02

Power No: 0020-49

## International Credit of North America Reinsurance, Inc.
### (Hereinafter referred to as "Company")
### 100 Park Avenue, Suite 1500
### New York, NY 10017

### LIMITED POWER OF ATTORNEY

Know all men by these presents that INTERNATIONAL CREDIT OF NORTH AMERICA REINSURANCE, INC., a corporation duly organized under the laws of the State of New York ("Company") does hereby appoint **Walter F. Foster, Michael J. Tully, Michele Charette and Brendan Gethins of The Whitewood Agency Ltd.** its true and lawful Attorney(s)-in-Fact, with full power and authority hereby conferred, to make, execute, seal and deliver for and on its behalf as surety, in general, any and all bonds, undertakings, and recognizances in an amount not to exceed the penal sum of **Five Hundred Thousand ($500,000)** for any single obligation. The execution of such bonds or undertakings in pursuance of these presents, shall be binding upon said Company as fully and amply, to all intents and purposes, as if such bonds were signed by the President, sealed with the corporate seal of the Company, and duly attested by Secretary, hereby ratifying and confirming all the acts of said Attorney(s)-in-Fact pursuant to the power herein given. This Power of Attorney is made and executed pursuant to, and by authority of, the following Resolutions adopted by the unanimous written consent of the Board of Directors of International Credit of North America Re, Inc. on the 20th day of November, 2007:

"**Resolved:** That the President, or any Vice President, may execute for and on behalf of the Company any and all Bonds, and all other writings obligatory in the nature thereof, the same to be attested when necessary and the seal of the Company affixed thereto by the Secretary, or any Assistant Secretary; and that the President, or any Vice President, may appoint and authorize Attorney(s)-in-Fact to execute on behalf of the Company any and all such instruments and to affix the seal of Company thereto; and that the President, or any Vice President, may at any time remove such Attorney(s)-in-Fact and revoke all power and authority given to any such Attorney(s)-in-Fact."

"**Resolved:** That Attorney(s)-in-Fact may be given full power and authority to execute for and in the name of the Company and all Bonds, and all other writings obligatory in the nature thereof, and any such instrument executed by any such Attorney(s)-in-Fact shall be binding upon the Company as if signed by the President and sealed and attested by the Secretary, and further, Attorney(s)-in-Fact are hereby authorized to verify any affidavit required to be attached to such bonds, and all other writings obligatory in the nature thereof, and are also authorized and empowered to certify to a copy of any resolution of the Directors having to do with the execution of Bonds, and all other writings obligatory in the nature thereof, and certify copies of the Power of Attorney or with regard to the powers of any of the officers of the Company or of Attorney(s)-in-Fact."

This Power of Attorney is signed and sealed under the authority of the following Resolution adopted by the Executive Committee of the Board of Directors of International Credit of North America Reinsurance, Inc. on the 20th day of November, 2007.

"**Resolved:** That the signature of the President, or any Vice President, and the signature of the Secretary or any Assistant Secretary may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Attorney(s)-in-Fact for purposes only of executing and attesting any bond, or other written obligation in the nature thereof, and any such signature and seal where so used, being hereby adopted by the Company as the original signature of such officer, to be valid and binding upon the Company with the same force and effect as though manually affixed."

IN WITNESS WHEREOF, INTERNATIONAL CREDIT OF NORTH AMERICA RE, INC., has caused these presents to be signed by its President and its corporate seal to be hereto affixed, duly attested by its Secretary this 7th day of January, 2009.

### International Credit of North America Re, Inc.

Attest: _Eric Volk_                                     By _Bridget Kutz_
     Eric Valentin, Secretary                                     Bridget Kutz, President

STATE OF NEW YORK
COUNTY OF NEW YORK

On this 7th day of January, 2009, before me personally appeared Bridget Kutz, President and Eric Valentin, Secretary, of International Credit of North America Reinsurance, Inc., personally known to me to be the individuals and officers described in and who executed the preceding instrument, and they acknowledge the execution of the same, and being duly sworn by me, sayeth that they are the said officers of the Company aforesaid, and that the seal affixed to the preceding instrument is the corporate seal of said Company and that the said corporate seal and their signatures as such officers are duly affixed and subscribed to the said instrument by the authority and direction of said Company.

DIANNE YOUNG
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES 6-30-2010

Notary Public _Dianne Young_

CERTIFICATE

I, the undersigned Chairman of the Board of International Credit of North America Reinsurance, Inc. a New York Corporation, do hereby certify that the foregoing Power of Attorney is in full force and has not been revoked; and furthermore, that the Resolutions of the Board of Directors set forth in the Power of Attorney are now in force.

Signed and sealed at the County of New York Dated this 20th day of JULY , 2009

Rafael Agliata, Chairman of the Board

ICNA Re, Inc.
2654 Brunswick Pike
Lawrenceville, NJ 08648
1-866-459-4262

# FINANCIAL STATEMENT
as of March 31, 2009
Statutory Basis

| | | | |
|---|---|---|---|
| Bonds | $_____0 | Reserve for Losses and Loss Expense | $___ 9,190 |
| Stocks | 115,230 | Reserve for Unearned Premium | _ 217,722 |
| Cash & Short-Term Investments | 2,144961 | Reserve for Expenses, Taxes, Licenses And Fees | _____0 |
| Agents' Balances or Uncollected Premiums | _____0 | Funds Held Under Reinsurance Treaties | _____0 |
| Reinsurance Recoverable on Loss Premiums | _____0 | Other Liabilities | __21,963 |
| Other Admitted Assets | ___ 560 | Capital Stock | 1,000,000 |
| | | Surplus | 1,011,875 |
| | | TOTAL POLICYHOLDERS SURPLUS | 2,011,875 |
| TOTAL ASSETS | $ 2,260751 | TOTAL LIABILITIES AND POLICYHOLDERS SURPLUS | $2,260,750 |

Bonds and stocks are valued in accordance with the basis adopted by the National Association of Insurance Commissioners.
Securities carried at $1,558,283 in the above statement are deposited as required by law.

## CERTIFICATE

Bridget Kutz, President, and Eric Valentin, Secretary and Treasurer of ICNA Re, Inc., being duly sworn each for himself, deposes and says that they are the above described officers of the said Company and that on the 31st day of March 2009, the Company actually possessed the assets set forth in the foregoing financial statement, except as hereinbefore indicated, and that the foregoing statement is a correct exhibit of such assets and liabilities of said Company on the 31st day March, 2009, according to the best of their information, knowledge and belief.

_Bridget Kutz_
President

_Lr Vol A_
Treasurer

STATE OF NEW YORK    }
COUNTY OF NEW YORK    )

DIANNE YOUNG
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES 6-30-2010

_Dianne Young_

On this 30th Day of April, 2009, before
me came the above named officers of ICNA Re, Inc.
to me known to be the individuals and officers
described herein, and acknowledge that they
executed the foregoing instrument and affixed the seal and said corporation thereto by authority of their office.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------X
THE COMMUNITY PRESERVATION CORPORATION,      **INDEX NO.: 21023/02**

                                      Plaintiff,

            - against -                                          **AFFIRMATION IN**
                                                                **SUPPORT OF MOTION**
                                                                **FOR JUDGMENT OF**
1974 REALTY ASSOCIATES,                                         **FORECLOSURE AND SALE**

                                      Defendants.
----------------------------------------------------------------X

     BRUCE J. BERGMAN, an attorney duly admitted to practice before the courts of the State of New York, hereby affirms the following under penalties of perjury and states:

    1.    I am the attorney for the plaintiff in this foreclosure action which was initiated prior to September 1, 2008.

    2.    This matter is a foreclosure action on premises used for commercial purposes and thus, is not a subprime home loan as defined in section 1304 of the real property actions and proceedings law <u>nor</u> is it a high cost home loan as defined in section 6-l of the banking law. Moreover, the borrower is not a natural person which immediately removes the action from any definition of high cost or subprime home loan.

    3.    Accordingly, notice to the defendant regarding the availability of a settlement conference is <u>not</u> required in this action and I respectfully request that the plaintiff be granted a **JUDGMENT OF FORECLOSURE AND SALE** in this matter.

Dated: Garden City, New York
       October 5, 2009

                               BRUCE J. BERGMAN

At Motion Trial Term 52 of the Supreme Court of
the State of New York held in and for the County of
KINGS at the Courthouse at Civic Center,
Brooklyn, New York, on the _____ day of
_____, 2009

Present:
Honorable _____ **FRANCOIS A. RIVERA** _____
Justice

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
THE COMMUNITY PRESERVATION CORPORATION,     **INDEX NO.: 21023/02**

                                        Plaintiff,     **AMENDED JUDGMENT
      - against -                                      OF FORECLOSURE AND
                                                       SALE**

1974 REALTY ASSOCIATES,                    **Foreclosure of:
                                           1974 51st Street, Brooklyn, N.Y.
                                Defendants. Block 5469 Lot 35**
------------------------------------------------------------------X

         Upon the summons, verified complaint and notice of pendency duly filed in this action

on the 28th day of May, 2002 and the notice of pendency which was duly re-filed in this action

on the 7th day of November, 2007, the Order of Reference dated September 13, 2002, and all

proceedings thereon, and on reading and filing the affirmation of Bruce J. Bergman, Esq.,

counsel for plaintiff dated the 29th day of April, 2009 and the affirmation of Bruce J. Bergman

dated the 5th day of October, 2009; from which it appears that each of the defendants herein have

been duly served with the summons and complaint in this action, or have voluntarily appeared

personally or by their respective attorneys, and stating that more than the legally required

number of days had elapsed since said defendants were so served and/or appeared; and that none

of the defendants had served any answer to said complaint, nor had their time to do so been

extended except the order to show cause filed by the defendant to stay the enforcement of the

order appointing a temporary receiver and which order to show cause has no effect on the instant

2002/21023 Motion papers withdrawn, Affirm in Opp. (Proxy S. ccd 5)

application, although their time to do so has expired and has not been extended by court order or otherwise; and that the complaint herein and notice of pendency containing all the particulars required to be stated herein was duly filed in the Office of the Clerk of the County of Kings on the 28th day of May, 2002, and has not been amended to add new parties or to embrace real property not described in the original complaint, and a Referee having been duly appointed to compute the amount due to the plaintiff upon the note and mortgage set forth in the complaint and to examine and report whether the mortgaged premises can be sold in parcels,

AND, on reading the report of BARBARA S. ODWAK, ESQ., the Referee named in said order of reference, by which report, dated the 15th day of October, 2002, attached hereto, it appears that the sum of $1,871,317.86 was due as of September 30, 2002, and that the mortgaged premises should be sold in one parcel,

NOW, upon proof of due notice of this application upon all parties who have not waived the same,

ON MOTION of BERKMAN, HENOCH, PETERSON & PEDDY, P.C., attorneys for the Plaintiff, it is

**ORDERED,** that the motion is granted; and it is further

**ORDERED, ADJUDGED AND DECREED** that service of process on Jonathan Poole, as President of PR & PR Realty Corp., a general partner of 1974 Realty Associates and managing partner of 1974 Realty Associates is deemed *nunc pro tunc* timely, valid and proper service as of October 27, 2004 and the Court has jurisdiction; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Report of Barbara S. Odwak, Esq., dated October 15, 2002, be, and the same is hereby in all respects ratified and confirmed; and it is further

2002/21023 Motion papers withdrawn. Affirm in Opp. (Page 18 of 75)

