2002/21023 Motion papers withdrawn (cross motion) (Page 1 of 98)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

THE COMMUNITY PRESERVATION CORPORATION,

Plaintiff,

- against -

1974 REALTY ASSOCIATES,

Defendant.

1974 REALTY ASSOCIATES,

Third Party Plaintiff,

- against -

CORNICK GARBER & SANDLER LLP,

Third Party Defendant.

ORIGINAL   6-3-05

FAR-52

Index No. 21023/02

**NOTICE OF CROSS-MOTION**

KINGS COUNTY CLERKS OFFICE
$ 45.00 FEE PAID

SPS/D

**PLEASE TAKE NOTICE**, that upon the annexed notice of petition and verified petition pursuant to Business Corporation Law §619, the annexed affirmation of Andrea L. Roschelle, dated May 13, 2005, and the exhibits annexed thereto, the undersigned will cross-move this Court, in the Part 52 of this Court, Room 357 at the Courthouse located at 360 Adams Street, New York, County of Kings on the 3rd day of June, 2004, at 9:30 o'clock in the forenoon of that day, or as soon thereafter as counsel can be heard, for an Order (i) pursuant to CPLR 2201, to stay the determination of an application pursuant to CPLR 321 pending the outcome of a special proceeding to set aside and annul a purported election and a corporate resolution resulting therefrom, which is currently pending before this Court and (ii) for such other and further relief



KINGS COUNTY
SUPREME COURT
MOTION SUPPORT
APPROVED
DATE 5-19-05

PD1189

as to this Court may seem just and proper.

Dated: New York, New York
      May 13, 2005

By: Andrea L. Roschelle, Esq.
**STARR ASSOCIATES LLP**
Attorneys for Defendant and Third Party Plaintiff
245 Fifth Avenue, Suite 1102
New York, New York 10016
(212) 620-2681

TO:    Susan McWalters, Esq.
      CERTILMAN BALIN ADLER & HYMAN, LLP
      Attorneys for Plaintiff
      90 Merrick Avenue
      East Meadow, New York 11554

      VEDDER, PRICE, KAUFMAN & KAMMHOLZ
      Attorneys for Third-Party Defendant Cornick Garber & Sandler, LLP
      805 Third Avenue
      New York, New York 10022

      Michael R. Bush, Esq.
      EINIG & BUSH, LLP
      420 Lexington Avenue, Suite 1727
      New York, New York 10170

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE COMMUNITY PRESERVATION CORPORATION,

                       Plaintiff,

         - against -

1974 REALTY ASSOCIATES,

                       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1974 REALTY ASSOCIATES,

                Third Party Plaintiff,

         - against -

CORNICK GARBER & SANDLER LLP,

                Third Party Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Index No. 21023/02

**AFFIRMATION IN SUPPORT
OF CROSS-MOTION**

ANDREA L. ROSCHELLE, an attorney duly admitted to practice law in the Courts of this State, affirms the truth under penalty of perjury:

1. I am a member of Starr Associates LLP ("Starr"), counsel for defendant 1974 Realty Associates ("Associates"), a New York Limited Partnership.  Associates is the owner of 1974 51st street, Brooklyn, New York  ("Premises"), a rental apartment building located in the Borough Park section of Brooklyn that is encumbered by various mortgages on which plaintiff wrongfully seeks to foreclose in this action ("Foreclosure Action").  Starr has been counsel to Associates since this action was commenced and, accordingly, I am fully familiar with the facts and circumstances set forth below based on facts known to me to be true, my review of certain

books and records maintained by Associates and other information supplied to me by various agents and employees of Associates.

2.    This affirmation is submitted in (a) opposition to the motion pursuant to CPLR 321 made by Jerome Reznick ("J. Reznick"), a limited partner of Associates purporting to act for its general partner, PR & PR Realty Corp. ("Corporation") for an order (i) relieving Starr as counsel to Associates and other related relief.    I also submit this affirmation in support of Associates' cross-motion pursuant to CPLR 2201 to stay the determination of the CPLR 321 application pending the outcome of a special proceeding brought pursuant to Business Corporation Law ("BCL") Section 619 ("BCL 619 Application").    The BCL 619 Application seeks to annul and set aside a March 16, 2005 election ("Election") and resolutions resulting therefrom, including the resolution purporting to relieve this firm as counsel.    The BCL 619 Application is currently pending in this Court.

## PRELIMINARY STATEMENT

3.    This is the now the second time that J. Reznick has sought to wrongfully insinuate himself into this Foreclosure Action and air before this Court internal partnership disputes.    As before, the basis for this application and J. Reznick's agenda is to attempt to undermine the authority of Jonathan Poole ("Poole") and wrest from him control of the Premises.

4.    For nearly twenty (20) years, Poole has acted as the duly-elected president of the Corporation and single-handedly brought the Premises from squander to income-producing. For the last several years, however, through multiple frivolous motions and other tactical maneuvers, J. Reznick has embarked on a futile campaign to overthrow Poole and usurp for himself and his affiliates the fruits of Poole's labor.

ERS4032                                    - 2 -

5. The latest in J. Reznick's vast arsenal of spurious tactics now before this Court is the current application seeking to remove and disqualify Starr from further acting as counsel for Associates in the Foreclosure Action. The application is grounded on a resolution ("Resolution") adopted following a purported special meeting of shareholders, over Poole's written objection, at which a new slate of directors was purportedly elected, thereby ousting Poole from the office of president of the Corporation.

6. As the BCL 619 Application explains in detail, the purported special meeting was tainted by fraud, riddled with substantial irregularities and errors and deviated so extremely from the dictates of the Corporation's governing documents and the BCL itself that the Court will have no choice but to vacate the election and annul the Resolutions and other acts taken by J. Reznick and his cohorts that flowed therefrom.

7. Unfortunately, in reliance on the sham of an election, J. Reznick and his allies are currently attempting to entrench themselves into the operation of the Premises. The granting of the 321 motion prior to the determination of the BCL 619 Application would be detrimental to the interests of Associates and would otherwise complicate and delay needlessly the Foreclosure Action. Accordingly, a stay is now required to protect Associates' interests and preserve the status quo pending the outcome of the BCL 619 Application, which all agree will dispose conclusively the controversy raised by J. Reznick in this application.

Factual Background

8. We will not burden the Court here with all of the myriad reasons why the Election must be set aside and annulled and the Resolution vacated. We have annexed hereto as Exhibit "A" a complete copy of the BCL 619 Application that contains all of the relevant facts and critical documents so that the Court may satisfy itself that Election was, on its face, grossly

ERS4032

- 3 -

irregular. By way of example, some of the more egregious irregularities were:

a) J. Reznick and Nancy Robinson ("N. Robinson") failed to give notice of the purported special meeting in accordance with the Corporation's by-laws, which provide that notice must be given not more than fifty (50) days prior to the meeting. Here the notice was given more than sixty (60) days prior to the date of the meeting; See verified petition ¶¶31-33 ("petition") and Exhibit A to the documentary supplement accompanying the verified petition ("documentary supplement").

b) The quorum requirements contained in the Corporation's by-laws were violated and no quorum was present before the purported election took place; See petition, ¶47.

c) J. Reznick in his purported capacity as Vice President and N. Robinson (in her purported capacity as trustee of the Seymour Robinson Trust, lacked authority to call a special meeting of shareholders since under the Corporations by-laws only the president can call a special meeting. See petition ¶27-29.

d) The shareholder's list ("List") presented at the meeting as purported evidence of those entitled to vote and their respective interests in the Corporation was wholly deficient. It was improperly certified inasmuch as Reznick is not, and never was, the secretary of the Corporation, which is the only office who may certify the List. See petition, ¶38.

e) Although the List purports to be based on a resolution, no such resolution was ever produced to Poole as president. See petition ¶38.

f) Although the by-laws require the List to be displayed ten (10) days prior to the meeting, the List was not disclosed to Poole, despite due demand and is first dated March 16, 2005-- the date of the special meeting. See petition ¶40.

g) The List was concededly wrong as it related to the purported number of shares held by each shareholder. J. Reznick unilaterally attempted to alter it at the special meeting (even though he was not even present at the special meeting). See petition ¶¶40-42.

h) The altered List is equally deficient and was done in reliance on a set of nearly 20 year old, incomplete and unsigned corporate records that are so flawed they cannot remotely be relied upon to shed light on the current shareholder's identities or their authority to vote. See petition, 42-43.

## ARGUMENT

## ASSOCIATES REQUIRES A STAY PENDING THE DETERMIATION OF THE BCL 619 APPLICATION

9.    In reliance the wholly irregular and improper election, J. Reznick has sought to usurp control of the Corporation and now seeks to deny Associates its counsel of choice.

Injunctive relief is needed to preserve the status quo pending the resolution of the dispute between the parties — i.e., the propriety of the Election and Resolution authorizing the replacement of counsel. Indeed, in his application J. Reznick fully acknowledges that the propriety of the Election and the new President's authority to remove Starr is the critical issue to be determined. J. Reznick, in fact, recognizes that the irregularities and the improprieties surrounding the purported election, of which he was made aware are issues that can only be resolved through a special proceeding brought under BCL 619. See Affidavit of Jerome S. Reznick, sworn to April 25, 2005 ("Reznick Affidavit", ¶¶1, 18, 19, 20). Nonetheless, J. Reznick suggests that this Court simply must ignore the list of incontrovertible irregularities and accept the new board's authority.

10. Indeed, J. Reznick has summed up his position with respect to his application as follows: "The Court, respectfully, should honor the authority of the newly appointed President, based on the election of the Board, and the Board's Unanimous Resolution". Reznick Affidavit, ¶19. This twisted analysis, however, completely misses the mark.

11. CPLR 2201 governs a party's right to secure a stay pending the outcome of another action or proceeding. In considering whether to grant such a stay, the Court's discretion is the guide, considering factors such as whether the decision in the proceeding will dispose of the controversy raised in both actions. See CPLR 2201; Somoza v Penchik, 3 A.D.2d 394, 772 N.Y.S.2d 2, (1st Dept. 2004(stay is appropriate when outcome of other proceeding will dispose of and determine the question in the other).

12. Here, a stay is not only necessary, but completely appropriate under the circumstances. First, all parties concede that the issue of whether the purported new board of Corporation had the authority to issue the Resolution to replace Starr, and the propriety of the

ERS4032

- 5 -

Election will be finally and conclusively decided in the BCL 619 Application. This fact, standing alone, requires that the cross-motion be granted.

13.   Moreover, a stay is needed here to preserve the status quo and prevent further delay of this Foreclosure Action. As to the preserving the status quo, the fact is that pursuant to the Corporation's by laws, an officer cannot be ousted from office until such time as a successor is duly appointed and qualified. See documentary supplement Exhibit F, by-laws, Article V, Section 1. Here, Poole has been the President of the Corporation for nearly twenty years and other than the defective and irregular Election that is the subject of the BCL Application, his status has president has never changed. The BCL 619 Application will resolve whether the purported new president was duly appointed or qualified. Yet, until such time, the parties must operate in accordance with the by laws, which expressly directs that Poole continue as president.

14.   Moreover, having acted as president for nearly twenty years, having been the principal person of Associates to have administered the mortgages at issue in the Foreclosure Action and having single handedly overseen management of the Premises since the Premises were acquired, Poole is uniquely suited to protect the Corporation's interest in this Foreclosure Action. This Court agrees. By decision dated March 31, 2004, in denying J. Reznick's prior motion to intervene in this action, this Court roundly rejected the claim that the interests of the Corporation were not being properly represented by Poole and Starr. See, documentary supplement Exhibit C. Moreover, on a practical level, having a forced substitution of counsel now, only to have to revert back to Starr once the 619 BCL Application is determined in Poole's favor can only serve to delay and complicate needlessly this Foreclosure Action.

15.   Reznick devotes the majority of his application to a half-hearted defense to an anticipatory application pursuant to Section 619 of the BCL and to objections to the election

voiced by Poole. In a nutshell, J. Reznick's two basic arguments are: (i) since none of the procedural and substantive improprieties could affect the outcome of the election, they do not matter and the election must be upheld. Reznick Affidavit 22; and (ii) Poole would be barred by estoppel from raising the issue of stock ownership. Neither argument should detain this Court for long as both are without merit.

16. First and foremost, the failure by J. Reznick to give notice in accord with the Corporation's by laws, renders the election void, despite his claim that the results of the election would not have been different had he complied with the by-laws. See, e.g., In the Matter of Goldfield Corp. v General Host Corp., 29 N.Y.2d 264, 327 N.Y.S.2d 330 (failure to give notice in accord with the corporate by laws is grounds for vacating an election and renders it void even without a showing that the results of the election would or might have been different).

17. As is further set forth in the BCL 619 Application, in blatant disregard of corporate rules and law, J. Reznick and N. Robinsaon ignored strict time requirements set forth in the by-laws for noticing a meeting. The by laws state, in pertinent part:

> Article II, Section 4, entitled, Notice of Meetings, provides, in pertinent part:
>
> Notice of the time and place of . .  each special meeting of the shareholders shall be given to each of the shareholders entitled to vote at such meeting . . . addressed to each such shareholders at his address as it appears on the books of the Corporation . . . at least ten (10) and not more than fifty (50) days prior to each meeting.
>
> See, Exhibit F, page 5 annexed to the documentary supplement.

18. Here, the notice of meeting was mailed on January 7, 2005, which is more than sixty (60) days from that date of the meeting (March 16, 2005). A copy of an affidavit of mailing is annexed to the documentary supplement as Exhibit "G".  As such, the notice was untimely and breached the notice requirements of the by laws.  Based on the above cited

ERS4032

- 7 -

authority, the failure to give proper notice, in and of itself, is grounds to vacate the election.

19. J. Reznick is also wrong when he presses the facile claim that despite the fact that the notice of meeting, the meeting and Resolution were procedurally defective and tainted by fraud, a "majority of the holders of the equity interests still would have voted for the same Board of Directors". Reznick Affidavit, ¶22. To support this claim, in his application, J. Reznick proclaims as fact the identities of the shareholders and their respective shares of ownership of the Corporation. However, a review of the application will reveal that there is no real support or competent evidence for such claims. As the BCL 619 Application explains in detail, however, the corporate records upon which J. Reznick apparently relies do not come close to accurately establishing the percentage interest attributed to the shareholders of the Corporation and serious questions abound as to the nature and identity of those claiming currently to hold interests in the Corporation either through trust instruments or an estate. See Petition, ¶¶40-43. At the very least, there remain very real and substantial issues of fact as to the identity of the current shareholders and their right to participate and vote at duly called meetings of the Corporation.

