UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
THE COMMUNITY PRESERVATION
CORPORATION,

       Plaintiff,

 -against-             10-cv-02061-BMC

1974 REALTY ASSOCIATES,

       Defendant.
---------------------------------------------------------x

## RESPONSE TO ORDER TO MAY 14, 2010 SHOW CAUSE

   1974 Realty Associates (the "Debtor" or the "Defendant") by its counsel, Backenroth Frankel & Krinsky LLP, as and for its response to the District Court's May 14, 1010 Order to Show Cause why sanctions should not be imposed for the Defendant's failure to comply with this Court's May 7, 2010 Order "to print out a copy of this Order, fax it to plaintiff's counsel of record, and file proof of such service no later than 5/10/10," respectfully represents as follows:

   1.  On March 18, 2010, the Debtor filed a petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code").

   2.  On May 6, 2010, the Debtor removed this case to this Court. This case is a discontinued foreclosure action in which the only matter pending is the terminated receiver's accounting, turnover of funds and discharge. The terminated receiver has not turned over all of the funds in his possession, has not filed an accounting, nor did he appear in State Court on the Plaintiff's motion to discharge the receiver.

3. The Debtor removed the case because the issues of a receiver's turnover of funds and accounting are core bankruptcy matters under section 543 of the Bankruptcy Code and the Plaintiff refused to adjourn or withdraw its State Court motion post-bankruptcy so that Bankruptcy Court could exercise its jurisdiction over the matter. The Debtor seeks to avoid duplicative and possibly conflicting litigation in the State Court and in the Bankruptcy Court regarding the receiver's conduct.

4. Regarding this Court's May 7, 2010 Order to Show Cause, the undersigned misread the docket entry. The undersigned mistakenly believed that it was the Plaintiff that was directed to serve the Debtor. It was not until the District Court entered its May 14, 2010 Order to Show Cause that the undersigned recognized the error, and then promptly served the subject order on the Plaintiff.

5. The undersigned's conduct in this regard is not part of a pattern and was not intended to prejudice the Plaintiff or to undermine the District Court. Indeed, in the Bankruptcy Court the undersigned and the Plaintiff's counsel have been working cooperatively to stabilize the Debtor's property and to sell the Debtor's property as soon as practical. Upon the Debtor's application, the Plaintiff and the Debtor entered into a stipulation authorizing the Debtor to operate the property. Then, upon the Debtor's application, the Plaintiff consented to the appointment of a real estate broker by the Bankruptcy Court. In the near future, the Debtor anticipates an application seeking approval of sale procedures as well.

6. The Debtor respectfully submits, therefore, that in the context of this case, sanctions would not be appropriate as Defendant and its counsel did not intend to prejudice the Plaintiff nor did the Defendant or its counsel intend to undermine the integrity of the Court.

WHEREFORE, the Debtor respectfully requests that the District Court not sanction the Defendant or its counsel, and that the District Court grant such other further and different relief as may just and proper.

Dated:   New York, New York
         May 21, 2010

                                        BACKENROTH FRANKEL & KRINSKY, LLP
                                        Attorneys for the Debtor

                                    By: s/Mark Frankel
                                        Mark A. Frankel (MF-8417)
                                        489 Fifth Avenue
                                        New York, New York  10017
                                        (212) 593-1100