**ORDERED, ADJUDGED AND DECREED** that the above-described mortgaged premises or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale and the costs of this action as provided by the Real Property Actions and Proceedings Law be sold, in one parcel, at public in Room 261 of Kings County Supreme Court, 360 Adams Street, Brooklyn, New York 11201, on a Thursday afternoon at 3:00 P.M., by and under the direction of Barbara S. Odwak, Esq. who is hereby appointed Referee for that purpose, that the said Referee shall set the date of sale and give public notice of the time and place of sale in according with RPAPL 231 in _____; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee shall accept at such sale the highest bid offered by a bidder, who shall be identified upon the court record, and shall require that such successful bidder immediately pay to the Referee in cash or certified or bank check payable to such Referee, ten percent of the sum bid and shall execute Terms of Sale for the purchase of the premises, unless such successful bidder is the plaintiff herein, in which case, no deposit against the purchase price shall be required; and it is further

**ORDERED, ADJUDGED AND DECREED** that in the event that the first successful bidder fails to immediately pay the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the subject property, the property shall thereafter immediately, on the same day, be reoffered at auction; and it is further

**ORDERED, ADJUDGED AND DECREED** that the closing of title shall take place at the office of the Referee or at such other location as the Referee shall determine within forty-five days after such sale unless otherwise stipulated by all parties. The Referee shall transfer title only to the successful bidder at the auction. Any delay or adjournment of the closing date beyond forty-five days may be stipulated among the parties, with the Referee's consent, up to

2002/21023 Motion papers withdrawn. Affirm in Opp. (Page 2 of 545)

ninety days from the date of sale, but any adjournment beyond ninety days may be set only with the approval of this Court; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee deposit all funds received pursuant to this Order in his/her own name as Referee in Referee's I.O.L.A. account maintained for legal clients at a bank within the City of New York or in an FDIC-insured bank of the Referee's choice within the City of New York (or in _____ Bank); and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee on receiving the proceeds of such sale shall forthwith pay therefrom:

FIRST:   The statutory fees and commissions of said Referee pursuant to CPLR §8003(b) which shall not exceed $500.00 unless the sale price (the amount of the accepted bid) exceeds $50,000.00. In the event the sale price exceeds $50,000.00 and additional compensation (including commissions) in excess of $500.00 is sought pursuant to CPLR §8003(b), and if no surplus monies are produced by the sale, the parties may present a stipulation, signed by the Referee and all parties appearing, agreeing to a stated sum, to be so-ordered by the Court. Where surplus monies will be available following distribution of sums as provided herein, or where the parties are unable to agree to the Referee's proper compensation under CPLR §8003(b), application shall be made to this Court on notice to all parties known to be entitled to claim against any surplus monies, including the defaulting owner of the equity of redemption. Such application shall be promptly submitted to the Court within five days of the transfer of the deed and prior to filing the Report of Sale. The five day period for payment of surplus money into the Court

2002/21023 Motion papers withdrawn. Affirm in Opp. (Page 9 of 575)

as set forth in RPAPL §1354(4), and the thirty day period set forth in RPAPL §1355 for the filing of the Report of Sale shall be deemed extended pending the decision of the Court regarding such application.

In the event a scheduled sale is cancelled or postponed, pursuant to CPLR §8003(a), plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation unless the Referee has requested the delay. Such compensation may be recouped from the proceeds of sale as a cost to plaintiff. This Order shall constitute the necessary prior authorization for compensation as set forth herein.

No compensation in excess of $550.00, including compensation authorized pursuant to CPLR §8003(a) for computation of the sum due to plaintiff, may be accepted by the Referee without Court approval and compliance with the filing provisions of Section 36.4 of the Rules of the Chief Judge.

SECOND:   The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale.

THIRD:    Pursuant to Real Property Actions and Proceedings Law §1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the foreclosed mortgage, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment. The Referee shall pay the amount of any lien or liens upon the premises to be sold at the time of such sale for taxes, assessments, water rates

and sewer rents, together with such interest up to the date of payment, together with any and all sums which may be necessary to redeem the property so sold from any and all sales, unpaid taxes, assessments, water rates, and any sums expanded for the protection, preservation, security or maintenance of the property, including, but not limited to, fire insurance and property inspections. The Referee shall pay or refund to the plaintiff, if paid by it, any of the aforementioned sums.

FOURTH:  The Referee shall then pay to the plaintiff or his attorney the sum of $_____ for costs and disbursements in this action to be taxed by the Clerk of this Court and inserted herein, with interest from the date hereof, together with an extra allowance of $300.00 hereby awarded to the plaintiff in addition to costs and disbursements, with interest thereon from the date hereof, and also the sum of $_____ being the amount reported due as aforesaid, together with interest thereon pursuant to the Note from October 1, 2002, the date the interest was calculated to in said Report, to the date of entry of this judgment and thereafter at the statutory post-judgment rate to the date of transfer of title, or so much thereof as the purchase money of the mortgages premises will pay of the same, together with $_____ hereby awarded to the plaintiff as reasonable legal fees, together with any advances as provided for in the note and mortgage which plaintiff may have made for taxes, insurance, principal and interest and any other charges due to prior mortgages or to maintain the premises pending consummation of this foreclosure sale, not previously included in the computation, upon presentation to the Referee of receipts for said

2002/21023 Motion papers withdrawn. Affirm in Opp. (Page 18 of 175)

expenditures, all together with interest thereon pursuant to the note and mortgage as above provided. Copies of such receipts shall be annexed to the Referee's Report of Sale. Plaintiff shall timely move to confirm the Referee's Report of Sale pursuant to RPAPL §1355; and it is further

**ORDERED, ADJUDGED AND DECREED** that in case the plaintiff be the purchaser of said mortgage premises at said sale, said Referee shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver only to the plaintiff a deed of the premises sold upon the payment to said Referee of the sum awarded to him or her under the above provisions marked "FIRST", "SECOND" and "THIRD" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments to the Referee for compensation and expenses, taxes, assessments, sewer rents, water rates, and priority liens of a city agency, shall be allowed to the plaintiff and applied by said Referee upon the amounts due to the plaintiff as specified in item marked "FOURTH". If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to said Referee, upon delivery to plaintiff of Referee's deed, the amount of such surplus, which shall be applied by the Referee, upon motion made pursuant to RPAPL §1351(3) and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the property, pursuant to RPAPL §1354(3), which payment shall be reported in the Referee's Report of Sale. Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with RPAPL §1354(4) and the Referee

shall immediately give notice of such surplus to the owner of the mortgaged premises as identified by plaintiff at the time of the sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee take the receipt of the plaintiff or plaintiff's attorney for the amounts paid as hereinbefore directed in item marked "FOURTH", and file it with his/her Report of Sale, that he/she deposit the surplus monies, if any, with the Kings County Clerk within five days after the same shall be received unless such period be deemed extended by the filing of an application for additional compensation as set forth herein, to the credit of this action, to be withdrawn only upon order of the Court, signed by a Justice of the Court; that said Referee make his/her Report of such Sale under oath showing the disposition of the proceeds of the sale, accompanied by the vouchers of the persons to whom payment was made, and file it with the Kings County Clerk, with a copy to the Chambers of the Appointing Justice, within thirty days  after completing the sale and executing the proper conveyance to the purchase or within thirty days of the decision of the court with respect to any application for additional compensation; and it is further

**ORDERED, ADJUDGED AND DECREED** that if the proceeds of such sale be insufficient to pay the amount reported due to the plaintiff with interest and costs as aforesaid, the plaintiff may recover from the defendant, 1974 REALTY ASSOCIATES, the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after the sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371of the Real Property Actions and Proceeding Law within 90 days of the delivery of the deed by the Referee, and the amount thereof is determined and awarded by an Order of this Court as provided for in said action; and it is further

**ORDERED, ADJUDGED AND DECREED** that the purchaser or purchasers at said sale be let into possession on production or delivery of Referee's deed or deeds; and it is further

**ORDERED, ADJUDGED AND DECREED** that each and all of the defendants in this action, and all persons claiming under any of them after the filing of such Notice of Pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED** that said premises is to be sold in one parcel in "as is" physical order and condition on the day of sale, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show, any covenants, restrictions, declarations, reservations, easements, right of way and public utility agreements of record, any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of sale, any rights of tenants or persons in possession of the subject premises, prior liens of record, if any, except those liens addressed in Section 1354 of the Real Property Actions and Proceedings Law, and any equity of redemption of the United States of America to redeem the premises within 120 days from the date of sale. Risk of loss shall not pass to purchaser until closing of title; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the plaintiff be granted any further relief to which the Court shall deem the plaintiff to be entitled.

**ORDERED,** that in Absence of the Referee, the Court may designate a Substitute Referee forthwith; and it is further

**ORDERED,** that the Referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge, and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the Appointing Judge forthwith; and it is further

**ORDERED,** that a copy of this Judgment with Notice of Entry shall be served upon the designated Referee, the owner of the equity of redemption as of the date of this Judgment, any tenants named in this action and any other party entitled to notice within twenty days of entry and no less than thirty days prior to sale; and it is further

**ORDERED,** that the Plaintiff shall serve a copy of the Notice of Sale upon the Ex Parte Office at least ten (10) days prior to the schedule sale; and it is further

**ORDERED,** that the CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT be added to the caption of this action as a necessary party defendant and that the caption of this action should read as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
THE COMMUNITY PRESERVATION CORPORATION,          INDEX NO.: 21023/02

                               Plaintiff,

        -against-

1974 REALTY ASSOCIATES, THE CITY OF NEW YORK
DEPARTMENT OF HOUSING PRESERVATION AND
DEVELOPMENT,
                         Defendants.
------------------------------------------------------------------------X

2002/21023 Motion papers w/foreclosure  Affirm In Opp / Proof of Service

**ORDERED, ADJUDGED AND DECREED** that the premises be sold subject to:

    (a)    Any state of facts that an inspection of the premises would disclose;

    (b)    Any state of facts that an accurate survey of the premises would show;

    (c)    Covenants, restrictions, easements and public utility agreements of record, if any;

    (d)    Building and zoning ordinances of the municipality in which the mortgaged premises are located and possible violations of same;

    (e)    Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale;

    (f)    Prior mortgage lien(s) of record, if any, and any advances and arrears thereunder;

    (g)    Prior lien(s) of record, if any;

    (h)    Real estate transfer taxes which shall be paid by any third party purchaser at the foreclosure sale.

SAID premises being known as and by the street number 1974 51ST STREET, BROOKLYN, NEW YORK.

The following is a description of the premises heretofore mentioned:

**(See Schedule A annexed hereto as Exhibit "A")**

ENTER

_____

J.S.C

2002/21023 Motion papers w/endorse. Affirm in Opp. / Page 1 of 75

Case 1:10-cv-04381-PAC    Document 6-6    Filed 05/14/2010    Page 27 of 76

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
THE COMMUNITY PRESERVATION CORPORATION,    **INDEX NO.: 21023/02**

          Plaintiff  **AFFIRMATION OF**
      - against -     **REGULARITY IN SUPPORT**
               **OF JUDGMENT OF**
               **FORECLOSURE AND SALE**

1974 REALTY ASSOCIATES,

          Defendants.
------------------------------------------------------------------------X

   I, BRUCE J. BERGMAN, pursuant to CPLR §2106, do hereby affirm under the penalties of perjury:

   1.  I am an attorney at law and am a member of the firm of Berkman, Henoch, Peterson & Peddy, P.C., the attorneys for plaintiff and am fully familiar with all of the pleadings and proceedings heretofore had herein.

   2.  Deponent repeats each and every statement contained in the affirmation in support of order of reference of JOSEF ABT dated August 27, 2002 submitted with plaintiff's application for the appointment of a referee heretofore filed herein with the same full force and effect as if fully repeated herein at length.