20. Obviously concerned that the Court will find merit in Poole's claim that it has never been established who the current shareholders of the Corporation are and what their percentage interest in the Corporation might be, J. Reznick presses the faulty contention that Poole should be barred by the doctrine of estoppel from raising that issue now. Reznick Affidavit¶¶24-25. This claim may be summarily rejected as a matter of law. In the Matter of Heisler v Gingras, ("Heisler") the Court of Appeals expressly stated that theories such as "estoppel" have no place in a proceeding brought under §619 of the BCL to resolve disputes over shareholder status. Heisler also involved the attempted removal from office of a president of a corporation's board of directors at a special meeting with a vote based on a disputed shareholders'

list. The shareholders that claimed the list to be inaccurate commenced a proceeding under §619 of the BCL seeking to resolve their status as shareholders and enforce their voting rights. As J. Reznick does here, it was argued in Heisler that there should be an estoppel from challenging shareholder status, inasmuch as the parties for many years acquiesced to the erroneous shareholder allocations. The Court of Appeals rejected this claim and stated, in pertinent part:

> At the outset, we reject any estoppel theory or analysis through which to resolve this case. Estoppel, and its related theories (e.g., waiver, acquiescence and course of conduct) should be generally inapplicable as bases to determine controversies of this kind. (emphasis supplied).

## CONCLUSION

21. By reason of the foregoing, and under the circumstances, we therefore request the cross-motion of Associates for stay of the 321 application pending the determination of the BCL 619 Application be granted since the outcome of the BCL 619 Application will dispose of entirely the outcome of the 321 application.

Dated: New York, New York
        May 13, 2005

Andrea L. Roschelle

2002/21023 Motion papers withdrawn (cross-motion) (Page 13 of 84)

## <u>ATTORNEY CERTIFICATION</u>

       To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation and filing of the papers herein are not "frivolous", as defined in subsection (c) of section 130-1.1 of NYCRR.

                                                        Andrea L. Roschelle, Esq.

Dated: New York, New York
       May 12, 2005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE COMMUNITY PRESERVATION CORPORATION,

                          Plaintiff,

                - against -

1974 REALTY ASSOCIATES,

                          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

1974 REALTY ASSOCIATES,

                Third Party Plaintiff,

                - against -

CORNICK GARBER & SANDLER LLP,

                Third Party Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

Index No. 21023/02

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF NEW YORK   )

PAMELA D. DRAKE, being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age and reside in the State of New York.

On May 13, 2005, I served the within **NOTICE OF CROSS-MOTION** upon the persons or firms listed at the addresses set forth below by sending a copy thereof to that office via messenger from Elite Couriers, New York, New York:

> Susan McWalters, Esq.
> CERTILMAN BALIN ADLER & HYMAN, LLP
> Attorneys for Plaintiff
> 90 Merrick Avenue
> East Meadow, New York 11554

PD1190

2002/21023 Motion papers withdrawal (cross motion) (2004-2644)

VEDDER, PRICE, KAUFMAN & KAMMHOLZ
Attorneys for Third-Party Defendant Cornick Garber & Sandler, LLP
805 Third Avenue
New York, New York 10022

Michael R. Bush, Esq.
EINIG & BUSH, LLP
420 Lexington Avenue, Suite 1727
New York, New York 10170

_____
PAMELA D. DRAKE

Sworn to before me this
13th day of May, 2005.

_____
Notary Public

ANDREA ROSCHELLE
Notary Public, State of New York
No. 02RO6025801
Qualified in Westchester County
Commission Expires 06/01/200 6

PD1190

2002/21023 Motion papers with opp to cross motion) Page 14 of 98

THE COMMUNITY PRESERVATION CORPORATION.

                             Plaintiff.

             - against -

1974 REALTY ASSOCIATES.

                             Defendant.

-----------------------------------------------------------------------------

1974 REALTY ASSOCIATES,

                             Third Party Plaintiff,

          -against-

CORNICK GARBER & SANDLER,

                             Third Party Defendant.

## NOTICE OF CROSS-MOTION

## STARR ASSOCIATES LLP

**Attorney(s) for**    Defendant/Third Party Plaintiff

*Office and Post Office Address, Telephone*

**245 FIFTH AVENUE**
**SUITE 1102**
**NEW YORK, N.Y. 10016**
**TELEPHONE (212) 620-2680**

To

Attorney(s) for

Signature (Rule 130-1.1-a)

_____

Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

**PLEASE TAKE NOTICE:**

☐ NOTICE OF ENTRY

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order                             of which the within is a true copy
will be presented for settlement to the HON.          one of the judges of the
within named Court, at
on                         at              M.

Dated.

                                   Yours, etc.

                                **STARR ASSOCIATES LLP**

05 JUL 11 AM 9:07
KINGS COUNTY CLERK
FILED
MAY 19 2010

BOND NO. <u>115210</u>

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------x

                                                              Oath of Receiver

COMMUNITY PRESERVATION CORPORATION              Index No. 21023/02

                        Plaintiff,

        -against-

1974 REALTY ASSOCIATES
                       Defenants.

-----------------------------------------------x

STATE OF NEW YORK)
                    ss:
COUNTY OF KINGS )

I, Michael Freeman, duly appointed Receiver for the benefit of the Plaintiff, of all rents, issues and profits of mortgage premises described in the Complaint in the above entitled action by the Order of this Court, made and entered into on the 20th day of November, 2002, do swear that I will faithfully honestly and impartially discharge the trust committed to me as such Receiver.

                                            _____

                                          Michael Freeman

Sworn to before me this
_29_ of July, 2009

JOSEPHINE VITI
Notary Public, State of New York
No. 24-4666814
Qualified in Kings County
Commission Expires May 31, 2010

BOND OF RECEIVER

BOND NUMBER: I15210

Community Preservation Corporation,

Plaintiff,

1974 Realty Associates, "John Doe #1"
through "John Doe #12" Etal

KNOW ALL MEN BY THESE PRESENT, THAT WE Michael Freeman, Esq.  404 Park Avenue South, New York, NY 10016 as Principal, and International Credit of North America Reinsurance, Inc. of Lawrenceville, New Jersey, having an office and usual place of business at 2564 Brunswick Pike, Suite 106, Lawrenceville, New Jersey 08646 as Surety, are held and firmly bound unto the PEOPLE OF THE STATE OF NEW YORK, in the sum of One Hundred Fifty Two Thousand Eight Hundred Thirty Six ($152,836) Dollars, lawful money of the United States of America, to be paid to said people; to which payment well and truly to be made, we bind ourselves, our and each of our heirs, executors and administrators, successors and assigns, jointly and severally, firmly by these presents, Sealed with our seals.

WHEREAS, by an order made on the 20th Day of November, 2002 by Hon. Joseph J. Dowd, Justice of the Supreme Court of the State of New York in and for the County of Kings.

NOW THE CONDITION OF THIS OBLIGATION IS SUCH, that if the said Michael Freeman, Esq. shall faithfully discharge the duties of trust as such Receiver, then this obligation shall be void, otherwise to be in full force and effect.

Signed and Sealed this 20th Day of July 2009

INTERNATIONAL CREDIT OF NORTH AMERICA
REINSURANCE, INC.
By

_____          _____
Principal – Michael Freeman, Esq.        Attorney-in-Fact  Michael J. Tully

International Credit of North America Reinsurance, Inc.
2564 Brunswich Pike, Suite 106
Lawrenceville, NJ 08646

## RIDER A

This Rider A is to be attached to and made a part of <u>International Credit of North America Reinsurance, Inc.</u> Bond No. <u>I15210</u> on behalf of <u>Michael Freeman, Esq.</u> and in favor of the <u>People of the State of New York.</u>

It is hereby agreed and understood that Bond No. <u>I15210</u>    dated <u>July 20, 2009</u> is amended as follows:

International Credit of North America Reinsurance, Inc waives any right to countersign checks, due to the administrative inconvenience and expense involved, as outlines in the underlying Court Order appointing Receiver.

All other terms and conditions remain unchanged.

This Rider A is to become effective <u>July 20, 2009</u>.

Dated: <u>July 20, 2009</u>

Witness/MARY JANE FUNICELLI

International Credit of North America
Reinsurance, Inc.

Michael J. Tully
Attorney-in-Fact

## SURETY ACKNOWLEDGEMENT

STATE OF _____NEW JERSEY_____

COUNTY OF __MOORIS_____

On this __20th_____ day of _____JULY_____, in the year 2009_ before Personally comes MICHAEL J. TULLY     to me known; who, being sworn, deposes and says that he/she resides in the town of     NEWTON        that he/she is the Attorney-In-Fact of the International Credit of North America Reinsurance, Inc., the Corporation described in and which executed the foregoing instrument; that she knows the seal of the said Corporation that the seal affixed to the said instrument is such Corporate seal; that it was so affixed by the order of the Board of Directors of such Corporation, and that she signed his name thereto by like order.

_____
(Signature & Title of Official Taking
Acknowledgement)

Frances A. Frazzano
Notary Public - State of New Jersey
My commission expires May 10, 2012

Power No: 0020-49

Agency Code: WAL02

## International Credit of North America Reinsurance, Inc.
### (Hereinafter referred to as "Company")
### 100 Park Avenue, Suite 1500
### New York, NY 10017

### LIMITED POWER OF ATTORNEY

Know all men by these presents that INTERNATIONAL CREDIT OF NORTH AMERICA REINSURANCE, INC., a corporation duly organized under the laws of the State of New York ("Company") does hereby appoint **Walter F. Foster, Michael J. Tully, Michele Charette and Brendan Gethins of The Whitewood Agency Ltd.** its true and lawful Attorney(s)-in-Fact, with full power and authority hereby conferred, to make, execute, seal and deliver for and on its behalf as surety, in general, any and all bonds, undertakings, and recognizances in an amount not to exceed the penal sum of **Five Hundred Thousand ($500,000)** for any single obligation. The execution of such bonds or undertakings in pursuance of these presents, shall be binding upon said Company as fully and amply, to all intents and purposes, as if such bonds were signed by the President, sealed with the corporate seal of the Company, and duly attested by Secretary, hereby ratifying and confirming all the acts of said Attorney(s)-in-Fact pursuant to the power herein given. This Power of Attorney is made and executed pursuant to, and by authority of, the following Resolutions adopted by the unanimous written consent of the Board of Directors of International Credit of North America Re, Inc. on the 20th day of November, 2007:

"**Resolved**: That the President, or any Vice President, may execute for and on behalf of the Company any and all Bonds, and all other writings obligatory in the nature thereof, the same to be attested when necessary and the seal of the Company affixed thereto by the Secretary, or any Assistant Secretary; and that the President, or any Vice President, may appoint and authorize Attorney(s)-in-Fact to execute on behalf of the Company any and all such instruments and to affix the seal of Company thereto; and that the President, or any Vice President, may at any time remove such Attorney(s)-in-Fact and revoke all power and authority given to any such Attorney(s)-in-Fact."

"**Resolved**: That Attorney(s)-in-Fact may be given full power and authority to execute for and in the name of the Company and all Bonds, and all other writings obligatory in the nature thereof, and any such instrument executed by any such Attorney(s)-in-Fact shall be as binding upon the Company as if signed by the President and sealed and attested by the Secretary, and further, Attorney(s)-in-Fact are hereby authorized to verify any affidavit required to be attached to such bonds, and all other writings obligatory in the nature thereof, and are also authorized and empowered to certify to a copy of any resolution of the Directors having to do with the execution of Bonds, and all other writings obligatory in the nature thereof, and certify copies of the Power of Attorney or with regard to the powers of any of the officers of the Company or of Attorney(s)-in-Fact."

This Power of Attorney is signed and sealed under the authority of the following Resolution adopted by the Executive Committee of the Board of Directors of International Credit of North America Reinsurance, Inc. on the 20th day of November, 2007.

"**Resolved**: That the signature of the President, or any Vice President, and the signature of the Secretary or any Assistant Secretary may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Attorney(s)-in-Fact for purposes only of executing and attesting any bond, or other written obligation in the nature thereof, and any such signature and seal where so used, being hereby adopted by the Company as the original signature of such officer, to be valid and binding upon the Company with the same force and effect as though manually affixed."

IN WITNESS WHEREOF, INTERNATIONAL CREDIT OF NORTH AMERICA RE, INC., has caused these presents to be signed by its President and its corporate seal to be hereto affixed, duly attested by its Secretary this 7th day of January, 2009.

### International Credit of North America Re, Inc.

Attest: _Eric Valdt_          By _Bridget Kutz_

Eric Valentin, Secretary                    Bridget Kutz, President

STATE OF NEW YORK
COUNTY OF NEW YORK

On this 7th day of January, 2009; before me personally appeared Bridget Kutz, President and Eric Valentin, Secretary, of International Credit of North America Reinsurance, Inc., personally known to me to be the individuals and officers described in and who executed the preceding instrument, and they acknowledge the execution of the same, and being duly sworn by me, sayeth that they are the said officers of the Company aforesaid, and that the seal affixed to the preceding instrument is the corporate seal of said Company and that the said corporate seal and their signatures as such officers are duly affixed and subscribed to the said instrument by the authority and direction of said Company.

DIANNE YOUNG
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES 6-30-2010

Notary Public _Dianne Young_

CERTIFICATE

I, the undersigned Chairman of the Board of International Credit of North America Reinsurance, Inc. a New York Corporation, do hereby certify that the foregoing Power of Attorney is in full force and has not been revoked; and furthermore, that the Resolutions of the Board of Directors set forth in the Power of Attorney are now in force.

Signed and sealed at the County of New York Dated this 20th day of JULY , 2009

Rafael Agliata, Chairman of the Board

2002/21023 Bond  (Page 6 of 7)

ICNA Re, Inc.
2654 Brunswick Pike
Lawrenceville, NJ  08648
1-866-459-4262

# FINANCIAL STATEMENT
as of March 31, 2009
Statutory Basis

| | | | |
|---|---|---|---|
| Bonds | $_____0 | Reserve for Losses and Loss Expense | $___ 9,190 |
| Stocks | 115,230 | Reserve for Unearned Premium | _ 217,722 |
| Cash & Short-Term Investments | 2,144961 | Reserve for Expenses, Taxes, Licenses And Fees | _____0 |
| Agents' Balances or Uncollected Premiums | _____0 | Funds Held Under Reinsurance Treaties | _____ 0 |
| Reinsurance Recoverable on Loss Premiums | _____0 | Other Liabilities | __21,963 |
| Other Admitted Assets | ___ 560 | Capital Stock | 1,000,000 |
| | | Surplus | 1,011,875 |
| | | TOTAL POLICYHOLDERS SURPLUS | 2,011,875 |
| TOTAL ASSETS | $ 2,260751 | TOTAL LIABILITIES AND POLICYHOLDERS SURPLUS | $2,260,750 |

Bonds and stocks are valued in accordance with the basis adopted by the National Association of Insurance Commissioners.
Securities carried at $1,558,283 in the above statement are deposited as required by law.

## CERTIFICATE

Bridget Kutz, President, and Eric Valentin, Secretary and Treasurer of ICNA Re, Inc., being duly sworn each for himself, deposes and says that they are the above described officers of the said Company and that on the 31st day of March 2009, the Company actually possessed the assets set forth in the foregoing financial statement, except as hereinbefore indicated, and that the foregoing statement is a correct exhibit of such assets and liabilities of said Company on the 31st day March, 2009, according to the best of their information, knowledge and belief.

_Bridget Kutz_

_Pr Volt_

President                                Treasurer

STATE OF NEW YORK    }
COUNTY OF NEW YORK  )

DIANNE YOUNG
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES 6-30-2010

On this 30th Day of April, 2009, before
me came the above named officers of ICNA Re, Inc.
to me known to be the individuals and officers
described herein, and acknowledge that they
executed the foregoing instrument and affixed the seal and said corporation thereto by authority of their office.