   3.  As appears by the affidavits of service heretofore filed, all of the defendants were served with copies of the summons and complaint and none of the defendants answered, appeared (except as hereinafter set forth) or moved with respect thereto, although the time for them to do so has expired and has not been extended by Court order or otherwise so that none of the defendants are entitled to notice hereof except the Order to Show Cause filed by the defendant to stay the enforcement of the Order Appointing A Temporary Receiver and which Order to Show Cause has no effect on the instant application, although the time for them to do so

has expired and has not been extended by Court order or otherwise, so that none of the defendants are entitled to notice hereof.

4.    By virtue of significant defaults upon the mortgage obligation as more fully set forth in the complaint, plaintiff was caused to commence this foreclosure action.

5.    Referee Barbara S. Odwak, ESQ. computed the amount due plaintiff as set forth in the report annexed as **Exhibit "B"**.

6.    Since the filing of the notice of pendency of this action, the complaint herein has not been amended so as to make new parties to the action or so as to embrace real property other than that described in the original complaint or so as to extend the plaintiff's claim against the mortgaged premises. (A copy of the complaint is annexed hereto as **Exhibit "F"**.

7.    None of the defendants are infants, incompetents or absentees and all proceedings heretofore had herein have been wholly regular.

8.    Three prior applications have been made for the relief requested herein respectively on January 21, 2004, which was withdrawn without prejudice on February 11, 2004; on March 2, 2005, which was also withdrawn without prejudice on July 8, 2005; and by amended notice of motion dated September 8, 2009, which motion has been administratively adjourned by the Court to October 23, 2009. The within motion properly serves defendant, 1974 REALTY ASSOCIATES by serving their counsel.

9.    At the inception of this action, plaintiff inadvertently did not name NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT as a necessary party defendant. Said defendant has signed a stipulation agreeing to be added to the action as this time, a copy of which is annexed hereto as **Exhibit "C"**. Request is made that the caption of this within action be amended to add this necessary party defendant. This shall not prejudice any party in any way.

10.    Plaintiff respectfully requests that service of Jonathan Poole , as President of PR & PR REALTY CORP., a general partner and managing partner of 1974 REALTY ASSOCIATES be deemed nunc pro tunc timely and proper service of defendant 1974 REALTY ASSOCIATES as of October 27, 2004 as same is in the interest of justice, is not prejudicial to any party and is well within the discretion of the Court pursuant to CPLR§2001 and 5019.

11.    CPLR §2001 provides that "[a]t any stage of an action, the Court may permit a mistake, omission, defect or irregularity to be corrected on terms as may be just, or if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded." See *Eugene Di Lorenzo, Inc. v. A.C. Dutton Lumber Co., Inc.*, 67 N.Y.2d 138, 492 N.E.2d 116, 501 N.Y.S.2d 8 (NY 1986)

12.    CPLR §104 provides that "[t]he Civil Practice Law and Rules shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding."

13.    In the current matter there can be no doubt whatsoever that not only did the defendant have knowledge but also actively litigated in this proceeding by filing an Order to Show Cause in 2002 and several cross-motions since.

14.    An attorney's appearance constitutes an appearance by his client for purposes of jurisdiction. (CPLR §321; *National Loan Investors v. Piscitello*, 21 A.D.3d 537, 801 N.Y.S.2d 331 (2nd Dept. 2005).

15.    The filing of a notice of appearance waives any defects there may have been in the service of process. (*Schoonmaker v. Ford Motor Co.*, 79 A.D.2d 1067, 435 N.Y.S.2d 393 (3rd Dept. 1981) *citing* the Court of Appeals decision of *Everitt v. Everitt*, 4 N.Y.2d 13, 148 N.E.2d

891 (N.Y. 1958) (By interposing a general appearance, defendant waived her objection to jurisdiction of her person and foreclosed her subsequent effort to move specially.)

16.    Additionally, an appearance by a defendant in an action is deemed to be the equivalent of personal service of a summons upon him, and therefore confers personal jurisdiction over him, unless he asserts an objection to jurisdiction either by way of motion or in his answer. (*Ohio Savings Bank v. Munsey*, 34 A.D.3d 659, 826 N.Y.S.2d 321 (2nd Dept. 2006); *National Loan Investors v. Piscitello*, 21 A.D.3d 537, 801 N.Y.S.2d 331 (2nd Dept. 2005)

17.    In *Ohio Savings Bank v. Munsey* (*supra.*), the Second Department held, in a foreclosure action, that failure of defendant to move to dismiss the complaint on the ground of lack of personal jurisdiction or to assert a lack of personal jurisdiction in a proposed answer contemporaneously with defendant's appearance waives any claim of lack of jurisdiction.

18.    In the current matter, the Defendant appeared formally in this proceeding on December 9, 2002 made a motion by order to show cause to dismiss the complaint for lack of jurisdiction [CPLR §3211(a)(8)] and failed to appear on their own return date.

19.    Now, seven years after appearing in the foreclosure action, Defendant, by a different attorney, interposes a Cross-Motion in opposition to Plaintiff's motion for Judgment of Foreclosure and Sale, currently before the Court, raising jurisdiction as a defense.

20.    Plaintiff asserts that Defendant's failure to raise jurisdiction as a defense by the timely making of a motion to dismiss pursuant to CPLR §3211(a)(8) and by following through with same to its conclusion or by answer constitutes a waiver of any jurisdictional defense and that in addition to and alternatively Defendant's appearance in December 9, 2002 constitutes submission to the jurisdiction of the Court.

21. This affirmation is made and submitted for the purpose of establishing the regularity of this and all prior proceedings and for the purpose of obtaining final judgment in this foreclosure action.

22. Prior counsel's attorneys' fees of $11,500.00 and $1,582.00 for affirmant's attorney's fees totaling $13,082.00 are requested in this foreclosure action, that being a reasonable fee based on *quantum meruit* and actual time expended. Deponent respectfully states that such fees are reasonable in amount and that plaintiff is justly and equitably entitled to an award thereof pursuant to the note and mortgage which are the subject of this action.

23. Deponent is not a salaried employee of plaintiff.

24. By virtue of the defaults by defendant, the mortgagor, under the mortgage, deponent was retained by plaintiff to institute foreclosure proceedings.

25. Subsequent to due acceleration of the balance due on the mortgage, and when it appeared that no payments were forthcoming, deponent had the County Clerk's records searched in preparation for the foreclosure proceeding. Thereafter, and upon review of the foreclosure search, deponent prepared the summons, complaint and lis pendens and filed same with the Clerk of this County as aforesaid. The summons and complaint were subsequently served upon all of the parties defendant in this case.

26. Thereafter deponent prepared plaintiff's application to this court for the appointment of a referee to ascertain and compute the amount due to the plaintiff and to determine whether the mortgaged premises can be sold in one parcel. The order of reference was subsequently granted by this court as more fully appears in the Court's file.

27.    Thereupon, and after preparation and submission of the aforesaid order of reference, and after plaintiff's testimony was prepared and transmitted to the plaintiff for verification, the referee's oath and report was prepared, reviewed and submitted to the said Referee appointed herein to ascertain and compute the amount due and owing to plaintiff, exclusive of counsel fees, and to determine that the premises should be sold in one parcel.  A prerequisite to the preparation thereof was a consultation with plaintiff to prepare the testimony forming a part of the referee's report.

28.    Finally, deponent prepared the within final judgment of foreclosure and sale and affirmation in support thereof.

29.    Additional services which will be required by plaintiff's counsel include, among other items, preparation of the notice of sale, and service thereof, with a specific date certain for which publication and posting must be had in accordance with RPAPL Section 231, requiring publication to be made in a newspaper designated by the court for four consecutive weeks and posting of the notice of sale in three public places in the place which is the situs of the real property herein foreclosed as well as the applicable municipal entity in which the sale will be held.

30.    Thereafter, plaintiff's counsel must prepare the terms of sale, compute the upset price and communicate with plaintiff thereon; attend the foreclosure sale and submit the necessary terms of sale to the referee; arrange for the closing of title at the referee's office; review any possible title objections; submit the referee's deed and referee's report of sale, all of which plaintiff's counsel must prepare.  In the event there are insufficient monies realized from the sale, plaintiff's counsel must obtain the necessary certificates of appearance and of no

exceptions to the referee's report of sale for a deficiency judgment application, all of which plaintiff's counsel must prepare.

31.     It is respectfully submitted that counsel to plaintiff is entitled to such award of legal fees as this Court shall deem reasonable, based upon this affirmation. Specifically, prior counsels attorneys fees in the sum of $11,500.00 and affirmant's attorney's fees of $1,582.00 totaling $13,082.00 are requested, that amount being a reasonable fee based upon *quantum meruit* and actual time expended, consisting of $11,500.00 for prior counsel's attorney's fees and affirmant's attorney's fees of $582.00 which are based upon actual time reflected in the contemporaneous time records in the form of the billings to the plaintiff, copies of which are annexed hereto as collective **Exhibit "D"**, and $1,000.00 for affirmant's attorney's fees which are attributable to preparing and processing this judgment and attendance at sale and preparation of all closing documents including the report of sale.

32.     In this regard, we respectfully invite the Court's attention to the proposition that clauses in a mortgage making provision for legal fees in foreclosure are valid and have been repeatedly upheld. [See, *Bergman On New York Mortgage Foreclosures* §26.01, LexisNexis Matthew Bender (rev. 2009); *Security Mortg. Co. v. Powers*, 278 U.S. 149, 73 L.Ed. 236. *In Matter of American Motors Products Corp.* , 98 F.2d 774 (CA2, 1938). *Scheible v. Leinen*, 67 Misc.2d 457, 324 N.Y.S.2d 197 (1971); *Bowery Bank v. Hart*, 37 Misc. 412, revd. on other grounds 77 AD 121 (1902); 13 N.Y. Jur., Damages, (Sec.) 144, 146, 15 Carmody-Wait, New York Practice 2d, (Sec.) 92:506. 59 CJS Mortgages, (Sec.) 178, subd. d; (Sec.) 598, subd. b.] The test to be imposed is reasonableness, *Bergman On New York Mortgage Foreclosures* §26.01, LexisNexis Matthew Bender (rev. 2009); *Avco Financial Services Trust v. Bentley*, 116

Misc.2d 34, 455 N.Y.S.2d 62 (1982); *Fairfield Lease Corp. v. Marsi Dress Corp.*, 60 Misc.2d 363, 303 N.Y.S.2d 179 (1969).

We respectfully note that legal fees in this County are customarily and properly awarded in foreclosure actions based upon the affirmation or affidavit of counsel - as we urge should be the case here.

In any event, mindful that the fixing of attorneys' fees is a function of a number of factors, your affiant notes for the court that he is not an employee of plaintiff and was admitted to practice law in New York at the March term of the Second Department in 1970. Since 1977 I have devoted my practice almost exclusively to real property, and mortgage foreclosure in particular, and have written more than three hundred articles which have appeared in, among others, *New York Law Journal, Real Estate Review, New York State Bar Journal, The Practical Lawyer, Real Estate Weekly,* and *Journal of Property Management.* I write a regular real estate update column on mortgage foreclosure for the *New York Law Journal* as well as regular columns on mortgage foreclosure in the New York State Bar Association's *New York Real Property Law Journal* and *Servicing Management.* A complete list of my articles is annexed hereto for the Court's ready reference as **Exhibit "E"**.