KINGS COUNTY CLERK
FILED

2009 JUL 31  PM 4: 23

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
THE COMMUNITY PRESERVATION CORPORATION,

                                 Plaintiff,

             -against-

1974 REALTY ASSOCIATES,

                              Defendants.
------------------------------------------------------------------X

INDEX NO. 21023/02

AFFIRMATION IN
OPPOSITION TO CROSS-
MOTION TO DISMISS

JONATHAN M. COHEN, an attorney admitted to practice in the Courts of this State, hereby affirms the following to be true under the penalties of perjury:

1.      I am associated with the firm of Berkman, Henoch, Peterson & Peddy, P.C., the attorneys for THE COMMUNITY PRESERVATION CORPORATION (hereinafter "Plaintiff"), plaintiff in the above entitled action and am familiar with all the facts and circumstances therein.

2.      I submit this Reply affirmation in further support of Plaintiff's Motion for Judgment of Foreclosure and Sale and in opposition to Defendant 1974 Realty Associates' (hereinafter the "Defendant") Cross-Motion to Dismiss made pursuant to CPLR §3211(a)(8), to vacate the Order Appointing Receiver and for stay of the Receiver taking possession dated July 30, 2009.

3.      Plaintiff incorporates the documents already on file with the Court annexed to Plaintiff's Motion for Judgment of Foreclosure and Sale and Plaintiff's Amended Notice of Motion for Judgment of Foreclosure and Sale and respectfully requests the Court to make reference to the Plaintiff's Motion for the exhibits annexed thereto as these will not be redundantly added herein.

4.      Defendant's Motion to Dismiss pursuant to CPLR §3211(a)(8) is made in contravention of CPLR §3211(a)(8) as it is untimely and is thus barred and should be denied and dismissed as a matter of law as well as for all of the reasons detailed below.

5.      This matter has had a long, convoluted and heavily litigated procedural history complicated by the fact that Defendant, a limited partnership, has had infighting amongst its partners for control of the limited partnership causing a separate action, motions to intervene, motions to be relieved as counsel by Defendant's attorneys, motions before the Second Appellate Division for stay, etc., and by Plaintiff's sincere good faith efforts to resolve this matter with the Defendant. I have attempted to concisely set forth the procedural history of this matter below.  The Court should note that settlement negotiations were ongoing in this matter for years and caused Plaintiff to withdraw several motions without prejudice prior to said withdrawn motions being considered by the Court.

## PROCEDURAL HISTORY

6.      On May 28, 2002, Plaintiff, by its then attorneys Certilman, Balin, Adler & Hyman, LLP, (hereinafter "Certilman Balin") filed its summons and complaint and notice of pendency (lis pendens) regarding the default of Defendant in failing to satisfy the terms, requirements and conditions necessary for conversion to permanent financing by April 1, 1999 and the fact that the default continued beyond any applicable grace period.

7.      On July 25, 2002, Plaintiff's process servers served Defendant with a copy of the summons and complaint by service upon Mary Pena, who advised the process

server, Robert Winckelmann, that she was the office manager and authorized to accept service on behalf of Defendant.  A copy of the Affidavit of Service of Robert Winckelmann, sworn to on July 26, 2002, is annexed hereto as Exhibit "A".

8.     On September 13, 2002, an Order of Reference was granted and a notice of entry was served on the owner of the equity of redemption (i.e. the Defendant) per the Order of Reference.  A copy of the Order of Reference is annexed hereto as Exhibit "B".

9.     On October 7, 2002, an Order Appointing Temporary Receiver in Mortgage Foreclosure action was granted.  A copy of the Order Appointing Temporary Receiver is annexed hereto as Exhibit "C".

10.     On November 20, 2002, Hon. Joseph J. Dowd, J.S.C., amended the October 7, 2002, Order Appointing Temporary Receiver to so that Michael Freeman, Esq., was the named receiver. A copy of the November 20, 2002, order is annexed hereto as Exhibit "D".

11.     On December 9, 2002, Defendant brought an Order to Show Cause to vacate its alleged default and to vacate the Receiver Order on the grounds of lack of jurisdiction.  A copy of the Order to Show Cause without exhibits is annexed hereto as Exhibit "G".

12.     The Order to Show Cause, originally returnable on January 8, 2003, was adjourned four times and then marked off by the Court for failure of Defendant to appear on May 14, 2003.  A copy of the E-Law print out showing the adjournments and the marking off of Defendant's Order to Show Cause is annexed hereto as Exhibit "H".

13.     On or about November 25, 2003, well after the time for doing so had expired (almost a year and a half after service of the summons and complaint),

Defendant, by its first set of attorneys, Starr Associates, LLP, (hereinafter "Starr") served and filed its Third Party Summons, Answer and Third Party Complaint wherein one of Defendant's alleged affirmative defenses was lack of service. Defendant had not requested an extension of time to submit an answer nor filed a motion with the Court for an order vacating its default in appearing and permitting it to file and serve a late answer. A copy of the Third Party Summons, Answer and Third Party Complaint is annexed as Exhibit "E".

14.    In a Notice of Return filed by Plaintiff, dated December 4, 2003, Plaintiff rejected Defendant's attempted service of an unauthorized late answer as a nullity as the time to answer had expired. A copy of the Notice of Return is annexed hereto as Exhibit "F".

15.    On or about December 3, 2003, PR&PR Realty Corp. (hereinafter "PR") made a motion to intervene in the foreclosure action. Defendant is/was made up of two general partners, PR&PR Realty Corp. and Mirwood Friends Development Corp. As Hon. Jules L. Spodek, J.S.C., stated in his March 31, 2004, decision:

> "Currently before this Court, is a motion by PR seeking to intervene in this foreclosure action for the following reasons: (1) the interests of PR are not being properly represented and PR will be bound and adversely affected by any judgment; (2) Poole [Jonathan Poole, President of PR and limited Partner of 1974 Realty Associates] has not cooperated with attempts to arbitrate internecine partnership strife; (3) Poole has failed to disclose important matters relating to the foreclosure to the Court; and (4) Poole and Rosedale [a management company] failed to comply with the conditions and demands of the limited partnership agreement or to account for missing funds."

A copy of the March 31, 2004, decision is annexed hereto as Exhibit "I".

16.     On or about January 7, 2004, Plaintiff submitted an application for Judgment of Foreclosure and Sale.

17.     On or about January 21, 2004, Defendant filed a motion to dismiss for non-discovery.

18.     On February 11, 2004, Plaintiff's application for Judgment of Foreclosure and Sale and Defendant's motion to dismiss were withdrawn.  A copy of the stipulation of withdrawal that incorrectly states that it was a motion for summary judgment when it was in actuality a motion for Judgment of Foreclosure and Sale is annexed hereto as Exhibit "J".

19.     On March 31, 2004, Judge Spodek, after receiving Plaintiff's and Jonathan Poole's oppositions denied PR's motion to intervene holding that PR had not demonstrated its reasons for requesting the right to intervene and to have anything to do directly with the foreclosure action. (See Exhibit "I")

20.     Plaintiff, by its then attorneys Certilman Balin, in an overabundance of caution directed its process server Service for Lawyers to serve Defendant a second time by serving Jonathan Poole as President of PR&PR Realty Corp., general partner and managing partner of Defendant 1974 Realty Associates by in-hand service.

21.     On October 27, 2004, as attested to by the sworn Affidavit of Service of Robert Winckelmann, Defendant 1974 Realty Associates was served with a copy of Plaintiff's summons and verified complaint by service on Jonathan Poole as President of PR&PR Realty Corp., general partner and managing partner of Defendant 1974 Realty Associates.  Jonathan Poole was served by service upon a concierge at 245 East 19th Street, New York, New York 10019 (Jonathan Poole's residence) and thereafter, on

October 27, 2004, was mailed with a copy of the summons and verified complaint by first class mail at Mr. Poole's residence in an envelope marked "Personal and Confidential" not indicating thereon that the communication was from an attorney or concerned an action and deposited said envelope in a post office official depository under the exclusive care and custody of the United States Postal Service within New York State. A copy of Mr. Winckelmann's affidavit is annexed hereto as Exhibit "K". The Affidavit of David S. Berg, annexed hereto as Exhibit "L", attests to the due diligence of the process server at making in-hand service of the summons and verified complaint on Jonathan Poole as as President of PR&PR Realty Corp., general partner and managing partner of Defendant 1974 Realty Associates.

22.    On or about March 2, 2005, Plaintiff submitted an application for Judgment of Foreclosure and Sale that was later withdrawn without prejudice on July 8, 2005.

23.    On April 29, 2009, Plaintiff filed a motion for Judgment of Foreclosure and Sale. The time between the motion for Judgment of Foreclosure and Sale that was withdrawn on July 8, 2005 and the current application was spent in settlement negotiations with Defendant.

24.    On July 30, 2009, Defendant filed its Cross-Motion to Dismiss made pursuant to CPLR §3211(a)(8), to vacate the Order Appointing Receiver and for stay of the Receiver taking possession.

25.    Defendant's Cross-Motion to Dismiss made pursuant to CPLR §3211(a)(8) should be denied as a matter of law as it is untimely. However, in the case

that this Court determines to explore the merits or lack thereof of same, Plaintiff will address the allegations made in Defendant's Cross-Motion.

## ARGUMENT

## I. DEFENDANT'S MOTION TO DISMISS THE ACTION FOR LACK OF JURISDICTION PURSUANT TO CPLR §3211(a)(8) IS BARRED AS UNTIMELY

26.     CPLR §3211 provides, in pertinent part, the following:

"McKinney's CPLR Rule 3211

(a) Motion to dismiss cause of action. A party may move for judgment dismissing one or more causes of action asserted against him on the ground that:

8. the court has not jurisdiction of the person of the defendant; or

(e) Number, time and waiver of objections; motion to plead over. At any time before service of the responsive pleading is required, a party may move on one or more of the grounds set forth in subdivision (a), and no more than one such motion shall be permitted. Any objection or defense based upon a ground set forth in paragraphs one, three, four, five and six of subdivision (a) is waived unless raised either by such motion or in the responsive pleading. A motion based upon a ground specified in paragraph two, seven or ten of subdivision (a) may be made at any subsequent time or in a later pleading, if one is permitted; an objection that the summons and complaint, summons with notice, or notice of petition and petition was not properly served is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading, unless the court extends the time upon the ground of undue hardship. The foregoing sentence shall not apply in any proceeding under subdivision one or two of section seven hundred eleven of the real property actions and proceedings law. The papers in opposition to a motion based on improper service shall contain a copy of the proof of service, whether or not previously filed. An objection based upon a ground specified in paragraph eight or nine of subdivision (a) is waived if a party moves on any of the grounds set forth in subdivision (a) without raising such objection or if, having made no objection under subdivision (a), he or she does not raise such objection in the responsive pleading.

(f) Extension of time to plead. Service of a notice of motion under subdivision (a) or (b) before service of a pleading responsive to the cause of action or defense sought to be dismissed extends the time to serve the pleading until ten days after service of notice of entry of the order."

27.    Defendant's filing of a motion to dismiss pursuant to CPLR §3211(a)(8) is well after the time for service of a responsive pleading to Plaintiff's complaint has expired. It is therefore untimely and should not be considered.

28.    Additionally, Defendant's actions in this matter constitute a waiver of the CPLR §3211(a)(8) objection to jurisdiction in that Defendant first raised service as an issue in an Order to Show brought by Defendant in December 9, 2002, which was marked off the Court's calendar as Defendant failed to appear to pursue the requested relief.

29.    Since December 9, 2002, Defendant failed to renew its request to vacate its default in appear, failed to make any request to submit a late answer and otherwise failed to make a timely application for dismissal based on service.

30.    Defendant's failure to make a timely motion for dismissal based on service should be deemed a waiver. Defendant should not be allowed to state SEVEN (7) YEARS later that there is a problem regarding jurisdiction when Defendant appeared in the foreclosure action in 2002.

## II. DEFENDANT'S ACTIVITY IN THIS ACTION AMOUNTS TO AN APPEARANCE THUS WAIVING THE DEFENSE OF LACK OF JURISDICTION

31.    Defendant thirteenth hour CPLR §3211(a)(8) for lack of service is moot due to Defendant's appearance in this proceeding by filing numerous motions as set forth in the procedural history outlined above.

32.    An attorney's appearance constitutes an appearance by his client for purposes of jurisdiction. (CPLR §321; <u>National Loan Investors v. Piscitello</u>, 21 A.D.3d 537, 801 N.Y.S.2d 331 (2nd Dept. 2005))

33.    Defendant's appearing in this action by filing the Order to Show Cause dated December 9, 2002, raising the allegation of lack of jurisdiction and then abandonment of that Order to Show Cause and abandonment of the allegation is deemed to be the equivalent of personal service of a summons upon Defendant, and therefore confers personal jurisdiction over Defendant, unless Defendant asserts an objection to jurisdiction either by way of a timely motion or in a timely answer. (<u>Ohio Savings Bank v. Munsey</u>, 34 A.D.3d 659, 826 N.Y.S.2d 321 (2nd Dept. 2006); <u>National Loan Investors v. Piscitello</u>, 21 A.D.3d 537, 801 N.Y.S.2d 331 (2nd Dept. 2005))

34.    In <u>Ohio Savings Bank v. Munsey</u> (supra), the Second Department held, in a foreclosure action, that failure of defendant to move to dismiss the complaint on the ground of lack of personal jurisdiction or to assert a lack of personal jurisdiction in a proposed answer contemporaneously with defendant's appearance waives any claim of lack of jurisdiction.

35.    In the current matter, the Defendant appeared by filing an order to show cause on December 9, 2002, in which lack of jurisdiction was raised and then abandoned when Defendant abandoned that order to show cause thus waiving any claim to lack of jurisdiction. The Court should consider that an appearance and the decision to forego making a motion to dismiss the complaint for lack of jurisdiction (CPLR §3211(a)(8)) and following same through to conclusion.

36.    Now, SEVEN (7) YEARS, Defendant, by a different attorney, interposes the untimely CPLR §3211(a)(8) Cross-Motion to Dismiss currently before the Court, raising jurisdiction as a defense.

### III.  Service on Defendant was proper

37.    CPRL §311 provides, in pertinent part, that "service upon a corporation…shall be made by delivering the summons…upon any domestic or foreign corporation to an officer."

38.    While CPLR §311 requires that service on the officer of a corporation be by in-hand service and generally excludes service by deliver and mail (see CPLR §308(2)), an exception to the requirement of in-hand service on a corporate officer of a corporation exists when the proper recipient resists service. (PERSONNEL SYSTEMS INTERNATIONAL, INC. v. CLIFFORD R. GRAY, INC., 146 A.D.2d 831, 536 N.Y.S.2d 237 (3rd Dept. 1989))

39.    In PERSONNEL SYSTEMS INTERNATIONAL, INC. v. CLIFFORD R. GRAY, INC. (supra), the plaintiff's process server was attempting to serve the corporation by service on a corporate president who refused to open his door at his home to receive process.  The Third Department determined that the process server properly left process inside the handle of the screen door.  The Third Department held that where resistance occurs, leaving process in the vicinity of the person to be served will suffice.