Moreover, I am the author of the three volume text, *Bergman on New York Mortgage Foreclosures,* LexisNexis Matthew Bender (rev., 2009) and am also a contributor and consultant to the text *The Law of Distressed Real Estate*, published by West Publishing and have authored the chapter on mortgages in the *New York Lawyer's Deskbook* published in 1990 by the New York State Bar Association. I am also a consultant to *The New York Times* on mortgage law.

Still further, I am an Adjunct Associate Professor of Real Estate with the Real Estate Institute of New York University where I teach the course on mortgage foreclosure; a Special Lecturer in Law at Hofstra Law School and am a member of the American College of Real Estate Lawyers, the American College of Mortgage Attorneys and Scribes, the American Society of Writers on Legal Subjects. I have lectured on the subject of mortgage foreclosure for, among many others, judicial seminars ("judge's school"), New York's Court Attorneys, the New York State Bar Association, Nassau Academy of Law, National Business Institute, Professional Education Systems, Nassau-Suffolk Legal Services, Volunteers of Legal Services and the Consumer Bankers Association. I am a former Director and past four term Chairman of the Real Property Law Committee of the Nassau County Bar Association and former Associate Dean of the Nassau Academy of Law.

33.     As set forth in paragraph 20 of the mortgage herein foreclosed is the following language which supports plaintiff's entitlement to recompense for reasonable legal fees incurred:

> "That if an action or proceeding be commenced by the mortgage to foreclose this mortgage or to collect the indebtedness, the mortgagor agrees to pay the mortgagee as it's *reasonable* attorneys fees in connection with such action or proceeding, 15% of the unpaid balance of the indebtedness (less the statutory costs and allowances, if any), which fees shall be deemed to be secured by this mrtgage and may be collected in such foreclosure."

34.    The "WHEREFORE" clause in the complaint further refers to attorneys' fees.

35.    The customary fee charged by plaintiff's counsel for the handling of a foreclosure action such as the instant action is $485.00 per hour.  This entire foreclosure action, upon its complete consummation, will have reasonably engendered a legal fee of $13,082.00 for prior counsel attorney's fees and affirmant's attorney's fees, reflecting all of the tasks hereinbefore set forth and it is respectfully requested that the cited sum be granted by this Court both as a matter of mortgage contract as reasonable under the circumstances.

**WHEREFORE**, it is respectfully prayed that judgment issue in the form herewith submitted.

Dated: Garden City, New York
October 5, 2009

BRUCE J. BERGMAN

O:\BHPP Department Data\Foreclosure Department Data\Mari-Jo Sperling\J.F.S\CPC.1974 Realty.Amended.1009.wpd

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------X

THE COMMUNITY PRESERVATION CORPORATION,

                     Plaintiff

     - against -

1974 REALTY ASSOCIATES,

                            Defendants.

-------------------------------------------------------------X

**INDEX NO.: 21023/02**

**COST OF PLAINTIFF**

| COSTS | | DISBURSEMENTS | |
|---|---|---|---|
| Costs before note of issue | | Fee for Index Number CPLR §8018(a) | $ 170.00 |
| CPLR §8201 subd.1 | $ 200.00 | Clerk's fee, filing notice of pend. or attach. | |
| Allowance by statute | | CPLR §8018(e) §8021(A)12 | $ 35.00 |
| CPLR §8302(a)(b) | | Paid for Searches CPLR §8301(a)10 | $ 375.00 |
| Percentage on $200.00 at 10% | $ 150.00 | Serving copy of summons & complaint | |
| (not exceeding $200.00) | | CPLR §8011(c)1 §8301(d) | $ 60.00 |
| additional $800.00 at 5% | $ 50.00 | Fees for Publication CPLR §8301(a)3 | $ |
| (not exceeding $800.00) | | Fees for Serving supplemental summons & complaint | $ |
| | | Request for Judicial Intervention | $ 75.00 |
| additional $2,000.00 at 2% | $ | Paid Referee's Report CPLR §8301(a)12 | $ 50.00 |
| (not exceeding $2,000.00) | | Bankruptcy Disbursements | $ |
| additional $5,000.00 at 1% | $ | Filing Fees | $ 45.00 |
| (not exceeding $5,000.00) | | | |
| Allowance by statute | | | |
| CPLR §8302(d) | $ | | |
| Motion Costs | | | |
| CPLR §8202 | $ | | |
| | | | |
| COSTS | $ 400.00 | | $810.00 |
| DISBURSEMENTS | $ 810.00 | | |
| TOTAL | $ 1,210.00 | | |

STATE OF NEW YORK, COUNTY OF NASSAU SS:    **ATTORNEY'S AFFIRMATION**

     The undersigned, an attorney admitted to practice in the courts of this state, affirms: that he is the attorney(s) of record for the plaintiff in the above entitled action; that the foregoing disbursements have been or will necessarily be made or incurred in this action and are reasonable in amount and that copies of documents or papers as charged herein were actually and necessarily obtained for use.

     The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: October 5, 2009

                                BRUCE J. BERGMAN

**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
THE COMMUNITY PRESERVATION CORPORATION,

INDEX NO. 21023/02

                                          Plaintiff,

            -against-

1974 REALTY ASSOCIATES,

AFFIRMATION IN
OPPOSITION TO CROSS-
MOTION TO DISMISS

                                          Defendants.
-----------------------------------------------------------------------X

JONATHAN M. COHEN, an attorney admitted to practice in the Courts of this
State, hereby affirms the following to be true under the penalties of perjury:

1.      I am associated with the firm of Berkman, Henoch, Peterson & Peddy,
P.C., the attorneys for THE COMMUNITY PRESERVATION CORPORATION
(hereinafter "Plaintiff"), plaintiff in the above entitled action and am familiar with all the
facts and circumstances therein.

2.      I submit this Reply affirmation in further support of Plaintiff's Motion for
Judgment of Foreclosure and Sale and in opposition to Defendant 1974 Realty
Associates' (hereinafter the "Defendant") Cross-Motion to Dismiss made pursuant to
CPLR §3211(a)(8), to vacate the Order Appointing Receiver and for stay of the Receiver
taking possession dated July 30, 2009.

3.      Plaintiff incorporates the documents already on file with the Court
annexed to Plaintiff's Motion for Judgment of Foreclosure and Sale and Plaintiff's
Amended Notice of Motion for Judgment of Foreclosure and Sale and respectfully
requests the Court to make reference to the Plaintiff's Motion for the exhibits annexed
thereto as these will not be redundantly added herein.

4.      Defendant's Motion to Dismiss pursuant to CPLR §3211(a)(8) is made in contravention of CPLR §3211(a)(8) as it is untimely and is thus barred and should be denied and dismissed as a matter of law as well as for all of the reasons detailed below.

5.      This matter has had a long, convoluted and heavily litigated procedural history complicated by the fact that Defendant, a limited partnership, has had infighting amongst its partners for control of the limited partnership causing a separate action, motions to intervene, motions to be relieved as counsel by Defendant's attorneys, motions before the Second Appellate Division for stay, etc., and by Plaintiff's sincere good faith efforts to resolve this matter with the Defendant. I have attempted to concisely set forth the procedural history of this matter below. The Court should note that settlement negotiations were ongoing in this matter for years and caused Plaintiff to withdraw several motions without prejudice prior to said withdrawn motions being considered by the Court.

## PROCEDURAL HISTORY

6.      On May 28, 2002, Plaintiff, by its then attorneys Certilman, Balin, Adler & Hyman, LLP, (hereinafter "Certilman Balin") filed its summons and complaint and notice of pendency (lis pendens) regarding the default of Defendant in failing to satisfy the terms, requirements and conditions necessary for conversion to permanent financing by April 1, 1999 and the fact that the default continued beyond any applicable grace period.

7.      On July 25, 2002, Plaintiff's process servers served Defendant with a copy of the summons and complaint by service upon Mary Pena, who advised the process

server, Robert Winckelmann, that she was the office manager and authorized to accept service on behalf of Defendant. A copy of the Affidavit of Service of Robert Winckelmann, sworn to on July 26, 2002, is annexed hereto as Exhibit "A".

8.     On September 13, 2002, an Order of Reference was granted and a notice of entry was served on the owner of the equity of redemption (i.e. the Defendant) per the Order of Reference. A copy of the Order of Reference is annexed hereto as Exhibit "B".

9.     On October 7, 2002, an Order Appointing Temporary Receiver in Mortgage Foreclosure action was granted. A copy of the Order Appointing Temporary Receiver is annexed hereto as Exhibit "C".

10.     On November 20, 2002, Hon. Joseph J. Dowd, J.S.C., amended the October 7, 2002, Order Appointing Temporary Receiver to so that Michael Freeman, Esq., was the named receiver. A copy of the November 20, 2002, order is annexed hereto as Exhibit "D".

11.     On December 9, 2002, Defendant brought an Order to Show Cause to vacate its alleged default and to vacate the Receiver Order on the grounds of lack of jurisdiction. A copy of the Order to Show Cause without exhibits is annexed hereto as Exhibit "G".

12.     The Order to Show Cause, originally returnable on January 8, 2003, was adjourned four times and then marked off by the Court for failure of Defendant to appear on May 14, 2003. A copy of the E-Law print out showing the adjournments and the marking off of Defendant's Order to Show Cause is annexed hereto as Exhibit "H".

13.     On or about November 25, 2003, well after the time for doing so had expired (almost a year and a half after service of the summons and complaint),

Defendant, by its first set of attorneys, Starr Associates, LLP, (hereinafter "Starr") served and filed its Third Party Summons, Answer and Third Party Complaint wherein one of Defendant's alleged affirmative defenses was lack of service. Defendant had not requested an extension of time to submit an answer nor filed a motion with the Court for an order vacating its default in appearing and permitting it to file and serve a late answer. A copy of the Third Party Summons, Answer and Third Party Complaint is annexed as Exhibit "E".

14.     In a Notice of Return filed by Plaintiff, dated December 4, 2003, Plaintiff rejected Defendant's attempted service of an unauthorized late answer as a nullity as the time to answer had expired. A copy of the Notice of Return is annexed hereto as Exhibit "F".

15.     On or about December 3, 2003, PR&PR Realty Corp. (hereinafter "PR") made a motion to intervene in the foreclosure action. Defendant is/was made up of two general partners, PR&PR Realty Corp. and Mirwood Friends Development Corp. As Hon. Jules L. Spodek, J.S.C., stated in his March 31, 2004, decision:

> "Currently before this Court, is a motion by PR seeking to intervene in this foreclosure action for the following reasons: (1) the interests of PR are not being properly represented and PR will be bound and adversely affected by any judgment; (2) Poole [Jonathan Poole, President of PR and limited Partner of 1974 Realty Associates] has not cooperated with attempts to arbitrate internecine partnership strife; (3) Poole has failed to disclose important matters relating to the foreclosure to the Court; and (4) Poole and Rosedale [a management company] failed to comply with the conditions and demands of the limited partnership agreement or to account for missing funds."

A copy of the March 31, 2004, decision is annexed hereto as Exhibit "I".

16.    On or about January 7, 2004, Plaintiff submitted an application for Judgment of Foreclosure and Sale.

17.    On or about January 21, 2004, Defendant filed a motion to dismiss for non-discovery.

18.    On February 11, 2004, Plaintiff's application for Judgment of Foreclosure and Sale and Defendant's motion to dismiss were withdrawn. A copy of the stipulation of withdrawal that incorrectly states that it was a motion for summary judgment when it was in actuality a motion for Judgment of Foreclosure and Sale is annexed hereto as Exhibit "J".