40.    In the current matter, the process server after making numerous attempts to serve Jonathan Poole by in-hand service, as attested to by the sworn affidavit of David Berg (see Exhibit "K"), made a final attempt to serve Jonathan Poole at his residence but

was unable to go to Jonathan Poole's door because the concierge barred the way. When asked, the concierge stated that he was authorized to accept service for Jonathan Poole.

41.    Plaintiff asserts that due to the actions of the concierge in barring away the closest that Robert Winckelmann could get (the vicinity of Jonathan Poole) was to the concierge and that service on the corporation was therefore valid. As service on the corporation which was a general partner and managing partner of Defendant was valid, service on Defendant was therefore valid.

42.    Thus, the Court has jurisdiction over the Defendant.

### IV. The Receiver should not be stayed

43.    The Mortgage signed by Defendant (already in the Court's file) expressly provides in paragraph 14, "The mortgagee, in any action to foreclose this mortgage shall be entitled to the appointment of a receiver without notice."

44.    The Mortgage signed by Defendant (already in the Court's file) expressly provides in paragraph 15, "That any such receiver shall be entitled to take possession of the premises from the owner, tenants and/or occupants of the whole or any part thereof and to collect and receive the rents and profits and the value of the use and occupation of the premises or any part thereof from the owner, tenants and/or occupants thereof for the benefit of the mortgagee."

45.    It is important for the Court to note that RPL Section 254 Subdivision 10 construes such language as follows:

"10.  Mortgagee entitled to appointment of a receiver. A covenant 'that the holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver,' must be construed as meaning that the mortgagee, his heirs, successors or assigns, in any action to foreclose the mortgage, shall be entitled, without notice and without regard to adequacy of any security of the debt, to the appointment of a receiver of the rents and profits of the premises

covered by the mortgagee; and the rents and profits in the event of any default or defaults in paying the principal, interest, taxes, water rents, assessments or premiums of insurance, are assigned to the holder of the mortgage as further security for the payment of the indebtedness." (Emphasis supplied)

46.     That plaintiff is entitled to the appointment of a Receiver, without notice, is made absolutely clear not only by the mortgage, but by the cited statutory construction of the mortgage provision, i.e., RPL Sec. 254(10).

47.     Moreover, this issue has been litigated and the courts have held that the language in the subject mortgage does indeed mean the plaintiff is entitled to the appointment of a receiver without notice.  In this regard, the Court's attention is respectfully invited to the rulings in the following cases: The East New York Savings Bank v. 924 Columbus Associates, 628 N.Y.S.2d 642 (1st Dept. 1995); State Street Bank and Trust Company v. Broadway/St. Nicholas, 625 N.Y.S.2d 217 (1st Dept. 1995); Crossland Sav., FSB v. LoGuidice-Chatwal Real Est. Inv. Co.,549 N.Y.S.2d 697 (1st Dept. 1990); 366 Fourth St. Corp. V. Foxfire Enterprises, 149 A.D.2d 692, 540 N.Y.S.2d 489 (2d Dept. 1989); Baker v. Bloom, 146 A.D.2d 859, 536 N.Y.S.2d 267 (3rd Dept. 1989); Clinton Capital Corp. V. One Tiffany Place Developers, Inc., 112 A.D.2d 911, 492 N.Y.S.2d 427 (2d Dept. 1985); Kestenberg v. Platinum Properties Corp., 112 A.D.2d 268, 491 N.Y.S.2d 670 (2d Dept. 1985); Holmes v. Gravenhorst, 238 App. Div. 313, 263 N.Y.S. 738, reversed on other grounds, 263 N.Y. 148, 188 N.E. 258, 91 A.L.R. 1230 (2d Dept. 1933); Home Title Ins. Co. V. Isaac Scherman Holding Corp., 240 App. Div. 851, 267 N.Y.S. 84 (2d Dept. 1933); Febbraro v. Febbraro, 70 A.D.2d 584, 416 N.Y.S.2d 59 (2d Dept. 1979); Mandel v. Nero, 52 Misc.2d 604, 277 N.Y.S.2d 247 (1967); Wolf v. 120

Middleton Realty Corp., 221 N.Y.S.2d 110 (1961); Ardeb Realty Corp. V. East Estates, Inc.,12 Misc.2d 167, 178 N.Y.S.2d 972 (1957).

48.    Not incidentally, this ex parte aspect has also resisted constitutional challenge. See Friedman v. Gerax Realty Associates, 100 Misc.2d 820, 420 N.Y.S.2d 247 (1979); Massachusetts Mut. Life Ins. V. Avon Associates, Inc., 83 Misc.2d 829, 373 N.Y.S.2d 464 (1975); City Partners Ltd. BMG v. Jamaica Savings Bank, 454 F. Supp. 1269 (E.D.N.Y. 1978).

49.    Defendant failed to comply with the provisions of the mortgage by failing to satisfy with the requirements necessary for conversion to permanent financing by April 1, 1999. Defendant did not submit an answer as previously stated and failed to timely bring a motion to dismiss and then failed to prosecute the Order to Show Cause that Defendant filed in 2002.

50.    Defendant, not making any mortgage payments, while collecting a great deal of rent, now cry foul because the Receiver allegedly improperly retained a management company to assist him in his duties..

51.    Defendant's allegations are frankly frivolous and should not impair the Receiver appointed by this Court from acting in accordance to the Court's direction.

52.    In determining that a Receiver should be appointed, the Court looked at the Note and Mortgage and considered the law of the State of New York regarding the appointment of Receivers and correctly determined that the appointment of a Receiver was warranted.

53.    The facts and the law have not changed and Plaintiff respectfully requests that the current receiver be allowed to proceed with his duties and perform them as directed by the Court.

## CONCLUSION

54.    Plaintiff respectfully re-asserts the request for relief made in its motion for Judgment of Foreclosure and Sale as amended by the Amended Notice of Motion.

**WHEREFORE** Plaintiff respectfully requests that Plaintiff's Motion for Judgment of Foreclosure and Sale be granted in its entirety, together with such other and further relief as to this Court deems just, proper and equitable.

Dated: September 16, 2009
       Garden City, New York

Jonathan M. Cohen, Esq.

Exhibit A

2002/21023 Decision and order dated 12/16/09 (Page 1 of 19)

At an IAS Term, Part 52 of the Supreme Court of
the State of New York, held in and for the County of
Kings, at the Courthouse, at Civic Center, Brooklyn,
New York, on the 16th day of December, 2009.

PRESENT:

HON. FRANCOIS A. RIVERA,

                            Justice.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

THE COMMUNITY PRESERVATION CORPORATION,

                    Plaintiff,

     - against -                                      Index No. 21023/02

1974 REALTY ASSOCIATES, ET. AL.,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

The following papers numbered 1 to 4 read on this motion:

| | Papers Numbered |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Cross Motion and Affidavits (Affirmations) Annexed_____ | 1 - 2 |
| Opposing Affidavits (Affirmations)_____ | 3 |
| Reply Affidavits (Affirmations)_____ | 4 |
| _____Affidavit (Affirmation)_____ | |
| Other Papers_____ | |

    Upon the foregoing papers: (1) plaintiff The Community Preservation Corporation

(CPP) moves, pursuant to CPLR 2221, for an order granting a Judgment of Foreclosure and

Sale; and (2) defendant 1974 Realty Associates (1974) cross-moves, pursuant to CPLR

3211(a)(8), for dismissal of the complaint and related relief, based upon lack of personal

jurisdiction.

## BACKGROUND[1]

The above-captioned action for a Judgment of Foreclosure and Sale was commenced by plaintiff, which states that it filed a summons and complaint, dated May 17, 2002, on May 28, 2002, naming, as defendants, mortgagor 1974, and 12 "John Does".[2] On September 13, 2002, an Order of Reference was granted. An Order Appointing a Temporary Receiver was granted, *ex parte,* on October 7, 2002, and amended on November 20, 2002. In its Affirmation of Regularity, plaintiff (1) alleges that "[a]s appears by the affidavits of service heretofore filed, all of the defendants were served with copies of the summons and complaint and none of the defendants answered, appeared or moved with respect thereto. . ." and (2) incorporates, by reference, "each and every statement contained in the affirmation in support of order of reference of Josef Abt dated August 27, 2002 submitted with plaintiff's application for the appointment of a referee." Neither the summons and complaint, the

---

[1] The allegations comprising the history of the above-captioned matter are set forth in defendant's cross motion and plaintiff's papers submitted in opposition thereto. Plaintiff's motion papers consist of a blank Judgment of Foreclosure and Sale and an Affirmation of Regularity. Exhibits to plaintiff's papers include, *inter alia,* a legal description of the property, a copy of the Referee's Oath and Report, a statement of legal services rendered, and a Complete List of Publications of Bruce J. Bergman (counsel for plaintiff).

[2] In the absence of express allegations or documentary submissions, the court, based upon records maintained by the Kings County Clerk, will take judicial notice that the instant proceeding was commenced on May 28, 2002, the date on which the summons and complaint was filed, and that the affidavit of service was filed on July 29, 2002.

2002/21023 Decision and order dated 12/16/09 (Page 3 of 19)

affidavits of service purportedly so filed, nor a copy of the affirmation of Josef Abt, are annexed to plaintiff's current papers.

On or about June 3, 2005, plaintiff moved for an order to confirm the Referee's Report dated October 15, 2002 and to grant a Judgment of Foreclosure and Sale. In response, 1974 cross-moved to dismiss the complaint on the grounds of, *inter alia*, lack of personal jurisdiction. A motion by (now) counsel for defendant to compel substitution of attorneys was heard and granted by this court, the cross motion of prior counsel was adopted, and, following proceedings, the parties withdrew, by stipulation and without prejudice, the motion and cross motion. The present cross motion appears to restate the same issues advanced by defendant in its cross motion of 2005.

As recited therein, defendant, a limited partnership, acquired ownership of 1974 51st Street, Brooklyn, New York (the premises), a multiple dwelling then in a state of extreme distress, in November of 1987 and engaged PR&PR Realty Corp. (PR), the managing general partner, to run the project and secure participation for the premises in various housing programs, and to obtain financing through the New York City Department of Housing Preservation and Development (HPD). Jonathan Poole (Poole) was elected President of PR.

Defendant allegedly commenced a program of rehabilitation of the premises in 1989, and began to lease apartments. In conjunction with the acquisition and rehabilitation of the premises, defendant entered into a series of notes, mortgages and other instruments evidencing the construction and permanent loan financing advanced to it by plaintiff and

3

HPD.  According to Poole, plaintiff is the lender of only a fraction of the proceeds of the

construction loan portion of the financing obtained by defendant in conjunction with the

acquisition of the premises, but plaintiff acts as servicing agent for all of the Mortgage

Agreements.    The Mortgage Agreements required, *inter alia,* that defendant convert the

construction loan to permanent financing on or before April 1, 1999.  According to Poole,

plaintiff's declaration of default is due to defendant's failure to convert the construction loan

and not due to any failure on defendant's part to pay amounts due on the mortgage

agreements.

Poole further alleges that pursuant to its agreements, it was required to set aside a

certain number of apartments for low income tenants, but was unable to fully rent out these

apartments for many years due to pervasive criminal activity on the part of some of the

tenants.  Poole claims that although he worked closely with the New York City Police

Department to rid the premises of the offending tenants and antisocial activity, HPD was

largely unresponsive to his requests for help.

In August of 2003, defendant turned over management responsibilities to ABC

Management Corporation (ABC), a company approved by plaintiff and HPD to address the

vacancy issue.  Poole claims that ABC wrongfully and destructively insinuated itself into

the management structure through one Jerome Reznick (Reznick), a limited partner of

plaintiff.  Despite the restructuring of management, Poole claims that the vacancy problems

persist.  Thus, as substantive grounds in support of its cross motion and in opposition to that

4

of plaintiff, defendant asserts equitable defenses based upon (1) the alleged untenable position in which it has been placed by the actions of HPD, which holds defendant responsible for the high vacancy rate in its low income units but has itself abandoned that population, and plaintiff, which is benefitting from HPD's own failure to provide support; and (2) Reznick's and others' actions undermining Poole's authority and effectiveness.

*Jurisdictional issues–background and present contentions*

*The affidavits of service*

Two affidavits of service purporting to show service of process upon defendant are annexed as exhibits to defendant's cross motion. The earlier, dated July 25, 2002, alleges service on July 25, 2002 upon a corporation (1974) by delivering and leaving a true copy of same with "Mary Pena/Office Mgr./Auth to Accept" at 1775 Broadway, Suite 426, New York, New York (the 2002 service). The second, dated October 28, 2004, alleges service on October 27, 2004, upon Jonathan Poole, as President of PR&PR Realty, by leaving a copy thereof with "Jose Molina/Concierge," a person of suitable age and discretion, at 245 East 19th Street, New York, New York, defendant's actual dwelling house (the 2004 service).

*Past proceedings*

By order to show cause dated December 9, 2002, defendant, based upon its contention that it was never served with process, moved for relief pursuant to CPLR 5015(a)(1) and (a)(4), relieving it of any purported default in answering as to the 2002 service, and to vacate the Receiver Order. In lieu of responding to the Order to Show Cause, plaintiff, over the

next several months, met with defendant's counsel and HPD representatives in an effort to resolve the dispute.  According to Poole, defendant agreed by stipulation to extend the time for plaintiff to so respond, and finally agreed to ask the court to mark off the Order to Show Cause from the calendar so that the parties could work toward a resolution without prejudicing defendant's right to assert its jurisdictional claims.[3] [4]

On November 25, 2003, after an apparent breakdown in negotiations, defendant filed an answer to the complaint and a Third Party Summons and Complaint, alleging, as its sixth affirmative defense, that the court lacked personal jurisdiction over the defendant because the summons and complaint were not served in accordance with the requirements of law.  By Notice of Return dated December 4, 2003, plaintiff rejected the answer as a nullity on the ground that the time within which to serve the pleading had expired and that no extension of time for its service had been granted.  Shortly thereafter, plaintiff moved by notice of motion dated December 8, 2003, for a Judgment of Foreclosure and Sale.  Defendant cross-moved

----

[3]Poole further claims that other than providing it with copies of certified income and expense statements, defendant fully complied with all conditions imposed by HPD as a prerequisite to the latter's consenting to a conversion of the construction loan to permanent financing.  He asserts that the fulfillment of that condition has been delayed and is being frustrated by Resnick's unilateral firing of third-party defendant Cornick Garber & Sandler LLP, defendant's former accountants, which has withheld material which would, if provided, resolve the instant matter

[4]In October of 2003, PR sought to intervene in this action, claiming in its intervention motion that Poole's attorneys and Poole did not adequately represent PR's interests in the litigation.  On March 31, 2004, the court (Spodek, J.) denied the motion, finding that the condition precedent of arbitration had not been met, and PR had failed to show that its interests were not represented or protect in the instant proceeding.  Contrary to defendant's assertion, the court did not make a specific factual finding regarding the adequacy of Poole's representation of those interests.

6

for an order dismissing the complaint based partly on lack of personal jurisdiction.    By Stipulation dated February 11, 2004, both motions were withdrawn without prejudice.  The record does not indicate that defendant ever moved to compel acceptance of its answer.