19.    On March 31, 2004, Judge Spodek, after receiving Plaintiff's and Jonathan Poole's oppositions denied PR's motion to intervene holding that PR had not demonstrated its reasons for requesting the right to intervene and to have anything to do directly with the foreclosure action. (See Exhibit "I")

20.    Plaintiff, by its then attorneys Certilman Balin, in an overabundance of caution directed its process server Service for Lawyers to serve Defendant a second time by serving Jonathan Poole as President of PR&PR Realty Corp., general partner and managing partner of Defendant 1974 Realty Associates by in-hand service.

21.    On October 27, 2004, as attested to by the sworn Affidavit of Service of Robert Winckelmann, Defendant 1974 Realty Associates was served with a copy of Plaintiff's summons and verified complaint by service on Jonathan Poole as President of PR&PR Realty Corp., general partner and managing partner of Defendant 1974 Realty Associates. Jonathan Poole was served by service upon a concierge at 245 East 19th Street, New York, New York 10019 (Jonathan Poole's residence) and thereafter, on

October 27, 2004, was mailed with a copy of the summons and verified complaint by first class mail at Mr. Poole's residence in an envelope marked "Personal and Confidential" not indicating thereon that the communication was from an attorney or concerned an action and deposited said envelope in a post office official depository under the exclusive care and custody of the United States Postal Service within New York State. A copy of Mr. Winckelmann's affidavit is annexed hereto as Exhibit "K". The Affidavit of David S. Berg, annexed hereto as Exhibit "L", attests to the due diligence of the process server at making in-hand service of the summons and verified complaint on Jonathan Poole as as President of PR&PR Realty Corp., general partner and managing partner of Defendant 1974 Realty Associates.

22.    On or about March 2, 2005, Plaintiff submitted an application for Judgment of Foreclosure and Sale that was later withdrawn without prejudice on July 8, 2005.

23.    On April 29, 2009, Plaintiff filed a motion for Judgment of Foreclosure and Sale. The time between the motion for Judgment of Foreclosure and Sale that was withdrawn on July 8, 2005 and the current application was spent in settlement negotiations with Defendant.

24.    On July 30, 2009, Defendant filed its Cross-Motion to Dismiss made pursuant to CPLR §3211(a)(8), to vacate the Order Appointing Receiver and for stay of the Receiver taking possession.

25.    Defendant's Cross-Motion to Dismiss made pursuant to CPLR §3211(a)(8) should be denied as a matter of law as it is untimely. However, in the case

that this Court determines to explore the merits or lack thereof of same, Plaintiff will address the allegations made in Defendant's Cross-Motion.

## ARGUMENT

### I. DEFENDANT'S MOTION TO DISMISS THE ACTION FOR LACK OF JURISDICTION PURSUANT TO CPLR §3211(a)(8) IS BARRED AS UNTIMELY

26.      CPLR §3211 provides, in pertinent part, the following:

"McKinney's CPLR Rule 3211

(a) Motion to dismiss cause of action. A party may move for judgment dismissing one or more causes of action asserted against him on the ground that:

8. the court has not jurisdiction of the person of the defendant; or

(e) Number, time and waiver of objections; motion to plead over. At any time before service of the responsive pleading is required, a party may move on one or more of the grounds set forth in subdivision (a), and no more than one such motion shall be permitted. Any objection or defense based upon a ground set forth in paragraphs one, three, four, five and six of subdivision (a) is waived unless raised either by such motion or in the responsive pleading. A motion based upon a ground specified in paragraph two, seven or ten of subdivision (a) may be made at any subsequent time or in a later pleading, if one is permitted; an objection that the summons and complaint, summons with notice, or notice of petition and petition was not properly served is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading, unless the court extends the time upon the ground of undue hardship. The foregoing sentence shall not apply in any proceeding under subdivision one or two of section seven hundred eleven of the real property actions and proceedings law. The papers in opposition to a motion based on improper service shall contain a copy of the proof of service, whether or not previously filed. An objection based upon a ground specified in paragraph eight or nine of subdivision (a) is waived if a party moves on any of the grounds set forth in subdivision (a) without raising such objection or if, having made no objection under subdivision (a), he or she does not raise such objection in the responsive pleading.

(f) Extension of time to plead. Service of a notice of motion under subdivision (a) or (b) before service of a pleading responsive to the cause of action or defense sought to be dismissed extends the time to serve the pleading until ten days after service of notice of entry of the order."

27.    Defendant's filing of a motion to dismiss pursuant to CPLR §3211(a)(8) is well after the time for service of a responsive pleading to Plaintiff's complaint has expired. It is therefore untimely and should not be considered.

28.    Additionally, Defendant's actions in this matter constitute a waiver of the CPLR §3211(a)(8) objection to jurisdiction in that Defendant first raised service as an issue in an Order to Show brought by Defendant in December 9, 2002, which was marked off the Court's calendar as Defendant failed to appear to pursue the requested relief.

29.    Since December 9, 2002, Defendant failed to renew its request to vacate its default in appear, failed to make any request to submit a late answer and otherwise failed to make a timely application for dismissal based on service.

30.    Defendant's failure to make a timely motion for dismissal based on service should be deemed a waiver. Defendant should not be allowed to state SEVEN (7) YEARS later that there is a problem regarding jurisdiction when Defendant appeared in the foreclosure action in 2002.

## II. DEFENDANT'S ACTIVITY IN THIS ACTION AMOUNTS TO AN APPEARANCE THUS WAIVING THE DEFENSE OF LACK OF JURISDICTION

31.    Defendant thirteenth hour CPLR §3211(a)(8) for lack of service is moot due to Defendant's appearance in this proceeding by filing numerous motions as set forth in the procedural history outlined above.

32.    An attorney's appearance constitutes an appearance by his client for purposes of jurisdiction. (CPLR §321; National Loan Investors v. Piscitello, 21 A.D.3d 537, 801 N.Y.S.2d 331 (2nd Dept. 2005))

33.    Defendant's appearing in this action by filing the Order to Show Cause dated December 9, 2002, raising the allegation of lack of jurisdiction and then abandonment of that Order to Show Cause and abandonment of the allegation is deemed to be the equivalent of personal service of a summons upon Defendant, and therefore confers personal jurisdiction over Defendant, unless Defendant asserts an objection to jurisdiction either by way of a timely motion or in a timely answer. (Ohio Savings Bank v. Munsey, 34 A.D.3d 659, 826 N.Y.S.2d 321 (2nd Dept. 2006); National Loan Investors v. Piscitello, 21 A.D.3d 537, 801 N.Y.S.2d 331 (2nd Dept. 2005))

34.    In Ohio Savings Bank v. Munsey (supra), the Second Department held, in a foreclosure action, that failure of defendant to move to dismiss the complaint on the ground of lack of personal jurisdiction or to assert a lack of personal jurisdiction in a proposed answer contemporaneously with defendant's appearance waives any claim of lack of jurisdiction.

35.    In the current matter, the Defendant appeared by filing an order to show cause on December 9, 2002, in which lack of jurisdiction was raised and then abandoned when Defendant abandoned that order to show cause thus waiving any claim to lack of jurisdiction.  The Court should consider that an appearance and the decision to forego making a motion to dismiss the complaint for lack of jurisdiction (CPLR §3211(a)(8)) and following same through to conclusion.

36.    Now, SEVEN (7) YEARS, Defendant, by a different attorney, interposes the untimely CPLR §3211(a)(8) Cross-Motion to Dismiss currently before the Court, raising jurisdiction as a defense.

### III. Service on Defendant was proper

37.    CPRL §311 provides, in pertinent part, that "service upon a corporation...shall be made by delivering the summons...upon any domestic or foreign corporation to an officer."

38.    While CPLR §311 requires that service on the officer of a corporation be by in-hand service and generally excludes service by deliver and mail (see CPLR §308(2)), an exception to the requirement of in-hand service on a corporate officer of a corporation exists when the proper recipient resists service. (PERSONNEL SYSTEMS INTERNATIONAL, INC. v. CLIFFORD R. GRAY, INC., 146 A.D.2d 831, 536 N.Y.S.2d 237 (3rd Dept. 1989))

39.    In PERSONNEL SYSTEMS INTERNATIONAL, INC. v. CLIFFORD R. GRAY, INC. (supra), the plaintiff's process server was attempting to serve the corporation by service on a corporate president who refused to open his door at his home to receive process.  The Third Department determined that the process server properly left process inside the handle of the screen door.  The Third Department held that where resistance occurs, leaving process in the vicinity of the person to be served will suffice.

40.    In the current matter, the process server after making numerous attempts to serve Jonathan Poole by in-hand service, as attested to by the sworn affidavit of David Berg (see Exhibit "K"), made a final attempt to serve Jonathan Poole at his residence but

was unable to go to Jonathan Poole's door because the concierge barred the way. When asked, the concierge stated that he was authorized to accept service for Jonathan Poole.

41.    Plaintiff asserts that due to the actions of the concierge in barring away the closest that Robert Winckelmann could get (the vicinity of Jonathan Poole) was to the concierge and that service on the corporation was therefore valid. As service on the corporation which was a general partner and managing partner of Defendant was valid, service on Defendant was therefore valid.

42.    Thus, the Court has jurisdiction over the Defendant.

## IV.  The Receiver should not be stayed

43.    The Mortgage signed by Defendant (already in the Court's file) expressly provides in paragraph 14, "The mortgagee, in any action to foreclose this mortgage shall be entitled to the appointment of a receiver without notice."

44.    The Mortgage signed by Defendant (already in the Court's file) expressly provides in paragraph 15, "That any such receiver shall be entitled to take possession of the premises from the owner, tenants and/or occupants of the whole or any part thereof and to collect and receive the rents and profits and the value of the use and occupation of the premises or any part thereof from the owner, tenants and/or occupants thereof for the benefit of the mortgagee."

45.    It is important for the Court to note that RPL Section 254 Subdivision 10 construes such language as follows:

"10.  Mortgagee entitled to appointment of a receiver. A covenant 'that the holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver,' must be construed as meaning that the mortgagee, his heirs, successors or assigns, in any action to foreclose the mortgage, shall be entitled, without notice and without regard to adequacy of any security of the debt, to the appointment of a receiver of the rents and profits of the premises

covered by the mortgagee; and the rents and profits in the event of any default or defaults in paying the principal, interest, taxes, water rents, assessments or premiums of insurance, are assigned to the holder of the mortgage as further security for the payment of the indebtedness." (Emphasis supplied)

46.     That plaintiff is entitled to the appointment of a Receiver, without notice, is made absolutely clear not only by the mortgage, but by the cited statutory construction of the mortgage provision, i.e., RPL Sec. 254(10).

47.     Moreover, this issue has been litigated and the courts have held that the language in the subject mortgage does indeed mean the plaintiff is entitled to the appointment of a receiver without notice.   In this regard, the Court's attention is respectfully invited to the rulings in the following cases: The East New York Savings Bank v. 924 Columbus Associates, 628 N.Y.S.2d 642 (1st Dept. 1995); State Street Bank and Trust Company v. Broadway/St. Nicholas, 625 N.Y.S.2d 217 (1st Dept. 1995); Crossland Sav., FSB v. LoGuidice-Chatwal Real Est. Inv. Co.,549 N.Y.S.2d 697 (1st Dept. 1990); 366 Fourth St. Corp. V. Foxfire Enterprises, 149 A.D.2d 692, 540 N.Y.S.2d 489 (2d Dept. 1989); Baker v. Bloom, 146 A.D.2d 859, 536 N.Y.S.2d 267 (3rd Dept. 1989); Clinton Capital Corp. V. One Tiffany Place Developers, Inc., 112 A.D.2d 911, 492 N.Y.S.2d 427 (2d Dept. 1985); Kestenberg v. Platinum Properties Corp., 112 A.D.2d 268, 491 N.Y.S.2d 670 (2d Dept. 1985); Holmes v. Gravenhorst, 238 App. Div. 313, 263 N.Y.S. 738, reversed on other grounds, 263 N.Y. 148, 188 N.E. 258, 91 A.L.R. 1230 (2d Dept. 1933); Home Title Ins. Co. V. Isaac Scherman Holding Corp., 240 App. Div. 851, 267 N.Y.S. 84 (2d Dept. 1933); Febbraro v. Febbraro, 70 A.D.2d 584, 416 N.Y.S.2d 59 (2d Dept. 1979); Mandel v. Nero, 52 Misc.2d 604, 277 N.Y.S.2d 247 (1967); Wolf v. 120

Middleton Realty Corp., 221 N.Y.S.2d 110 (1961); Ardeb Realty Corp. V. East Estates, Inc.,12 Misc.2d 167, 178 N.Y.S.2d 972 (1957).