Following the second service, plaintiff, on February 10, 2005, served a new motion for a Judgment of Foreclosure and Sale based upon the claim that defendant defaulted in answering the complaint that was allegedly re-served on defendant on October 27, 2004.

### Present proceedings

On behalf of defendant in the present cross motion, Poole asserts that said alleged service, made upon Jose Molina, a purported concierge of the building in which he resides, was effected more than 3 years after the filing of the complaint. He further argues, somewhat confusingly, that (1) he was not a general partner but merely the president of the corporate general partner, rendering service inadequate, and (2) CPLR 311, which provides for personal service upon a corporation, as opposed to a limited partnership, authorizes service of process upon certain enumerated entities, none of which are claimed by plaintiff to include a concierge as one authorized to accept service.  Poole further denies that any person named Jose Molina works in the building in which he resides, and provides an affidavit of Elizabeth Crane, the Vice President of Rosedale Management, in support of this contention.  Further, with regard to procedural defects, defendant claims that the complaint must be dismissed as abandoned pursuant to CPLR 5015(c), because plaintiff failed to take proceedings to enter judgment within one year after it alleges defendant originally defaulted in answering.  It

7

contends that unlike the first motion which it withdrew, plaintiff's current motion does not purport to seek a default judgment based on the initial service, that the time for plaintiff to have sought a default motion has expired, and that the action must be deemed abandoned and the complaint dismissed. Finally, defendant asserts that the 2004 service was made more than 120 days beyond the date upon which plaintiff filed the summons and complaint, but that plaintiff never obtained leave of court pursuant to CPLR 306-b prior to doing so.

In reply, and in opposition to defendant's cross motion, plaintiff asserts that defendant's motion pursuant to CPLR 3211(a)(8) is untimely. In setting forth the procedural history of the instant matter, it alleges that in addition to serving Poole, in his capacity as "President of PR&PR Realty Corp., general partner and managing partner of defendant 1974 Realty Associates" by service upon a concierge at his residence, it mailed a copy of same to Poole on October 27, 2004. It contends that (1) defendant's motion is untimely pursuant to CPLR 3211(a)(8) because it was made well after the time for service of a responsive pleading to plaintiff's complaint; and (2) defendant's actions constitute a waiver of its objection to jurisdiction, in that it first raised service as an issue in an order to show cause brought by defendant on December 9, 2002, which was marked off the calendar, and since that time, has failed to renew its request to vacate its default in appearing, request leave to submit a late answer, or make a timely application for dismissal based on service. It further argues that defendant, by filing the order to show cause dated December 9, 2002, followed by its abandonment of that order to show cause and without ever objecting to jurisdiction

8

by way of a timely motion or a timely answer, personally appeared. Alternatively, plaintiff, while stating in its opposition papers that defendant is a limited partnership, contends that service was proper under CPLR 311 (Personal Service upon a Corporation), and, in support of this contention, provides an affidavit of its process server who states that numerous attempts to serve Poole personally were made but thwarted; that substituted service was ultimately effected by delivery on October 27, 2004[5] to an individual who identified himself, perhaps falsely, as Jose Molina, the building's concierge who barred access to Poole's residence, and that the concierge stated that he was authorized to accept service. Plaintiff further maintains that under the express terms of the mortgage, defendant agreed to the appointment of a receiver without notice.

In its reply affirmation in support of its cross motion, defendant asserts that even an untimely motion contesting jurisdiction should be entertained, inasmuch as any default judgment or order would be a nullity. It further challenges plaintiff's claim that jurisdiction is not conferred where the cross motion to dismiss was marked off the calendar, since said "marking off", now characterized as clerk's error, was the result of an agreement whereby 1974 consented to withdraw its motion without prejudice so that settlement negotiations could continue. Defendant further avers that plaintiff did not raise the issue in 2005, and that in any event, CPLR 320 provides that jurisdiction was not waived.[6] Finally, defendant

---

[5]The affidavit of service was dated and file-stamped October 28, 2004.

[6]CPLR 320(b) provides that "an appearance of the defendant is equivalent to personal service of the summons upon him, unless an objection to jurisdiction under paragraph eight of

alleges that (1) the computations of the Referee in 2002 are out of date and do not reflect years of subsequent payments; (2) the appointment of the receiver should be vacated because the individual so appointed engaged a managing agent in violation of the terms of the court order which required the court's authorization prior to his doing so; and (3) dismissal is mandated because plaintiff never made application to serve defendant more than 120 after filing the summons and complaint, and has failed to so address the issue in its papers.

## DISCUSSION

### Plaintiff's motion

Plaintiff premises its instant request for a Judgment of Foreclosure and Sale, without any elaboration, on CPLR 2221 (Motion affecting prior order).

CPLR 2221(d) provides that a motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion." (CPLR §2221[d]; *Foley v Roche*, 68 AD2d 558 [1979]). No such prior order is alleged, nor are copies of any prior motions from which reargument is sought attached to plaintiff's papers (*see Lower Main Street v Thomas Re & Partners*, NYLJ, Apr. 5, 2005, at 19, col. 3 [Sup Ct Nassau County, Alpert, J.]).

CPLR 2221(e) provides that a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall

subdivision (a) of rule 3211 is asserted by motion or in the answer as provided in rule 3211."

demonstrate that there has been a change in the law that would change the prior

determination" (see *Orange and Rockland Utilities, Inc. v Assessor of Town of Haverstraw,*

304 AD2d 668 [2003]).  Plaintiff has failed to set forth a valid basis for relief under such

branch of the statute, and indeed, since there has been no judicial determination of any prior

motion nor a presentation of any new facts for the court to consider, there is no predicate for

relief thereunder (see *Smith v Smith,* 277 AD2d 531, 532 [2000]);  *Ulster Sav. Bank v*

*Goldman,* 183 Misc2d 893 [2000]).

      In any event, plaintiff's moving papers are patently insufficient.  Plaintiff alleges,

in conclusory language, a basis for the court's personal jurisdiction over defendant, but fails

to annex to its moving papers a file-stamped copy of the summons and complaint or the

affidavit of service upon which it relies.  Moreover,  while the allegations set forth in the

affirmation of Josef Abt dated August 27, 2002 is incorporated by reference, a copy thereof

is not provided.  Thus, in addition to the foregoing basis for denial, said deficiencies in the

motion papers mandate denial of the instant motion  (CPLR 2214[c]; see *Matsushita Elec.*

*Corp. of America v Economy Buying Service,* 1973 WL 14448 [1973]).

    *Defendant's cross motion*

      It is well-settled that as the party seeking to assert personal jurisdiction, the plaintiff

has the burden of establishing personal jurisdiction over the defendant (see *Schorr v Persaud,*

51 AD3d 519 [2008];  *Ying Jun Chen v Lei Shi,* 19 AD3d 407 [2005]).  Plaintiff raises the

time restrictions contained in 3211(e) as a basis for rejecting defendant's jurisdictional

challenge. CPLR 3211(e) requires a party who raises an objection to personal jurisdiction based upon improper service (CPLR 3211[a][8]) to move for judgment on that ground within 60 days of serving its answer, unless undue hardship is shown (*see Wiebusch v Bethany Memorial Reform Church*, 9 AD3d 315 [2004] ["(t)he obvious purpose of this 60-day time limit is to promote early resolution of jurisdictional defenses based on improper service by requiring the party who raises such a defense to move on it promptly"]).

However, the unique procedural background of this proceeding does not permit a summary finding that a challenge to personal jurisdiction is time-barred.

A defendant "appears" in an action "by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer" (CPLR 320[a]). Such an "appearance of the defendant is equivalent to personal service of the summons upon him, unless an objection to jurisdiction under [Rule 3211(a)(8)] is asserted by motion or in the answer as provided in rule 3211"(CPLR 320[b]; *see Professional Billing Resources, Inc. v Haddad*, 183 Misc2d 829, 835 [2000]). Defendant's initial involvement with the instant proceeding was its seeking relief from its default by way of its December 9, 2002 order to show cause containing its contention that it was never served with process. Although it has been held that a motion to vacate judgment does, in fact, constitute an appearance (*see Forbell v Forbell*, 274 App Div 807 [1948] ["(t)he effect of defendant's application to vacate the judgment, open his default and serve the answer proposed by him and to defend on the merits, constituted a general appearance"]), 1974 did not appear as a result of that event,

12

2002/21023 Decision and order dated 12/16/09 (Page 13 of 19)

given the fact the motion was marked off under circumstances whereby the defendant's future right to assert its jurisdictional claim was preserved.

Defendant's subsequent attempt to serve an answer containing asserting lack of personal jurisdiction under CPLR 3211(a)(8) was rejected by plaintiff as untimely. Consequently, no appearance was made by defendant at that time. At the present time, the parties remain in the same procedural posture that existed in December of 2002.

A similar "procedural conundrum" was the subject of discussion in *Miller v Weyerhaeuser Co.* (179 Misc2d 471 [1999]). In *Miller*, defendant's service of a notice of appearance and motion to dismiss pursuant to CPLR 3211, where, eleven months after its time to appear or answer had expired, it challenged jurisdiction based upon the plaintiff's lack of minimal contacts with the state, was found by the court to be untimely under 3211(e). However, plaintiff, a foreign corporation, had moved by separate notice of motion for a default judgment. As stated by the court, "[i]f the court denies [defendant's] motion and grants plaintiff's motion for a default judgment. . ., it would simply move to vacate the default on the ground that the court lacks personal jurisdiction over it (CPLR 5015[a][4]) . . . .Failing to recognize the realities and adhering to the technicalities would simply undermine the speedy and inexpensive resolution of the controversy" (*Id.* at 474-477). Accordingly, the *Miller* court (1) treated the defendant's motion as made under CPLR 5015(a) as if a default judgment had already been entered, (2) deemed the default vacated,

13

and (3) proceeded to dismiss the complaint as against moving defendant upon a finding that plaintiff did, in fact, lack minimal contacts (*Id.* at 477).

Based upon the same compelling policy considerations, where any default judgment or order against a party over which the court lacks jurisdiction would be a nullity and that there is thus no point in denying defendant's motion as untimely, the court will reach the question of the validity of personal service herein (*see Government Employees Insurance Corporation v Basedow*, 28 AD3d 766 [2006]).

**The July 25, 2002 service**

CPLR 306(b) requires that, "proof of service shall specify the papers served, the person who was served and the date, time, address, or, in the event there is no address, place and manner of service, and set forth facts showing that the service was made by an authorized person and in an authorized manner." The affidavit of service sworn to by Robert Winckelmann on July 25, 2002  alleges service upon a corporation by delivering the summons and complaint to 1775 Broadway, New York, New York, Suite 426, and leaving same with "Mary Pena/Office Mgr/Auth to Accept".  In her affidavit dated November 16, 2002, Mary Pena states that (1) she is employed by Rosedale Management Company, the managing agent for 1974 Realty Associates; and (2) her duties are limited to answering phones, directing visitors to appropriate offices, and distributing mail.  With reference to Winkelmann's affidavit, she states that she is Rosedale's receptionist and is not an officer, director or managing agent.  She denies ever having been an agent authorized to accept

14

service on Rosedale's behalf, and further states that she has never accepted process on its behalf.

In relevant part, CPLR 311(a)(1) (Personal service upon a corporation or governmental subdivision) provides: "[p]ersonal service upon a corporation or governmental subdivision shall be made by delivering the summons . . .upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." Clearly, CPLR 311(a)(1) requires that the process server must tender process directly to an authorized corporate representative, rather than an unauthorized person who later hands the process to an officer or other qualified representative (*see Shuck v 7309 Corp.*, 90 AD2d 828 [1982]; *Stanley Agency, Inc. v Behind the Bench, Inc.*, 23 Misc.3d 1107(A) [2009]). Thus, even assuming that defendant is a corporation regarding which service under this statutory subsection was the appropriate vehicle for conferring personal jurisdiction, plaintiff makes no showing that Mary Pena was one of the entities enumerated therein, and does not refute her representation that she was a receptionist who was not authorized to accept service. Accordingly, service was not made in compliance with CPLR 311 (*see Gleizer v American Airlines, Inc.*, 30 AD3d 376 [2006]), and as a consequence, the court did not acquire jurisdiction by virtue of the improper attempt to serve defendant in 2002.

15

### *The October 27, 2004 service*

The affidavit of service of Robert Winckelmann dated October 28, 2004 alleges service on "Jonathan Poole", as "President of PR&PR Realty" by delivery of a summons and complaint for the foreclosure of a mortgage on October 27, 2004 upon "Jose Molina/Concierge", a person of suitable age and discretion at defendant's actual dwelling house, and thereafter mailing a copy of same to defendant.

Although jurisdiction may be obtained over a limited partnership by properly serving a corporate general partner of same (*see Del Priore v Furnival Machinery Company*, 124 AD2d 695, 696 [1986]), it is unnecessary, under the facts before the court and in view of the threshold question of whether service of the summons and complaint was made within a timely manner after filing thereof pursuant to the provisions of CPLR 306-b, to reach the merits as to the validity of service. That statute provides, in relevant part, that:

> Service of the summons and complaint . . . *shall be made within one hundred twenty days after the filing* . . . If service is not made upon a defendant within the time provided in this section, the court, *upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service* (emphasis added).

An extension of time pursuant to CPLR 306-b may be granted in the interests of justice without a showing of "reasonably diligent efforts at service as a threshold matter" (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105 [2001]). However, a plaintiff/petitioner's failure to so move for an extension of time until after the defendants raise

16

the defense of untimely service is fatal to such an application (*see Valentin v Zaltsman*, 39

AD3d 852 [2007], citing *Riccio v Ghulam*, 29 AD3d 558, 560 [2006]).

Here, it is undisputed that (1) plaintiff's attempt to serve defendant in 2004 occurred

more than 120 days after the summons and complaint were filed; (2) plaintiff never expressly

moved for an extension of time prior to attempting to reserve defendant at that time; and (3)

plaintiff had previously cross-moved for dismissal based on lack of proper service. Moreover,

as pointed out in Poole's affidavit of May 14, 2005, plaintiff only addressed the issue by way

of a conclusory statement, commingled with a bevy of other contentions raised in its motion

papers of February 10, 2005,[7] and plaintiff's most recent papers similarly fail to address the

issue. Thus, since the record clearly demonstrates that plaintiff failed to effect timely service

under the provisions of CPLR 306-b and failed to move for an extension of time, the cross

motion pursuant to CPLR 3211(a)(8) is granted and the complaint is dismissed (*see Shea v*

---

[7]The language referred to by defendant states: "request is made pursuant to CPLR 306-b, upon both good cause and the interest of justice, although either ground is a basis to extend the time, that the time to complete service in the case be extended nun pro tunc (sic) to October 27, 2004. No party will be prejudiced by this request". Subsequently, in its affirmation in opposition to defendant's 2005 cross motion dated May 20, 2005, counsel stated "Clearly there is no prejudice where defendant. . .in 2002 moved to vacate its default in answering, and in 2003 attempted to serve a late answer. Clearly it had knowledge of this action and is in no way prejudiced."