48.    Not incidentally, this ex parte aspect has also resisted constitutional challenge.  See Friedman v. Gerax Realty Associates, 100 Misc.2d 820, 420 N.Y.S.2d 247 (1979); Massachusetts Mut. Life Ins. V. Avon Associates, Inc., 83 Misc.2d 829, 373 N.Y.S.2d 464 (1975); City Partners Ltd. BMG v. Jamaica Savings Bank, 454 F. Supp. 1269 (E.D.N.Y. 1978).

49.    Defendant failed to comply with the provisions of the mortgage by failing to satisfy with the requirements necessary for conversion to permanent financing by April 1, 1999.  Defendant did not submit an answer as previously stated and failed to timely bring a motion to dismiss and then failed to prosecute the Order to Show Cause that Defendant filed in 2002.

50.    Defendant, not making any mortgage payments, while collecting a great deal of rent, now cry foul because the Receiver allegedly improperly retained a management company to assist him in his duties..

51.    Defendant's allegations are frankly frivolous and should not impair the Receiver appointed by this Court from acting in accordance to the Court's direction.

52.    In determining that a Receiver should be appointed, the Court looked at the Note and Mortgage and considered the law of the State of New York regarding the appointment of Receivers and correctly determined that the appointment of a Receiver was warranted.

53.    The facts and the law have not changed and Plaintiff respectfully requests that the current receiver be allowed to proceed with his duties and perform them as directed by the Court.

## CONCLUSION

54.    Plaintiff respectfully re-asserts the request for relief made in its motion for Judgment of Foreclosure and Sale as amended by the Amended Notice of Motion.

**WHEREFORE** Plaintiff respectfully requests that Plaintiff's Motion for Judgment of Foreclosure and Sale be granted in its entirety, together with such other and further relief as to this Court deems just, proper and equitable.

Dated: September 16, 2009
      Garden City, New York

                                  Jonathan M. Cohen, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X

THE COMMUNITY PRESERVATION CORPORATION,

                              Plaintiff,

- against -

1974 REALTY ASSOCIATES,

                          Defendants.
-------------------------------------------------------------------X

**INDEX NO.: 21023/02**

**AMENDED NOTICE OF MOTION FOR JUDGMENT OF FORECLOSURE AND SALE**

    **PLEASE TAKE NOTICE** that upon the Summons and Verified Complaint filed in the Office of the Clerk of the County of KINGS on May 28, 2002 and upon the Notice of Pendency of Action filed in the Office of the Clerk of the County of KINGS on May 28, 2002 and re-filed on November 7, 2007, and upon the annexed Referee's Oath and Computation and Report of Referee to Compute of BARBARA S. ODWAK, ESQ., dated October 15, 2002, the original of which is filed with the Court, and upon the affirmation of BRUCE J. BERGMAN, ESQ., dated October 5, 2009 and the exhibits annexed thereto, Plaintiff will move before this Court before the Hon. Francois A. Rivera ,J.S.C. at the Supreme Courthouse, **360 Adams Street, Motion Trial Term 52, Brooklyn, New York**, on the **23rd day of October 2009** at 9:30 o'clock in the forenoon of that day or as soon thereafter as counsel can be heard, for a **JUDGMENT OF FORECLOSURE AND SALE,** amended from the proposed order included in Plaintiff's pending motion to include as part of Plaintiff's requested relief that the Court deem the service of Jonathan Poole, as President of PR & PR Realty Corp., a general partner of 1974 Realty Associates timely and proper service *nunc pro tunc* to October 27, 2004 and granting Plaintiff its motion for a **JUDGMENT OF FORECLOSURE AND SALE** that includes such additional relief.

**PLEASE TAKE FURTHER NOTICE,** that pursuant to CPLR §2214(b) answering affidavits, if any, are required to be served upon the undersigned at least two (2) days before the return date of this motion.

Dated: Garden City, New York
      October 5, 2009

            Yours, etc.,

            BERKMAN, HENOCH, PETERSON & PEDDY, P.C.

            By:
            Bruce J. Bergman
            Attorneys for Plaintiff
            100 Garden City Plaza
            Garden City, New York 11530
            (516) 222-6200

TO:
Michael R. Bush, Esq.
Einig & Bush, LLP
Attorneys for Defendant
1974 Realty Associates
420 Lexington Avenue, Suite 2320
New York, New York 10170

The City of New York Department of
Housing Preservation and Development
100 Church Street
New York, New York 10007
Attention: Karen Ross

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
THE COMMUNITY PRESERVATION CORPORATION,

                                             Plaintiff,

              - against -

1974 REALTY ASSOCIATES,

                                   Defendants.
-------------------------------------------------------------------X

**INDEX NO.: 21023/02**

**AFFIRMATION IN
SUPPORT OF MOTION
FOR JUDGMENT OF
FORECLOSURE AND SALE**

      BRUCE J. BERGMAN, an attorney duly admitted to practice before the courts of the State of New York, hereby affirms the following under penalties of perjury and states:

    1.    I am the attorney for the plaintiff in this foreclosure action which was initiated prior to September 1, 2008.

    2.    This matter is a foreclosure action on premises used for commercial purposes and thus, is not a subprime home loan as defined in section 1304 of the real property actions and proceedings law <u>nor</u> is it a high cost home loan as defined in section 6-l of the banking law. Moreover, the borrower is not a natural person which immediately removes the action from any definition of high cost or subprime home loan.

    3.    Accordingly, notice to the defendant regarding the availability of a settlement conference is <u>not</u> required in this action and I respectfully request that the plaintiff be granted a **JUDGMENT OF FORECLOSURE AND SALE** in this matter.

Dated: Garden City, New York
        October 5, 2009

                                         BRUCE J. BERGMAN

At Motion Trial Term 52 of the Supreme Court of
the State of New York held in and for the County of
KINGS at the Courthouse at Civic Center,
Brooklyn, New York, on the _____ day of
_____, 2009

Present:

Honorable _____**FRANCOIS A. RIVERA**_____
                                       Justice

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------X

THE COMMUNITY PRESERVATION CORPORATION,    **INDEX NO.: 21023/02**

                                    Plaintiff,      **AMENDED JUDGMENT**

        - against -                             **OF FORECLOSURE AND
SALE**

1974 REALTY ASSOCIATES,                  **Foreclosure of:**
                                            **1974 51st Street, Brooklyn, N.Y.**
                        Defendants.    **Block 5469 Lot 35**

-----------------------------------------------------------------X

Upon the summons, verified complaint and notice of pendency duly filed in this action

on the 28th day of May, 2002 and the notice of pendency which was duly re-filed in this action

on the 7th day of November, 2007, the Order of Reference dated September 13, 2002, and all

proceedings thereon, and on reading and filing the affirmation of Bruce J. Bergman, Esq.,

counsel for plaintiff dated the 29th day of April, 2009 and the affirmation of Bruce J. Bergman

dated the 5th day of October, 2009; from which it appears that each of the defendants herein have

been duly served with the summons and complaint in this action, or have voluntarily appeared

personally or by their respective attorneys, and stating that more than the legally required

number of days had elapsed since said defendants were so served and/or appeared; and that none

of the defendants had served any answer to said complaint, nor had their time to do so been

extended except the order to show cause filed by the defendant to stay the enforcement of the

order appointing a temporary receiver and which order to show cause has no effect on the instant

application, although their time to do so has expired and has not been extended by court order or otherwise; and that the complaint herein and notice of pendency containing all the particulars required to be stated herein was duly filed in the Office of the Clerk of the County of Kings on the 28th day of May, 2002, and has not been amended to add new parties or to embrace real property not described in the original complaint, and a Referee having been duly appointed to compute the amount due to the plaintiff upon the note and mortgage set forth in the complaint and to examine and report whether the mortgaged premises can be sold in parcels,

AND, on reading the report of BARBARA S. ODWAK, ESQ., the Referee named in said order of reference, by which report, dated the 15th day of October, 2002, attached hereto, it appears that the sum of $1,871,317.86 was due as of September 30, 2002, and that the mortgaged premises should be sold in one parcel,

NOW, upon proof of due notice of this application upon all parties who have not waived the same,

ON MOTION of BERKMAN, HENOCH, PETERSON & PEDDY, P.C., attorneys for the Plaintiff, it is

**ORDERED**, that the motion is granted; and it is further

**ORDERED, ADJUDGED AND DECREED** that service of process on Jonathan Poole, as President of PR & PR Realty Corp., a general partner of 1974 Realty Associates and managing partner of 1974 Realty Associates is deemed *nunc pro tunc* timely, valid and proper service as of October 27, 2004 and the Court has jurisdiction;  and it is further

**ORDERED, ADJUDGED AND DECREED** that said Report of Barbara S. Odwak, Esq., dated October 15, 2002, be, and the same is hereby in all respects ratified and confirmed; and it is further

**ORDERED, ADJUDGED AND DECREED** that the above-described mortgaged premises or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale and the costs of this action as provided by the Real Property Actions and Proceedings Law be sold, in one parcel, at public in Room 261 of Kings County Supreme Court, 360 Adams Street, Brooklyn, New York 11201, on a Thursday afternoon at 3:00 P.M., by and under the direction of Barbara S. Odwak, Esq. who is hereby appointed Referee for that purpose, that the said Referee shall set the date of sale and give public notice of the time and place of sale in according with RPAPL 231 in _____; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee shall accept at such sale the highest bid offered by a bidder, who shall be identified upon the court record, and shall require that such successful bidder immediately pay to the Referee in cash or certified or bank check payable to such Referee, ten percent of the sum bid and shall execute Terms of Sale for the purchase of the premises, unless such successful bidder is the plaintiff herein, in which case, no deposit against the purchase price shall be required; and it is further

**ORDERED, ADJUDGED AND DECREED** that in the event that the first successful bidder fails to immediately pay the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the subject property, the property shall thereafter immediately, on the same day, be reoffered at auction; and it is further

**ORDERED, ADJUDGED AND DECREED** that the closing of title shall take place at the office of the Referee or at such other location as the Referee shall determine within forty-five days after such sale unless otherwise stipulated by all parties. The Referee shall transfer title only to the successful bidder at the auction. Any delay or adjournment of the closing date beyond forty-five days may be stipulated among the parties, with the Referee's consent, up to

ninety days from the date of sale, but any adjournment beyond ninety days may be set only with the approval of this Court; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee deposit all funds received pursuant to this Order in his/her own name as Referee in Referee's I.O.L.A. account maintained for legal clients at a bank within the City of New York or in an FDIC-insured bank of the Referee's choice within the City of New York (or in _____ Bank); and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee on receiving the proceeds of such sale shall forthwith pay therefrom:

FIRST:    The statutory fees and commissions of said Referee pursuant to CPLR §8003(b) which shall not exceed $500.00 unless the sale price (the amount of the accepted bid) exceeds $50,000.00.  In the event the sale price exceeds $50,000.00 and additional compensation (including commissions) in excess of $500.00 is sought pursuant to CPLR §8003(b), and if no surplus monies are produced by the sale, the parties may present a stipulation, signed by the Referee and all parties appearing, agreeing to a stated sum, to be so-ordered by the Court.  Where surplus monies will be available following distribution of sums as provided herein, or where the parties are unable to agree to the Referee's proper compensation under CPLR §8003(b), application shall be made to this Court on notice to all parties known to be entitled to claim against any surplus monies, including the defaulting owner of the equity of redemption.  Such application shall be promptly submitted to the Court within five days of the transfer of the deed and prior to filing the Report of Sale.  The five day period for payment of surplus money into the Court

as set forth in RPAPL §1354(4), and the thirty day period set forth in RPAPL §1355 for the filing of the Report of Sale shall be deemed extended pending the decision of the Court regarding such application.