*Bloomberg L.P.*, 65 AD3d 579, 580 [2009])[8].

The foregoing constitutes the decision and order of the court.

ENTER,

*[signature]*

J. S. C.

*[signature]*                    *[signature]*

HON. FRANCOIS A. RIVERA              HON. FRANCOIS A. RIVERA
J.S.C.                                      J.S.C.

---

[8]Contrary to plaintiff's assertions, defendant's challenge pursuant to CPLR 306-b is not time-barred under CPLR 3211(e). As observed by Professor Alexander in his Practice Commentaries, "[n]ote that only the specific grounds of improper service is involved here. Other objections that go to personal jurisdiction. . .are defects of personal jurisdiction but are not among those that have to be made the basis of a dismissal motion within 60 days after being pleaded. They can be postponed of adjudication much later. . . ." (Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3211:59).

18

2002/21023 Decision and order dated 12/16/09 (Page 19 of 19)



```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW KINGS
---------------------------------------X
THE COMMUNITY PRESERVATION CORPORATION,
                         Plaintiff,          Index No. 21023/02
           - against -
1974 REALTY ASSOCIATES,

                         Defendants.
---------------------------------------X
```

---

### ORDER WITH NOTICE OF ENTRY

---

**EINIG & BUSH, LLP**
**Attorneys for 1974 Realty Associates**
**420 Lexington Avenue**
**Suite 2320**
**New York, New York  10170**
**(212) 983-8866**

By: _____

**Michael R. Bush**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
THE COMMUNITY PRESERVATION CORPORATION,                **INDEX NO.: 21023/02**

                                   Plaintiff,                **ORDER**

             - against -

1974 REALTY ASSOCIATES,

                               Defendants.
-----------------------------------------------------------------------X

        Upon reading and filing the notice of motion of plaintiff, THE COMMUNITY

PRESERVATION CORPORATION dated February 2, 2010 for an order discharging the

Receiver heretofore appointed herein and for other relief, the attorney's affirmation of Bruce J.

Bergman dated February 2, 2010, together with the exhibits annexed thereto, and for good cause

shown therein, it is

        ORDERED, that the receivership established by order of this Court dated

November 20, 2002 is hereby terminated and the receiver, MICHAEL M. FREEMAN, ESQ., is

hereby discharged.

                  ENTER:

                                                         J.S.C.

21023/02

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

THE COMMUNITY PRESERVATION CORPORATION,

Plaintiff,

- against -

1974 REALTY ASSOCIATES,

Defendants.

NOTICE OF MOTION TO
DISCHARGE RECEIVER

Signature (Rule 130-1.1-a)

Print name beneath

BRUCE J. BERGMAN

BERKMAN, HENOCH,
PETERSON & PEDDY, P.C.
PLAINTIFF

Attorney(s) for

Office and Post Office Address, Telephone
100 GARDEN CITY PLAZA
GARDEN CITY, NEW YORK 11530
(516) 222-6200
FAX: (516) 222-6209

To:

Attorney(s) for

Service of a copy of the within

is hereby admitted.

Dated, N.Y.,

Attorney(s) for

---

NOTICE OF ENTRY

Sir : PLEASE TAKE NOTICE that the within is
a true-certified-copy of a

duly entered in the office of the clerk of the within
named court

on                              20
Dated:                          20

Yours, etc.

BERKMAN, HENOCH,
PETERSON & PEDDY, P.C.

Attorney(s) for

Office and Post Office Address
100 GARDEN CITY PLAZA
GARDEN CITY, NEW YORK 11530

To:

Attorney(s) for

---

NOTICE OF SETTLEMENT

SIR : PLEASE TAKE NOTICE that

of which the within is a true copy will be presented for
settlement to the Hon.

one of the judges of the within named Court
at
on the         day of                      20
at               M.
Dated:                                20

Yours, etc.

BERKMAN, HENOCH,
PETERSON & PEDDY, P.C.

Attorney(s) for

Office and Post Office Address
100 GARDEN CITY PLAZA
GARDEN CITY, NEW YORK 11530

To:

Attorney(s) for                              Esq.

2002/21023 Copy ord. notice entry affm. svc. (Page 1 of 22)

Case 1:10-cv-04381-PAC     Document 6-7     Filed 05/14/2010     Page 60 of 98

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------x IAS Part 52
THE COMMUNITY PRESERVATION CORPORATION   Hon. Francois Rivera

                         Plaintiff,        Index No. 21023/02

              -against-                     **NOTICE OF ENTRY**
1974 REALTY ASSOCIATES, ET AL,
                         Defendants.
----------------------------------------x
That the within is a true copy of a ORDER entered in the
SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF KINGS on
December 23, 2009.

Dated: January 7, 2010   Einig & Bush, LLP
New York, New York       Attorneys for 1974 Realty Associates
                         420 Lexington Avenue, Suite 2320
                         New York, New York 10170
                         (212) 983-8866 (x114)

                         Michael R. Bush

To:   Berkman, Hennock, Peterson & Peddy, P.C.
      Attorneys for Plaintiff
      100 Garden City Plaza
      Garden City, New York 11530
      Att: Bruce Bergman, Esq.

      Michael Freeman, Esq.
      404 Park Avenue South
      New York, New York 10016

      Michael Freeman, Esq.
      404 Park Avenue South
      New York, New York 10016

1

At an IAS Term, Part 52 of the Supreme Court of
the State of New York, held in and for the County of
Kings, at the Courthouse, at Civic Center, Brooklyn,
New York, on the 16th day of December, 2009.

PRESENT:

HON. FRANCOIS A. RIVERA,

                                                   Justice.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
THE COMMUNITY PRESERVATION CORPORATION,

                         Plaintiff,

         - against -                                            Index No. 21023/02

1974 REALTY ASSOCIATES, ET. AL.,

                         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

The following papers numbered 1 to 4  read on this motion:

|  | Papers Numbered |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Cross Motion and Affidavits (Affirmations) Annexed_____ | 1 - 2 |
| Opposing Affidavits (Affirmations)_____ | 3 |
| Reply Affidavits (Affirmations)_____ | 4 |
| _____Affidavit (Affirmation)_____ | _____ |
| Other Papers_____ | _____ |

     Upon the foregoing papers: (1) plaintiff The Community Preservation Corporation

(CPP) moves, pursuant to CPLR 2221, for an order granting a Judgment of Foreclosure and

Sale; and (2) defendant 1974 Realty Associates (1974) cross-moves, pursuant to CPLR

3211(a)(8), for dismissal of the complaint and related relief, based upon lack of personal

jurisdiction.

2002/21023 Copy ord. notice entry affm. svc. (Page 3 of 32)

2002/21023 Decision and order dated 12/16/09 (Page 2 of 19)

## BACKGROUND[1]

The above-captioned action for a Judgment of Foreclosure and Sale was commenced by plaintiff, which states that it filed a summons and complaint, dated May 17, 2002, on May 28, 2002, naming, as defendants, mortgagor 1974, and 12 "John Does".[2]  On September 13, 2002, an Order of Reference was granted.  An Order Appointing a Temporary Receiver was granted, *ex parte*, on October 7, 2002, and amended on November 20, 2002.   In its Affirmation of Regularity, plaintiff (1) alleges that "[a]s appears by the affidavits of service heretofore filed, all of the defendants were served with copies of the summons and complaint and none of the defendants answered, appeared or moved with respect thereto. . ." and (2) incorporates, by reference, "each and every statement contained in the affirmation in support of order of reference of Josef Abt dated August 27, 2002 submitted with plaintiff's application for the appointment of a referee."   Neither the summons and complaint, the

---

[1] The allegations comprising the history of the above-captioned matter are set forth in defendant's cross motion and plaintiff's papers submitted in opposition thereto.  Plaintiff's motion papers consist of a blank Judgment of Foreclosure and Sale and an Affirmation of Regularity.  Exhibits to plaintiff's papers include, *inter alia*, a legal description of the property, a copy of the Referee's Oath and Report, a statement of legal services rendered, and a Complete List of Publications of Bruce J. Bergman (counsel for plaintiff).

[2] In the absence of express allegations or documentary submissions, the court, based upon records maintained by the Kings County Clerk, will take judicial notice that the instant proceeding was commenced on May 28, 2002, the date on which the summons and complaint was filed, and that the affidavit of service was filed on July 29, 2002.

affidavits of service purportedly so filed, nor a copy of the affirmation of Josef Abt, are annexed to plaintiff's current papers.

On or about June 3, 2005, plaintiff moved for an order to confirm the Referee's Report dated October 15, 2002 and to grant a Judgment of Foreclosure and Sale. In response, 1974 cross-moved to dismiss the complaint on the grounds of, *inter alia*, lack of personal jurisdiction. A motion by (now) counsel for defendant to compel substitution of attorneys was heard and granted by this court, the cross motion of prior counsel was adopted, and, following proceedings, the parties withdrew, by stipulation and without prejudice, the motion and cross motion. The present cross motion appears to restate the same issues advanced by defendant in its cross motion of 2005.

As recited therein, defendant, a limited partnership, acquired ownership of 1974 51st Street, Brooklyn, New York (the premises), a multiple dwelling then in a state of extreme distress, in November of 1987 and engaged PR&PR Realty Corp. (PR), the managing general partner, to run the project and secure participation for the premises in various housing programs, and to obtain financing through the New York City Department of Housing Preservation and Development (HPD). Jonathan Poole (Poole) was elected President of PR.

Defendant allegedly commenced a program of rehabilitation of the premises in 1989, and began to lease apartments. In conjunction with the acquisition and rehabilitation of the premises, defendant entered into a series of notes, mortgages and other instruments evidencing the construction and permanent loan financing advanced to it by plaintiff and

3

Case 1:10-cv-04381-PAC    Document 6-7    Filed 05/14/2010    Page 64 of 98

2002/21023 Copy ord. notice entry affm. rwca (Page 5 of 13)?
2002/21023 Decision and order dated 12/16/09 (Page 4 of 19)

HPD. According to Poole, plaintiff is the lender of only a fraction of the proceeds of the construction loan portion of the financing obtained by defendant in conjunction with the acquisition of the premises, but plaintiff acts as servicing agent for all of the Mortgage Agreements. The Mortgage Agreements required, *inter alia,* that defendant convert the construction loan to permanent financing on or before April 1, 1999. According to Poole, plaintiff's declaration of default is due to defendant's failure to convert the construction loan and not due to any failure on defendant's part to pay amounts due on the mortgage agreements.

Poole further alleges that pursuant to its agreements, it was required to set aside a certain number of apartments for low income tenants, but was unable to fully rent out these apartments for many years due to pervasive criminal activity on the part of some of the tenants. Poole claims that although he worked closely with the New York City Police Department to rid the premises of the offending tenants and antisocial activity, HPD was largely unresponsive to his requests for help.

In August of 2003, defendant turned over management responsibilities to ABC Management Corporation (ABC), a company approved by plaintiff and HPD to address the vacancy issue. Poole claims that ABC wrongfully and destructively insinuated itself into the management structure through one Jerome Reznick (Reznick), a limited partner of plaintiff. Despite the restructuring of management, Poole claims that the vacancy problems persist. Thus, as substantive grounds in support of its cross motion and in opposition to that

4

of plaintiff, defendant asserts equitable defenses based upon (1) the alleged untenable position in which it has been placed by the actions of HPD, which holds defendant responsible for the high vacancy rate in its low income units but has itself abandoned that population, and plaintiff, which is benefitting from HPD's own failure to provide support; and (2) Reznick's and others' actions undermining Poole's authority and effectiveness.

### Jurisdictional issues—background and present contentions

### The affidavits of service

Two affidavits of service purporting to show service of process upon defendant are annexed as exhibits to defendant's cross motion. The earlier, dated July 25, 2002, alleges service on July 25, 2002 upon a corporation (1974) by delivering and leaving a true copy of same with "Mary Pena/Office Mgr./Auth to Accept" at 1775 Broadway, Suite 426, New York, New York (the 2002 service). The second, dated October 28, 2004, alleges service on October 27, 2004, upon Jonathan Poole, as President of PR&PR Realty, by leaving a copy thereof with "Jose Molina/Concierge," a person of suitable age and discretion, at 245 East 19th Street, New York, New York, defendant's actual dwelling house (the 2004 service).

### Past proceedings

By order to show cause dated December 9, 2002, defendant, based upon its contention that it was never served with process, moved for relief pursuant to CPLR 5015(a)(1) and (a)(4), relieving it of any purported default in answering as to the 2002 service, and to vacate the Receiver Order. In lieu of responding to the Order to Show Cause, plaintiff, over the

next several months, met with defendant's counsel and HPD representatives in an effort to resolve the dispute. According to Poole, defendant agreed by stipulation to extend the time for plaintiff to so respond, and finally agreed to ask the court to mark off the Order to Show Cause from the calendar so that the parties could work toward a resolution without prejudicing defendant's right to assert its jurisdictional claims.[3] [4]

On November 25, 2003, after an apparent breakdown in negotiations, defendant filed an answer to the complaint and a Third Party Summons and Complaint, alleging, as its sixth affirmative defense, that the court lacked personal jurisdiction over the defendant because the summons and complaint were not served in accordance with the requirements of law. By Notice of Return dated December 4, 2003, plaintiff rejected the answer as a nullity on the ground that the time within which to serve the pleading had expired and that no extension of time for its service had been granted. Shortly thereafter, plaintiff moved by notice of motion dated December 8, 2003, for a Judgment of Foreclosure and Sale. Defendant cross-moved

---

[3] Poole further claims that other than providing it with copies of certified income and expense statements, defendant fully complied with all conditions imposed by HPD as a prerequisite to the latter's consenting to a conversion of the construction loan to permanent financing. He asserts that the fulfillment of that condition has been delayed and is being frustrated by Resnick's unilateral firing of third-party defendant Cornick Garber & Sandler LLP. defendant's former accountants, which has withheld material which would, if provided, resolve the instant matter

[4] In October of 2003, PR sought to intervene in this action, claiming in its intervention motion that Poole's attorneys and Poole did not adequately represent PR's interests in the litigation. On March 31, 2004, the court (Spodek, J.) denied the motion, finding that the condition precedent of arbitration had not been met, and PR had failed to show that its interests were not represented or protect in the instant proceeding. Contrary to defendant's assertion, the court did not make a specific factual finding regarding the adequacy of Poole's representation of those interests.

6

for an order dismissing the complaint based partly on lack of personal jurisdiction.   By

Stipulation dated February 11, 2004, both motions were withdrawn without prejudice. The

record does not indicate that defendant ever moved to compel acceptance of its answer.

Following the second service, plaintiff, on February 10, 2005, served a new motion

for a Judgment of Foreclosure and Sale based upon the claim that defendant defaulted in

answering the complaint that was allegedly re-served on defendant on October 27, 2004.