In the event a scheduled sale is cancelled or postponed, pursuant to CPLR §8003(a), plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation unless the Referee has requested the delay. Such compensation may be recouped from the proceeds of sale as a cost to plaintiff. This Order shall constitute the necessary prior authorization for compensation as set forth herein.

No compensation in excess of $550.00, including compensation authorized pursuant to CPLR §8003(a) for computation of the sum due to plaintiff, may be accepted by the Referee without Court approval and compliance with the filing provisions of Section 36.4 of the Rules of the Chief Judge.

SECOND: The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale.

THIRD: Pursuant to Real Property Actions and Proceedings Law §1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the foreclosed mortgage, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment. The Referee shall pay the amount of any lien or liens upon the premises to be sold at the time of such sale for taxes, assessments, water rates

and sewer rents, together with such interest up to the date of payment, together with any and all sums which may be necessary to redeem the property so sold from any and all sales, unpaid taxes, assessments, water rates, and any sums expanded for the protection, preservation, security or maintenance of the property, including, but not limited to, fire insurance and property inspections. The Referee shall pay or refund to the plaintiff, if paid by it, any of the aforementioned sums.

FOURTH:  The Referee shall then pay to the plaintiff or his attorney the sum of $_____ for costs and disbursements in this action to be taxed by the Clerk of this Court and inserted herein, with interest from the date hereof, together with an extra allowance of $300.00 hereby awarded to the plaintiff in addition to costs and disbursements, with interest thereon from the date hereof, and also the sum of $_____ being the amount reported due as aforesaid, together with interest thereon pursuant to the Note from October 1, 2002, the date the interest was calculated to in said Report, to the date of entry of this judgment and thereafter at the statutory post-judgment rate to the date of transfer of title, or so much thereof as the purchase money of the mortgages premises will pay of the same, together with $_____ hereby awarded to the plaintiff as reasonable legal fees, together with any advances as provided for in the note and mortgage which plaintiff may have made for taxes, insurance, principal and interest and any other charges due to prior mortgages or to maintain the premises pending consummation of this foreclosure sale, not previously included in the computation, upon presentation to the Referee of receipts for said

expenditures, all together with interest thereon pursuant to the note and mortgage as above provided. Copies of such receipts shall be annexed to the Referee's Report of Sale. Plaintiff shall timely move to confirm the Referee's Report of Sale pursuant to RPAPL §1355; and it is further

**ORDERED, ADJUDGED AND DECREED** that in case the plaintiff be the purchaser of said mortgage premises at said sale, said Referee shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver only to the plaintiff a deed of the premises sold upon the payment to said Referee of the sum awarded to him or her under the above provisions marked "FIRST", "SECOND" and "THIRD" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments to the Referee for compensation and expenses, taxes, assessments, sewer rents, water rates, and priority liens of a city agency, shall be allowed to the plaintiff and applied by said Referee upon the amounts due to the plaintiff as specified in item marked "FOURTH". If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to said Referee, upon delivery to plaintiff of Referee's deed, the amount of such surplus, which shall be applied by the Referee, upon motion made pursuant to RPAPL §1351(3) and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the property, pursuant to RPAPL §1354(3), which payment shall be reported in the Referee's Report of Sale. Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with RPAPL §1354(4) and the Referee

shall immediately give notice of such surplus to the owner of the mortgaged premises as identified by plaintiff at the time of the sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee take the receipt of the plaintiff or plaintiff's attorney for the amounts paid as hereinbefore directed in item marked "FOURTH", and file it with his/her Report of Sale, that he/she deposit the surplus monies, if any, with the Kings County Clerk within five days after the same shall be received unless such period be deemed extended by the filing of an application for additional compensation as set forth herein, to the credit of this action, to be withdrawn only upon order of the Court, signed by a Justice of the Court; that said Referee make his/her Report of such Sale under oath showing the disposition of the proceeds of the sale, accompanied by the vouchers of the persons to whom payment was made, and file it with the Kings County Clerk, with a copy to the Chambers of the Appointing Justice, within thirty days  after completing the sale and executing the proper conveyance to the purchase or within thirty days of the decision of the court with respect to any application for additional compensation; and it is further

**ORDERED, ADJUDGED AND DECREED** that if the proceeds of such sale be insufficient to pay the amount reported due to the plaintiff with interest and costs as aforesaid, the plaintiff may recover from the defendant, 1974 REALTY ASSOCIATES, the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after the sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371of the Real Property Actions and Proceeding Law within 90 days of the delivery of the deed by the Referee, and the amount thereof is determined and awarded by an Order of this Court as provided for in said action; and it is further

**ORDERED, ADJUDGED AND DECREED** that the purchaser or purchasers at said sale be let into possession on production or delivery of Referee's deed or deeds; and it is further

**ORDERED, ADJUDGED AND DECREED** that each and all of the defendants in this action, and all persons claiming under any of them after the filing of such Notice of Pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED** that said premises is to be sold in one parcel in "as is" physical order and condition on the day of sale, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show, any covenants, restrictions, declarations, reservations, easements, right of way and public utility agreements of record, any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of sale, any rights of tenants or persons in possession of the subject premises, prior liens of record, if any, except those liens addressed in Section 1354 of the Real Property Actions and Proceedings Law, and any equity of redemption of the United States of America to redeem the premises within 120 days from the date of sale.  Risk of loss shall not pass to purchaser until closing of title; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the plaintiff be granted any further relief to which the Court shall deem the plaintiff to be entitled.

**ORDERED,** that in Absence of the Referee, the Court may designate a Substitute Referee forthwith; and it is further

**ORDERED**, that the Referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge, and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the Appointing Judge forthwith; and it is further

**ORDERED**, that a copy of this Judgment with Notice of Entry shall be served upon the designated Referee, the owner of the equity of redemption as of the date of this Judgment, any tenants named in this action and any other party entitled to notice within twenty days of entry and no less than thirty days prior to sale; and it is further

**ORDERED**, that the Plaintiff shall serve a copy of the Notice of Sale upon the Ex Parte Office at least ten (10) days prior to the schedule sale; and it is further

**ORDERED**, that the CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT be added to the caption of this action as a necessary party defendant and that the caption of this action should read as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
THE COMMUNITY PRESERVATION CORPORATION,           **INDEX NO.: 21023/02**

                                    Plaintiff,

           -against-

1974 REALTY ASSOCIATES, THE CITY OF NEW YORK
DEPARTMENT OF HOUSING PRESERVATION AND
DEVELOPMENT,
                                    Defendants.
-------------------------------------------------------------------X

**ORDERED, ADJUDGED AND DECREED** that the premises be sold subject to:

(a)     Any state of facts that an inspection of the premises would disclose;

(b)     Any state of facts that an accurate survey of the premises would show;

(c)     Covenants, restrictions, easements and public utility agreements of record, if any;

(d)     Building and zoning ordinances of the municipality in which the mortgaged premises are located and possible violations of same;

(e)     Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale;

(f)     Prior mortgage lien(s) of record, if any, and any advances and arrears thereunder;

(g)     Prior lien(s) of record, if any;

(h)     Real estate transfer taxes which shall be paid by any third party purchaser at the foreclosure sale.

SAID premises being known as and by the street number 1974 51ST STREET, BROOKLYN, NEW YORK.

The following is a description of the premises heretofore mentioned:

**(See Schedule A annexed hereto as Exhibit "A")**

E N T E R

_____

J.S.C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------X

THE COMMUNITY PRESERVATION CORPORATION,    **INDEX NO.: 21023/02**

                                    Plaintiff         **AFFIRMATION OF**
                                                      **REGULARITY IN SUPPORT**
              - against -                             **OF JUDGMENT OF**
                                                      **FORECLOSURE AND SALE**

1974 REALTY ASSOCIATES,

                                    Defendants.

-------------------------------------------------------------X

I, BRUCE J. BERGMAN, pursuant to CPLR §2106, do hereby affirm under the penalties of perjury:

1.    I am an attorney at law and am a member of the firm of Berkman, Henoch, Peterson & Peddy, P.C., the attorneys for plaintiff and am fully familiar with all of the pleadings and proceedings heretofore had herein.

2.    Deponent repeats each and every statement contained in the affirmation in support of order of reference of JOSEF ABT dated August 27, 2002 submitted with plaintiff's application for the appointment of a referee heretofore filed herein with the same full force and effect as if fully repeated herein at length.

3.    As appears by the affidavits of service heretofore filed, all of the defendants were served with copies of the summons and complaint and none of the defendants answered, appeared (except as hereinafter set forth) or moved with respect thereto, although the time for them to do so has expired and has not been extended by Court order or otherwise so that none of the defendants are entitled to notice hereof except the Order to Show Cause filed by the defendant to stay the enforcement of the Order Appointing A Temporary Receiver and which Order to Show Cause has no effect on the instant application, although the time for them to do so

has expired and has not been extended by Court order or otherwise, so that none of the defendants are entitled to notice hereof.

4.      By virtue of significant defaults upon the mortgage obligation as more fully set forth in the complaint, plaintiff was caused to commence this foreclosure action.

5.      Referee Barbara S. Odwak, ESQ. computed the amount due plaintiff as set forth in the report annexed as **Exhibit "B"**.

6.      Since the filing of the notice of pendency of this action, the complaint herein has not been amended so as to make new parties to the action or so as to embrace real property other than that described in the original complaint or so as to extend the plaintiff's claim against the mortgaged premises. (A copy of the complaint is annexed hereto as **Exhibit "F"**.

7.      None of the defendants are infants, incompetents or absentees and all proceedings heretofore had herein have been wholly regular.

8.      Three prior applications have been made for the relief requested herein respectively on January 21, 2004, which was withdrawn without prejudice on February 11, 2004; on March 2, 2005, which was also withdrawn without prejudice on July 8, 2005; and by amended notice of motion dated September 8, 2009, which motion has been administratively adjourned by the Court to October 23, 2009. The within motion properly serves defendant, 1974 REALTY ASSOCIATES by serving their counsel.

9.      At the inception of this action, plaintiff inadvertently did not name NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT as a necessary party defendant. Said defendant has signed a stipulation agreeing to be added to the action as this time, a copy of which is annexed hereto as **Exhibit "C"**. Request is made that the caption of this within action be amended to add this necessary party defendant. This shall not prejudice any party in any way.

10.    Plaintiff respectfully requests that service of Jonathan Poole , as President of PR & PR REALTY CORP., a general partner and managing partner of 1974 REALTY ASSOCIATES be deemed nunc pro tunc timely and proper service of defendant 1974 REALTY ASSOCIATES as of October 27, 2004 as same is in the interest of justice, is not prejudicial to any party and is well within the discretion of the Court pursuant to CPLR§2001 and 5019.