*Present proceedings*

On behalf of defendant in the present cross motion, Poole asserts that said alleged

service, made upon Jose Molina, a purported concierge of the building in which he resides,

was effected more than 3 years after the filing of the complaint. He further argues, somewhat

confusingly, that (1) he was not a general partner but merely the president of the corporate

general partner, rendering service inadequate, and (2) CPLR 311, which provides for

personal service upon a corporation, as opposed to a limited partnership, authorizes service

of process upon certain enumerated entities, none of which are claimed by plaintiff to include

a concierge as one authorized to accept service.  Poole further denies that any person named

Jose Molina works in the building in which he resides, and provides an affidavit of Elizabeth

Crane, the Vice President of Rosedale Management, in support of this contention. Further,

with regard to procedural defects, defendant claims that the complaint must be dismissed as

abandoned pursuant to CPLR 5015(c), because plaintiff failed to take proceedings to enter

judgment within one year after it alleges defendant originally defaulted in answering.  It

7

contends that unlike the first motion which it withdrew, plaintiff's current motion does not purport to seek a default judgment based on the initial service, that the time for plaintiff to have sought a default motion has expired, and that the action must be deemed abandoned and the complaint dismissed. Finally, defendant asserts that the 2004 service was made more that 120 days beyond the date upon which plaintiff filed the summons and complaint, but that plaintiff never obtained leave of court pursuant to CPLR 306-b prior to doing so.

In reply, and in opposition to defendant's cross motion, plaintiff asserts that defendant's motion pursuant to CPLR 3211(a)(8) is untimely. In setting forth the procedural history of the instant matter, it alleges that in addition to serving Poole, in his capacity as "President of PR&PR Realty Corp., general partner and managing partner of defendant 1974 Realty Associates" by service upon a concierge at his residence, it mailed a copy of same to Poole on October 27, 2004. It contends that (1) defendant's motion is untimely pursuant to CPLR 3211(a)(8) because it was made well after the time for service of a responsive pleading to plaintiff's complaint; and (2) defendant's actions constitute a waiver of its objection to jurisdiction, in that it first raised service as an issue in an order to show cause brought by defendant on December 9, 2002, which was marked off the calendar, and since that time, has failed to renew its request to vacate its default in appearing, request leave to submit a late answer, or make a timely application for dismissal based on service. It further argues that defendant, by filing the order to show cause dated December 9, 2002, followed by its abandonment of that order to show cause and without ever objecting to jurisdiction

8

2002/21023 Copy ord. notice entry affm. 4r4. (Page 10 of 24) Case 1:10-cv-04381-PAC    Document 6-7    Filed 05/14/2010    Page 69 of 98

2002/21023 Decision and order dated 12/16/09 (Page 9 of 19)

by way of a timely motion or a timely answer, personally appeared. Alternatively, plaintiff, while stating in its opposition papers that defendant is a limited partnership, contends that service was proper under CPLR 311 (Personal Service upon a Corporation), and, in support of this contention, provides an affidavit of its process server who states that numerous attempts to serve Poole personally were made but thwarted; that substituted service was ultimately effected by delivery on October 27, 2004[5] to an individual who identified himself, perhaps falsely, as Jose Molina, the building's concierge who barred access to Poole's residence, and that the concierge stated that he was authorized to accept service. Plaintiff further maintains that under the express terms of the mortgage, defendant agreed to the appointment of a receiver without notice.

   In its reply affirmation in support of its cross motion, defendant asserts that even an untimely motion contesting jurisdiction should be entertained, inasmuch as any default judgment or order would be a nullity. It further challenges plaintiff's claim that jurisdiction is not conferred where the cross motion to dismiss was marked off the calendar, since said "marking off", now characterized as clerk's error, was the result of an agreement whereby 1974 consented to withdraw its motion without prejudice so that settlement negotiations could continue. Defendant further avers that plaintiff did not raise the issue in 2005, and that in any event, CPLR 320 provides that jurisdiction was not waived.[6] Finally, defendant

———————————

[5]The affidavit of service was dated and file-stamped October 28, 2004.

[6]CPLR 320(b) provides that "an appearance of the defendant is equivalent to personal service of the summons upon him, unless an objection to jurisdiction under paragraph eight of

9

alleges that (1) the computations of the Referee in 2002 are out of date and do not reflect years of subsequent payments; (2) the appointment of the receiver should be vacated because the individual so appointed engaged a managing agent in violation of the terms of the court order which required the court's authorization prior to his doing so; and (3) dismissal is mandated because plaintiff never made application to serve defendant more than 120 after filing the summons and complaint, and has failed to so address the issue in its papers.

*DISCUSSION*

### Plaintiff's motion

Plaintiff premises its instant request for a Judgment of Foreclosure and Sale, without any elaboration, on CPLR 2221 (Motion affecting prior order).

CPLR 2221(d) provides that a motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion." (CPLR §2221[d]; *Foley v Roche*, 68 AD2d 558 [1979]). No such prior order is alleged, nor are copies of any prior motions from which reargument is sought attached to plaintiff's papers (*see Lower Main Street v Thomas Re & Partners*, NYLJ, Apr. 5, 2005, at 19, col. 3 [Sup Ct Nassau County, Alpert, J.]).

CPLR 2221(e) provides that a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall

---

subdivision (a) of rule 3211 is asserted by motion or in the answer as provided in rule 3211."

10

demonstrate that there has been a change in the law that would change the prior

determination" (*see Orange and Rockland Utilities, Inc. v Assessor of Town of Haverstraw*,

304 AD2d 668 [2003]). Plaintiff has failed to set forth a valid basis for relief under such

branch of the statute, and indeed, since there has been no judicial determination of any prior

motion nor a presentation of any new facts for the court to consider, there is no predicate for

relief thereunder (*see Smith v Smith*, 277 AD2d 531, 532 [2000]); *Ulster Sav. Bank v*

*Goldman*, 183 Misc2d 893 [2000]).

In any event, plaintiff's moving papers are patently insufficient. Plaintiff alleges,

in conclusory language, a basis for the court's personal jurisdiction over defendant, but fails

to annex to its moving papers a file-stamped copy of the summons and complaint or the

affidavit of service upon which it relies. Moreover, while the allegations set forth in the

affirmation of Josef Abt dated August 27, 2002 is incorporated by reference, a copy thereof

is not provided. Thus, in addition to the foregoing basis for denial, said deficiencies in the

motion papers mandate denial of the instant motion (CPLR 2214[c]; *see Matsushita Elec.*

*Corp. of America v Economy Buying Service*, 1973 WL 14448 [1973]).

### Defendant's cross motion

It is well-settled that as the party seeking to assert personal jurisdiction, the plaintiff

has the burden of establishing personal jurisdiction over the defendant (*see Schorr v Persaud*,

51 AD3d 519 [2008]; *Ying Jun Chen v Lei Shi*, 19 AD3d 407 [2005]). Plaintiff raises the

time restrictions contained in 3211(e) as a basis for rejecting defendant's jurisdictional

11

2002/21023 Copy ord. notice entry affm. avc. 1 (Page 13 of 324)
2002/21023 Decision and order dated 12/16/09 (Page 12 of 19)

challenge.  CPLR 3211(e) requires a party who raises an objection to personal jurisdiction based upon improper service (CPLR 3211[a][8]) to move for judgment on that ground within 60 days of serving its answer, unless undue hardship is shown (*see Wiebusch v Bethany Memorial Reform Church*, 9 AD3d 315 [2004] ["(t)he obvious purpose of this 60-day time limit is to promote early resolution of jurisdictional defenses based on improper service by requiring the party who raises such a defense to move on it promptly"]).

However, the unique procedural background of this proceeding does not permit a summary finding that a challenge to personal jurisdiction is time-barred.

A defendant "appears" in an action "by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer" (CPLR 320[a]).  Such an "appearance of the defendant is equivalent to personal service of the summons upon him, unless an objection to jurisdiction under [Rule 3211(a)(8)] is asserted by motion or in the answer as provided in rule 3211"(CPLR 320[b]; *see Professional Billing Resources, Inc. v Haddad*, 183 Misc2d 829, 835 [2000]).  Defendant's initial involvement with the instant proceeding was its seeking relief from its default by way of its December 9, 2002 order to show cause containing its contention that it was never served with process.  Although it has been held that a motion to vacate judgment does, in fact, constitute an appearance (*see Forbell v Forbell*, 274 App Div 807 [1948] ["(t)he effect of defendant's application to vacate the judgment, open his default and serve the answer proposed by him and to defend on the merits, constituted a general appearance"]), 1974 did not appear as a result of that event,

12

2002/21023 Copy ord. notice entry affm. svc. (Page 14 of 19)

2002/21023 Decision and order dated 12/16/09 (Page 13 of 19)

given the fact the motion was marked off under circumstances whereby the defendant's future right to assert its jurisdictional claim was preserved.

Defendant's subsequent attempt to serve an answer containing asserting lack of personal jurisdiction under CPLR 3211(a)(8) was rejected by plaintiff as untimely. Consequently, no appearance was made by defendant at that time. At the present time, the parties remain in the same procedural posture that existed in December of 2002.

A similar "procedural conundrum" was the subject of discussion in *Miller v Weyerhaeuser Co.* (179 Misc2d 471 [1999]). In *Miller*, defendant's service of a notice of appearance and motion to dismiss pursuant to CPLR 3211, where, eleven months after its time to appear or answer had expired, it challenged jurisdiction based upon the plaintiff's lack of minimal contacts with the state, was found by the court to be untimely under 3211(e). However, plaintiff, a foreign corporation, had moved by separate notice of motion for a default judgment. As stated by the court, "[i]f the court denies [defendant's] motion and grants plaintiff's motion for a default judgment. . ., it would simply move to vacate the default on the ground that the court lacks personal jurisdiction over it (CPLR 5015[a][4]) . . . .Failing to recognize the realities and adhering to the technicalities would simply undermine the speedy and inexpensive resolution of the controversy" (*Id.* at 474-477). Accordingly, the *Miller* court (1) treated the defendant's motion as made under CPLR 5015(a) as if a default judgment had already been entered, (2) deemed the default vacated,

13

and (3) proceeded to dismiss the complaint as against moving defendant upon a finding that plaintiff did, in fact, lack minimal contacts (*Id.* at 477).

Based upon the same compelling policy considerations, where any default judgment or order against a party over which the court lacks jurisdiction would be a nullity and that there is thus no point in denying defendant's motion as untimely, the court will reach the question of the validity of personal service herein (*see Government Employees Insurance Corporation v Basedow*, 28 AD3d 766 [2006]).

### The July 25, 2002 service

CPLR 306(b) requires that, "proof of service shall specify the papers served, the person who was served and the date, time, address, or, in the event there is no address, place and manner of service, and set forth facts showing that the service was made by an authorized person and in an authorized manner." The affidavit of service sworn to by Robert Winckelmann on July 25, 2002 alleges service upon a corporation by delivering the summons and complaint to 1775 Broadway, New York, New York, Suite 426, and leaving same with "Mary Pena/Office Mgr/Auth to Accept". In her affidavit dated November 16, 2002, Mary Pena states that (1) she is employed by Rosedale Management Company, the managing agent for 1974 Realty Associates; and (2) her duties are limited to answering phones, directing visitors to appropriate offices, and distributing mail. With reference to Winkelmann's affidavit, she states that she is Rosedale's receptionist and is not an officer, director or managing agent. She denies ever having been an agent authorized to accept

14

2002/21023 Copy ord. notice entry affm. avc 1 (Page 16 of 19)
2002/21023 Decision and order dated 12/16/09 (Page 15 of 19)

service on Rosedale's behalf, and further states that she has never accepted process on its behalf.

In relevant part, CPLR 311(a)(1) (Personal service upon a corporation or governmental subdivision) provides: "[p]ersonal service upon a corporation or governmental subdivision shall be made by delivering the summons . . .upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." Clearly, CPLR 311(a)(1) requires that the process server must tender process directly to an authorized corporate representative, rather than an unauthorized person who later hands the process to an officer or other qualified representative (see *Shuck v 7309 Corp.*, 90 AD2d 828 [1982]; *Stanley Agency, Inc. v Behind the Bench, Inc.*, 23 Misc.3d 1107(A) [2009]). Thus, even assuming that defendant is a corporation regarding which service under this statutory subsection was the appropriate vehicle for conferring personal jurisdiction, plaintiff makes no showing that Mary Pena was one of the entities enumerated therein, and does not refute her representation that she was a receptionist who was not authorized to accept service. Accordingly, service was not made in compliance with CPLR 311 (see *Gleizer v American Airlines, Inc.*, 30 AD3d 376 [2006]), and as a consequence, the court did not acquire jurisdiction by virtue of the improper attempt to serve defendant in 2002.

15

2002/21023 Copy ord. notice entry affm. avc. (Page 17 of 32))

2002/21023 Decision and order dated 12/16/09 (Page 16 of 19)

*The October 27, 2004 service*

The affidavit of service of Robert Winckelmann dated October 28, 2004 alleges service on "Jonathan Poole", as "President of PR&PR Realty" by delivery of a summons and complaint for the foreclosure of a mortgage on October 27, 2004 upon "Jose Molina/Concierge", a person of suitable age and discretion at defendant's actual dwelling house, and thereafter mailing a copy of same to defendant.

Although jurisdiction may be obtained over a limited partnership by properly serving a corporate general partner of same (*see Del Priore v Furnival Machinery Company*, 124 AD2d 695, 696 [1986]), it is unnecessary, under the facts before the court and in view of the threshold question of whether service of the summons and complaint was made within a timely manner after filing thereof pursuant to the provisions of CPLR 306-b, to reach the merits as to the validity of service. That statute provides, in relevant part, that:

> Service of the summons and complaint . . . *shall be made within one hundred twenty days after the filing* . . . If service is not made upon a defendant within the time provided in this section, the court, *upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service* (emphasis added).

An extension of time pursuant to CPLR 306-b may be granted in the interests of justice without a showing of "reasonably diligent efforts at service as a threshold matter" (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105 [2001]). However, a plaintiff/petitioner's failure to so move for an extension of time until after the defendants raise

16

the defense of untimely service is fatal to such an application (*see Valentin v Zaltsman*, 39 AD3d 852 [2007], citing *Riccio v Ghulam*, 29 AD3d 558, 560 [2006]).

Here, it is undisputed that (1) plaintiff's attempt to serve defendant in 2004 occurred more than 120 days after the summons and complaint were filed; (2) plaintiff never expressly moved for an extension of time prior to attempting to reserve defendant at that time; and (3) plaintiff had previously cross-moved for dismissal based on lack of proper service. Moreover, as pointed out in Poole's affidavit of May 14, 2005, plaintiff only addressed the issue by way of a conclusory statement, commingled with a bevy of other contentions raised in its motion papers of February 10, 2005,[7] and plaintiff's most recent papers similarly fail to address the issue. Thus, since the record clearly demonstrates that plaintiff failed to effect timely service under the provisions of CPLR 306-b and failed to move for an extension of time, the cross motion pursuant to CPLR 3211(a)(8) is granted and the complaint is dismissed (*see Shea v*

---

[7]The language referred to by defendant states: "request is made pursuant to CPLR 306-b, upon both good cause and the interest of justice, although either ground is a basis to extend the time, that the time to complete service in the case be extended nun pro tunc (sic) to October 27, 2004. No party will be prejudiced by this request". Subsequently, in its affirmation in opposition to defendant's 2005 cross motion dated May 20, 2005, counsel stated "Clearly there is no prejudice where defendant. . .in 2002 moved to vacate its default in answering, and in 2003 attempted to serve a late answer. Clearly it had knowledge of this action and is in no way prejudiced."