11.    CPLR §2001 provides that "[a]t any stage of an action, the Court may permit a mistake, omission, defect or irregularity  to be corrected on terms as may be just, or if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded." See *Eugene Di Lorenzo, Inc. v. A.C. Dutton Lumber  Co., Inc.*, 67 N.Y.2d 138, 492 N.E.2d 116, 501 N.Y.S.2d 8 (NY 1986)

12.    CPLR §104  provides that "[t]he Civil Practice Law and Rules shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding."

13.    In the current matter there can be no doubt whatsoever that not only did the defendant have knowledge but also actively litigated in this proceeding by filing an Order to Show Cause in 2002 and several cross-motions since.

14.    An attorney's appearance constitutes an appearance by his client for purposes of jurisdiction. (CPLR §321; *National Loan Investors v. Piscitello*, 21 A.D.3d 537, 801 N.Y.S.2d 331 (2nd Dept. 2005).

15.    The filing of a notice of appearance waives any defects there may have been in the service of process. (*Schoonmaker v. Ford Motor Co.*, 79 A.D.2d 1067, 435 N.Y.S.2d 393 (3rd Dept. 1981) *citing* the Court of Appeals decision of *Everitt v. Everitt*, 4 N.Y.2d 13, 148 N.E.2d

891 (N.Y. 1958) (By interposing a general appearance, defendant waived her objection to jurisdiction of her person and foreclosed her subsequent effort to move specially.)

16.    Additionally, an appearance by a defendant in an action is deemed to be the equivalent of personal service of a summons upon him, and therefore confers personal jurisdiction over him, unless he asserts an objection to jurisdiction either by way of motion or in his answer. (*Ohio Savings Bank v. Munsey*, 34 A.D.3d 659, 826 N.Y.S.2d 321 (2nd Dept. 2006); *National Loan Investors v. Piscitello*, 21 A.D.3d 537, 801 N.Y.S.2d 331 (2nd Dept. 2005)

17.    In *Ohio Savings Bank v. Munsey* (*supra.*), the Second Department held, in a foreclosure action, that failure of defendant to move to dismiss the complaint on the ground of lack of personal jurisdiction or to assert a lack of personal jurisdiction in a proposed answer contemporaneously with defendant's appearance waives any claim of lack of jurisdiction.

18.    In the current matter, the Defendant appeared formally in this proceeding on December 9, 2002 made a motion by order to show cause to dismiss the complaint for lack of jurisdiction [CPLR §3211(a)(8)] and failed to appear on their own return date.

19.    Now, seven years after appearing in the foreclosure action, Defendant, by a different attorney, interposes a Cross-Motion in opposition to Plaintiff's motion for Judgment of Foreclosure and Sale, currently before the Court, raising jurisdiction as a defense.

20.    Plaintiff asserts that Defendant's failure to raise jurisdiction as a defense by the timely making of a motion to dismiss pursuant to CPLR §3211(a)(8) and by following through with same to its conclusion or by answer constitutes a waiver of any jurisdictional defense and that in addition to and alternatively Defendant's appearance in December 9, 2002 constitutes submission to the jurisdiction of the Court.

21.    This affirmation is made and submitted for the purpose of establishing the regularity of this and all prior proceedings and for the purpose of obtaining final judgment in this foreclosure action.

22.    Prior counsel's attorneys' fees of $11,500.00 and $1,582.00 for affirmant's attorney's fees totaling $13,082.00 are requested in this foreclosure action, that being a reasonable fee based on *quantum meruit* and actual time expended. Deponent respectfully states that such fees are reasonable in amount and that plaintiff is justly and equitably entitled to an award thereof pursuant to the note and mortgage which are the subject of this action.

23.    Deponent is not a salaried employee of plaintiff.

24.    By virtue of the defaults by defendant, the mortgagor, under the mortgage, deponent was retained by plaintiff to institute foreclosure proceedings.

25.    Subsequent to due acceleration of the balance due on the mortgage, and when it appeared that no payments were forthcoming, deponent had the County Clerk's records searched in preparation for the foreclosure proceeding. Thereafter, and upon review of the foreclosure search, deponent prepared the summons, complaint and lis pendens and filed same with the Clerk of this County as aforesaid. The summons and complaint were subsequently served upon all of the parties defendant in this case.

26.    Thereafter deponent prepared plaintiff's application to this court for the appointment of a referee to ascertain and compute the amount due to the plaintiff and to determine whether the mortgaged premises can be sold in one parcel. The order of reference was subsequently granted by this court as more fully appears in the Court's file.

27.    Thereupon, and after preparation and submission of the aforesaid order of reference, and after plaintiff's testimony was prepared and transmitted to the plaintiff for verification, the referee's oath and report was prepared, reviewed and submitted to the said Referee appointed herein to ascertain and compute the amount due and owing to plaintiff, exclusive of counsel fees, and to determine that the premises should be sold in one parcel. A prerequisite to the preparation thereof was a consultation with plaintiff to prepare the testimony forming a part of the referee's report.

28.    Finally, deponent prepared the within final judgment of foreclosure and sale and affirmation in support thereof.

29.    Additional services which will be required by plaintiff's counsel include, among other items, preparation of the notice of sale, and service thereof, with a specific date certain for which publication and posting must be had in accordance with RPAPL Section 231, requiring publication to be made in a newspaper designated by the court for four consecutive weeks and posting of the notice of sale in three public places in the place which is the situs of the real property herein foreclosed as well as the applicable municipal entity in which the sale will be held.

30.    Thereafter, plaintiff's counsel must prepare the terms of sale, compute the upset price and communicate with plaintiff thereon; attend the foreclosure sale and submit the necessary terms of sale to the referee; arrange for the closing of title at the referee's office; review any possible title objections; submit the referee's deed and referee's report of sale, all of which plaintiff's counsel must prepare. In the event there are insufficient monies realized from the sale, plaintiff's counsel must obtain the necessary certificates of appearance and of no

exceptions to the referee's report of sale for a deficiency judgment application, all of which plaintiff's counsel must prepare.

31.    It is respectfully submitted that counsel to plaintiff is entitled to such award of legal fees as this Court shall deem reasonable, based upon this affirmation. Specifically, prior counsels attorneys fees in the sum of $11,500.00 and affirmant's attorney's fees of $1,582.00 totaling $13,082.00 are requested, that amount being a reasonable fee based upon *quantum meruit* and actual time expended, consisting of $11,500.00 for prior counsel's attorney's fees and affirmant's attorney's fees of $582.00 which are based upon actual time reflected in the contemporaneous time records in the form of the billings to the plaintiff, copies of which are annexed hereto as collective **Exhibit "D"**, and $1,000.00 for affirmant's attorney's fees which are attributable to preparing and processing this judgment and attendance at sale and preparation of all closing documents including the report of sale.

32.    In this regard, we respectfully invite the Court's attention to the proposition that clauses in a mortgage making provision for legal fees in foreclosure are valid and have been repeatedly upheld. [See, *Bergman On New York Mortgage Foreclosures* §26.01, LexisNexis Matthew Bender (rev. 2009); *Security Mortg. Co. v. Powers*, 278 U.S. 149, 73 L.Ed. 236. *In Matter of American Motors Products Corp.* , 98 F.2d 774 (CA2, 1938). *Scheible v. Leinen*, 67 Misc.2d 457, 324 N.Y.S.2d 197 (1971); *Bowery Bank v. Hart*, 37 Misc. 412, revd. on other grounds 77 AD 121 (1902); 13 N.Y. Jur., Damages, (Sec.) 144, 146, 15 Carmody-Wait, New York Practice 2d, (Sec.) 92:506. 59 CJS Mortgages, (Sec.) 178, subd. d; (Sec.) 598, subd. b.]

The test to be imposed is reasonableness, *Bergman On New York Mortgage Foreclosures* §26.01, LexisNexis Matthew Bender (rev. 2009); *Avco Financial Services Trust v. Bentley*, 116

Still further, I am an Adjunct Associate Professor of Real Estate with the Real Estate Institute of New York University where I teach the course on mortgage foreclosure; a Special Lecturer in Law at Hofstra Law School and am a member of the American College of Real Estate Lawyers, the American College of Mortgage Attorneys and Scribes, the American Society of Writers on Legal Subjects. I have lectured on the subject of mortgage foreclosure for, among many others, judicial seminars ("judge's school"), New York's Court Attorneys, the New York State Bar Association, Nassau Academy of Law, National Business Institute, Professional Education Systems, Nassau-Suffolk Legal Services, Volunteers of Legal Services and the Consumer Bankers Association. I am a former Director and past four term Chairman of the Real Property Law Committee of the Nassau County Bar Association and former Associate Dean of the Nassau Academy of Law.

33.    As set forth in paragraph 20 of the mortgage herein foreclosed is the following language which supports plaintiff's entitlement to recompense for reasonable legal fees incurred:

> "That if an action or proceeding be commenced by the mortgage to foreclose this mortgage or to collect the indebtedness, the mortgagor agrees to pay the mortgagee as it's *reasonable* attorneys fees in connection with such action or proceeding, 15% of the unpaid balance of the indebtedness (less the statutory costs and allowances, if any), which fees shall be deemed to be secured by this mrtgage and may be collected in such foreclosure."

Misc.2d 34, 455 N.Y.S.2d 62 (1982); *Fairfield Lease Corp. v. Marsi Dress Corp.*, 60 Misc.2d 363, 303 N.Y.S.2d 179 (1969).

We respectfully note that legal fees in this County are customarily and properly awarded in foreclosure actions based upon the affirmation or affidavit of counsel - as we urge should be the case here.

In any event, mindful that the fixing of attorneys' fees is a function of a number of factors, your affiant notes for the court that he is not an employee of plaintiff and was admitted to practice law in New York at the March term of the Second Department in 1970. Since 1977 I have devoted my practice almost exclusively to real property, and mortgage foreclosure in particular, and have written more than three hundred articles which have appeared in, among others, *New York Law Journal, Real Estate Review, New York State Bar Journal, The Practical Lawyer, Real Estate Weekly,* and *Journal of Property Management.* I write a regular real estate update column on mortgage foreclosure for the *New York Law Journal* as well as regular columns on mortgage foreclosure in the New York State Bar Association's *New York Real Property Law Journal* and *Servicing Management.* A complete list of my articles is annexed hereto for the Court's ready reference as **Exhibit "E"**.

Moreover, I am the author of the three volume text, *Bergman on New York Mortgage Foreclosures,* LexisNexis Matthew Bender (rev., 2009) and am also a contributor and consultant to the text *The Law of Distressed Real Estate,* published by West Publishing and have authored the chapter on mortgages in the *New York Lawyer's Deskbook* published in 1990 by the New York State Bar Association. I am also a consultant to *The New York Times* on mortgage law.

34.    The "WHEREFORE" clause in the complaint further refers to attorneys' fees.

35.    The customary fee charged by plaintiff's counsel for the handling of a foreclosure action such as the instant action is $485.00 per hour.  This entire foreclosure action, upon its complete consummation, will have reasonably engendered a legal fee of $13,082.00 for prior counsel attorney's fees and affirmant's attorney's fees, reflecting all of the tasks hereinbefore set forth and it is respectfully requested that the cited sum be granted by this Court both as a matter of mortgage contract as reasonable under the circumstances.

**WHEREFORE**, it is respectfully prayed that judgment issue in the form herewith submitted.

Dated: Garden City, New York
October 5, 2009


BRUCE J. BERGMAN