17

2002/21023 Copy ord. notice entry affm. avc. (Page 19 of 32)

2002/21023 Decision and order dated 12/16/09 (Page 18 of 19)

*Bloomberg L.P.*, 65 AD3d 579, 580 [2009])[8].

The foregoing constitutes the decision and order of the court.

E N T E R,

J. S. C.

HON. FRANCOIS A. RIVERA
J.S.C.

HON. FRANCOIS A. RIVERA
J.S.C.

---

[8]Contrary to plaintiff's assertions, defendant's challenge pursuant to CPLR 306-b is not time-barred under CPLR 3211(e).  As observed by Professor Alexander in his Practice Commentaries, "[n]ote that only the specific grounds of improper service is involved here.  Other objections that go to personal jurisdiction. . .are defects of personal jurisdiction but are not among those that have to be made the basis of a dismissal motion within 60 days after being pleaded.  They can be postponed of adjudication much later. . . ." (Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3211:59).

18



2002/21023 Copy ord. notice entry affm. svc ( Page 2) .004?

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------X
THE COMMUNITY PRESERVATION CORPORATION    :Index No. 21023/02
                    Plaintiff,            :

            -AGAINST-

                                          :AFFIRMATION OF SERVICE
1974 REALTY ASSOCIATES                    :
                    Defendants.           :
------------------------------------------X

    Michael R. Bush BEING an attorney duly admitted to practice
in the state of New York affirms that I reside at Scotch Plains,
New Jersey, New York and that on January 10, 2010, I served a
copy of the enclosed Order with Notice of Entry upon

    Berkman, Hennock, Peterson & Peddy, P.C.
    Attorneys for Plaintiff
    100 Garden City Plaza
    Garden City, New York 11530
    Att: Bruce Bergman, Esq.

    Vedder Price Kaufman & Krumholz
    Attorneys for Cornick Gaarbler & Sandler
    805 Third Avenue
    New York, New York 10022

    Michael Freeman, Receiver
    404 Park Avenue South
    New York, New York 10016

by U.S. mail postage prepaid in a official depository to the
addresses indicated

                        Michael R. Bush

2002/21023 Copy ord. notice entry affm. wc-i (page 27 of 24)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW KINGS
----------------------------------------X
THE COMMUNITY PRESERVATION CORPORATION,
                           Plaintiff,        Index No. 21023/02
           - against -
1974 REALTY ASSOCIATES,

                      Defendants.
----------------------------------------X

---

## ORDER WITH NOTICE OF ENTRY

---

**EINIG & BUSH, LLP**
**Attorneys for 1974 Realty Associates**
**420 Lexington Avenue**
**Suite 2320**
**New York, New York  10170**
**(212) 983-8866**
By: _____
Michael R. Bush

2010 JAN -8 PM 9:03
KINGS COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X

THE COMMUNITY PRESERVATION CORPORATION,                    INDEX NO.:
                                                           21023/02

                                    Plaintiff,

            - against -                                    NOTICE OF
                                                           MOTION
1974 REALTY ASSOCIATES,

                                    Defendants.
-----------------------------------------------------------------------X

**PLEASE TAKE NOTICE**, that upon the affirmation of BRUCE J. BERGMAN dated

the 2nd day of February, 2010, and upon all the papers and proceedings in this action, Plaintiff,

THE COMMUNITY PRESERVATION CORPORATION, will move this Court at the

Foreclosure Motion Part, Room 274 on February 18, 2010 thereof before the Justice assigned at

the Supreme Court of the State of New York to be held in and for the County of Kings at the

courthouse thereof located at 360 Adams Street, Brooklyn, New York at 2:00 in the afternoon of

that day, or as soon thereafter as counsel can be heard, for an order discharging the receiver

heretofore appointed herein, together with such other and further relief as to this Court may seem

just, proper and equitable.

Dated: Garden City, New York
       February 2, 2010

                                    Yours, etc.,

                                    BERKMAN, HENOCH, PETERSON,
                                    PEDDY & FENCHEL, P.C.

                                    By: _____
                                    Bruce J. Bergman
                                    Attorneys for Plaintiff
                                    THE COMMUNITY PRESERVATION CORPORATION
                                    100 Garden City Plaza
                                    Garden City, NY 11530
                                    (516) 222-6200

TO:    EINIG & BUSH, LLP
       Attorneys for 1974 Realty Associates
       420 Lexington Avenue
       New York, NY 10170
       (212) 983-8866

       MICHAEL M. FREEMAN, ESQ.
       Receiver
       404 Park Avenue South
       New York, NY 10016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
THE COMMUNITY PRESERVATION CORPORATION,          **INDEX NO.: 21023/02**

                              Plaintiff,

            - against -          **AFFIRMATION IN
                                    SUPPORT OF ORDER
1974 REALTY ASSOCIATES,          TO DISCHARGE
                                              RECEIVER,**

                          Defendants.

-----------------------------------------------------------------------X

       BRUCE J. BERGMAN, pursuant to CPLR 2106, and under the penalties of perjury,

affirms as follows:

      1.     I am an attorney at law and I am a member of the firm of BERKMAN, HENOCH,

PETERSON, PEDDY & FENCHEL, P.C., the attorneys of record for the Plaintiff herein, and as

such, I am fully familiar with the facts of this case and the events to-date.  I submit this

Affirmation in support of an Order to discharge the Receiver heretofore appointed upon this

dismissal of this action.

      2.     This action was commenced to foreclose a mortgage lien on real property located

in the County of Kings, State of New York.  The summons, complaint and Notice of Pendency of

Action were all duly and regularly filed on May 29, 2002 and the lis pendens refiled on

November 7, 2007 in the Office of the Clerk of the County of Kings, that being the County in

which the mortgaged premises are situate.

      3.     Heretofore, and on or about November 20, 2002, by Order of Honorable Joseph J.

Dowd, Justice, Michael M. Freeman, Esq. was duly appointed temporary Receiver.  A copy of

the Order of Appointment is annexed hereto as Exhibit "A".

4.    Subsequently, and by Order dated December 16, 2009 by Hon. Francois A. Rivera, Justice, the complaint in this action was dismissed.  A copy of this order is annexed hereto as Exhibit "B".

5.    It is the expectation of the parties hereto that upon the Order discharging the Receiver - which is the only basis upon which he can cease serving - said Receiver will submit his final accounting for approval by the Court.  At that time, the order seeking approval of his accounting would also seek the discharge of the surety on his bond.

6.    No prior application has been made for the relief requested herein.

**WHEREFORE**, it is respectfully requested that the relief applied for in this Notice of Motion be in all respects granted.

Dated: Garden City, New York
       February 2, 2010

BRUCE J. BERGMAN

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------X
THE COMMUNITY PRESERVATION CORPORATION  :
                                        : Index No. 21023/02
              Plaintiff,                :
                                        : AFFIRMATION IN
            - against -                 :
1974 REALTY ASSOCIATES                  : RESPONSE TO
                                          M O T I O N    T O
                                          D I S C H A R G E
                                          RECEIVER
              Defendants.               :
--------------------------------------------X

    **MICHAEL R, BUSH**, an attorney duly admitted to practice law before the Courts of the State of New York respectfully affirms the following under penalties of perjury:

    1.  I am a member of Einig & Bush, LLP, attorneys for 1974 REALTY ASSOCIATES(hereinafter "1974"), and am fully familiar with the facts and circumstances surrounding the instant motion.

    2.  This Affirmation is submitted in response to the motion of Plaintiff to discharge the Receiver.

    3.  Plaintiff is correct in that Michael Freeman was appointed Receiver by Order dated November 20, 2002. Plaintiff fails to mention that the Receiver was not qualified until July 31, 2009.

    4.  Plaintiff refers to the parties expectations. I do not know what Plaintiff means. Given Plaintiff's prior motion practice, this affirmant deems it prudent to respond to what appears to be a routine motion.

    5.  This foreclosure action is dismissed.  The only

1

task that is left to the Receiver is to present his accounting for
approval and discharge. It is expected that the Receiver will do so
in a timely manner.

**Affirmed: New York, New York**
        **March 15, 2010**

                                                      **Michael R. Bush**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
THE COMMUNITY PRESERVATION CORPORATION,          **INDEX NO.: 21023/02**

                                          Plaintiff,

                  - against -                                    **REPLY AFFIRMATION**

1974 REALTY ASSOCIATES,

                                          Defendants.
-------------------------------------------------------------------X

        BRUCE J. BERGMAN, pursuant to CPLR §2106, and under the penalties of perjury, affirms

as follows:

        1.      I am an attorney at law and am a member of the firm of BERKMAN, HENOCH,

PETERSON, PEDDY & FENCHEL, P.C., the attorneys of record for Plaintiff, THE COMMUNITY

PRESERVATION CORPORATION, in this commercial mortgage foreclosure action.  As such, I

am fully familiar with the facts of this case and the proceedings heretofore had herein.  I submit this

affirmation by way of reply to the affirmation in response of the attorney for 1974 REALTY

ASSOCIATES, and in further support of the motion to discharge the receiver.

        2.      It is difficult to glean precisely what the affirmation in response to the motion is

designed to do, but since the goal of the Plaintiff, and indeed it should be for all parties, is to have

the receiver discharged now that the case is over, clarity is in order.

        3.      We agree and believe that the dismissal of the within commercial foreclosure action

has effectively discharged the receiver.  On that all parties agree.  But as an extra ounce of caution,

and there being no order actually discharging the receiver, we seek that order so there can be no

question on anyone's part in that regard.

4.    In our reference to "expectation of the parties hereto" is that we assume that the receiver will submit his accounting - perhaps soon - but certainly after he is discharged. If we wait to discharge the receiver until he may submit an accounting, and the date of such an accounting being unknown, then there is the theoretical possibility that the receiver remains in charge. It is that which we wish to clarify.

5.    In short, this Court can and should make it official with an order discharging the receiver. At such time as he may submit his accounting, then the Court can take action as to that as is appropriate.

6.    Insofar as the affirmation in response does not contest issuance of an order discharging the receiver, there is no opposition and the Court is therefore invited to grant the motion.

WHEREFORE, it is respectfully prayed that the Plaintiff's motion be in all respects granted.

Dated: Garden City, New York
      March 18, 2010

BRUCE J. BERGMAN

At an I.A.S. Trial Term, Part ___ of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at Civic Center, Borough of Brooklyn, City and State of New York, on the *19* day of *MAR* 20 *10*

P R E S E N T :

Hon. _____ *Francois Rivera*

*Justice*

---

*The Community Preservation Corporation*

**Plaintiff(s)**

- against -

*1974 REALTY ASSOCIATES*

**Defendant(s)**

Dkt. No. *2/1023/02*
Cal. No.
Index No.
*Cal no 7*

---

The following papers numbered 1 to ___ read on this motion | Papers Numbered

Notice of Motion - Order to Show Cause
and Affidavits (Affirmations) Annexed_____
Answering Affidavit (Affirmation)_____
Reply Affidavit (Affirmation)_____
_____Affidavit (Affirmation)_____
Pleadings - Exhibits_____
Stipulations - Minutes_____
Filed Papers_____

*Plaintiffs motion to discharge the*
*receiver is stay persuant to a*
*chapter 11 Bankruptcy filing by*
*the Defenent. Motion is adjourned*
*to April 23, 2018*

**For Clerks use only**

**MG___**

**MD___**

**Motion Seq. #**

_____

EJV-rev 11-04

E N T E R
_____ J.S.C.

HON. FRANCOIS A. RIVERA
J.S.C.

FILED
KINGS COUNTY CLERK
2010 MAR 29  AM 9:03

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------x
THE COMMUNITY PRESERVATION
CORPORATION,

                Plaintiff,

    -against-                             Index No. 21023/02

1974 REALTY ASSOCIATES,

                Defendant.
-------------------------------------------------------------------x

## NOTICE OF REMOVAL OF ACTION TO
## THE UNITED STATES DISTRICT COURT

S I R S :

        PLEASE TAKE NOTICE, that 1974 Realty Associates, a Chapter 11 Debtor in a related bankruptcy case pending in the United States Bankruptcy Court for the Southern District of New York, has filed a Notice of Removal in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §1452(a) and Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure, thereby removing this action to the United States District Court for the Eastern District of New York on this date. A copy of the Notice of Removal is attached hereto.

Dated: New York, New York
       May 6, 2010

                          Mark Frankel
                          BACKENROTH FRANKEL & KRINSKY, LLP
                          Counsel for the Defendant
                          489 Fifth Avenue
                          New York, New York 10017
                          (212) 593-1100

To:   Berkman, Henoch, Peterson,
      Peddy & Fenchel, P.C.
      Attorneys for Plaintiff
      100 Garden City Plaza
      Garden City, New York 11530

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 0 6 2010
BROOKLYN OFFICE

CV10- 2061

COGAN, J.

---------------------------------------------------------x

THE COMMUNITY PRESERVATION
CORPORATION,

                                    Plaintiff,

        -against-

1974 REALTY ASSOCIATES,

                                    Defendant.

---------------------------------------------------------x

## NOTICE OF REMOVAL

        To the Judges of the United States District Court for the Eastern District of New

York:

        The removal petition of 1974 Realty Associates (the "Debtor") respectfully shows:


        1.      On May 29, 2002, the Community Preservation Corporation ("Plaintiff")

commenced an action captioned THE COMMUNITY PRESERVATION CORPORATION,

Plaintiff v. 1974 REALTY ASSOCIATES, Defendant, in the Supreme Court of the State of New

York, Kings County, Index No. 21023/02 (the "State Court Case").


        2.      On  March 8, 2010 (the "Filing Date"), the Debtor filed a voluntary

petition under Chapter 11 of the United States Code, 11 U.S.C. §§101 et seq. in the United States

Bankruptcy Court for the Southern District of New York.

3.      The State Court Case is an action related to property of the Debtor's estate

and the administration of the estate.  Consequently, it is a core proceeding under, inter alia, 28

U.S.C. §157(b)(2)(A)(B)(E)(K) and (O).  Accordingly, the United States District Court for the

Eastern District of New York has jurisdiction over this matter pursuant to 28 U.S.C. §1334.

4.      Therefore, the State Court Case may be removed to the United States

District Court by the Debtor pursuant to 28 U.S.C. §1452.

WHEREFORE, the Debtor prays that the entirety of the State Court Case, as

defined herein and captioned below:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------x
THE COMMUNITY PRESERVATION
CORPORATION,
                            Plaintiff,
        -against-                                    Index No. 21023/02
1974 REALTY ASSOCIATES,
                            Defendant.
-------------------------------------------------------------------x

2

and now pending before the Supreme Court of the State of New York, County of Kings, and all

proceedings therein, be removed therefrom to this Court.


Dated:      New York, New York
            May 6, 2010


                                    BACKENROTH FRANKEL & KRINSKY,
                                    LLP
                                    Attorneys for the Debtor

                            By:     _____
                                    Mark A. Frankel (MF-8417)
                                    489 Fifth Avenue
                                    New York, New York  10017
                                    (212) 593-1100

KINGS COUNTY CLERK
FILED

2010 MAY -6  PM 1:31